United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert L. Garber, on behalf of himself and all other similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>Juniper Networks, Inc., et al.,<br><br>　　　　Defendants. | NO. C 06-04327 JW<br><br>Related Case No. C 06-05303 JW<br><br>**ORDER CONSOLIDATING CASES AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL** |

## I. INTRODUCTION

There are currently two related securities fraud class actions ("Related Securities Actions") against Juniper Networks, Inc. ("Juniper") and certain of its officers and directors pending before the Court.[1] A number of motions have been filed to consolidate these two actions and to appoint lead plaintiff and lead counsel. (See Docket Item Nos. 10, 15, 22, 28.) Subsequent to the filing of these motions, all but one movant withdrew their applications for appointment as lead plaintiff. (See Docket Item Nos. 41, 42, 57.) The only remaining applicant for lead plaintiff is the New York City Pension Funds (the "NYC Funds.") (See Docket Item No. 10.) The Court found it appropriate to take these matters under submission without hearing. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court ORDERS (1) consolidation of the securities class actions cases; (2)

---

[1] The Related Securities Actions are Garber v. Juniper Networks, Inc. et al., 06-04327 JW (filed Jul. 14, 2006) and Peters v. Juniper Networks, Inc., et al., 06-05303 JW (filed Aug. 29, 2006).

NYC Funds appointed Lead Plaintiff; and (3) Lowey Dannenberg Bemporad & Selinger, P.C. appointed Lead Counsel.

## II.  BACKGROUND

The Related Securities Actions were filed on behalf of public investors who purchased the securities of Juniper between approximately 2003 and 2006.  Named as defendants are various officers and directors of Juniper.  On July 14, 2006, the first of the two Related Securities Actions, Garber v. Juniper Networks, Inc. et al., 06-04327 MJJ, was filed in the Northern District of California.  On August 29, 2006, the second action, Peters v. Juniper Networks, Inc., et al., 06-05303 JW, was filed and assigned to the Court.  On September 27, 2006, the Court found these two actions were related to each other as well as to some earlier filed derivative actions that had been brought on behalf of Juniper.  (See Order Relating Cases, Docket Item No. 39.)

## III.  DISCUSSION

### A.   Consolidation of the Related Securities Actions

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989).  In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

Having reviewed the complaints filed in both of the Related Securities Actions, the Court finds the two actions name the same core defendants and allege the same factual events. Furthermore, both actions are brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  Given the common issues of law and fact involved in the Related Securities Actions, the Court finds it appropriate to consolidate these cases.

### B.   Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act (the "PSLRA") requires the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be

2

most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The act creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that (i) either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[2] 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus, under the PSLRA, the plaintiff most capable of adequately representing the interests of the class members is "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002).

The only movant remaining for appointment as Lead Plaintiff is the NYC Funds. According to the evidence submitted in conjunction with its motion, the NYC Funds' losses totaled $13.3 million using the first-in, first-out ("FIFO") methodology and $7.4 million calculating losses on a last-in, first-out basis ("LIFO"). (See Declaration of Neil L. Selinger, Docket Item No. 11, Ex. 1.) Given the substantial losses endured by the NYC Funds and the lack of any competing applications for lead plaintiff, the Court appoints NYC Funds as Lead Plaintiff.

**C.     Appointment of Lead Counsel**

Under the PSLRA, the court may only approve or disapprove the lead plaintiff's choice of counsel. Cavanaugh, 306 F.3d at 734. NYC Funds has moved the Court to appoint Lowey Dannenberg Bemporad & Selinger, P.C. as lead counsel. There has been no objection filed with the Court. Accordingly, the Court appoints Lowey Dannenberg Bemporad & Selinger, P.C. as Lead Counsel.

**IV.  CONCLUSION**

The Court ORDERS (1) consolidation of the securities class actions cases; (2) NYC Funds appointed Lead Plaintiff; and (3) Lowey Dannenberg Bemporad & Selinger, P.C. appointed Lead Counsel.

---

[2] Federal Rule of Civil Procedure 23 requires, among other things, that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

3

The Clerk shall consolidate these actions. Case No. C 06-04327 JW is the earlier filed action and therefore, shall be the lead case. All future filings shall be filed in C 06-04327 JW and bear the caption: "In Re Juniper Securities Litigation."

Lead Plaintiff shall file a Consolidated Complaint no later than **January 12, 2007**. The deadline for Defendants to file a motion to dismiss is **March 12, 2007**. Oppositions and replies are due April 13, 2007 and May 4, 2007 respectively. A hearing on Defendants' anticipated motion is scheduled for **May 21, 2007 at 9:00 a.m.** The parties shall coordinate service with the parties in In re Juniper Derivative Actions to ensure that everyone receives copies, electronically or otherwise, of the papers filed in each action.

Dated:  November 20, 2006

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alfred Glenn Yates yateslaw@aol.com
Jason T. Baker jbaker@alexanderlaw.com
Joni L. Ostler jostler@wsgr.com
Joseph M. Barton jmb@gbcslaw.com
Mark C. Molumphy mmolumphy@cpsmlaw.com
Michael M. Goldberg info@glancylaw.com
Patrice L. Bishop service@ssbla.com
Peter Arthur Binkow info@glancylaw.com
Richard Bemporad rbemporad@ldbs.com
Willem F. Jonckheer wjonckheer@schubert-reed.com
William M. Audet waudet@alexanderlaw.com

Dated: November 20, 2006                               **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers
           Elizabeth Garcia
           Courtroom Deputy**

**United States District Court**
For the Northern District of California