UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC.<br>SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT)<br><br>**INTERIM ORDER RE PARTIES'<br>PROPOSED FORM OF PROTECTIVE<br>ORDER** |

On October 22, 2008, the parties filed a Stipulation and Agreed Confidentiality Order. Based on the form of order submitted,

IT IS HEREBY ORDERED that no later than October 31, 2008, the parties shall file a revised form of protective order based on this court's model form of protective order, copies of which are available from the clerk of the court or in the "Forms" section of this court's website (www.cand.uscourts.gov). The model form of order should suffice to provide appropriate protection under Rule 26(c). If the parties wish to modify the language of the model order, or include additional provisions other than the one allowed in numbered paragraph 6, *infra*, they shall submit a short brief along with the revised form of protective order explaining the reasons for their requested modifications of the form of order.

As drafted, the parties' proposed form of order is not acceptable to the court. The aspects of

ORDER, *page 1*

the proposed form of order the court finds unacceptable are as follows:

1. The order purports to limit use of *all* discovery materials to this action, rather than just "Confidential" discovery materials. Rule 26(c) does not authorize such a limitation for materials that do not warrant protection under that rule.

2. The order should not enumerate particular kinds of documents that may be designated "Confidential," but rather should define "Confidential" information as "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c)."

3. The order should distinguish between Producing Parties and Designating Parties (both of which terms should be defined to include non-parties) where appropriate. It is not uncommon for someone other than the producing party to designate information "Confidential."

4. As drafted, the provision regarding return or destruction of Confidential materials would appear to apply to the court as well. The court has its own rules regarding retention and destruction of files. *See* CIVIL L.R. 79-1 through 79-5. With respect to confidential documents lodged with chambers, *see* CIVIL L.R. 79-5(e) ("The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made").

5. The sentence at page 7, lines 12-13 creates a loophole that can lead to disputes regarding whether a party may disregard a designation of "Confidential" without seeking agreement of the Disclosing Party or a court order, simply because it believes the information is already public. The court will not approve inclusion of this sentence in the protective order.

6. The provision at page 3, lines 14 through 18 provides inappropriately broad relief for inadvertent disclosure of privileged materials. The following language may be used instead:

"Each party shall make efforts that are 'reasonably designed' to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.' *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.* 2008 WL 350641, *1–*2 (ND Cal., Feb. 2, 2008); *see also*, FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter into non-waiver agreements for that particular production. If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order."

"In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing party shall notify the Receiving Party that the document(s) or materials should have been withheld on

ORDER, *page 2*

grounds of privilege. After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion."

IT IS FURTHER ORDERED that pending entry of the final Protective Order, the provisions of this court's model form of order shall apply to the handling of confidential information in this case.

Dated: *10/22/08*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge