UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT)<br><br>**ORDER AFTER DISCOVERY CONFERENCE** |

On October 22, 2008, the parties appeared for a discovery conference. Based on the discussions at the discovery conference,

IT IS HEREBY ORDERED that, pursuant to Judge Ware's order of October 1, 2008, no later than November 3, 2008, the parties shall file a Stipulated Discovery Plan for Judge Ware's review and approval that contains all the dates agreed upon by the parties at the discovery conference with regard to the deadlines for initial disclosures, fact discovery cutoff, exchange of expert reports, exchange of rebuttal expert reports, and expert discovery cutoff. The Stipulated Discovery Plan shall also contain the parties' agreements with regard to the number of Interrogatories and Document Requests each party may propound on each other party, as well as the number of Depositions each side may notice. In the event the parties cannot agree on the numbers of Interrogatories, Document Requests and/or Depositions, it is recommended that the court impose that the default limitations of the Federal Rules of Civil Procedure, subject to later any later motion for modification of those

limits for good cause shown.

IT IS FURTHER ORDERED that the Rule 26(d)(1) stay on discovery is lifted and discovery is now open. The parties had agreed to delay commencement of discovery until after initial disclosures. However, it is clear from the record and discussions at the discovery conference that the Plaintiffs' agreement to that delay was based on their proposal that Defendants agree, or this court order, that Defendants turn over certain documents without a document request. It further appears from discussions at the discovery conference that requiring the parties to follow the usual procedure of serving document requests, and then moving to compel if warranted, will best facilitate resolution of the parties' disputes regarding what documents are relevant, and which relevant documents may be withheld on grounds of privilege or work product protections.

IT IS FURTHER ORDERED that any issues regarding the format for production of electronic documents shall be addressed pursuant to the procedures set forth in Rule 34 (b)(1)(C) & (b)(2)(D), and, if warranted, a motion by the requesting party to compel production in the requested format.

IT IS FURTHER ORDERED that any disputes the parties have regarding setting a deadline for Plaintiffs to file a motion for class certification must be addressed in a motion before Judge Ware, because his October 1, 2008 referral of matters to this court was limited to developing a discovery plan[1] and does not encompass that issue.[2]

Dated: *10/22/08*

*(signature)*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Any discovery or disclosure disputes are already automatically referred to this court by virtue of the San Jose Division's Standing Order Regarding Case Management in Civil Cases, which provides that "All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a)."

[2] Due to some confusion regarding the scope of the referral to this court, the parties included in their Discovery Conference Statements some issues that appear to be outside the scope of the referral. This court is, of course, willing to handle any non-dispositive matters District Judge Ware wishes to refer.