| | |
|---|---|
| NINA F. LOCKER, State Bar # 123838<br>Email: nlocker@wsgr.com<br>STEVEN GUGGENHEIM, State Bar # 201386<br>Email: sguggenheim@wsgr.com<br>JONI OSTLER, State Bar # 230009<br>Email: jostler@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br><br>*Counsel for Defendants Juniper Networks, Inc., Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud ("Juniper Defendants")* | JEFFREY B. RUDMAN (*Pro Hac Vice*)<br>Email: jeffrey.rudman@wilmerhale.com<br>EMILY R. SCHULMAN (*Pro Hac Vice*)<br>Email: emily.schulman@wilmerhale.com<br>WILMER CUTLER PICKERING HALE and DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>JONATHAN A. SHAPIRO (*Pro Hac Vice*)<br>WILMER CUTLER PICKERING HALE and DORR LLP<br>Email: jonathan.shapiro@wilmerhale.com<br>1117 California Avenue<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>*Co-Counsel for Defendant Juniper Networks, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JUNIPER NETWORKS, INC. SECURITIES LITIGATION<br><br>_____<br>This Document Relates To:<br><br>All Actions<br>_____ | CASE NO.: C06-04327-JW<br><br>THE JUNIPER DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION REGARDING LOSS CAUSATION ON AUGUST 10, 2006<br><br>Date:   March 16, 2009<br>Time:   9:00 a.m.<br><br>Before: Hon. James Ware |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................1

STATEMENT OF ISSUES (CIVIL L.R. 7-4(A)(3))..............................................................................1

INTRODUCTION....................................................................................................................................1

RELEVANT FACTUAL BACKGROUND ............................................................................................2

ARGUMENT ...........................................................................................................................................4

I.     APPLICABLE LEGAL STANDARDS......................................................................................4

        A.     Summary Adjudication ...................................................................................................4

        B.     The Juniper Defendants' Burden on the Present Motion .........................................5

        C.     Loss Causation Under Section 10(b) and Section 11 ...............................................6

II.    THE JUNIPER DEFENDANTS ARE ENTITLED TO SUMMARY ADJUDICATION THAT THE AUGUST 10, 2006 STOCK PRICE DECLINE WAS NOT PROXIMATELY CAUSED BY THE ALLEGED MISREPRESENTATIONS................................................................................................................7

CONCLUSION ........................................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Akerman v. Oryx Commc'ns, Inc.*, 810 F.2d 336 (2d Cir. 1987) ...................................................... 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................... 6

*Bushnell v. Vis Corp.*, No. C-95-04256, 1996 WL 506914 (N.D. Cal. Aug. 29, 1996) ................................................................................................................................. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................................... 5, 8

*Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) ...................................................................... 5

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ............................................................ 6, 7, 8

*El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, No. 03-949, 2006 WL 38953 (E.D. Cal. Jan. 4, 2006) .......................................................................................................... 5

*In re Fortune Sys. Sec. Litig.*, 680 F. Supp. 1360 (N.D. Cal. 1987) ............................................ 7, 8

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243 (S.D.N.Y. 2003) ............................................................................................................... 8

*In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 375314 (S.D.N.Y. Feb. 17, 2005) ................................................................................................................. 6

*In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407 (9th Cir. 1994) ................................................. 7

*Lies v. Farrell Lines, Inc.*, 641 F.2d 765 (9th Cir. 1981) ............................................................... 4

*McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 231 Fed. Appx. 216 (3d Cir. 2007) ........................ 8

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049 (9th Cir. 2008) ..................... 6, 7, 8

*Phase Four Indus., Inc. v. Marathon Coach Inc.,* No. C 04-04801 JW, 2005 U.S. Dist. LEXIS 25387 (N.D. Cal. Oct. 20, 2005) ..................................................................... 4

*Ryan v. Flowserve Corp.*, 245 F.R.D. 560 (N.D. Tex. 2007) ..................................................... 7, 8

*State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756 (N.D. Cal. 1987) ................................... 4

*UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465 (9th Cir. 1994) ...................................... 5

### STATUTES

15 U.S.C. § 77k(e) ........................................................................................................................... 5

15 U.S.C. § 78u-4(b)(4) .................................................................................................................. 5

**RULES**

Fed. R. Civ. P. 56 ................................................................................................................. 1, 4, 5

**MISCELLANEOUS**

6 James W. Moore et al., *Moore's Federal Practice* § 56.20[3.-2] (2d ed. 1976) .......................... 4

Restatement (Second) of Torts § 548A cmt. b (1977) ...................................................................... 6

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 16, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James Ware of the United States District Court for the Northern District of California, San Jose, California, defendants Juniper Networks, Inc. ("Juniper" or "the Company") and individual defendants Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy, and William R. Stensrud (collectively with Juniper, the "Juniper Defendants") will and hereby do move for an order granting summary adjudication, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, that the loss Plaintiffs purportedly suffered when Juniper's stock price declined on August 10, 2006 was not caused by the announcement Juniper issued after the close of market trading on that same day.

