UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT)<br><br>**ORDER GRANTING DEFENDANT JUNIPER NETWORKS, INC.'S MOTION TO COMPEL LEAD PLAINTIFFS TO PROVIDE A FURTHER RESPONSE TO INTERROGATORY NO. 4** |

On February 20, 2009, Defendant Juniper Networks, Inc. ("Defendant") filed a motion to compel Lead Plaintiffs to provide a further response to Interrogatory No. 4. Lead Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted, and the file herein,

IT IS HEREBY ORDERED that Defendant's motion to compel Lead Plaintiffs to provide a further response to Interrogatory No. 4 is GRANTED.

Interrogatory No. 4 asks Lead Plaintiffs to "[i]dentify each date for which Lead Plaintiffs claim the decline in Juniper's stock price caused Lead Plaintiffs damages and for which Lead Plaintiffs seek recovery." Lead Plaintiffs objected to the interrogatory on the grounds that the information sought will be the subject of continued investigation and expert analysis.[1]

The case primarily relied on by Lead Plaintiffs, *Dow Chemical Co. v. Reinhard*, 2007 WL

---

[1] Lead Plaintiffs also claim the discovery is premature under the discovery plan governing this litigation. However, nothing in the discovery plan precludes the parties from propounding discovery that is in essence directed at the *facts* upon which an expert may later base his or her opinion.

ORDER, *page 1*

4234117, *3 (E.D.Mich. 2007) does not support Lead Plaintiffs' opposition to this motion. It appears that in *Dow Chemical* the plaintiff *had* provided damages information that was available to it at the time, and objected only to prematurely "fully determin[ing] the amount of monetary damages because it will rely on experts to adequately determine damages." *Ibid.* The court found that "the information that Dow Chemical produced is adequately responsive at this time... ." In the present case, Lead Plaintiffs provided *no* information in response to Interrogatory No. 4.

This case was filed over 2 ½ years ago. By this stage of the litigation, Lead Plaintiffs must have some idea of the dates on which declines in Juniper's stock price caused them damages for which they seek recovery. *See, e.g., King v. E.F. Hutton & Company, Inc.*, 117 F.R.D. 2, 5-6 (D.D.C. 1987) ("while an expert on stockbroker operations and investments may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed" (footnote omitted)). Providing that information to Defendants now will not preclude Lead Plaintiffs from amending and/or supplementing their response later if warranted by their expert's opinion. *See Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651-52 (C.D.Cal. 1997) ("although it is too early for plaintiff to provide expert opinions on the subject of damages, plaintiff may, at this time, answer interrogatory no. 1 based on the information it has to date. Of course, plaintiff may later amend its answer with leave of Court or supplement it, as it has an obligation to do under Fed.R.Civ.P. 26(e)").

Requiring Defendant to wait any longer for the information sought would prejudice Defendant in preparing its opposition to Lead Plaintiffs' motion for class certification. For this reason, as well as the "spirit of candor and cooperation mandated by the Federal Rules of Civil Procedure," this court finds that an order compelling Lead Plaintiffs to provide whatever information is currently available to them upon a reasonable investigation is warranted. *See King v. E.F. Hutton & Company, Inc.*, 117 F.R.D. at 5-6.

Dated: *3/12/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*