UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327 JW |
| This Document Relates To: | |
| ALL ACTIONS. | |

*IT IS SO ORDERED*
/s/ James Ware
Judge James Ware

# STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY

The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony relating to experts in this matter:

1. In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, the parties have agreed to certain limitations on the scope of expert-related discovery and testimony in this matter. Neither the terms of the stipulation nor the parties' agreement to them implies that any of the information restricted from discovery in this stipulation would otherwise be discoverable.

2. The parties will make all disclosures required by Rule 26(a)(2)(B), as modified or limited by this Stipulation, at the times provided by this Court for the service of written expert reports. The parties will supplement such disclosures at least three (3) business days before an expert's deposition. To the extent that the disclosures include exhibits, information or data processed or modeled by computer at the direction of a disclosed expert in the course of forming the expert's opinions, machine readable copies of the data along with the appropriate computer programs and instructions shall be produced, provided that no party need produce computer programs that are commercially available and provided further that databases and computer programs that (i) are used in the ordinary course of a party's business and (ii) are not practicable to copy need not be produced so long as reasonable access is timely offered for purposes of replication and analysis of disclosed results.

3. The following categories of data, information, or documents need not be disclosed by any party, and are outside the scope of permissible discovery (including deposition questions):

    a. any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and

notes of conversations with, the expert's assistants and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon those notes or other writings in connection with the expert witness' opinions in this matter;

b. draft reports, draft studies, or draft work papers; preliminary or intermediate calculations, computations, or data runs; or other preliminary, intermediate or draft materials prepared by, for or at the direction of an expert witness;

c. any oral or written communication between an expert witness and the expert's assistants and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon the communication in connection with the expert witness' opinions in this matter.

4. The parties hereto further agree that in the event they go to mediation, any disclosure of the identity of any non-testifying expert consultant during the mediation process and the disclosure of any related information provided by, considered or relied upon by such consultant at any point in the mediation process, is not a waiver of the protections provided under the consulting only expert privilege and/or the attorney work product privilege. The parties further agree that they are not allowed to use, rely upon, or seek discovery of, any such information provided by the opposing party in any context whatsoever outside of the mediation process.

5. The parties agree to comply with this Stipulation and Order pending the Court's approval and entry of this order.

Dated this 16 day of January, 2008.

_____/s/_____
Nina F. Locker
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants

_____/s/_____
Richard W. Cohen
Lowey Dannenberg Bemporad Selinger & Cohen, P.C.
White Plains Plaza
One North Broadway, 5th Floor
White Plains, NY 10601-2310
Telephone: (914) 733-7228
Facsimile: (914) 997-0035

Attorneys for Plaintiffs

*   *   *

# ORDER

PURSUANT TO STIPULATION RE: EXPERT DISCOVERY,
**IT IS SO ORDERED.**

DATED: April 2, 2009

_____
James Ware
United States District Judge