UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT)<br><br>**ORDER DENYING WITHOUT PREJUDICE LEAD PLAINTIFF'S MOTION TO COMPEL DEFENDANT ERNST & YOUNG TO PRODUCE A 30(B)(6) WITNESS** |

On September 15, 2009, Lead Plaintiff filed a motion to compel Defendant Ernst & Young to produce a Rule 30(b)(6) witness, along with a motion to shorten time. Defendant Ernst & Young opposed the motion to shorten time. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on Plaintiff's moving papers and the file herein,

IT IS HEREBY ORDERED that Lead Plaintiff's motion to compel Defendant Ernst & Young to produce a Rule 30(b)(6) witness is DENIED as premature, and Lead Plaintiff's motion to shorten time is DENIED as MOOT.

From Lead Plaintiff's moving papers, it appears that Lead Plaintiff has not yet served any deposition notice on Defendant Ernst & Young for the Rule 30(b)(6) deposition it seeks to schedule. Lead Plaintiff cites no legal authority for a motion to compel *before* a party fails to appear for a duly noticed deposition.

Rule 37(a) of the Federal Rules of Civil Procedure provides, in relevant part:

"(1) **In General.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

* * * *

"(3) **Specific Motions.**

* * * *

"(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

"(i) a deponent fails to answer a question asked under Rules 30 or 31;"

Thus, a motion to compel is authorized only after a party "fails to make discovery" or "fails to answer a question asked under Rules 30 or 31." Nothing in the rule authorizes the court to issue an order compelling a deposition *before* the party fails to appear and answer questions.[1]

The rule that governs a situation where a party fails entirely to appear for a duly noticed deposition is Rule 37(d), which provides in relevant part:

"(1) **In General.**

"(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

"(i) a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition; or

* * * *

"(2) **Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

Until and unless Defendant Ernst & Young fails to appear for a properly noticed deposition, a

---

[1] The court appreciates that Lead Plaintiff was attempting to confer with Defendant Ernst & Young regarding the date for the deposition. However, when the parties could not agree on a date for the deposition, it was incumbent on Lead Plaintiff to choose a date and notice the deposition. After that, if Defendant Ernst & Young objected to the date selected, it would be free to file a motion for protective order if warranted.

ORDER, *page 2*

motion to compel is premature.

    IT IS FURTHER ORDERED that this order is without prejudice to a renewed motion to compel, and a motion for sanctions pursuant to Rule 37(d), if Defendant Ernst & Young fails to appear for a properly noticed deposition without filing a motion for a protective order under Rule 26(c).

Dated: *9/28/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge