| | |
|---|---|
| NINA F. LOCKER, # 123838<br>Email: nlocker@wsgr.com<br>STEVEN GUGGENHEIM, # 201386<br>Email: sguggenheim@wsgr.com<br>JONI OSTLER, # 230009<br>Email: jostler@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br><br>*Counsel for Defendants Juniper Networks, Inc., Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud (the "Juniper Defendants")* | JEFFREY B. RUDMAN (*Pro Hac Vice*)<br>Email: jeffrey.rudman@wilmerhale.com<br>EMILY R. SCHULMAN (*Pro Hac Vice*)<br>Email: emily.schulman@wilmerhale.com<br>WILMER CUTLER PICKERING HALE and DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>JONATHAN A. SHAPIRO (*Pro Hac Vice*)<br>WILMER CUTLER PICKERING HALE and DORR LLP<br>Email: jonathan.shapiro@wilmerhale.com<br>1117 California Avenue<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>*Co-Counsel for Defendant Juniper Networks, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JUNIPER NETWORKS, INC. SECURITIES LITIGATION<br><br>―――――――――――――――――<br>This Document Relates To:<br><br>All Actions<br>―――――――――――――――――| CASE NO.: C06-04327-JW (PVT)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (CORRECTION OF SEPTEMBER 25, 2009 ORDER); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Before: Hon. James Ware<br>Date: TBD<br>Time: TBD |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT before the Honorable James Ware of the United States District Court for the Northern District of California, San Jose, California, Juniper Networks, Inc. ("Juniper"), Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud (the "Juniper Defendants") will and hereby do move the Court pursuant to N.D. Cal. Civil Local Rule 7-9 for leave to file a motion to reconsider the September 25, 2009 Order granting Plaintiffs' Motion for Class Certification ("September 25, 2009 Order").

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, oral argument of counsel, and any other matter that may be submitted at the hearing.

**STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))**

Whether the Court should grant leave for reconsideration of its September 25, 2009 Order to correct an erroneous recitation of material fact – *i.e.*, that "the parties" alleged that a May 18, 2006 disclosure was a "partial corrective disclosure" – where the Juniper Defendants did not make such an allegation and reserved their arguments challenging the legal sufficiency of Plaintiffs' allegations regarding corrective disclosures prior to entry of the Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF FACTS**

On March 3, 2009, Plaintiffs filed a Motion for Class Certification ("Motion") in this action. In their opposition papers and sur-reply, the Juniper Defendants emphasized that they (and their expert, Lucy Allen) accepted as true Plaintiffs' allegations that "corrective disclosures" were issued on May 16-19, 2006 ("alleged May 2006 disclosures") solely for the purposes of the Motion. *See* Juniper Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 267) at 1, 2; Juniper Defendants' Sur-Reply in Opposition to Motion for Class Certification (Dkt. No. 316) at 2 n.1. At oral argument, the Juniper Defendants reiterated this position, noting further that they had filed a Motion for Judgment on the Pleadings which

challenged the legal sufficiency of the alleged May 2006 disclosures.  *See* September 14, 2009 Hr'g Tr. at 11:14-22 ("[F]or purposes of opposing the motion for class certification, the Juniper Defendants accepted . . . [Plaintiffs' allegations regarding the May 2006 corrective disclosures] as true in order to establish lack of price impact by showing that the alleged misrepresentations did not result [in] inflation consistent with the Plaintiffs' allegations of corrective disclosures and consistent with their allegations of market efficiency."); *see id.* at 10:11-11:9, 11:23-12:12 (explaining that the Juniper Defendants' Motion for Judgment on Pleadings will dispose of the alleged May 2006 disclosures as a matter of law).

By its September 25, 2009 Order, the Court granted Plaintiffs' Motion.  *See* September 25, 2009 Order (Dkt. No. 342).  The September 25, 2009 Order stated:

> [I]n-out traders who sold their securities prior to May 18, 2006, *the first date on which the parties allege that partially curative disclosures were disseminated to the public marketplace*, cannot logically prove economic loss based on Juniper's alleged misrepresentations. . . .
>
> Accordingly, the class shall exclude any person who sold their Juniper securities *prior to May 18, 2006*.

September 25, 2009 Order at 16:15-19 (emphases added).

