BARBARA J. HART (admitted *pro hac vice*)
DAVID C. HARRISON (admitted *pro hac vice*)
LOWEY DANNENBERG COHEN, P.C.
One North Broadway
White Plains, New York 10601-2310
Telephone: 914-997-0500
*Counsel for the New York City Pension Funds*

WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile: 415-778-0160

*Local Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL E-MAIL COMMUNICATIONS FROM THIRD PARTIES CAROLINE JOE AND CHARLES J. MICHAELS** |

NOTICE OF MOTION AND MOTION TO COMPEL E-MAIL COMMUNICATIONS FROM THIRD PARTIES CAROLINE JOE AND CHARLES J. MICHAELS – CASE NO. CV 06-04327-JW

{1964 / MOT / 00099171.DOC v1}

# NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION FROM DEFENDANT LISA BERRY

PLEASE TAKE NOTICE that on February 2, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Patricia V. Trumbull of the United States District Court for the Northern District of California, San Jose, California, Lead Plaintiff the New York City Pension Funds (the "Lead Plaintiff" or "NYC Funds"), by their undersigned counsel, will move for an order compelling Third Parties Caroline Joe and Charles J. Michaels ("Joe and Michaels"), in response to Lead Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises ("Subpoena") served on October 31, 2009 and November 1, 2009, respectively, to produce all responsive documents within their possession, custody or control that have been withheld on the basis of relevance, scope and burden.

This Motion is based on this Notice of Motion, the Supporting Memorandum of Points and Authorities, the Declaration of Michael Goldklang ("Goldklang Decl.") and accompanying exhibits, the Rule 37-2 Statement, the [Proposed] Order, all pleadings and papers filed herein, the oral argument of counsel, and any other matters which may be submitted at the hearing.

## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

1.  Whether Joe and Michaels should be ordered to produce all documents in their possession, custody or control responsive to Lead Plaintiff's Subpoena that they argue are not relevant, that the request is overly broad, and production unduly burdensome.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Third Parties Joe and Michaels, on the basis of meritless relevancy, scope, and burden objections, are withholding from production to Lead Plaintiff documents within their possession, custody or control requested by Lead Plaintiff, that are highly relevant to Lead Plaintiff's case against Juniper Networks. Joe and Michaels, as employees at Goldman, Sachs & Co. ("Goldman Sachs"), engaged in substantive communication with high-level executives at Juniper Networks regarding the core issue in this case: Juniper's stock option practices during the Class Period. The subpoena is not overly broad as Lead Plaintiff initially requested only communications with or

concerning Juniper Networks, rather than any evaluative analysis of the corporation, during the limited time period between February 1, 2006 and September 15, 2006. This short window was then narrowed to the period between May 15, 2006 and August 15, 2006, during meet-and-confers between Michael Goldklang, attorney on behalf of Lead Plaintiff, and Joseph Floren, attorney on behalf of Joe and Michaels. Moreover, the requested material will not prove to be unduly burdensome, as Joe and Michaels only would have to search their own personal files, or the Goldman Sachs archive of their own emails, over a narrow three-month period, using limited search terms, such as "Juniper," "JNPR" or "@Juniper.net."

Therefore, the Court should enter an order requiring Joe and Michaels to produce the requested documents without further delay.

## I.    FACTUAL AND PROCEDURAL HISTORY

### A.    Background Facts

In this action, Lead Plaintiff represents a certified class asserting claims against Juniper, Ernst & Young, LLP and various individual defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and under Sections 11 and 15 of the Securities Act of 1933. The Complaint alleges that a pattern of concealed stock option backdating at Juniper from June 1999 through 2003 which caused Juniper's financial statements and other public statements to be false and misleading. Juniper has admitted in its 2006 Form 10-K that "the grant dates were chosen with the benefit of hindsight as to the price of [the Company's stock], so as to give favorable prices," and this practice concealed hundreds of millions of dollars in compensation expenses in Juniper's financial statements.

