BARBARA J. HART (admitted *pro hac vice*)
DAVID C. HARRISON (admitted *pro hac vice*)
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway
White Plains, New York 10601-2310
Telephone: 914-997-0500
*Counsel for the New York City Pension Funds and the Class*

WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile: 415-778-0160

*Local Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS** |

# NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS

PLEASE TAKE NOTICE that on February 2, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Patricia V. Trumbull of the United States District Court for the Northern District of California, San Jose, California, Lead Plaintiff the New York City Pension Funds (the "Lead Plaintiff" or "NYC Funds"), by their undersigned counsel, will move for an order compelling Defendant Juniper Networks, Inc. ("Juniper" or the "Company") to produce seven highly relevant documents, listed below, in native format with metadata[1]. Although the parties continue to meet and confer on the issue, in light of the December 8, 2009 deadline for filing a motion to compel pursuant to Civil Local Rule 26-2, Lead Plaintiff files this motion to preserve its rights in the event the parties are unable to come to agreement.

This Motion is based on this Notice of Motion, the Supporting Memorandum of Points and Authorities, the Harrison Declaration ("Harrison Decl.") and accompanying exhibits (referenced herein as "Harrison Decl. Exh. __"), the Rule 37-2 Statement, the [Proposed] Order, all pleadings and papers filed herein, the oral argument of counsel, and any other matters which may be submitted at the hearing.

## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

1. Whether Juniper should be ordered to produce documents bearing Bates numbers JNPR-CA 169012, JNPR-CA 019252-53, JNPR-CA 019256-59, JNPR-CA 019241-44, JNPR-CA 417645, JNPR-CA 009162-66 and JNPR-CA 236611-617, in native format with metadata.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

The Juniper Defendants are withholding from production to Lead Plaintiff certain documents in native format with metadata. These documents pertain to core issues in this case - leakage of the

---

[1] Metadata is information created by the user of an electronic document, by the organization's information management system, or other electronically stored evidence that describes the history, tracking or management of an electronic document and contains information about the properties of that document, such as when the document was created, who created the document, the date the file was last modified, and other information that may not be visible from the printed document.

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN
NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS – CASE NO. C06-04327-JW
{1964 / MOT / 00099181.DOC v1}

1

restatement decision and backdating of stock options. The native files and metadata requested are for highly relevant documents and may well lead to important admissible evidence about who created them and when.

I. **FACTUAL AND PROCEDURAL HISTORY**

In this action, Lead Plaintiff represents a Class asserting claims against Juniper, Ernst & Young, LLP and various individual defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and under Sections 11 and 15 of the Securities Act of 1933. The Complaint alleges that a pattern of concealed stock option backdating at Juniper from June 1999 through 2003 which caused Juniper's financial statements and other public statements to be false and misleading. Juniper has admitted in its 2006 Form 10-K that "the grant dates were chosen with the benefit of hindsight as to the price of [the Company's stock], so as to give favorable prices," and this practice concealed hundreds of millions of dollars in compensation expenses in Juniper's financial statements.

In November 2008, the NYC Funds served Plaintiffs' First Request for the Production of Documents by Juniper Networks, Inc. and the Individual Defendants (the "Request for Production"). Instruction 8 of the Request for Production specifically instructs that "[a]ll computer, files, documents and data (as defined above) shall be produced in native file format where possible, and will be accompanied by all metadata." *See* Harrison Decl. Exh. 1. Over the course of the next several months, the parties met and conferred regarding the scope of the production and the production of documents in native format with metadata. Harrison Decl. ¶ 2. Based on an oral agreement between the parties, Juniper produced 367 pages in native format with summary metadata. Harrison Decl. ¶ 3. Lead Plaintiff reviewed the over 420,000 pages of documents produced by Juniper, including the native files with metadata. Harrison Decl. ¶ 4. On November 18, 2009, counsel for Lead Plaintiff had a meet and confer with Juniper's counsel and in a follow-up e-mail, requested that just seven additional critical documents be produced in native format with metadata (Harrison Decl. ¶ 4 & Exh. 2):

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN
NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS – CASE NO. C06-04327-JW
{1964 / MOT / 00099181.DOC v1}

2

- Minutes of the Meeting of the Compensation Committee of the Board of Directors of Juniper Networks, Inc. June 8, 1999, JNPR-CA 019252-55 ("June 8, 1999 Minutes");[2]

- Minutes of the Meeting of the Compensation Committee of the Board of Directors of Juniper Networks, Inc. June 22, 1999, JNPR-CA 019256-59; and a second version of June 22, 1999 Minutes, JNPR-CA 019241-44 (collectively, the "June 22, 1999 Minutes");[3]

