BARBARA J. HART (admitted *pro hac vice*)
DAVID C. HARRISON (admitted *pro hac vice*)
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway
White Plains, New York  10601-2310
Telephone: 914-997-0500
*Counsel for the New York City Pension Funds*

WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile:  415-778-0160

*Local Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE**<br><br>DATE: February 2, 2010<br>TIME: 10:00 a.m.<br>BEFORE: Hon. Patricia V. Trumbull |

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW

{1964 / MOT / 00099172.DOC v1}

# NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION FROM DEFENDANT JUNIPER NETWORKS, INC.

PLEASE TAKE NOTICE that on February 2, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Patricia V. Trumbull of the United States District Court for the Northern District of California, San Jose, California, Lead Plaintiff the New York City Pension Funds (the "Lead Plaintiff" or "NYC Funds"), by their undersigned counsel, will move for an order compelling Defendant Juniper Networks, Inc. ("Juniper" or the "Company") to produce documents that Juniper and its Audit Committee prepared for and/or shared with Defendant Ernst & Young LLP ("Ernst & Young"), the Company's outside auditor, in connection with the investigation of the Company's stock option practices.[1] These documents are listed in the following logs: Juniper's Audit Committee's Privilege Log for Documents Provided by Ernst & Young dated November 17, 2009; Audit Committee Privilege Log dated September 11, 2008; Audit Committee Supplemental Privilege Log dated October 17, 2008; and Juniper Revised Privilege Log (Nos. 235, 375, 409, 459, 460, and 500) dated July 22, 2009 (collectively, the "Privilege Logs"). The Privilege Logs are attached as Exhibits A through D, respectively, to the Declaration of David C. Harrison ("Harrison Decl.").

This Motion is based on this Notice of Motion, the Supporting Memorandum of Points and Authorities, the Harrison Decl. and accompanying exhibits, the Rule 37-2 Statement, the [Proposed] Order, all pleadings and papers filed herein, the oral argument of counsel, and any other matters which may be submitted at the hearing.

## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

1. Whether Juniper should be ordered to produce documents that Juniper and its Audit Committee prepared for and/or shared with Ernst & Young.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Juniper should be ordered to produce documents the Company and its Audit Committee shared with Defendant Ernst & Young concerning the stock option investigation, for the same

---

[1] Lead Plaintiff is advised that Juniper has a full set of the documents at issue in this motion.

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW    1

{1964 / MOT / 00099172.DOC v1}

reasons of waiver that Lead Plaintiff previously advanced in response to this Court's November 4, 2009 Interim Order (Dkt. No. 415). *See* Lead Plaintiff's Submission In Opposition to the Audit Committee's Motion for A Protective Order As to Statements Made by Former Employee Brienne Fisher to the Audit Committee's counsel, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") (Dkt. No. 420). Lead Plaintiff makes this motion to preserve its rights in light of the December 8, 2009 deadline for filing a discovery motion pursuant to Civil Local Rule 26-2, and the Juniper Defendants' refusal to waive their timeliness objection in the event that Lead Plaintiff waited until this Court's ruling on privilege in the above-referenced motion involving Ms. Fisher.

In response to questions posed by the Court in its November 4, 2009 Order, Lead Plaintiff explained that Juniper's Audit Committee had waived any claim to attorney-client or work product privilege by disclosing the substance of Ms. Fisher's interview, as well as the interviews with 33 other individuals, to Ernst & Young. *U.S. v. Ruele*, 583 F.3d 600 (9th Cir. 2009) (attorney-client waiver); *Middlesex Retirement System v. Quest Software, Inc.*, C 06-6863-DOC (RNB), slip op. (C.D. Cal. July 8, 2009) ("*Quest I*"), *objections overruled*, slip op. (Sept. 18, 2009) ("*Quest II*") (attorney work product waiver). *See* Exs. E and F to Harrison Decl.

The same rationale applies to the documents Juniper shared with Ernst & Young, which Juniper and its Audit Committee have withheld or redacted on grounds of attorney-client privilege or work product. The Ninth Circuit's decision in *U.S. v. Ruele*, 583 F.3d 600, which also involved disclosures to Ernst & Young, is dispositive as to claims of attorney-client privilege. As succinctly explained by the Court of Appeals: "There is no dispute that Broadcom had an existing attorney-client relationship with Irell and, by electing to reveal the information gathered to Ernst & Young . . . deliberately waived any corporate attorney-client privilege it held with respect to all matters at issue." *Id.* at 607.[2]

To the extent the work product privilege is implicated, the disclosure to Ernst & Young also resulted in a waiver of any claim for work-product protection. In *Quest I*, *supra*, Magistrate Judge Robert Block found a waiver of work product because "the disclosure of work product to [the

---

[2] The Juniper log (Ex. 4 to Harrison Decl.) asserts attorney-client privilege only as a basis for withholding communications with Ernst & Young.

auditor] substantially increased the opportunity for potential adversaries like plaintiff and its counsel to obtain work product." Slip op. at 10.

