1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KIRKE M. HASSON (CA Bar No. 61446)
2   kirke.hasson@pillsburylaw.com
    ROBERT J. NOLAN (CA Bar No. 235738)
3   robert.nolan@pillsburylaw.com
    ALEX SANTANA (CA Bar No. 252934)
4   alex.santana@pillsburylaw.com
    50 Fremont Street
5   San Francisco, CA  94105
    Telephone: (415) 983-1000
6   Facsimile: (415) 983-1200

7   Attorneys for the Audit Committee of
    the Board of Directors of Juniper Networks, Inc.
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                          **SAN JOSE DIVISION**

12

13   In re JUNIPER NETWORKS, INC.          CASE NO.: C06-04327-JW (PVT)
     SECURITIES LITIGATION

14   This Document Relates To:             **NOTICE OF MOTION AND
                                            MOTION FOR LEAVE TO FILE
15        ALL ACTIONS.                      MOTION FOR
                                            RECONSIDERATION OF THE
16                                          COURT'S NOVEMBER 9, 2009
                                            ORDER RE PARTIES' MID-
17                                          DEPOSITION DISPUTE
                                            REGARDING ASSERTION OF
18                                          ATTORNEY-CLIENT PRIVILEGE
                                            AND WORK PRODUCT
19                                          PROTECTION; MEMORANDUM
                                            OF POINTS AND AUTHORITIES IN
20                                          SUPPORT THEREOF**

21

22

23

24

25

26

27

28

1
## NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE THAT before Magistrate Judge Patricia V. Trumbull of

4 the United States District Court for the Northern District of California, San Jose, California,

5 the Audit Committee of the Board of Directors of Juniper Networks, Inc. ("Audit

6 Committee") will and hereby do move the Court pursuant to N.D. Cal. Civil Local Rule 7-9

7 for leave to file a motion to reconsider the December 9, 2009 Order Re: Parties Mid-

8 Deposition Dispute Regarding Assertion of Attorney-Client Privilege and Work Product

9 Protection ("December 9, 2009 Order").  A copy of the motion for reconsideration is

10 attached hereto as Exhibit A.

11        This motion is based on this Notice of Motion and Motion, the accompanying

12 Memorandum of Points and Authorities, the attached Motion for Reconsideration of the

13 December 9, 2009 Order, the Declaration of Kirke M. Hasson in Support of Motion for

14 Leave to File Motion for Reconsideration, the Declaration of Kirke M. Hasson in Support

15 of Motion for Protective Order (Dkt. 466), the Declaration of Mitchell Gaynor in Support of

16 Motion for Protective Order (Dkt. 464), the Transcript of Proceedings held on November 4,

17 2009 (Dkt. 468), and all the files and records in this action.

18
## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

19        Whether the Court should grant leave for reconsideration of its December 9, 2009

20 Order to address two inherent errors in its conclusion that work product protection did not

21 attach to the Audit Committee's interview with Ms. Fisher, where: (i) the December 9,

22 2009 Order applied the incorrect standard for determining whether work product protection

23 attaches – *i.e.*, the "primary motive / but for" test – that has been rejected by the Ninth

24 Circuit in *In re Grand Jury Subpoena (Mark Torf / Torf Environmental Management)*, 357

25 F.3d 900, 907 (9th Cir. 2004) ("*Torf*"); and (ii) the record did not reflect significant,

26 material facts with respect to the work product issue at the time the Court rendered its

27 decision.

28

AUDIT COMMITTEE'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
Case No. M:06-04327-JW (PVT)

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION**

3          By this Motion, the Audit Committee seeks leave from the Court to file a Motion for

4   Reconsideration of the December 9, 2009 Order's ruling with respect to work product

5   protection.  In the December 9, 2009 Order, this Court stated that "work product protection

6   is available only for information that would not have been generated 'but for' litigation."

7   12/9/09 Order at 4:26-27 (citing cases).  Based on that legal standard, this Court further

8   found that "[t]here is no evidence in the record that the Audit Committee would not have

9   interviewed Fisher 'but for' the pending litigation," and that therefore, work product did not

10  attach to the interview.  *Id.* at 5:5-6.

