BARBARA HART (*pro hac vice*)
DAVID C. HARRISON (*pro hac vice*)
TODD S. GARBER (*pro hac vice*)
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: 914-997-0500
Facsimile: 914-997-0035

*Lead Counsel for the New York City Pension Funds and the Class*

WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile: 415-778-0160

*Local Counsel*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Carolyn Wolpert
100 Church Street
New York, NY 10007
Telephone: 212-788-0748

*Attorneys for the New York City Pension Funds*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions | No. C06-04327-JW (PVT)<br><br>**LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP**<br><br>No. C08-0246-JW (PVT)<br><br>DATE: January 12, 2010<br>TIME: 10:00 am<br>BEFORE: Hon. Patricia V. Trumbull |

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)

{1964 / BRF / 00099426.DOC v1}

## **TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................................. ii

I.    INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ............................................................................................................... 2

    A.    This Court Has the Inherent Power to Sanction Defendant E&Y ...................... 2

    B.    The Court Has Discretionary Authority Under Its Inherent Powers To Fashion Any Appropriate Sanctions ................................................................ 2

    C.    Issue Preclusion Sanction Under The Court's Inherent Power Is Appropriate ............................................................................................... 3

        1.    Defendant E&Y Has Engaged In Discovery Misconduct ........................ 3

        2.    Lead Plaintiff Has Suffered Prejudice ...................................................... 4

        3.    The Remaining Factors Support Issue Preclusion Sanctions ................... 5

    D.    Lead Plaintiff's Alternative Requested Sanction, For An Order Precluding E&Y From Asserting The Attorney-Client Privilege Or Work Product Protection, Is Justified Under The Court's Broad Discretion To Sanction Unjustifiable Delay ............................................................................ 6

    E.    Lead Plaintiff Met And Conferred With E&Y ................................................. 7

III.    CONCLUSION ............................................................................................................ 7

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)    i

{1964 / BRF / 00099426.DOC v1}

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*,
   151 F.R.D. 346 (N.D. Cal. 1993)..........................................................................4

*Chambers v. NASCO, Inc.*,
   501 U.S. 32, 44-45 (1991) ....................................................................................2

*Eggleston v. Chicago Journeymen Plumbers Local Union No.,130*,
   657 F.2d 890 (7th Cir. 1981) ................................................................................6

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ................................................................................2

*Fuqua v. Horizon/CMS Healthcare Corp.*,
   199 F.R.D. 200 (N.D. Tex. 2000)........................................................................4

*Hernandez v. City of El Monte*,
   138 F.3d 393 (9th Cir. 1998) ................................................................................2

*Payne v. Exxon Corp.*,
   121 F.3d 503 (9th Cir. 1997) ................................................................................5

*Rio Props.,Inc. v. Rio International Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .............................................................................3

*Unigard Security Insurance Company v. Lakewood Engineering & Manufacturing*,
   982 F.2d 363 (9th Cir. 1992) .........................................................................2, 3

## FEDERAL STATUTES

Fed. R. Civ. P. 26(e) ..................................................................................................2

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)   ii

{1964 / BRF / 00099426.DOC v1}

## I. INTRODUCTION

Lead Plaintiff comes before this Court seeking sanctions against Defendant Ernst & Young ("E&Y") for its conscious violations of the discovery rules, culminating in a last-minute production of more than 650,000 pages of documents, nearly one year after discovery was first served, and less than 27 days before discovery was set to close. E&Y's response is most notable for what it does not contain. Nowhere does E&Y excuse its voluminous late production or explain why it waited until months after service of Lead Plaintiff's First Request for the Production of Documents to search the computer desk files of relevant E&Y personnel. Instead, E&Y essentially tries to argue "no harm, no foul," asserting that its late production contained mostly "irrelevant" and "duplicative" documents and that since the parties agreed to an extension of the discovery deadline, Lead Plaintiff and the Class could not have suffered prejudice from E&Y's huge late production. E&Y's argument ignores both that the resulting delay is itself a factor that supports sanctions, and that its conduct has caused and will continue to cause substantial prejudice.

