1  BARBARA J. HART (admitted *pro hac vice*)
   DAVID C. HARRISON (admitted *pro hac vice*)
2  TODD S. GARBER (admitted *pro hac vice*)
   LOWEY DANNENBERG COHEN & HART, P.C.
3  One North Broadway
   White Plains, New York  10601-2310
4  Telephone: 914-997-0500
   *Counsel for the New York City Pension Funds*
5
   WILLEM F. JONCKHEER S.B.N. 178748
6  SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
   Three Embarcadero Center, Suite 1650
7  San Francisco, CA 94111
   Telephone: 415-788-4220
8  Facsimile:  415-778-0160

9  *Local Counsel*

10 MICHAEL A. CARDOZO
   Corporation Counsel of the City of New York
11 Carolyn Wolpert
   100 Church Street
12 New York, NY 10007
   Telephone: 212-788-0748
13
14 *Attorneys for the New York City Pension Funds*

15

16

17 | | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW |
| | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE** |
| This Document Relates To: All Actions | |
| | DATE:       February 2, 2010 |
| | TIME:       10:00 a.m. |
| | BEFORE:   Hon. Patricia V. Trumbull |

18

19

20

21

22

23

24

25

26

27 REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
28 INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
   SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE– CASE NO.
   C06-04327-JW

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...................................................................................i

PRELIMINARY STATEMENT...........................................................................1

ARGUMENT.......................................................................................................3

    I.     THE WORK PRODUCT PROTECTION DOES NOT APPLY......................3

    II.    DISCLOSURE TO E&Y WAIVED ANY WORK PRODUCT
         TO THE EXTENT IT APPLIED...............................................................5

         A.    A Public Accountant's Role Is Inconsistent with
             Maintaining Work Product Protection...........................................5

         B.    Juniper and E&Y Did Not Share Common Interests...........................8

    III.   LEAD PLAINTIFF HAS A SUBSTANTIAL NEED FOR THE
         DOCUMENTS REQUESTED.................................................................9

CONCLUSION....................................................................................................9

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW

{1964 / BRF / 00099717.DOC v3}

i

# TABLE OF AUTHORITIES

## CASES

*In re Diasonics Sec. Litig.*,
No. C-83-4584-RFP (FW), 1986 WL 53402 (N.D. Cal. June 15, 1986)........................ 4, 5

*In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*,
357 F.3d 900 (9th Cir. 2004)...................................................... 1, 2, 5

*In re International Systems and Controls Corp. Sec. Litig.*,
693 F.2d 1235 (5th Cir. 1982).......................................................... 10

*In re JDS Uniphase Corp. Sec. Litig.*,
No. C-02-1486 CW (EDL), 2006 WL 2850049 (N.D. Cal. Oct. 5, 2006)........................ 8

*Medinol, Ltd. v. Boston Scientific Corp.*,
214 F.R.D. 113 (S.D.N.Y. 2002) ..................................................... 7

*Merrill Lynch & Co. v. Allegheny Energy, Inc.*,
229 F.R.D. 441 (S.D.N.Y. 2004) .................................................... 8

*Middlesex Retirement System v. Quest Software, Inc.*,
C06-6-6863-DOC (RNB), slip op (C.D. Cal. July 8, 2009)
*objections overruled*, slip op. (Sept. 18, 2009) ..................................... 6

*SEC v. Roberts*,
254 F.R.D. 371 (N.D. Cal. 2008)................................................... 6, 7

*SEC v. Schroeder*,
No. C07-03798 JW HRL, 2009 WL 1125579 (N.D. Cal. Apr. 27, 2009)
*objections overruled*, 2009 WL 1635202 (Jun. 10, 2009) ............................ 6, 7

*U.S. v. Ruele*,
583 F.3d 600 (9th Cir. 2009)......................................................... 2

*U.S. v.Textron*,
577 F.3d 21 (1st Cir. 2009) .......................................................... 4

*United States v. Adlman*,
134 F.3d 1194 (2nd Cir. 1998)....................................................... 2

