| | |
|---|---|
| NINA F. LOCKER, State Bar # 123838<br>Email: nlocker@wsgr.com<br>STEVEN GUGGENHEIM, State Bar # 201386<br>Email: sguggenheim@wsgr.com<br>JONI OSTLER, State Bar # 230009<br>Email: jostler@wsgr.com<br>CRYSTAL M. GAUDETTE, State Bar # 247712<br>Email: cgaudette@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br><br>*Counsel for Defendants Juniper Networks, Inc., Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth Levy and William R. Stensrud ("Juniper Defendants")* | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>KIRKE M. HASSON (CA Bar No. 61446)<br>kirke.hasson@pillsburylaw.com<br>ROBERT J. NOLAN (CA Bar No. 235738)<br>robert.nolan@pillsburylaw.com<br>ALEX SANTANA (CA Bar No. 252934)<br>alex.santana@pillsburylaw.com<br>50 Fremont Street<br>San Francisco, CA 94105<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br><br>*Attorneys for the Audit Committee of the Board of Directors of Juniper Networks, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JUNIPER NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions | CASE NO.: C06-04327-JW (PVT)<br><br>**ADMINISTRATIVE MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY RE MOTION TO COMPEL PRODUCTION OF "DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG" BY JUNIPER AND ITS AUDIT COMMITTEE**<br><br>DATE: February 2, 2010<br>TIME: 10:00 a.m.<br>BEFORE: Hon. Patricia V. Trumbull |

Pursuant to Civil Local Rule 7-11, and for the reasons stated below, Juniper Networks, Inc. ("Juniper") and the Audit Committee of its Board of Directors respectfully request that the Court strike certain improper portions of Plaintiff's Reply in support of its Motion to Compel Production of "Documents Prepared for and/or Shared With Ernst & Young" by Juniper and its Audit Committee (the "Motion"). This request to strike is necessary because Plaintiff's Reply memorandum filed January 19, 2010 ("Reply") (Dkt. No. 508) contains (1) factual assertions that not only lack evidentiary support but are demonstrably false, and (2) new arguments and factual contentions, including a new request for different relief other than that originally requested in Plaintiff's Motion. As explained below, these portions of Plaintiff's Reply are improper and should be stricken.

## I. PILLSBURY'S AND KPMG'S WORK WAS NOT TO PREPARE OR CALCULATE JUNIPER'S RESTATEMENT, NOR TO SEEK PRECLEARANCE FROM THE SEC

In its Reply, Plaintiff argues that none of the documents Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") and KPMG (the forensic accountants that Pillsbury hired) created throughout the Audit Committee's investigation are entitled to work product protection. Reply at 1-5. Speaking about the Audit Committee's investigation (and the work performed by Pillsbury and KPMG in connection with that investigation), Plaintiff states the following:

- "The [Audit Committee's] investigation involved dollarizing the restatement relative to taxes and operating expenses and was done in part to comply with NASDAQ listing requirements." Reply, footnote 3 on pages 2-3.

- "The documents at issue here [meaning the documents reflecting Pillsbury's and KPMG's work] . . . were created to seek pre-clearance from the SEC 'to confirm that the office of the Chief Accountant (the "OCA") will not object to the Company's determination of accounting measurement dates under Accounting Principles Board Opinion No. 25, *Accounting for Stock Issued to Employees* ("APB 25") for certain equity awards granted from June 1999 through December 2005." Reply at page 4 lines 4-11.

- "[T]his investigation was done to gain SEC clearance in a non-litigation context, to restate Juniper's financials." Reply at page 4 lines 21-22.

These factual assertions about the Audit Committee's investigation and the work that Pillsbury and KPMG performed for that investigation are without evidentiary support, and, in fact, are false. Juniper's counsel has repeatedly explained to Plaintiff's counsel over the course

of the last year that Juniper's finance personnel, and *not* the Audit Committee, Pillsbury or KPMG, calculated and prepared Juniper's restatement. This has been documented several times in writing, including in papers Juniper filed with the Court in July 2009. *See* Dkt. No. 287 (Opposition) at 7-9 (explaining distinction between Audit Committee's investigation work and Juniper employees' preparation of restatement), Dkt. No. 288 (Ostler Declaration) ¶¶ 13-16 and Ex. B thereto (same). Furthermore, witnesses have testified that Juniper personnel, *not* Pillsbury or KPMG or the Audit Committee, determined the correct measurement dates, calculated the restatement numbers, and prepared Juniper's restatement as well as the supporting submissions to the SEC.[1] And, as recently as December 14, 2009, Kirke M. Hasson, counsel for the Audit Committee, declared unequivocally: **"It was not a subject of the investigation to determine how to restate the Company's financial statements or how to establish measurement dates; that work was not done by Pillsbury or KPMG."** Dkt. No. 466 ¶ 15 (emphasis added).