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Joni Ostler and the Declaration of Cheryl Roffey in support thereof, the [Proposed] Order, all pleadings and papers filed herein, the oral argument of counsel, and any other matters which may be submitted at the hearing.

**STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))**

Whether the Juniper Defendants are entitled to summary adjudication on the issue of loss causation with respect to the decline in Juniper's stock price on August 10, 2006.

**INTRODUCTION**

Plaintiffs have asserted claims against the Juniper Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Section 10(b) claims") and under Sections 11 and 15 of the Securities Act of 1933 (the "Section 11 claims"). For both the Section 10(b) claims and the Section 11 claims, Plaintiffs may only recover damages for stock price declines that are actually caused by the revelation of the truth regarding the alleged misrepresentations. As a matter of both law and logic, any decline in stock price that *precedes* a particular disclosure cannot have been caused by that disclosure.

Here, the announcement that Plaintiffs say caused Juniper's stock price to decline on August 10, 2006 – that Juniper intended to restate its financial statements to record additional non-cash stock compensation charges – was not made until after the market had already closed on that day. Because the announcement was not made until after Juniper's stock price had already declined, it cannot have been the cause of that decline. This single, indisputable fact compels summary adjudication in favor of the Juniper defendants dismissing Plaintiffs' damage claims based on the August 10 price decline.

In making this motion, the Juniper Defendants are mindful of the fact that whether Plaintiffs may claim damages based on the August 10 price decline presents a relatively narrow issue for the Court to resolve. Yet, the damages plaintiffs claim based upon the price decline on August 10 are substantial. The Juniper Defendants therefore believe that early resolution of this issue will facilitate overall resolution of this action.

## RELEVANT FACTUAL BACKGROUND

In 2007, Juniper restated its financial statements for the fiscal years 2003 through 2005 and for the first quarter of 2006. Compl. ¶ 19, Answer ¶ 19.[1] The restatement arose because Juniper's non-cash stock compensation expenses were understated as a result of Juniper's failure to properly account for stock option grants made during the years 1999 to 2004. Answer ¶¶ 3, 15, 19. Plaintiffs allege that Juniper's understatement of its stock option compensation expenses was fraudulent and caused Juniper's stock price to be "artificially inflated" during the putative class period (August 12, 2001 to August 10, 2006). Compl. ¶¶ 3-12, 336.

According to Plaintiffs, beginning on May 18, 2006, corrective disclosures revealed the truth about Juniper's historical stock option granting practices and removed the "artificial

---

[1] References to "Compl." are to the Amended Consolidated Class Action Complaint filed on April 9, 2007 (Dkt. No. 73). References to "Answer" are to the Answer of Defendants Juniper Networks, Inc. Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud to the Amended Consolidated Class Action Complaint, filed on June 23, 2008 (Dkt. No. 141). References to "Ostler Decl. Ex.__" are to the exhibits attached to the Declaration of Joni Ostler in support of this motion and filed concurrently herewith. References to "Roffey Decl." are to the Declaration of Cheryl Roffey in support of this motion and filed concurrently herewith.

inflation" from Juniper's stock price. *Id.* ¶¶ 338-40. Plaintiffs allege that they suffered economic loss because they purchased Juniper stock during the period of artificial inflation and held that stock until after the alleged corrective disclosures removed the artificial inflation from Juniper's stock price. *Id.* Plaintiffs allege that the corrective disclosures occurred on May 18, May 19, and August 10, 2006. *See id.* ¶¶ 270-83.[2]

The present motion involves the alleged corrective disclosure on August 10, 2006. In trading on August 10, Juniper's stock price dropped 51 cents from the prior day's closing price of $13.41 to close at $12.90. Compl. ¶ 283. At 4:15 p.m. Eastern Standard Time on August 10, after the market had already closed, Juniper issued a press release stating, in part:

> Although the investigation is ongoing, upon the recommendation of management and the Audit Committee, the Juniper Board of Directors has concluded that the Company will need to restate historical financial statements to record additional non-cash charges for stock-based compensation expense related to past option grants. The Company has not determined the amount of such charges, the resulting tax and accounting impact, or which specific periods require restatement. Accordingly, the Company today filed a Form 8-K with the SEC stating that the financial statements and all earnings press releases and similar communications issued by the Company relating to periods beginning on or after January 1, 2003 should therefore not be relied upon.