## II.     ARGUMENT

In accordance with N.D. Cal. Civil Local Rule 7-9, the Juniper Defendants seek leave to file a motion for reconsideration to correct an erroneous recitation of material fact in the September 25, 2009 Order.  *See* N.D. Cal. Civil L.R. 7-9 (leave to file motion for reconsideration is appropriate upon a showing of a "manifest failure by the Court to consider material facts . . . which were presented to the Court before such interlocutory order.").  Specifically, the September 25, 2009 Order states that "*the parties* allege" that a "partially curative" disclosure occurred on May 18, 2006 and on that basis, excludes from the class purchasers who sold their Juniper securities prior to that date.  September 25, 2009 Order at 16:15-17 (emphasis added).  This, however, is Plaintiffs' allegation, not the Juniper Defendants' allegation.  As the Juniper Defendants made clear in their Opposition, Sur-Reply and oral argument regarding the Motion, the Juniper Defendants do not concede that the alleged May 2006 disclosures are corrective (or even partially

corrective) disclosures for which Plaintiffs can plead loss causation. To the contrary, the Juniper Defendants explained they had accepted as true *Plaintiffs*' allegations concerning these disclosures solely for purposes of opposing the Motion and further reserved any pleading-related arguments for their forthcoming Motion for Judgment on the Pleadings. *See* Juniper Defendants' Opposition to Plaintiffs' Motion for Class Certification at 1, 2; Juniper Defendants' Sur-Reply in Opposition to Motion for Class Certification at 2 n.1; September 14, 2009 Hr'g Tr. at 10:11-12:15.

To correct this error, the Juniper Defendants' proposed Motion for Reconsideration (Correction of September 25, 2009 Order), attached as Exhibit 1 hereto, thus seeks to amend the September 25, 2009 Order in two limited respects: (i) the revision of "the first date on which *the parties* allege" to "the first date on which *Plaintiffs* allege" on page 16, lines 15-16; and (ii) the revision of "the class shall exclude any person who sold their Juniper securities prior to *May 18, 2006*" to "the class shall exclude any persons who sold their Juniper securities prior to *the first corrective disclosure*" on page 16, lines 20-21.

For the foregoing reasons, the Court should grant the Juniper Defendants leave to file the attached Motion for Reconsideration (Correction of September 25, 2009 Order).

Dated: September 28, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ Nina F. Locker
         Nina F. Locker

Attorneys for Defendants Juniper Networks, Inc., Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud

## ATTESTATION

I, Joni Ostler, am the ECF user whose identification and password are being used to file THE JUNIPER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (CORRECTION OF SEPTEMBER 25, 2009 ORDER); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.  In compliance with General Order 45.X.B, I hereby attest that Nina F. Locker has concurred in this filing.

Dated:  September 28, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:   /s/ Joni Ostler
        Joni Ostler

# EXHIBIT 1

1  NINA F. LOCKER, # 123838
   Email: nlocker@wsgr.com
2  STEVEN GUGGENHEIM, # 201386
   Email: sguggenheim@wsgr.com
3  JONI OSTLER, # 230009
   Email: jostler@wsgr.com
4  WILSON SONSINI GOODRICH &
   ROSATI
5  Professional Corporation
   650 Page Mill Road
6  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
7  Facsimile: (650) 565-5100

8  *Counsel for Defendants Juniper Networks,
   Inc., Scott Kriens, Pradeep Sindhu, Marcel
9  Gani, Robert M. Calderoni, Kenneth
   Goldman, William R. Hearst III, Stratton
10 Sclavos, Vinod Khosla, Kenneth Levy and
   William R. Stensrud (the "Juniper
11 Defendants")*

   JEFFREY B. RUDMAN (*Pro Hac Vice*)
   Email: jeffrey.rudman@wilmerhale.com
   EMILY R. SCHULMAN (*Pro Hac Vice*)
   Email: emily.schulman@wilmerhale.com
   WILMER CUTLER PICKERING HALE and
   DORR LLP
   60 State Street
   Boston, MA  02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   JONATHAN A. SHAPIRO (*Pro Hac Vice*)
   WILMER CUTLER PICKERING HALE and
   DORR LLP
   Email: jonathan.shapiro@wilmerhale.com
   1117 California Avenue
   Palo Alto, CA  94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

   *Co-Counsel for Defendant Juniper Networks,
   Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JUNIPER NETWORKS, INC. SECURITIES LITIGATION<br><br>_____<br>This Document Relates To:<br><br>All Actions<br>_____ | CASE NO.: C06-04327-JW (PVT)<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION (CORRECTION OF SEPTEMBER 25, 2009 ORDER); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Before: Hon. James Ware<br>Date: November 2, 2009<br>Time: 10:00 a.m. |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 2, 2009 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable James Ware of the United States District Court for the Northern District of California, San Jose, California, Juniper Networks, Inc. ("Juniper"), Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud (the "Juniper Defendants") will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 54(b) and N.D. Cal. Civil Local Rule 7-9 for an order amending the September 25, 2009 Order granting Plaintiffs' Motion for Class Certification ("September 25, 2009 Order").[1]

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, oral argument of counsel, and any other matter that may be submitted at the hearing.

**STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))**

Whether the Court should amend its September 25, 2009 Order to correct an erroneous recitation of material fact – *i.e.*, that "the parties" alleged that a May 18, 2006 disclosure was a "partial corrective disclosure" – where the Juniper Defendants did not make such an allegation and reserved their arguments challenging the legal sufficiency of Plaintiffs' allegations regarding corrective disclosures prior to entry of the Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Motion for Reconsideration seeks to correct an erroneous recitation of material fact in the Court's September 25, 2009 Order.  Federal Rule of Civil Procedure 54(b) permits a party to move to amend any ruling that has not resulted in a final judgment or order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[1] This Motion is subject to the Court's grant of leave pursuant to N.D. Cal. Civil Rule 7-9. *See* Mot. for Leave to File Mot. for Reconsideration (Correction of September 25, 2009 Order) (filed concurrently herewith).

liabilities." Fed. R. Civ. P. 54(b); *see Mullen v. Surtshin*, No. C 03-3676 (RMW) (PR), 2009 WL 734673, at *1 (N.D. Cal. Mar. 18, 2009) ("Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment.") "'Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Moore v. Thomas*, No. C 06-02105 (SBA) (PR), 2009 WL 2761916, at *23 (N.D. Cal. Aug. 27, 2009) (quoting *School Dist. No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Here, the September 25, 2009 Order contains an erroneous recitation of material fact. In its discussion of "in-out traders," the Court referred to May 18, 2006 as "the first date on which ***the parties allege*** that partially curative disclosures were disseminated to the public marketplace" and on that basis, excluded from the class any person who sold their Juniper securities "prior to ***May 18, 2006***." September 25, 2009 Order at 16:15-19 (Dkt. No. 342) (emphases added). This, however, is Plaintiffs' allegation, not the Juniper Defendants' allegation. As the Juniper Defendants previously explained, the Juniper Defendants accepted as true Plaintiffs' allegations regarding corrective disclosures *only* for purposes of opposing Plaintiffs' Motion for Class Certification. *See* Juniper Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 267) at 1, 2; Juniper Defendants' Sur-Reply in Opposition to Motion for Class Certification (Dkt. No. 316) at 2 n.1; September 14, 2009 Hr'g Tr. at 11:14-22.

Indeed, it is the Juniper Defendants' position that none of the alleged May 2006 disclosures – including the May 16, 2006 CFRA Report and May 18 *Wall Street Journal* article, which merely referenced the May 16, 2006 CFRA Report – is a "corrective disclosure" for which Plaintiffs may plead loss causation. As indicated at oral argument, the Juniper Defendants have filed a Motion for Judgment on the Pleadings addressing this issue, which is scheduled to be heard on November 2. *See* September 14, 2009 Hr'g Tr. at 10:11-12:15; Mot. for Judgment on Pleadings (Dkt. No. 319). Thus, the September 25,

2009 Order's suggestion that "the parties" – *including the Juniper Defendants* – alleged a "partial corrective disclosure" on May 18, 2006 is clearly erroneous.

To avoid any potential prejudice arising from the above-mentioned error, the Juniper Defendants therefore request that the September 25, 2009 Order be amended in two narrow respects: (i) the revision of "the first date on which *the parties* allege" to "the first date on which *Plaintiffs* allege" on page 16, lines 15-16; and (ii) the revision of "the class shall exclude any person who sold their Juniper securities prior to *May 18, 2006*" to "the class shall exclude any persons who sold their Juniper securities prior to *the first corrective disclosure*" on page 16, lines 20-21.

Dated:  September 28, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:     /s/ Nina F. Locker
              Nina F. Locker

Attorneys for Defendants Juniper Networks, Inc., Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud

1 **<u>ATTESTATION</u>**

2     I, Joni Ostler, am the ECF user whose identification and password are being used to file

3 THE JUNIPER DEFENDANTS' MOTION FOR RECONSIDERATION (CORRECTION OF

4 SEPTEMBER 25, 2009 ORDER). In compliance with General Order 45.X.B, I hereby attest

5 that Nina F. Locker has concurred in this filing.

6

7 Dated: September 28, 2009                         WILSON SONSINI GOODRICH & ROSATI
                                                                    Professional Corporation

8

9

10                                          By:    /s/ Joni Ostler
                                                                  Joni Ostler

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28