### B.    Lead Plaintiff's Subpoena

On October 31 and November 1, 2009, respectively, Lead Plaintiff served its Subpoenas on Caroline Joe and Charles J. Michaels, in which Lead Plaintiff requested production of all responsive material within their possession, custody or control. Goldklang Decl. Exs. 1-2. In its Subpoena, Lead Plaintiff made one request: the production of all of Joe's and Michaels' e-mails and other communications concerning Juniper between February 1, 2006 and September 15, 2006. Joe and Michaels collectively objected to this single request in a letter dated November 13, 2009, stating that

1  such production neither is relevant nor admissible to the subject matter of the Juniper Action, that
2  the request was overly broad, and that production of responsive documents would constitute an
3  undue burden. Goldklang Decl. Ex. 3.
4      Subsequent to its reception of the November 13, 2009 letter, Lead Plaintiff initiated a
5  telephone meet-and-confer during which Michael Goldklang indicated that Lead Plaintiff was
6  willing to narrow its request to the time period between May 15, 2006 and September 15, 2006.
7  Goldklang Decl. ¶ 13. By way of letter dated November 23, 2009, Joe and Michaels notified Lead
8  Plaintiff that, subject to its objections, they would not produce any documents at this time.
9  Goldklang Decl. Ex. 4. The November 23, 2009 letter did not make any mention of Lead Plaintiff's
10 counter-proposal. Although the November 23, 2009 letter indicated that "Goldman Sachs may be
11 willing to engage in further discussions with plaintiffs on this issue . . ." and that "We look forward
12 to your response," Joe and Michaels failed to respond. Lead Plaintiff left several voicemail
13 messages indicating a desire to confer further about its requests, as well as another offer to limit its
14 request for documents to the time period between May 15, 2006 and August 15, 2006. These
15 requests were ignored.

16 **II.   ARGUMENT AND AUTHORITIES**

17     Joe and Michaels' refusal to produce the above-mentioned documents on ostensible
18 relevance, scope, and burden grounds lacks support.

19     **A.   Lead Plaintiff's Requests for Production Are Relevant**

20     Under Rule 45 of the Federal Rules of Civil Procedure, any party may serve a subpoena
21 commanding nonparties, such as Joe and Michaels, to produce designated documents. Fed R. Civ.
22 P. 45(a)(1)(A)(iii); *see also Viacom Int'l, Inc. v. YouTube, Inc.*, 2009 WL 102808 at 2 (N.D. Cal.
23 January 14, 2009) (PVT) (granting a motion to compel the production of documents by a nonparty
24 because the documents were relevant and production was not unduly burdensome). Any such
25 subpoena is subject to the relevance requirements set forth in Rule 26(b). *Id.* The Federal Rules of
26 Civil Procedure provides for broad discovery of evidence:

27         Parties may obtain discovery regarding any nonprivileged matter that
        is relevant to any party's claim or defense – <u>including the existence,</u>
28         <u>description, nature, custody, condition, and location of any documents</u>

> or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26 (b)(1) (emphasis added).

The Ninth Circuit has confirmed the broad treatment of discovery in holding:

> We start with the premise that pre-trial discovery is ordinarily "accorded a broad and liberal treatment." . . . This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," . . . and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.

*Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal citation omitted) (emphasis added).

The requested documents that are the subject of this motion to compel clearly are relevant to the allegations set forth in Lead Plaintiff's Complaint. Lead Plaintiff has uncovered numerous emails between Joe and Michaels and high-level executives at Juniper Networks, including Defendant Marcel Gani (Juniper's former Chief Executive Officer), Leilani Eames and Carmen McMahon (Juniper's former Stock Option Administrators), and Rob Atherton (Juniper's General Counsel) relating to the sale of Defendant Gani's vested and exercised stock option shares resulting in millions of dollars of profit, as well as requests to arrange a personal meeting between Michaels and Defendant Gani. Goldklang Decl. Exs. 5-10.[1] As such, materials within Joe and Michaels' possession that pertain to Defendant Gani's profit from stock options shares and personal motives relate directly to Juniper's and Defendant Gani's scienter.