- July 19, 1999 Lisa Berry memo to the Board of Directors, cc: Marcel Gani re July 21, 1999 Meeting, JNPR-CA 009162-66 ("7/19/99 Berry Memo"), attaching agenda;

- July 21, 1999 Board of Directors Meeting Minutes, Handwritten meeting notes and agenda, JNPR-CA 236611-617 ("7/21/99 Board Minutes and Notes");

- "7/28/99 Meeting with Lisa Berry – Confidential Information," JNPR-CA 169012 ("7/28/99 Meeting Memo"), Harrison Decl. Exh. 3;

- August 10, 2006 Juniper Press Release, "Juniper Networks Announces Update Regarding Stock Option Investigation," JNPR-CA 417645 ("8/10/06 Press Release"), Harrison Decl. Exh. 4.

In a meet and confer on December 7, 2009, Juniper's counsel, Joni Ostler, agreed to produce "snapshots" of the metadata for the above referenced documents. The "snapshot" of the metadata would be a print-out of the summary page of the metadata, but would be provided to Lead Plaintiff only on or after the December 8, 2009 cut-off for filing a motion to compel fact discovery. Counsel for Lead Plaintiff responded that since it would not have a chance to review the snapshot data and determine its sufficiency before the cut-off, Lead Plaintiff would still likely need to file a motion to compel. As of the time of filing this motion, Juniper has still not provided the snapshots of metadata to Lead Plaintiff for its review, and so Lead Plaintiff must file this motion to preserve its rights. Harrison Decl. ¶ 5.

## II. ARGUMENT AND AUTHORITIES

Lead Plaintiff has advised Defendants from the earliest stages of this litigation that electronically stored information and metadata would be sought in discovery. Its Request for Production specifically instructed Defendants to produce electronically stored documents in native

---

[2] The Juniper Board and Compensation Committee Minutes which are referenced in this motion to compel have been designated as Confidential. Lead Plaintiff is prepared to submit these documents under seal at the request of the Court.

[3] For every Bates range which contains more than one document, Lead Plaintiff requested that metadata be provided for each document. Harrison Decl. Exh 2.

format with accompanying metadata. It is well settled that this type of electronic information is subject to discovery. As Judge Ware noted in *In re Verisign, Inc. Securities Litigation*, Federal Rule of Civil Procedure 34 "clearly anticipates that a defendant may be directed to produce electronic documents in electronic format." No. C 02-02270 JW, 2004 WL 2445243, at *2 (N.D. Cal. March 10, 2004) (denying defendants' objections to Magistrate Judge Trumbull's order compelling defendants to produce all electronic evidence in electronic form). In fact, courts routinely require the production of metadata, particularly where, as here, one party has made its demand early. *See, e.g., In re Verisign, Inc. Sec. Litig.*, 2004 WL 2445243, at *2; *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 476 F. Supp. 2d 1159, 1164 (N.D. Cal. 2007); *Rodriguez v. Fresno*, 2006 WL 903675, at * 3 (E.D. Cal. April 7, 2006) (where time to gather metadata was not burdensome, defendants ordered to produce metadata for documents already produced). Where, as here, memories and testimony may not be clear about events going back to 1999, such metadata may indeed serve as persuasive trial evidence of who wrote or modified an electronic document, and when.

        Lead Plaintiff's request for only seven documents in native format with metadata is extremely narrow. As noted above, Defendants are producing "snapshots" on or after the December 8, 2009 deadline. Any further negotiations will occur after that date which prompted this motion. A party is obligated to produce the associated metadata, to make the documents produced as usable as if they were in their native format.[4]

        The seven documents which Lead Plaintiff requests be produced in native format with metadata are highly relevant to the claims asserted in this litigation. *See* Fed. R. Civ. P. 26(b)(1).

        Lead Plaintiff seeks metadata for the June 8, 1999 Minutes because the attached schedule of June 8, 1999 Stock Option Grants (Exhibit A) contains an additional handwritten grant to Kenneth Miller dated as of June 14, 1999, six days after the June 8 grants were approved. While the addition is handwritten, Lead Plaintiff seeks information relating to the creation and modification dates for the minutes and the attached chart.

---

[4] As the Advisory Committee to the 2006 Amendments to Rule 34 observed, "If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN
NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS – CASE NO. C06-04327-JW
{1964 / MOT / 00099181.DOC v1}

4

The June 22, 1999 Minutes are relevant because the two copies of the minutes have different versions of the Exhibit A Stock Options Grant chart – one which lists a 6/14/99 grant to Kenneth Miller with an exercise price of $28, and the other, which does not list his grant. These documents tie into the June 8, 1999 Minutes, and Lead Plaintiff believes the native files and metadata will provide information on whether the actual schedule of grants and the minutes were created after the dates on which the grants were purportedly issued and priced.