In this regard, the Court reasoned that given the nature of an independent auditor's role as the "public watchdog," disclosure of work product to the auditor necessarily increased the opportunity for potential adversaries like plaintiff to obtain that work product. Magistrate Block was persuaded by the Supreme Court's holding in *United States v. Arthur Young & Co.*, 465 U.S. 805 (1984), that an independent auditor performs a far different role than an attorney who was charged with presenting its client's case in the most favorable light. Rather, "'[b]y certifying the public reports that collectively depict a corporation's financial status, the independent auditor assumes a public responsibility transcending any employment relationship with the client.'" Slip op. at 11 (quoting *Arthur Young,* at 817). As such, the independent auditor owed its "ultimate allegiance to the corporation's creditors and stockholders, as well as the investing public." This role "demands that the accountant maintain total independence from the client at all times and acquires complete fidelity to the public's trust." *Id.* Given the accountant's role as a "disinterested analyst charged with public obligations," the Court held that communications should not be insulated from disclosure under a claim of work product. *Id.* The Magistrate noted a further consideration that, "given the nature of its role, Deloitte was under no obligation to keep confidential any work product disclosed to it that Deloitte determined it needed to publicly disclose in the performance of its audit function." *Id.* [3]

On appeal, the Hon. David Carter affirmed the Magistrate's ruling that disclosure to the auditor constituted a waiver. Judge Carter agreed that "Judge Block's recitations of the issues implicated by the work product doctrine in the context of outside auditors persuasive" and agreed with his findings that "disclosure to Deloitte did 'increase the opportunity for potential adversaries like plaintiff and its counsel to obtain that work product." *Quest II,* slip op. at 5.

The reasoning of the Court in *Quest I* and *Quest II* is persuasive. Here, Ernst & Young was

---

[3] The Court rejected the reasoning of the decisions in *SEC v. Schroeder*, No. C07-03798, 2009 WL 1125579 (N.D. Cal. Apr. 27, 2009), *objections overruled*, 2009 WL 1635202 (June 10, 2009), *and SEC v. Roberts*, 254 F.R.D. 371 (N.D. Cal. 2008), which rejected waiver.

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW    3

{1964 / MOT / 00099172.DOC v1}

1  not the accountant that Pillsbury, the counsel for Juniper's Audit Committee, used to assist it in
2  advising its client. Pillsbury instead hired KPMG to fulfill that role. Ernst & Young served a far
3  different role, independent of counsel: Ernst & Young certified the accuracy of Juniper's financial
4  statements and passed on Juniper's restatement. In performing this "public watchdog" function, the
5  fact that Ernst & Young may have reviewed the Company's or its Audit Committee's work product
6  cannot insulate the work product from waiver. Juniper's disclosure of these documents to Ernst &
7  Young served no purpose that is consistent with maintaining that work product protection. Ernst &
8  Young served no litigation purpose in reviewing this work product, but rather was working as an
9  independent public accountant, where its interests and those of the Audit Committee were not
10 aligned.

11       For the foregoing reasons, Lead Plaintiff's motion to compel the documents that Juniper and
12 its Audit Committee provided to or shared with Defendant Ernst & Young, which are identified on
13 the Privilege Logs, should be granted, and Juniper should be required to produce these documents
14 forthwith.

DATED: December 8, 2009

LOWEY DANNENBERG COHEN & HART, P.C.

/s/
Barbara Hart
David C. Harrison
One North Broadway, Suite 509
White Plains, NY  10601-2310
914-733-7228 (telephone)
914-997-0035 (facsimile)

*Counsel for Lead Plaintiff*

SCHUBERT JONCKHEER KOLBE
   & KRALOWEC LLP
Willem F. Jonckheer
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
415-788-4220 (telephone)
415-788-0161 (facsimile)

*Attorneys for Lead Plaintiff NYC Retirement Funds*

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREPARED FOR AND/OR
SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW    4

{1964 / MOT / 00099172.DOC v1}

# RULE 37 MEET & CONFER CERTIFICATION

I, David C. Harrison, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice in the State of California and before this Honorable Court. I am one of the attorneys for Lead Plaintiff NYC Retirement Funds ("Lead Plaintiff") in this matter.

2. Throughout 2009, members of my firm, including me, held multiple meet & confers with, among others, Kirke Hasson and Robert Nolan of Pillsbury Winthrop Shaw & Pittman LLP, counsel for the Audit Committee, and Joni Ostler of Wilson Sonsini Goodrich & Rosati, counsel for the Juniper Defendants. Counsel engaged in good-faith efforts to resolve our differences regarding the Audit Committee's assertion of attorney-client privilege and work product with regard to documents shared by Juniper and its Audit Committee with Ernst & Young. Despite the aforementioned good-faith efforts to resolve this issue, Juniper and its Audit Committee have still failed to produce the documents based on a claim of privilege and work product.

3. On December 7, 2009, Ms. Ostler advised me that Defendants were unwilling to waive the argument that any motion to compel filed after December 8, 2009 was untimely.

I certify under the penalty of perjury that the above is true and correct and that this declaration was executed by me on this 8th day of December, 2009.

/s/David C. Harrison
DAVID C. HARRISON