11         As explained below, reconsideration of the December 9, 2009 Order is necessary to

12  address two inherent errors in the Court's conclusion that work product protection did not

13  attach to Pillsbury's interview with Ms. Fisher.  First, the December 9, 2009 Order applied

14  an incorrect legal standard – *i.e.*, the "primary motive / but for" test – in determining

15  whether the interview qualified as protected work product.  Second, the record with respect

16  to this issue was incomplete, and therefore, if left as is, would work a manifest injustice in

17  light of the relevant facts.  For these and the reasons set forth below, the Court should grant

18  the Audit Committee leave to file the Motion for Reconsideration of the December 9, 2009

19  Order.

20  **II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

21         During the October 16, 2009 deposition of non-party Brienne Fisher, Plaintiff's

22  counsel sought to question the witness about statements she made during her October 16,

23  2006 interview with Pillsbury Winthrop Shaw & Pittman ("Pillsbury"), counsel for

24  Juniper's Audit Committee.  Counsel for Juniper objected to these questions on grounds of

25  both attorney client privilege and work product, and in response, counsel for Ms. Fisher

26  instructed her not to answer.  Following Plaintiff's challenges to these instructions, this

27  Court directed the parties and Ms. Fisher to file simultaneous briefs by October 27, 2009,

28  setting forth their respective positions regarding the propriety of the instructions.  *See*

1    October 21, 2009 Order Re Parties Mid-Deposition Dispute Regarding Assertion of

2    Attorney-Client Privilege (Dkt. 388).

3           On November 4, 2009, this Court conducted a telephonic hearing regarding the

4    deposition dispute.  Declaration of Kirke M. Hasson in Supp. of Mot. For Leave ("Hasson

5    Decl., filed 12/18/09"), ¶ 5 and Ex. A.  During the hearing, counsel for Plaintiff repeatedly

6    emphasized that its challenges focused on whether Ms. Fisher's statements were protected

7    by attorney-client privilege, and *not* whether those statements were also protected work

8    product:

9           *[Attorney-client privilege is] completely different than the **work product**
            **privilege which is the privilege at issue in the two cases cited by the**
10          **Defendants yesterday and not challenged by plaintiffs in -- as part of this**
            **motion**. . . .
11
12   11/4/09 Hrg. Tr. at 9:17-21 (emphasis added).  Indeed, counsel for Plaintiff explicitly

13   acknowledged that the Audit Committee's investigation, including the documents and

     notes prepared and analyses performed by Pillsbury, were protected work product:
14
15          [**W**]***e're not arguing about work product.***  Work product and attorney-
            client privilege are completely different privileges.  I'm asking the
            witnesses what they said to the audit committee. . . . ***I'm not asking for***
16          ***Pillsbury notes.  I'm not asking for Pillsbury documents that they sent to***
            ***Ernst & Young.  Those would be work product documents that are***
17          ***arguably covered by the cases cited by Defendant that aren't at issue in***
            ***this brief and in this hearing.***  This hearing deals solely with the
18          attorney/client privilege relating to the interviewees . . . .

19   11/4/09 Hrg. Tr. at 14:17-15:12 (emphases added).

20          Thereafter, the Court further directed the parties to submit supplemental briefing on

21   five limited questions.  Among these questions was the following:

22          **3. [W]hether or not work product protection applies to statements**
            **Fisher made to the Audit Committee during its interview of her,**
23          **including whether or not the interview was conducted 'in anticipation**
            **of litigation . . . .'**
24
25   11/4/04 Order at 3:2-3 (emphasis added).

26          Plaintiff's response to this question suddenly asserted – for the first time in this

     litigation and without an opportunity for the Audit Committee to reply – that it was
27
28   challenging work product as applied to the interview.  Pl.'s Br. at 6:14-15.  In newly

1    arguing that the interview was not conducted "in anticipation of litigation," Plaintiff urged

2    this Court to apply the erroneous "primary motive / but for" test that had been rejected by

3    the Ninth Circuit.  *Id.* at 7:7-10.  Under that test, Plaintiff argued, the Audit Committee

4    would be required to show that Ms. Fisher's interview "would not have been generated but

5    for the pendency or imminence of litigation."  *Id.* at 6:14-23.