Lead Plaintiff devoted substantial work hours to reviewing the massive late production, while simultaneously preparing for and conducting depositions of Juniper witnesses. Even if E&Y was correct that its late production was duplicative and irrelevant, which it is not, Lead Plaintiff still had to review thoroughly the entire 650,000 page production to assess independently the relevance of the production. In addition, Lead Plaintiff was denied the benefit of the documents for depositions it already conducted. To argue that these late produced documents would not have been relevant at the previous depositions is belied by the use of the documents since their production. As E&Y admits, since production, Lead Plaintiff has marked 16 deposition exhibits consisting of documents from E&Y's late production. Declaration of Andrew M. Farthing ¶ 25, Dkt. No. 481, Ex. 1 ("Farthing Decl.").[1] Lead Plaintiff does not bring this motion lightly, but given E&Y's apparent belief that it should be held to a different standard

---

[1] E&Y's argument that 14 of the 16 exhibits were duplicative documents previously produced is irrelevant as Lead Plaintiff had a duty to review the entirety of E&Y's production for relevancy.

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)     1

{1964 / BRF / 00099426.DOC v1}

than other litigants in this Court, Lead Plaintiff sees no route to avoid prejudice to the Class and secure a fair trial, other than to seek this Court's assistance.

## II. ARGUMENT

### A. This Court Has the Inherent Power to Sanction Defendant E&Y

E&Y makes much of the fact that it has not violated any Court order, and therefore it should avoid sanctions in this action. What E&Y ignores is its violation of Fed. R. Civ. P. 26(e) which requires parties to supplement their document productions "in a timely manner." Furthermore, "courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Unigard Security Insurance Company v. Lakewood Engineering & Manufacturing*, 982 F.2d 363 (9th Cir. 1992) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Thus, "[i]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50. Accordingly, federal courts have the inherent power to levy sanctions. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Therefore, E&Y's violation of the Federal Rules of Civil Procedure, as opposed to a court order, does not insulate E&Y from sanctions in this action.

### B. The Court Has Discretionary Authority Under Its Inherent Powers To Fashion Any Appropriate Sanctions

While it is true that a court's "inherent power[s] must be exercised with restraint and discretion," it is equally true that "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45 (1991). The Ninth Circuit has held that "'district courts have the inherent power to control their dockets and may impose sanctions, including dismissal, in exercise of that discretion.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (citing *Oliva v. Sullivan*, 958 F.2d 272 (9th Cir. 1992)). In addition, "[t]his circuit has recognized as part of a district court's inherent powers the 'broad discretion to make discovery and evidentiary rulings conducive to the

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)     2

{1964 / BRF / 00099426.DOC v1}

conduct of a fair and orderly trial. Within this discretion lies the power . . . . to exclude testimony of witnesses whose use at trial . . . . would unfairly prejudice an opposing party.'" *Unigard*, 982 F.2d at 368 (citing *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)). Accordingly, this Court also has authority to sanction defendant E&Y for failure to comply with discovery rules by precluding E&Y from raising certain affirmative defenses as part of its "inherent power."

In deciding whether to grant a motion for sanctions for noncompliance with discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). These factors support issue preclusion.

### C. Issue Preclusion Sanction Under The Court's Inherent Power Is Appropriate

#### 1. Defendant E&Y Has Engaged In Discovery Misconduct

Throughout its opposition, E&Y argues that it violated no rule because it completed its document production prior to the close of discovery. As shown in the next section, such is not the law.[2]

The issue here is that less than two weeks before the first E&Y witness was scheduled to be deposed, less than 27 days before the discovery cut-off, two months after E&Y represented that its production was all but complete, and after Lead Plaintiff had taken the deposition of many Juniper employees, E&Y suddenly produced more than 650,000 additional pages of documents with no excuse for its delay. If such behavior is not misconduct, it would render the

---

[2] The Juniper Defendants' joinder in E&Y's opposition seeks to blame Lead Plaintiff for choosing to go forward with depositions prior to E&Y completing its document production. As explained in detail in Lead Plaintiff's opening brief, E&Y misled Lead Plaintiff into believing its document production was substantially complete. Furthermore, what would the Juniper Defendants suggest as an alternative? If Lead Plaintiff waited for E&Y to finish its production of documents before beginning depositions, that would have left approximately 15 business days for the parties to conduct more than 25 depositions, and given the scheduling difficulties with this case, such a scenario is hardly realistic. Together, the defendants' briefs, like E&Y's late production, seek to place Lead Plaintiff between a rock and a hard place, which is not what the Federal Rules contemplate.

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)   3

{1964 / BRF / 00099426.DOC v1}

Federal Rules of Civil Procedure and court-ordered discovery deadlines toothless, allowing parties to simply withhold a substantial portion of their document production until the end of discovery, and then inundate their opposition, leaving little or no time for meaningful review prior to a deposition cutoff.