*United States v. El Paso Co.*,
682 F.2d 530 (5th Cir. 1982) ......................................................... 4

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW

{1964 / BRF / 00099717.DOC v3}

ii

*United States v. Fernandez,*
    231 F.3d 1240 (9th Cir. 2000) .................................................................................. 9

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE No. C06-04327-JW

## **PRELIMINARY STATEMENT**

Since the filing of Lead Plaintiff's motion to compel on December 1, 2009, this Court has issued its December 9, 2009 Order in which it held that the work performed during the Audit Committee's investigation was not attorney work product. (Dkt. No. 458). Indeed, that ruling is manifestly consistent with the facts. The sequence of events reflects that the investigation predated any litigation, and was the basis for the Company's business-decision to restate its financials and the amount of that restatement. These were business judgments made by a publicly held company. Thus, there are two independent reasons why Juniper and its Audit Committee should be ordered to produce documents that comprise the stock option investigation: (1) work product protection does not apply because as this Court has held, Defendants failed to show that the work undertaken was in anticipation of litigation, and (2) if this Court should reverse course, Defendants should be ordered to produce the Audit Committee investigation documents they provided to Ernst & Young, LLP ("E&Y"), because they have waived any work product protection by providing the information to the Company's outside auditor.

Defendants argue for a different result claiming that this Court's December 9 Order somehow overlooked the Ninth Circuit's decision in *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900 (9th Cir. 2004). Defendants are wrong. In *In re Grand Jury Subpoena*, the Ninth Circuit simply "join[ed] a growing number of [its] sister circuits in employing the formulation of the "because of" standard articulated in the Wright & Miller Federal Practice treatise." *Id.* at 907. The Ninth Circuit held that "[t]he 'because of' standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW

'document was created because of anticipated litigation, and would not have been created in substantially similar form **but for** the prospect of that litigation[.]'" *Id.* at 908 (citing *United States v. Adlman*, 134 F.3d 1194 (2nd Cir. 1998) (emphasis added)).  Defendants do not come close to satisfying this standard.[1]

As this Court recognized in its December 9 Order, "[t]he mere fact that a company has a committee conduct an investigation at the same time that litigation is pending is insufficient to show that the purpose of the investigation is in any way connected to the litigation." *Id.*  p. 4.[2]  Because the Audit Committee's investigation (and the investigatory work conducted by the attorneys retained by the Audit Committee) was done for the ordinary business purpose of complying with Juniper's accounting and financial reporting obligations based on its status as a public company, there is no work product protection. *Id.* p.5.[3]  At best, Defendants show that some documents served dual purposes but that does not satisfy the test for application of the work product protection.

---

[1] Defendants do not challenge the alleged waiver of attorney-client privilege based on the Ninth Circuit's decision in *U.S. v. Ruele*, 583 F.3d 600 (9th Cir. 2009), and admit in n.3 of their brief that they subsequently produced documents withheld solely on the basis of attorney-client privilege.

[2] When this Court employed the "but for" test in its December 9 Order, it was fully cognizant of *In re Grand Jury Subpoena*, as it had been cited in Defendants' brief.  The Court properly applied the but for test, and the same rationale applies to the documents shared with E&Y, which Juniper and its Audit Committee have withheld or redacted on grounds of attorney-client privilege or work product.