Plaintiff's statements in its Reply that Pillsbury's and KPMG's work involved *calculating Juniper's restatement*, and that Pillsbury's and KPMG's work was performed – and their documents created – *for the purpose of seeking the SEC's pre-clearance for Juniper's measurement date determinations* are untrue. By letter dated January 21, 2010, Juniper has requested that Plaintiff withdraw these factually unsupported statements.[2]

---

[1] For example, Juniper's 30(b)(6) witness Bill Carey testified in April 2009 that he and other Juniper personnel were the ones who determined measurement dates: "I was tasked with determining the accounting and reporting implications that could result from the investigation." Deposition of Bill Carey at 51:4-16 (previously filed as Ex. B to Ostler Declaration, Dkt. No. 288-2). Yet Plaintiff's Reply represents that this was *Pillsbury's* function. Reply at 2-3 n.3. In addition, William Hearst, a member of Juniper's Audit Committee, testified that Juniper's CFO Robert Dykes, not Pillsbury, prepared Juniper's pre-clearance request to the SEC. Yet, again, Plaintiff's Reply leads the Court to believe that this, too, was *Pillsbury's* work. Reply at 4. Neither Juniper nor its Audit Committee has asserted that work product privilege attached to the papers of Juniper personnel who merely calculated and prepared Juniper's restatement. Those documents were produced many months ago. Yet anyone reading Plaintiff's Reply would believe that Pillsbury and KPMG's work involved restatement preparation. That is simply not the case.

[2] An *accurate* description of the purpose and scope of Pillsbury's and KPMG's work is contained in Mr. Hasson's Declaration filed December 14, 2009. Dkt. No. 466. That declaration is not contradicted by any evidence.

1   The distinction between investigative work (in the form of *legal work product*) and accounting determinations (to which Plaintiff has had ample access) is commonplace and parties frequently rely upon it. Consistent with the observation regarding *form* in *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 908 (9th Cir. 2004) ("would not have been created in substantially similar *form*") (emphasis added), the form of the investigation reflects the well-accepted practice that legal work product is generated for one purpose (here, defense against the subpoenas and other expected and existing litigation), in a separate *form* and by a separate team of persons than those who are preparing the financial restatement figures and vetting their approaches with the SEC. Plaintiff's efforts to blur the distinction are unsupported and mistaken.

## II. PLAINTIFF'S NEW REQUEST FOR DIFFERENT RELIEF, AND NEW ARGUMENTS AND FACTS STATED FOR THE FIRST TIME IN REPLY SHOULD BE STRICKEN

In addition to the factually inaccurate statements discussed above (which were themselves asserted for the first time in the Reply), Plaintiff's Reply brief includes a new request for different relief, and new arguments and factual contentions raised for the first time on reply. These portions of Plaintiff's Reply should be stricken.

It is beyond dispute that a moving party may not even raise new arguments or new facts in its reply papers. *See A.D. v. California Highway Patrol*, No. C 07-5483 SI, 2009 WL 733872, at *9 (N.D. Cal. Mar. 17, 2009) ("It is improper to raise new arguments for the first time in a reply brief . . ."); *Roth v. Loos & Co.*, No. C 08-02156 VRW, 2009 WL 2525484, at *3 (N.D. Cal. Aug. 17, 2009) (arguments not raised in opening brief are deemed waived; "Parties are required to raise **all of their arguments** in their **opening brief** . . .") (emphasis added); *United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1132 n.1 (C.D. Cal. 2008) ("'It is not acceptable legal practice to present new evidence or new argument in a reply brief . . .'") (citation omitted).[3] This well-settled rule is grounded in notions of fundamental fairness, namely, that a moving party should not be

---

[3] *See also Stickle v. SCI Western Mkt. Support Ctr.*, No. 08-083-PHX-MHM, 2009 WL 3241790, at *4 (D. Ariz. Sept. 30, 2009) ("As the Ninth Circuit has repeatedly held, where new evidence is submitted for the first time in a reply brief, that evidence may be stricken.").

1  allowed to deprive the non-moving party of a fair opportunity to respond. But that is precisely
2  what Plaintiff seeks to do here.