Ostler Decl. Ex. A; Roffey Decl. ¶¶ 3-4.[3] Plaintiffs claim that this post-market press release was a corrective disclosure that removed artificial inflation from Juniper's stock price. Compl. ¶¶ 282-83. Plaintiffs contend that they are entitled to recover damages not only for the price drop that occurred on the day following the issuance of this press release (i.e., for the price drop that occurred on August 11), but also for Juniper's stock price drop that occurred in trading on August 10, 2006, *before* the release was issued.[4] *See id.* ¶¶ 282-83, 338-39.

---

[2] Although Plaintiffs allege that additional disclosures occurred on May 22, July 19, November 20, 2006, December 20, 2006 and March 9, 2007, they do not claim to have suffered any loss as a result of the disclosures on those dates. Compl. ¶¶ 284-88; 338-39.

[3] Juniper filed a Form 8-K, which attached a copy of the press release, with the SEC at 4:17 p.m. Eastern time. Ostler Decl. Ex. B.

[4] The Juniper Defendants deny that the August 10, 2006 press release caused Plaintiffs any recoverable loss on August 11. That issue, however, is immaterial to the present motion, which focuses on Plaintiffs' attempt to claim damages based upon the decline in Juniper's stock price on August 10.

1    Notably, when Plaintiffs first filed their Consolidated Class Action Complaint on January
2  12, 2007, they conceded that the August 10 press release was not issued until "after the close of
3  the market". Dkt. No. 66, ¶ 229 (Ostler Decl. Ex. C). Roughly three months later, Plaintiffs
4  sought to walk away from that admission. When they filed their Amended Consolidated Class
5  Action Complaint, Plaintiffs deleted the allegation that the release was made after market close.
6  Compl. ¶ 282. Regardless of what Plaintiffs now allege, the declaration of Juniper's former
7  Director of Investor Relations confirms that the press release in question was not issued until
8  4:15 p.m. Eastern Standard Time, after the market closed on August 10, 2006. Roffey Decl.
9  ¶¶ 3-4. Accordingly, that release cannot have caused the decline in Juniper's stock price that
10 occurred before the release was issued.

11                                    **ARGUMENT**

12 **I.      APPLICABLE LEGAL STANDARDS**

13         **A.      Summary Adjudication**

14         Pursuant to Rule 56 of the Federal Rules of Civil Procedure a court may dispose of "all or
15 [any] part" of a claim when there is no "genuine issue as to any material fact and the moving
16 party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b), (c). When, as here, a
17 party moves the court to determine something less than the entire case in its motion, the motion
18 is referred to as one for "partial summary judgment" or "summary adjudication." *See, e.g.*, *Lies*
19 *v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("It is clear that Rule 56 authorizes a
20 summary adjudication that will often fall short of a final determination, even of a single
21 claim[.]") (quoting 6 James W. Moore et al., *Moore's Federal Practice* § 56.20[3.-2] (2d ed.
22 1976)); *Phase Four Indus., Inc. v. Marathon Coach Inc.*, No. C 04-04801 JW, 2005 U.S. Dist.
23 LEXIS 25387, at *17 (N.D. Cal. Oct. 20, 2005) ("[S]ummary judgment may be sought
24 independently on any essential element of a claim or affirmative defense, even if the summary
25 judgment would leave other triable issues."); *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp.
26 756, 759 (N.D. Cal. 1987) ("Partial summary judgment that falls short of a final determination,
27 even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried.").
28

The appropriateness of summary adjudication as a means of limiting damage claims has long been recognized. *See, e.g.*, *Bushnell v. Vis Corp.*, No. C-95-04256, 1996 WL 506914, at *11 (N.D. Cal. Aug. 29, 1996) (granting defendant's motion for summary adjudication and stating "[t]his court believes that a proper interpretation of Rule 56(b) allows summary adjudication on individual parts of claims brought against a party . . . includ[ing] whether a specific damage calculation is available to a plaintiff"); *El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, No. 03-949, 2006 WL 38953, at *2, 6 (E.D. Cal. Jan. 4, 2006) (granting defendant's motion for summary adjudication as to whether plaintiff may recover certain damages, finding that "[s]ummary adjudication, or partial summary judgment 'upon all or any part of a claim,' is appropriate where there is no genuine issue of material fact as to that portion of the claim").