**B.   Lead Plaintiff's Requests for Production Are Not Overly Broad**

Similarly, Lead Plaintiff seeks only those communications that involve either Joe and/or Michaels, and that pertain substantively to Juniper. Lead Plaintiff reiterated in the meet-and-confer that its request only sought emails and communications sent to or from these two individuals, and not any analytical or evaluative content regarding Juniper's corporate condition. Furthermore, Lead Plaintiff twice offered to limit the scope of the request. Goldklang Decl. ¶ 13. After an initial proposal limiting its request to communications between May 15, 2006 and September, 15, 2006,

---

[1] Lead Plaintiff is prepared, upon request by the Court, to submit additional documents, marked as "Confidential" by Juniper, reflecting high-level communications between Joe and Michaels and Juniper.

NOTICE OF MOTION AND MOTION TO COMPEL E-MAIL COMMUNICATIONS FROM THIRD PARTIES CAROLINE JOE AND CHARLES J. MICHAELS - CASE NO. CV 06-04327-JW    4

{1964 / MOT / 00099171.DOC v1}

Lead Plaintiff further proposed to narrow the request to include only those communications during a three month period between May 15, 2006 and August 15, 2006. Since Lead Plaintiff's requests seek material from only two individuals during a three month window, and only for their substantive communications with or about Juniper, the requests for production are carefully tailored and not overly broad.

### C. Lead Plaintiff's Requests for Production Are Not Unduly Burdensome

In their letter of November 23, 2009, Joe and Michaels state, "The request would require Goldman Sachs to retrieve and sift through a large volume of information reflecting all communicative activities performed by these individuals over an eight-month period . . . ." As indicated above, Lead Plaintiff is willing to reduce the time period from eight to three months. Furthermore, Joe and Michaels only would be required to retrieve their own emails, that they have or that are archived in Goldman Sach's database, and then run a term search on their emails for such limited phrases as "Juniper," "JNPR" or "@Juniper.net." Joe and Michaels' contention that it would be "unmanageable" to respond to Lead Plaintiff's request on emails sent to or from two individuals during a three month window that can be conducted by searching a few responsive search terms is, therefore, without basis.

## III. CONCLUSION

For the foregoing reasons, Joe and Michaels' relevancy, scope, and burden objections should be overruled and the Court should enter an order compelling Joe and Michaels to promptly produce all responsive material in their possession, custody or control relevant to Lead Plaintiff's Subpoena.

DATED: December 8, 2009

LOWEY DANNENBERG COHEN & HART, P.C.

/s
Barbara Hart
Jeanne D'Esposito
One North Broadway, Suite 509
White Plains, NY 10601-2310
914-733-7228 (telephone)
914-997-0035 (facsimile)

*Counsel for Lead Plaintiff*

1
2                                             SCHUBERT JONCKHEER KOLBE
                                                                                                               & KRALOWEC LLP
3                                             Willem F. Jonckheer
                                            Three Embarcadero Center, Suite 1650
4                                             San Francisco, CA 94111
                                            415-788-4220 (telephone)
5                                             415-788-0161 (facsimile)

6                                             *Attorneys for Lead Plaintiff NYC Retirement Funds*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO COMPEL E-MAIL COMMUNICATIONS FROM THIRD PARTIES CAROLINE JOE AND CHARLES J. MICHAELS - CASE NO. CV 06-04327-JW    6

{1964 / MOT / 00099171.DOC v1}

**RULE 37 MEET & CONFER CERTIFICATION**

I, Michael Goldklang, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice in the State of California and before this Honorable Court. I am one of the attorneys for Lead Plaintiff NYC Retirement Funds ("Lead Plaintiff") in this matter.

2. During the months of November and December 2009, members of my firm, including myself, communicated with Joseph Floren of Morgan, Lewis & Bockius LLP, attorney for Third Parties Caroline Joe and Charles Michael, by telephone in a good-faith effort to resolve differences regarding Joe and Michael's production of documents to Lead Plaintiff. Despite the aforementioned good-faith efforts to resolve this issue, Joe and Michaels have still failed to produce the responsive material.

I certify under the penalty of perjury that the above is true and correct and that this declaration was executed by me on this 8th day of December, 2009.

_____
MICHAEL GOLDKLANG