The metadata will also assist in determining who created the 7/19/99 Berry Memo, and the agenda for a July 21, 1999 Board Meeting, as well who was involved in drafting or modifications. Similarly, the metadata for the 7/21/99 Board Minutes and Notes is important, as it will assist in demonstrating when the minutes were created and when they were modified. If the document is produced in native format, that will also permit Lead Plaintiff to track any changes made to the Minutes.

The 7/28/99 Meeting Memo (Harrison Decl. Exh. 3) states that Juniper option dates were selected to be "most advantageous to the employee" and defines how Juniper chose a grant date for new hire grants – "Effectively, what will happen is that the committee will look back upon the last few months and select the date in which the stock reached its lowest point, and use that as the 'committee meeting date.'" This document thus describes the scheme to backdate option grants. The metadata for this critical document should tell Lead Plaintiff who wrote it and when, and the dates of any modifications. The July 1999 documents are all highly relevant and may reveal the origins of Juniper's option backdating scheme. The document's metadata is particularly important, here as it will likely show when the fraud began, and who knew about it.

The 8/10/06 Press Release (Harrison Decl. Exh. 4) announces Juniper's need to restate "historical financial statements to record additional non-cash charges for stock based compensation expenses related to past option grants." The metadata requested directly relates to Lead Plaintiff's theory that, prior to the public dissemination of news of Juniper's impending restatement, there was "leakage" of that material information to persons who then traded on it. The metadata will disclose when the initial draft of the release was created and who worked on it, and thus had in advance the market-moving knowledge that Juniper would restate its financials.

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN
NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS – CASE NO. C06-04327-JW
{1964 / MOT / 00099181.DOC v1}

5

## III. CONCLUSION

For the foregoing reasons, Lead Plaintiff's motion to compel production in native format with metadata of documents bearing Bates numbers JNPR-CA 169012, JNPR-CA 019252-53, JNPR-CA 019256-59, JNPR-CA 019241-44, JNPR-CA 417645, JNPR-CA 009162-66 and JNPR-CA 236611-617 should be granted, and Juniper should be required to produce the native files and metadata forthwith.

DATED: December 8, 2009

        LOWEY DANNENBERG COHEN & HART, P.C.

        /s/
        Barbara Hart
        David C. Harrison
        One North Broadway, Suite 509
        White Plains, NY 10601-2310
        914-733-7228 (telephone)
        914-997-0035 (facsimile)

        *Counsel for Lead Plaintiff*

        SCHUBERT JONCKHEER KOLBE
          & KRALOWEC LLP
        Willem F. Jonckheer
        Three Embarcadero Center, Suite 1650
        San Francisco, CA 94111
        415-788-4220 (telephone)
        415-788-0161 (facsimile)

        ***Attorneys for Lead Plaintiff NYC Retirement Funds***

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN NATIVE FORMAT WITH METADATA FROM JUNIPER DEFENDANTS – CASE NO. C06-04327-JW
{1964 / MOT / 00099181.DOC v1}

6

## RULE 37 MEET & CONFER CERTIFICATION

I, David C. Harrison, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice in the State of California and before this Honorable Court. I am one of the attorneys for Lead Plaintiff NYC Retirement Funds ("Lead Plaintiff") in this matter.

2. Throughout 2009, members of my firm, including me, held multiple meet & confers, primarily with Joni Ostler of Wilson Sonsini Goodrich & Rosati, counsel for the Juniper Defendants. On November 18, 2009 Michael Goldklang spoke with Ms. Ostler and requested that Juniper produce metadata for a small set of specific documents. Mr. Goldklang followed up on the same date with an e-mail memorializing the Bates range of the documents for which metadata was requested. On December 7, 2009, I had a meet and confer with Ms. Ostler and was advised that Juniper would only initially agree to produce snapshots of the metadata. Counsel engaged in good-faith efforts to resolve our differences with respect to the metadata issue prior to the December 8, 2009 cut-off, but were unable to come to a final resolution of the issue prior to the deadline.

I certify under the penalty of perjury that the above is true and correct and that this declaration was executed by me on this 8th day of December, 2009.

/s/David C. Harrison
DAVID C. HARRISON

RULE 37 MEET & CONFER CERTIFICATION FOR NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION --
CASE NO. C06-04327-JW
{1964 / MOT / 00099181.DOC v1}