6          Because Plaintiff had conceded that it was not challenging that Pillsbury's work on

7    the Audit Committee investigation was subject to work product protection, however, the

8    Audit Committee did not understand the Court's question to require a detailed explanation

9    setting forth the facts pursuant to which the investigation occurred and why it was subject

10   to work product protection.  Hasson Decl., filed 12/18/09, ¶ 5-6.  Given plaintiff's

11   concession that the *investigation* materials were work product, the Audit Committee

12   interpreted the question as focused instead on the relationship between Ms. Fisher's

13   interview and the timing of the anticipated litigation, and responded accordingly.  *Id.*, ¶ 6.

14   Audit Committee counsel did not understand the Court's November 4, 2009 request for

15   supplemental briefing to seek a detailed explanation setting forth the facts pursuant to

16   which the *investigation* occurred and why it was subject to work product protection,

17   because that was conceded by Plaintiff in argument.  *Id.*  It was not the intention of Audit

18   Committee's counsel to fail to address the Court's question.  *Id.*  Audit Committee's

19   counsel misunderstood the scope of the question and mistakenly read the question narrowly

20   based on the understanding that the dispute with Plaintiff was a narrow one: i.e., whether

21   the work product protection that applied to the investigation also applied to protect from

22   disclosure the statements Fisher made to the Audit Committee during her interview. *Id.*; s*ee*

23   Supp. Brief of Audit Committee In Response to Court's November 4, 2009, Further Interim

24   Order (Dkt. 419) ("Audit Committee' Supplemental Brief") at 4:13-6:5.

25         By its December 9, 2009 Order, the Court granted Plaintiff's Motion to Compel and

26   denied Pillsbury's Motion for a Protective Order.  12/9/09 Order (Dkt. 458).  The

27   December 9, 2009 Order held in relevant part that work product protection did not attach to

28   Ms. Fisher's interview because work product protection is available *only* for information

AUDIT COMMITTEE'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
Case No. M:06-04327-JW (PVT)

1   that would have been generated "but for" litigation and the Audit Committee did not

2   interview Ms. Fisher "but for" pending litigation.  *See* 12/09/09 Order at 2-5.   Specifically,

3   the December 9, 2009 Order stated:

4              With regard to the assertion of work product protections, the Audit
        Committee has not shown that the interview occurred in anticipation of
5       litigation.  The Audit Committee submitted no declarations showing that
        the purpose of its interviews was in any way related to litigation.  Its entire
6       factual showing amounts to nothing more than pointing out that litigation
        was pending at the time the interview occurred.  However, the mere fact
7       that a company has a committee conduct an investigation at the same time
        that litigation is pending is insufficient to show that the purpose of the
8       investigation is in any way connected to the litigation.

9              As Lead Plaintiff points out, work product protection is available
        only for information that would not have been generated "but for"
10      litigation.  *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503 (S.D. Cal.
        2003), quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D. Cal.
11      1987).  As the court explained in *Kelly*,

12              The work product doctrine does not apply to information
                collected or communications made in the normal course of
13              business.  It applies only to material generated primarily for
                use in litigation, material that would not have been
14              generated but for the pendency or imminence of litigation."
                *See Kelly v. City of San Jose*, 114 F.R.D. at 659, citing
15              *Hickman v. Taylor*, 329 U.S. 495 (1947).

16              ***There is no evidence in the record that the Audit Committee
        would not have interviewed Fisher "but for" the pending litigation***, or
17      that the Audit Committee has or had any role at all with regard to the
        pending litigation.  Thus, there is no basis for a finding that the audit
18      committee is anything other than an "audit committee" within the meaning
        of 15 U.S.C. section 7201(3), or that it has any purpose other than a
19      business purpose of overseeing Juniper's accounting and financial
        reporting processes and Juniper's audits of its financial statements.  See 15
20      U.S.C. § 7201(3).  Thus, the work product protection does not apply, and
        the work product objection is overruled.

21

22  12/9/09 Order at 4:19-5:11 (emphasis added).

23              Given that the Ninth Circuit has specifically rejected the rule argued by the Plaintiff

24  and accepted by the Court, and our current better understanding of the Court's request for

25  the factual background to the investigation, we are respectfully submitting a fuller factual

26  background with our request that the Court reconsider.  Hasson Decl., filed 12/18/09, ¶ 6.