### 2. Lead Plaintiff Has Suffered Prejudice

Where, as here, a party fails until the eleventh-hour to produce thousands of documents that are responsive to outstanding discovery requests, courts have concluded that litigation-ending sanctions are the only effective remedy. *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204-06 (N.D. Tex. 2000) (the "Court's inherent power authorizes litigation-ending sanctions in instances of bad faith"). Here, as in *Fuqua*, Lead Plaintiff has been severely prejudiced by E&Y's dilatory and evasive discovery tactics in general and, more particularly, by its failure to timely produce a substantial amount of responsive documents. At the time of production, Lead Plaintiff had deposed many witnesses, noticed many others, and engaged in months of discovery, without the benefit of the documents, despite the fact that E&Y had access to those documents for almost one year.

The fact that E&Y ultimately produced the documents prior to the close of discovery does not preclude sanctions. In *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, the court entered terminating sanctions against a party who had "concealed documents" and had "willfully failed to [provide] discovery." *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 151 F.R.D. 346, 347-48 (N.D. Cal. 1993). The court ruled that defendant had "violated the rules of discovery by not producing the relevant documents [and that s]uch violations were willful and in bad faith, since she knew of the existence of the documents." *Id.* at 353. The defendant attempted to avoid the imposition of terminating sanctions on the grounds that she eventually produced the documents, arguing that plaintiff had not been "prejudiced" by her failure to produce the documents when requested. The district court rejected this argument, ruling that "belated compliance with discovery orders does not preclude the imposition of sanctions," and that a "[l]ast minute tender of documents does not cure the prejudice to opponents nor does it

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT) — 4

{1964 / BRF / 00099426.DOC v1}

restore to other litigants on a crowded docket the opportunity to use the courts. *Id.*

Similarly, in *Payne* the court held that "last-minute tender of documents does not cure the prejudice to opponents" because they are "deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy." *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). E&Y's attempt to distinguish *Payne* is unconvincing. E&Y states that in *Payne* "the court found prejudice where plaintiffs tendered discovery responses near to or after the close of discovery, and only after multiple orders compelling production." 121 F.3d at 505, 508. E&Y Opposition to Lead Plaintiff's Motion for Sanctions, Dkt. No. 481, at 11 ("E&Y" Br."). The only difference between this case and *Payne* is that multiple orders compelling production had already been entered. However, the absence of a prior motion to compel did not relieve E&Y of its obligation to timely produce responsive documents pursuant to the Federal Rules of Civil Procedure, and does not change the fact that Lead Plaintiff was deprived of a meaningful opportunity to follow-up on the information in the documents and to incorporate the information into its litigation strategy.

Here, as in *Anheuser-Busch* and *Payne*, E&Y's production is too late and does not cure the prejudice suffered by Lead Plaintiff.

### 3. The Remaining Factors Support Issue Preclusion Sanctions

The remaining factors support issue preclusion in this action. E&Y's discovery violations have seriously impaired the public interest in expeditious resolution (Factor 1) and the Court's need to manage its docket (Factor 2). As E&Y admits, because of its conduct, Lead Plaintiff and the Juniper Defendants were forced to enter into a stipulation pushing back numerous depositions until after the then in place December 1, 2009 discovery cut-off. E&Y Br. at 6. As a result of the delay in depositions, Lead Plaintiff and the Juniper Defendants also have no choice but to seek to push back the due date for opening expert reports. *Id.* Therefore, while a trial date has not yet been scheduled, E&Y's conduct has undoubtedly caused a delay in this more than three-year-old case, ensuring it will continue to occupy the Court's docket for longer still, and putting off the Class's chance for recovery.

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE No. 06-04327-JW (PVT)     5

{1964 / BRF / 00099426.DOC v1}

Furthermore, as detailed in Lead Plaintiff's opening memorandum, the expectation that this case is capable of a fair and just resolution on the merits has been undermined by E&Y's conduct (Factor 4). E&Y repeatedly dumped massive amounts of documents on Lead Plaintiff as the close of discovery was approaching. These documents, while described by E&Y as "largely irrelevant," are anything but irrelevant. E&Y Br. at 6. In fact, since their production, Lead Plaintiff has marked 16 deposition exhibits containing documents from what E&Y would have this court believe was an irrelevant production. That amounts to almost 5% of the exhibits marked since E&Y's late production. Similar to defendants who argue against the adequacy of class counsel during class certification proceedings, E&Y is playing the role of the proverbial fox guarding the henhouse by arguing that the more than 650,000 pages of documents it produced so late in the game are irrelevant. *Eggleston v. Chicago Journeymen Plumbers Local Union No., 130*, 657 F.2d 890, 895 (7th Cir. 1981).