[3] As is admitted in Juniper's Preclearance letter to the SEC dated January 17, 2007, on May 16, 2006, the Center for Financial Research and Analysis ("CFRA"), a company that performs forensic accounting, e-mailed a proprietary options backdating study to its subscribers, evaluating the top 100 North American companies.  The report identified a "high-risk profile" for options backdating at Juniper and 16 other companies.  The CFRA Report reported that as of the date of publication, two of the 17 companies that it had identified as high-risk using this methodology had already admitted improperly accounting for option grants, and were restating their financial results. *See* CFRA Report p. 1, nn.1 and 2, Ex. 3 to Garber Decl.  The CFRA report also advised investors of the potential for an accounting restatement at Juniper.  As a result of the CFRA report as well as questions the Company received from stockholders on or about May 12, 2006, Mitch Gaynor, Juniper's General Counsel and Scott Kriens, Juniper's Chairman and Chief Executive Officer, decided on or about May 16, 2006 to recommend to the Juniper Board of Directors at the previously scheduled May 18, 2006 meeting that Mr. Gaynor and outside counsel work with the Audit Committee of the Board of Directors to formulate an investigation plan. *See* Garber Decl. Ex. 1.  At the May 18, 2006 Board Meeting, the Board of Directors approved the formulation of a formal investigation plan. *Id.*  All of this occurred prior to the threat of litigation against Juniper and is set forth in a document the Company sent to the SEC for a non-litigation, business purpose.  The

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW

In the alternative, to the extent that the work product protection applied to the documents at issue, it was waived because the disclosure to E&Y, as an independent accountant (and eventual co-defendant), substantially increased the likelihood for potential adversaries to obtain the purported work product; and E&Y and Defendants did not share a common interest.[4]

## ARGUMENT

### I.   THE WORK PRODUCT PROTECTION DOES NOT APPLY

This Court has already correctly determined that the work of Juniper's Audit Committee in conducting the investigation into Juniper's stock option granting processes was done for the business purpose of making a determination as to whether the accounting rules required that Juniper restate its previous financial statements and as to the amount of that restatement.  These are required business functions and indeed it was this committee's work that was the basis for the Preclearance Letter to the SEC for the restatement, a non-litigation interaction with the agency, and thus no work product protection applies.  December 9 Order pp.4-5.  As such, the work product protection does not apply to the documents prepared for and/or shared with E&Y.

Work product immunity only applies to documents created in anticipation of litigation.  *See In re Grand Jury Subpoena*, 357 F.3d at 906.  Here, the documents were created for a business purpose, *i.e.*, for ensuring the accuracy of Juniper's financial statements.  It is well-settled that there is no work product protection when "the documents were generated for the business purpose of

---

investigation involved dollarizing the restatement relative to taxes and operating expenses and was done in part to comply with NASDAQ listing requirements.  The Audit Committee then hired Pillsbury "to assist the Audit Committee's investigation into Juniper's historical option granting practices."  Def. Br. p. 1.  E&Y then requested certain documents from Pillsbury and the forensic accountants Pillsbury hired KPMG, because E&Y "needed certain information in order to adequately audit Juniper's financial statements."  *Id.* at 2.

[4] Defendants' contention that Lead Plaintiff's motion to compel is in somehow untimely is without merit, as Lead Plaintiff did not receive E&Y's complete production of documents and privilege logs until November.  Furthermore, Lead Plaintiff's motion is timely under the Federal and Local Rules.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW

{1964 / BRF / 00099717.DOC v3}

3

creating financial statements which would satisfy the requirements of the federal securities laws and not to assist in litigation." *See In re Diasonics Sec. Litig.*, No. C-83-4584-RFP (FW), 1986 WL 53402, at *1 (N.D. Cal. June 15, 1986) (citing *United States v. Gulf Oil Corp.*, 760 F.2d 292, 297 (Temp. Emer. Ct. App. 1985)).[5]   The documents at issue here do not implicate the litigation strategy of Juniper (Juniper's litigation counsel is Wilson Sonsini Goodrich & Rosati, not Pillsbury Winthrop Shaw & Pittman who spearheaded the investigation), but instead were created to seek pre-clearance from the SEC "to confirm that the office of the Chief Accountant (the "OCA") will not object to the Company's determination of accounting measurement dates under Accounting Principles Board Opinion No. 25, *Accounting for Stock Issued to Employees* ("APB 25") for certain equity awards granted from June 1999 through December 2005." Garber Decl. Ex. 1 p. 1.[6]  Ultimately, some of that work was provided to E&Y so that it could "independently" review Juniper's financial results.