3  Plaintiff goes far beyond that prohibition, and radically changes the relief requested by its
4  Motion (and, indeed, even purports to give its Motion a new title). Although Plaintiff's Motion
5  sought production of documents shared with Ernst & Young (Dkt. No. 456), Plaintiff's Reply now
6  states that Plaintiff seeks production not only of material shared with Ernst & Young, but **all**
7  "documents that comprise the stock option investigation." Dkt. No. 508 (purporting to be a reply
8  in support of a new motion to compel "production of Audit Committee Investigation
9  Documents"); page 1 lines 11-12, page 9 lines 22-24. This parallels Plaintiff's previous reversal
10 of positions, first conceding at the oral argument of November 4, 2009 that the materials created
11 by Pillsbury were work product (Dkt. 478, Ex. A at 9:17-21, 14:17-15:12), and then, in a brief to
12 which Juniper had no reply right, reversing its position to claim that the investigation was not
13 work product (Lead Plaintiff's Submission in Opposition to Audit Committee' Motion for
14 Protective Order as to Statements Made by Former Employee Brienne Fisher to the Audit
15 Committee's Counsel at 6:14-15). This is gamesmanship that has no place in the orderly
16 resolution of these issues.

17 Plaintiff is attempting, on reply, to bring a completely new motion seeking production of a
18 *different* set of documents, based on a different argument and different facts than those contained
19 in Plaintiff's moving papers.[4] This is entirely inappropriate and should not be countenanced.
20 Plaintiff's new request for different relief (and the arguments and purported "facts" to support it,
21 *i.e.*, Reply, p. 1 lines 3-14, 19-27, p. 2, p. 3 line 7 – p. 5 line 9) should be stricken. *See Roth v.*
22 *BASF Corp.*, No. C07-106MJP, 2008 WL 2148803, at *2-3 (W.D. Wash. May 21, 2008) (refusing

---

[4] Moreover, Plaintiff *cannot* file any new motions to compel production of additional documents at this time because fact discovery ended on December 1, 2009 and the deadline for all motions to compel was December 8, 2009. N.D. Civ. L.R. 26-2.

MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
REPLY ISO MOT. TO COMPEL DOCS SHARED
WITH EY
CASE NO. C06-04327-JW (PVT)

-4-

to consider new arguments and new requests asserted for first time in reply brief and admonishing plaintiff's counsel for this unacceptable practice).[5]

Additionally, Plaintiff argues for the first time on reply that it purportedly has "substantial need" for "the documents requested." Dkt. No. 508 (Reply) at 9. Plaintiff failed to raise this argument in its moving papers. It is therefore improper and should be stricken. *See Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004) (refusing to consider new argument raised for first time in reply brief); *United States v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003) (same); *Tovar v. U. S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking portions of reply brief that presented new information).[6]

To the extent the Court has any inclination to consider Plaintiff's improper new arguments and the new facts submitted in support thereof, Juniper and its Audit Committee are entitled to a full and fair opportunity to respond. Accordingly, Juniper and its Audit Committee request that, if this request to strike portions of Plaintiff's Reply is not granted, the Court adjourn the hearing currently scheduled for February 2, 2010 at 10:00 a.m. and allow Juniper and its Audit Committee adequate time to respond to Plaintiff's new contentions.

Respectfully submitted,

Dated: January 21, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Joni Ostler
          Joni Ostler

*Counsel for the Juniper Defendants*

---

[5] *See also Roth v. Loos & Co.*, 2009 WL 2525484, at *3 (refusing to consider new argument in reply brief; argument not raised in opening brief deemed waived); *Langston v. North Am. Asset Dev. Corp.*, No. C 08-02560 SI, 2008 WL 941763, at *5 n.7 (N.D. Cal. Apr. 6, 2009) (refusing to consider new theories and evidence submitted in reply).

[6] *See also Stickle*, 2009 WL 3241790, at *4 (striking new evidence submitted for first time on reply); *United States ex rel. Hendow v. University of Phoenix*, No. 2:03-cv-0457-GEB-DAD, 2009 WL 2705851, at *3 (E.D. Cal. Aug. 25, 2009) (refusing to consider new authority and additional facts submitted for first time in reply brief).

MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
REPLY ISO MOT. TO COMPEL DOCS SHARED
WITH EY
CASE NO. C06-04327-JW (PVT)

-5-

| | |
|---|---|
| Dated:  January 22, 2010 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | By:   /s/  Kirke M. Hasson<br>         Kirke M. Hasson |
| | *Attorneys for the Audit Committee of the Board of Directors of Juniper Networks, Inc.* |

### ECF CERTIFICATION

I, Joni Ostler, am the ECF User whose identification and password are being used to file this ADMINISTRATIVE MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY RE MOTION TO COMPEL PRODUCTION OF "DOCUMENTS PREPARED FOR AND/OR SHARED WITH DEFENDANT ERNST & YOUNG" BY JUNIPER AND ITS AUDIT COMMITTEE.  In compliance with General Order 45.X.B, I hereby attest that Kirke M. Hasson has concurred in this filing.

| | |
|---|---|
| Dated:  January 22, 2010 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By:        /s/ Joni Ostler<br>             Joni Ostler |