### B.   The Juniper Defendants' Burden on the Present Motion

While Plaintiffs bear the burden at trial of proving loss causation with respect to Plaintiffs' Section 10(b) claims and the Juniper defendants bear the burden at trial of negating loss causation with respect to Plaintiffs' Section 11 claims, that difference is academic for purposes of the present motion.[5] Whether the moving party bears the burden of proof at trial, or whether the non-moving party bears the burden of proof at trial, the moving party can always meet its summary judgment burden by producing evidence establishing a *prima facie* case in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986); *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994).[6] The non-moving party must then "set forth specific facts showing that there is a genuine issue for trial[.]" Fed. R. Civ. P 56(e); *UA Local*, 48 F.3d at 1471. "[I]f the evidence [produced by the non-moving party] is merely colorable or is

---

[5] *Compare* 15 U.S.C. § 78u-4(b)(4) (For Section 10(b) "[t]he plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages.") *with* 15 U.S.C. § 77k(e) (requiring defendant to prove that misrepresentation did not cause loss under Section 11).

[6] Where the non-moving party bears the burden of proof on an element at trial, the party moving for summary judgment has the option of meeting its burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001). Thus, with respect to Plaintiffs' Section 10(b) claims, since Plaintiffs have the burden of proof at trial with respect to loss causation, the Juniper Defendants could meet their summary judgment burden by pointing out Plaintiffs' lack of evidentiary support for their claim. *Id.*

1  not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby,*
2  *Inc.*, 477 U.S. 242, 249-50 (1986) (citation omitted).  Here, the Juniper Defendants are entitled to
3  summary adjudication based upon their own *prima facie* showing that the stock price drop on
4  August 10 cannot have been caused by the corrective disclosures alleged by Plaintiffs.

### C. Loss Causation Under Section 10(b) and Section 11

Under Section 10(b), Plaintiffs cannot satisfy their burden of proving that an alleged misrepresentation caused their loss simply by showing that Juniper's stock price was inflated during the relevant period.  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342, 345-46 (2005).  As the Supreme Court has explained, it has long been the law that "a person who 'misrepresents the financial condition of a corporation in order to sell its stock' becomes liable to a relying purchaser 'for the loss' the purchaser sustains '*when the facts ... become generally known' and 'as a result' share value 'depreciate[s]*.'"  *Dura*, 544 U.S. at 344 (quoting Restatement (Second) of Torts § 548A cmt. b (1977)) (emphasis added) (alterations in original).  Thus, there is no loss attributable to a misrepresentation unless and until the truth is revealed and the stock price subsequently declines as a result.  *Id.* at 342-43; *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1063 (9th Cir. 2008) (plaintiff must show "that the practices that the plaintiff contends are fraudulent were revealed to the market and caused the resulting losses.").

The loss causation analysis is fundamentally the same for the Section 11 claims, but, as noted, the burden of proof is reversed: Defendants must show "negative causation" – that a revelation of the truth regarding the alleged misrepresentations did *not* cause the decline in stock price for which Plaintiffs' seek damages.[7]  *See, e.g., In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 375314, at *6 (S.D.N.Y. Feb. 17, 2005) (noting that negative causation defense

---

[7] Here, Plaintiffs have asserted two Section 11 claims, challenging (1) the registration statement under which Juniper registered its Zero Coupon Senior Convertible Notes in November 2003 (Compl. ¶¶ 187-89), and (2) the registration statement under which Juniper issued common stock in exchange for the shares of NetScreen Technologies, Inc. in April 2004 (*id.* ¶¶ 193-98).  The registration statements allegedly included false financial results from the years 1999 to 2003. *Id.* ¶¶ 187-89, 193-98.  The various other defects in these claims, such as Plaintiffs' lack of standing, are not germane to the present motion and are therefore not raised here.

in Section 11 and loss causation element in Section 10(b) are "mirror images"); *In re Fortune Sys. Sec. Litig.*, 680 F. Supp. 1360, 1365-66, 1368 (N.D. Cal. 1987) (granting summary judgment on loss causation to defendants where stock price decline occurred prior to corrective disclosure and therefore could not have been caused by that disclosure).[8] As we now show, the Juniper Defendants readily meet that burden.