27

28

AUDIT COMMITTEE'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION
Case No. M:06-04327-JW (PVT)

1    **III.    ARGUMENT**

2        In accordance with Civil Local Rule 7-9, the Audit Committee seeks leave to file a

3    motion for reconsideration to address two inherent errors of law and fact in the December 9,

4    2009 Order's ruling with respect to work product.  Civil Local Rule 7-9 permits

5    reconsideration upon a showing:

6            That at the time of the motion for leave, a material difference in fact or law
             exists from that which was presented to the Court before entry of the
7            interlocutory order for which reconsideration is sought.  The party must also
             show that in the exercise of reasonable diligence the party applying for
8            reconsideration did not know such fact or law at the time of the interlocutory
             order . . . .

9            Civ. L.R. 7-9(b)(1).

10   This Court has discretion to grant leave to file a motion for reconsideration.  *See Van Slyke*

11   *v. Capital One Bank*, 503 F. Supp. 2d 1353, 1367 (N.D. Cal. 2007).[1]

12       As explained below, reconsideration of the December 9, 2009 Order is necessary

13   because a material difference in law and fact existed at the time of the Court's ruling.  In

14   particular, the December 9, 2009 Order's ruling with respect to work product relies (a) on

15   an erroneous argument of law advanced by plaintiff and to which there was no reply

16   opportunity, and (b) an incomplete factual record because of our misunderstanding of a

17   question asked by the Court.  Accordingly, the Audit Committee respectfully requests that

18   the Court grant leave to reconsider the December 9, 2009 Order.

19   **A.    A Material Difference In The Legal Standard For Work Product Protection
            Existed From That Which Was Presented Prior To – And Adopted By – The
20          December 9, 2009 Order**

21       Reconsideration of the December 9, 2009 Order is necessary for a fundamental

22   reason:  The December 9, 2009 Order applied the wrong legal standard – *i.e.*, the "primary

23   ────────────────

24   [1] Moreover, this Court may modify its December 9, 2009 Order as part of its inherent
     power to reconsider interlocutory orders prior to final judgment.  *See Liao v. Ashcroft*, No.
     C 08-2776 (PJH), 2009 WL 1033393, at *1 (N.D. Cal. Apr. 16, 2009) ("[T]he trial court
25   has the inherent power to reconsider, set aside, or amend interlocutory orders at any time
     prior to entry of a final judgment.") (citation omitted).  As one district court has explained,
26   the rules of reconsideration are designed *not* to "prohibit courts from reconsidering
     arguments previously made before the court, but rather to justify a court's refusal to hear
27   such arguments when they have already been given full consideration."  *In re Quarterdeck
     Office Sys., Inc. Sec. Litig.*, 854 F. Supp. 1466, 1470 (C.D. Cal. 1994).

28

1   motive / but for" test – in holding that the Audit Committee's interview of Ms. Fisher did

2   not qualify for work product protection.  Relying on plaintiff's assertion that work product

3   protection **only** applies to things that would not have been created "but for" the anticipation

4   of litigation, with plaintiff citing *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503 (S.D. Cal.

5   2003) for this proposition,[2] this Court stated that "work product protection is available only

6   for information that would not have been generated 'but for' litigation."  12/9/09 Order at

7   4:26-27.  In applying that standard, this Court found that there was no evidence showing

8   that "the Audit Committee would not have interviewed Fisher 'but for' the pending

9   litigation" and thus, declined to apply work product protection to the interview.  *Id.* at 5:5-

10  6.

11         As explained in the attached Motion for Reconsideration, the "primary motive / but

12  for" test is not the law in the Ninth Circuit.  To the contrary, in *Torf*, the Ninth Circuit

13  rejected the "primary motive / but for" test in favor of the more expansive "because of" test

14  for determining whether documents qualify for work product protection.  *Torf*, 357 F.3d at

15  908 (rejecting the "primary motive / but for" test and instead holding that the district court

16  erred in concluding that the "withheld documents were not covered by the work product

17  doctrine because they would have been created even without the prospect of litigation").

18  Under *Torf,* so long as the document was prepared "at least in part" to "advise and defend

19  [a company] in anticipated litigation," it will qualify for work product protection.  *Id.* at

20  909.