Finally, while Lead Plaintiff welcomes the Court's input in crafting the appropriate sanctions, Lead Plaintiff believes that no lesser sanction than preclusion of E&Y's fact-intensive affirmative defenses and E&Y's assertion of privilege can adequately promote justice (Factor 5).

### D. Lead Plaintiff's Alternative Requested Sanction, For An Order Precluding E&Y From Asserting The Attorney-Client Privilege Or Work Product Protection, Is Justified Under The Court's Broad Discretion To Sanction Unjustifiable Delay

E&Y argues that "[t]he waiver of the attorney-client privilege is an extreme sanction and is reserved for cases of unjustifiable delay, inexcusable conduct or bad faith" and therefore not warranted in this case. E&Y Br. at 13 (citing *Geico Casualty Co. v. Beauford*, No. 8:05-CV-697-T-24EAJ, 2006 WL 2990454, at *1 (M.D. Fla. Oct. 19, 2006). The same authority supports waiver in this case with respect to E&Y's documents. Throughout its 15 page brief, not once does E&Y explain the 11 month delay in producing more than 650,000 pages of documents. It is not as if these documents came from a newly discovered source that E&Y did not foresee until discovery was well on its way. Instead, these documents came from the computer desk files of personnel that E&Y knew it had to search in order to satisfy its discovery obligations.

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)

6

{1964 / BRF / 00099426.DOC v1}

1 Nevertheless, E&Y fails to explain why it waited until the very end of discovery to conduct these searches and complete its discovery. This inexcusable delay and the obstacles it created to timely challenges of assertions of the privilege, support a waiver of any applicable privilege in this action. The alternative sanction requested by Lead Plaintiff is therefore fully justified, and within this Court's discretion.

### E. Lead Plaintiff Met And Conferred With E&Y

As E&Y admits, E&Y was aware that Lead Plaintiff intended to file a motion seeking sanctions against E&Y. Farthing Decl. ¶ 23. E&Y became aware of Lead Plaintiff's intent to file a motion for sanctions during the parties' meet and confer relating to E&Y's late production of documents. On November 11, 2009, the day before filing its motion, counsel for Lead Plaintiff, Barbara Hart and David Harrison met and conferred with counsel for E&Y via telephone to discuss E&Y's massive late production of documents. Garber Decl. ¶ 2. During the meet and confer, Ms. Hart conveyed to E&Y's counsel that Lead Plaintiff intended to file a motion for sanctions against E&Y. *Id.* E&Y fails to distinguish between a meet and confer that failed to reach a resolution and the actual occurrence of a meet and confer. The parties did meet and confer, and it was only after reaching an impasse that Lead Plaintiff filed its motion for sanctions.

### III. CONCLUSION

For the forgoing reasons, Lead Plaintiff respectfully requests that this Court enter an order (1) precluding E&Y from asserting the affirmative defenses asserted in E&Y's Answer, of: (a) good faith (Fourth Affirmative Defense); (b) due diligence (Fifth Affirmative Defense); and (c) reasonable investigation (Sixth, Eighth, Ninth, and Tenth Affirmative Defenses); (2) precluding E&Y from asserting the attorney client privilege or attorney work product protection in discovery in this case; (3) relieving Lead Plaintiff from the discovery cut-off, to the extent necessary to allow Lead Plaintiff sufficient time to review these newly produced documents and

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)     7

{1964 / BRF / 00099426.DOC v1}

question E&Y witnesses; and (4) permitting Lead Plaintiff to recall witnesses, as needed to address fully the matters referenced in E&Y's willfully delayed production.

DATED: December 29, 2009

                LOWEY DANNENBERG COHEN & HART, P.C.

                /S/
                BARBARA J. HART
                DAVID C. HARRISON
                TODD S. GARBER
                One North Broadway, 5th Floor
                White Plains, NY 10601-2310
                914-997-0500 (telephone)
                914-997-0035 (facsimile)

                *Counsel for Lead Plaintiff*

                WILLEM F. JONCKHEER
                SCHUBERT JONCKHEER KOLBE
                    & KRALOWEC LLP
                Three Embarcadero Center, Suite 1650
                San Francisco, CA 94111
                415-788-4220 (telephone)
                415-788-0161 (facsimile)

                *Local Counsel*

LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT ERNST & YOUNG LLP – CASE NO. 06-04327-JW (PVT)

8

{1964 / BRF / 00099426.DOC v1}