Even if the documents at issue here could be termed "dual purpose documents," *i.e.*, documents created for both a business and legal purpose, Defendants bear the burden of proving that "[considering] the totality of the circumstances . . . it can fairly be said that the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]'" *In re Grand Jury Subpoena*, 357 F.3d at 908 (quoting *U.S. v. Adlman*, 134 F.3d 1194, 1195 (2d Cir.1998)).  Defendants cannot meet that burden here because this investigation was done to gain SEC clearance in a non-litigation context, to restate Juniper's financials.  Instead, Defendants would have this Court ignore the "because of" test and

---

[5] *See also U.S. v. Textron*, 577 F.3d 21, 30 (1st Cir. 2009) (work product privilege does not even apply to documents created "for the purposes of accurately stating a company's financial figures, [and] has in ordinary parlance only that purpose: to support a financial statement and the independent audit of it."); *United States v. El Paso Co.*, 682 F.2d 530, 543 (5th Cir. 1982) (work product did not apply to documents created to "bring its financial books into conformity with generally accepted auditing principles.").

[6] References to Garber Decl. refer to the Declaration of Todd Garber filed herewith.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW

1    find that any document created while litigation was ongoing or foreseen is protected by work

2    product immunity.  That is not the law.

3        Once the accuracy of the Juniper's financial reports in its SEC filings became suspect in May

4    2006, Juniper was required to undertake an investigation under the scheme of government

5    regulation, including the Sarbanes-Oxley amendments to the federal securities laws.  In light of

6    Juniper's regulatory obligations, the Audit Committee's investigation would have occurred even in

7    the absence of the litigation that followed and as such the documents at issue are not afforded work

8    product protection.

9

10

11   **II.     DISCLOSURE TO E&Y WAIVED ANY WORK PRODUCT
           TO THE EXTENT IT APPLIED**

12

13       **A.     A Public Accountant's Role Is Inconsistent With Maintaining
               Work Product Protection**

14

15       Any possible work product protection was waived by disclosure to a potentially adverse

16   independent public accountant.

17               While disclosure to one with a common interest under a guarantee of
               confidentiality does not necessarily waive [work product] protection
18               [citation omitted], the relationship between public accountant and
               client is at odds with such a guarantee because the public accountant
19               has responsibilities to creditors, stockholders, and the investing public
               which transcend the relationship with the client.
20

21   *In re Diasonics Sec. Litig.*, 1986 WL 53402, at *1 (citing *Gulf Oil Corp.*, 760 F.2d at 295-296; *U.S.*

22   *v. Arthur Young & Co.*, 465 U.S. 805, 817-818 (1984)).

23

24       In *Middlesex Retirement System v. Quest Software, Inc.*, C 06-6863-DOC (RNB), slip op.

25   (C.D. Cal. July 8, 2009) ("*Quest I*"), *objections overruled*, slip op. (Sept. 18, 2009) ("*Quest II*"), the

26   Court held that "it follows from the nature of Deloitte's role as an independent auditor that the

27

28   REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
     INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
     SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
     CASE NO. C06-04327-JW

     {1964 / BRF / 00099717.DOC v3}                                                              5

1   disclosure of the work to Deloitte did substantially increase the opportunity for potential adversaries

2   like plaintiff and its counsel to obtain that work product." *Quest I*, p. 10, (citing *Arthur Young &*

3   *Co.*, 465 U.S. at 817-18 (relationship between an independent public accountant and a corporation is

4   inconsistent with the rationale of the work product doctrine)).   The Court reasoned that "'[b]y

5   certifying the public reports that collectively depict a corporation's financial status, the independent

6   auditor assumes a public responsibility transcending any employment relationship with the client.'"

7   *Quest I*, p. 11 (quoting *Arthur Young*, at 817).   As such, the independent auditor owed its "ultimate

8   allegiance to the corporation's creditors and stockholders, as well as the investing public."   This role

9   "demands that the accountant maintain total independence from the client at all times and acquire

10  complete fidelity to the public's trust."   *Id.*   Given the accountant's role as a "disinterested analyst

11  charged with public obligations," the Court held that communications should not be insulated from

12  disclosure under a claim of work product.   *Id.*[7]   On appeal, the District Court affirmed the

13  Magistrate's ruling that disclosure to the auditor constituted a waiver.   *Quest II*, slip op. at 5.   The

14  reasoning of the Court in *Quest I* and *Quest II* is persuasive.

15      Furthermore, in *Medinol, Ltd. v. Boston Scientific Corp.*, 214 F.R.D. 113, 116 (S.D.N.Y.

16  2002), the Court ordered that the defendant had waived work product protection as to the

17  defendant's special litigation committee minutes that it turned over to independent public

18  accountants, holding:

> Here, Ernst & Young reviewed the minutes of the meetings of Boston
> Scientific's Special Litigation Committee in connection with its role
> as outside auditor.  As the outside auditor, Ernst & Young's interests
> were not necessarily united with those of Boston Scientific; they were

---

[7]   The Court rejected the reasoning of the decisions in *SEC v. Schroeder*, No. C07-03798 JW HRL, 2009 WL 1125579 (N.D. Cal. Apr. 27, 2009), *objections overruled*, 2009 WL 1635202 (June 10, 2009), and *SEC v. Roberts*, 254 F.R.D. 371 (N.D. Cal. 2008), which rejected waiver.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
Case No. C06-04327-JW

1

2

3

4

> independent of them.  Moreover, the sharing by Boston Scientific's
> lawyers of selected aspects of their work product, although perhaps
> not substantially increasing the risk that such work product would
> reach potential adversaries, [citation omitted] did not serve any
> litigation interest, either its own or that of Ernst & Young, or any other
> policy underlying the work product doctrine.

5

6

7

8

*Id.*  Thus, just as is the case here, the accountant reviewed the documents in its role as outside

auditor, not to serve any litigation interest.  The mere fact that the documents reviewed pertained

ultimately to subsequent litigation does not mitigate the waiver (if a privilege even exists).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

   Lead Plaintiff recognizes that there have been two recent cases in the Northern District of

California, *SEC v. Roberts*, 254 F.R.D. 371 and *SEC v. Schroeder*, 2009 WL 1125579, which reach

a different conclusion on the issue of waiver through disclosure to an independent public accountant.

However, because the Ninth Circuit has not ruled on this issue it is submitted that this Court should

adopt the rationale of *Quest I, Quest II, Arthur Young,* and *Medinol* as the more reasoned approach.

While the courts in *Roberts* and *Schroeder* believed a "public policy of encouraging critical self-

policing by corporations" would be served by allowing a selective waiver in these circumstances,

*see Roberts*, 254 F.R.D. at 382, this rationale is inapposite where, as here, the corporation is already

subject to a legal obligation to police itself.  More importantly, the fraud was already uncovered by

the time that E&Y sought access to the Audit Committee's work.  E&Y's purpose was not to "root

out fraud" which was principle underlying *Roberts* and *Schroeder*; rather E&Y was simply hired (or

in this case continually retained starting in 1999), to audit Juniper's financial results, not to make

any findings of culpability.[8]

24

25

26

27

28

---

[8] The other two cases, *In re JDS Uniphase Corp. Sec. Litig.*, No. C-02-1486 CW (EDL), 2006 WL 2850049 (N.D. Cal. Oct. 5, 2006) and *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 229 F.R.D. 441 (S.D.N.Y. 2004) merely recognize that turning over documents to an accountant does not create an automatic waiver. Lead Plaintiff is not arguing that there is an automatic waiver, but that the accountant here, E&Y, served no litigation purpose in reviewing work product of the

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW

## B.    Juniper and E&Y Did Not Share Common Interests

Lead Plaintiff's argument is strengthened by the fact that the accountant as to whom the Company claims falls under the umbrella work product protection is its adversary in its defense against the Section 11 claims on which it is named.  Under a Section 11 claim, which the Court has already upheld against E&Y, the burden shifts to the defendant to meet its burden of due diligence.  Here, where the financial incorporated by reference in the Netscreen merger were admittedly false in light of the restatement, E&Y will of necessity need to be adverse to Juniper in seeking to satisfy its affirmative defense.

The Court in *Quest I*, held that disclosure to the accountant "did substantially increase the opportunity for potential adversaries" to obtain the work product. *Id.* at p. 10.  This holding implies that the company and auditor in that case were potential adversaries and therefore work product protection could not be maintained.  *Id.*  To turn over documents to an entity that stands in this distant and potentially adversarial relationship from Juniper is not consistent with the "primary purpose [of the work product doctrine, which] is to 'prevent exploitation of a party's efforts in preparing for litigation.'"  *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000) (citations omitted).

Thus, the stated public policy of the *Roberts* and *Schroeder* Courts is actually undermined by their holdings.  Therefore, it is the wiser policy to follow the case law represented by the line of decisions such as *Quest I, Quest I, Diasonics, Arthur Young,* and *Medinol,* and encourage the policing to be done by parties, such as Lead Plaintiff.

Company or the Special Committee and was working as an independent public accountant, where its interests and those of the Defendants were not aligned.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW

{1964 / BRF / 00099717.DOC v3}

III.   **LEAD PLAINTIFF HAS A SUBSTANTIAL NEED FOR THE DOCUMENTS REQUESTED**

Defendants claim that Lead Plaintiff does not have a substantial need for the information requested because it has everything the Audit Committee had.  Defendants again misstate the facts. As disclosed in its 10-K filed with the SEC on March 9, 2007, Juniper stated that the Audit Committee reviewed 785,000 documents as part of its investigation.  Garber Decl. Ex. 2.  Juniper, however, produced far less than 785,000 documents in this litigation.  Furthermore, as Lead Plaintiff has previously pointed out, discovery in this case has been made extremely difficult by the fact that many witnesses claim to have no recollection of the relevant events during their depositions.  For example, at the deposition of Juniper's former Controller, Linda Neyer, she claimed she did not remember more than 225 times and during the deposition of Ann Laporte (Director of Human Resources) the witness claimed more than 400 times that she could not remember events and documents.  Lead Plaintiff therefore has a substantial need for the witnesses' contemporaneous recollection of the relevant events, justifying the production of the documents that comprise the work of the Audit Committee investigation including interview notes.  *In re International Systems and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982) ("Plaintiff may however, demonstrate undue hardship if the witness cannot recall the events in question, or is unavailable").

**CONCLUSION**

For the foregoing reasons, the Court should grant Lead Plaintiff's motion to compel the documents created by or produced during the Audit Committee investigation since they are not attorney work product.  In the alternative and for separate reasons, this Court should compel production of all documents shared with Defendant E&Y.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE – CASE NO. C06-04327-JW

{1964 / BRF / 00099717.DOC v3}

9

1

DATED:  January 19, 2010

2

3                                    LOWEY DANNENBERG COHEN & HART, P.C.

4                                        /s/
                                    _____
5                                    Barbara Hart
                                    David C. Harrison
6                                    Todd S. Garber
                                    One North Broadway, Suite 509
7                                    White Plains, NY  10601-2310
                                    914-733-7228 (telephone)
8                                    914-997-0035 (facsimile)

9                                    *Counsel for Lead Plaintiff*

10

11                                   SCHUBERT JONCKHEER KOLBE
                                        & KRALOWEC LLP
12                                   Willem F. Jonckheer
                                    Three Embarcadero Center, Suite 1650
13                                   San Francisco, CA 94111
                                    415-788-4220 (telephone)
14                                   415-788-0161 (facsimile)

15                                   *Attorneys for Lead Plaintiff NYC Retirement Funds*

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF AUDIT COMMITTEE
INVESTIGATION DOCUMENTS; OR IN THE ALTERNATIVE DOCUMENTS PREPARED FOR AND/OR
SHARED WITH DEFENDANT ERNST & YOUNG BY JUNIPER AND ITS AUDIT COMMITTEE –
CASE NO. C06-04327-JW