### II. THE JUNIPER DEFENDANTS ARE ENTITLED TO SUMMARY ADJUDICATION THAT THE AUGUST 10, 2006 STOCK PRICE DECLINE WAS NOT PROXIMATELY CAUSED BY THE ALLEGED MISREPRESENTATIONS

As discussed above, Plaintiffs allege that the truth regarding Juniper's alleged misrepresentations about its historical stock option granting practices was gradually revealed on May 18, May 19, and August 10, 2006. *See* Compl. ¶¶ 270-283.  Plaintiffs further allege that these revelations caused Plaintiffs recoverable damages. *Id.*  Plaintiffs, however, cannot contend that the May disclosures caused a decline in Juniper's stock price on August 10 because Plaintiffs allege that the market for Juniper's stock "reacted *immediately* to publicly disseminated information by and concerning Juniper." *Id.* ¶ 334(d) (emphasis added).  Thus, if the market reacted at all to the May 18 and 19 disclosures, it reacted well before August 10.

Juniper's August 10, 2006 press release likewise cannot be responsible for any decline in Juniper's stock price on August 10 because that release was not issued *after* the close of market on that day.  Ostler Decl. Ex. A (press release); *Id.* Ex. D (Plaintiffs' responses to interrogatories); Roffey Decl. ¶¶ 3-4.  Since any decline in Juniper's stock price on August 10 happened before the alleged revelation of truth, Plaintiffs may not recover damages for that decline under either Section 10(b) or Section 11.  *See, e.g., Metzler*, 540 F.3d at 1063 (noting that

---

[8] In this respect, the Ninth Circuit's discussion of loss causation in *In re Worlds of Wonder Securities Litigation*, 35 F.3d 1407 (9th Cir. 1994), is no longer an accurate statement of the law. There, the defendant tried to establish the negative causation defense by showing the lack of any corrective disclosure. *Id.* at 1422. The Ninth Circuit said that was not enough because loss causation may still exist where a misrepresentation merely "touches upon the reasons for the investment's decline in value." *Id.*  The United States Supreme Court squarely rejected that approach to loss causation in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 at 343 (2005). Under *Dura*, if the truth regarding the alleged misrepresentations never comes to light, there is no loss causation. *Id.* at 342-44 (no loss causation until the "relevant truth" becomes known); *see also Metzler*, 540 F.3d at 1062-54 (no loss causation where plaintiff could not identify a revelation of the truth).

JUNIPER'S MOT. SUM. ADJUD. RE LOSS                      -7-
CAUSATION ON AUG. 10, 2006
CASE NO. C06-04327-JW

losses suffered before the revelation of the truth are not recoverable under Section 10(b)); *Ryan v. Flowserve Corp.*, 245 F.R.D. 560, 578 (N.D. Tex. 2007) (same in Section 11 context).[9] Plaintiffs have identified no other alleged corrective disclosure that purportedly caused Juniper's stock price to decline on August 10, 2006 and summary adjudication is therefore appropriate. *See* Compl. ¶¶ 265-88; *Dura*, 544 U.S. at 344; *Metzler*, 540 F.3d at 1063; *Celotex*, 477 U.S. at 322.

## CONCLUSION

For the foregoing reasons, Juniper respectfully submits that its motion for summary adjudication should be granted and an order should be issued finding that the August 10, 2006 stock price decline is not recoverable as damages in this action.

Dated: January 23, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/ Nina F. Locker
        Nina F. Locker

Counsel for Defendant Juniper Networks, Inc.

---

[9] *See also, In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 253-55 (S.D.N.Y. 2003) (negative causation defense established for Section 11 claim where stock drop occurred before corrective disclosure); *Akerman v. Oryx Commc'ns, Inc.*, 810 F.2d 336, 342 (2d Cir. 1987) (affirming summary judgment on Section 11 claims where defendants showed lack of loss causation; "The price decline before disclosure may not be charged to defendants."); *Fortune Sys.*, 680 F. Supp. at 1365-68 (summary judgment for defendants on loss causation on Section 11 claim where stock price declined on May 10-11 but corrective disclosure was not until May 12); *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 231 Fed. Appx. 216, 218 (3d Cir. 2007) (affirming summary judgment on Exchange Act and Securities Act claims where plaintiffs failed to show any disclosures of the truth prior to drop in stock price).

\* \* \*

**ATTESTATION**

I, Joni Ostler, am the ECF user whose identification and password are being used to file the THE JUNIPER DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION REGARDING LOSS CAUSATION ON AUGUST 10, 2006. In compliance with General Order 45.X.B, I hereby attest that Nina F. Locker concurs in this filing.

Dated: January 23, 2009 By:   /s/ Joni Ostler
                                                        Joni Ostler