21  **B.     A Material Difference In Fact Existed From That Which Was Presented To
         This Court Prior To the Entry of the December 9, 2009 Order**

22

23         Reconsideration of the December 9, 2009 Order is necessary for a second, equally

24  fundamental, reason:  The December 9, 2009 Order's ruling with respect to work product

25  _____

26  [2] In citing *Kintera* to the Court, Plaintiff noted that the Audit Committee had also cited
    *Kintera* in its initial brief.  *See* Lead Plaintiff's Opp. to Mot. for Prot. Order (filed under
    seal November 9, 2009) at 7.  However, the Audit Committee did so for a completely

27  different proposition – *i.e.*, the showing of substantial need required to overcome work
    product protection.  *See* Dkt. 396 at 13.

28

AUDIT COMMITTEE'S MOTION FOR LEAVE TO FILE
                     MOTION FOR RECONSIDERATION
                     Case No. M:06-04327-JW (PVT)

1   relied on an incomplete record.  In the December 9, 2009 Order, this Court stated that there

2   was no evidence showing that "the purpose of [the Audit Committee's] interviews was in

3   any way related to litigation."  12/9/09 Order at 4:21.  This Court also noted that "[t]here is

4   no evidence in the record that the Audit Committee would not have interviewed Fisher 'but

5   for' the pending litigation, or that the Audit Committee has or had any role at all with

6   regard to the pending litigation."  *Id.* at 5:5-7.

7         As explained above, material facts were missing from the record at the time of the

8   Court's decision.  As set forth in the Motion for Reconsideration, the record now marshals

9   numerous facts and declarations establishing that the Audit Committee retained Pillsbury

10  directly in response to the Company's receipt of a subpoena from the Department of Justice

11  ("DOJ").  Thus, the Audit Committee retained Pillsbury "only after learning that the federal

12  government was investigating it for [civil] wrongdoing; a circumstance virtually

13  necessitating legal representation."  *Torf*, 357 F.3d at 909.  The record also shows that from

14  the outset, the Company anticipated that Pillsbury would investigate the facts, advise the

15  Audit Committee on the Company's potential exposure to criminal and civil litigation and

16  to act on behalf of the Company with respect to the DOJ subpoenas and the SEC's

17  investigation of the Company and document request.  These facts compel the conclusion

18  that the work performed by Pillsbury – including the interview at issue here – was done "at

19  least in part, to . . . advise and defend [Juniper]" in response to the DOJ Subpoena, SEC

20  inquiry, and anticipated shareholder litigation and is therefore entitled to work product

21  protection under *Torf*.  *Torf*, 357 F.3d at 909.

22        The Audit Committee did not present this evidence on November 9 because it did

23  not fully understand the Court's request.  Given plaintiff's concession in argument that the

24  ***investigation*** material was work product, counsel for the Audit Committee honestly

25  understood the Court's Question #3 as seeking only information about the specific

26  relationship between Ms. Fisher's *interview* and the timing of the anticipated litigation.

27  Hasson Decl., filed 12/18/09, ¶ 6.  Indeed, counsel for the Audit Committee did not

28  anticipate that Plaintiff would challenge work product protection as applied to the Audit

1 | Committee's investigation, given its prior representations.  Nov. 4, 2009 Hr'g Tr. at 9, 14-

2 | 15; Hasson Decl., filed 12/18/09, ¶ 6.  Accordingly, the Audit Committee respectfully

3 | requests that the Court grant leave for reconsideration of the December 9, 2009 Order to

4 | consider the entire record.

5 | **IV.      CONCLUSION**

6 |          The Audit Committee's counsel again apologizes to the Court for its

7 | misunderstanding of the November 4, 2009 Order.  The Audit Committee's counsel

8 | respectfully requests that the Court not penalize Juniper for counsel's misunderstanding and

9 | grant leave to file the Motion for Reconsideration.

10 |          Dated:  December 18, 2009.

11 |                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                            KIRKE M. HASSON
12 |                                          ROBERT J. NOLAN
                                            ALEX SANTANA
13 |                                          50 Fremont Street
                                            San Francisco, CA  94105
14 |
                                            By _____ */s/ Kirke M. Hasson* _____
15 |                                                     Kirke M. Hasson
16 |                                          Attorneys for the Audit Committee of the Board of
                                            Directors of Juniper Networks, Inc.

17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |