MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
REBECCA F. LUBENS (STATE BAR NO. 240683)
rlubens@orrick.com
KATHERINE C. LUBIN (STATE BAR NO. 259826)
klubin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendant
Lisa C. Berry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No. C 06-04327-JW |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LISA C. BERRY,<br><br>    Defendant. | Case No.  C 08-0246-JW<br><br>**LISA C. BERRY'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Judge:    Hon. Patricia V. Trumbull |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs' original motions to compel documents from Ms. Berry and KLA-Tencor ("KLA") were heard before this Court on February 9, 2010. Days before, Plaintiffs had agreed to a $169 million settlement of its claims against all defendants other than Ernst & Young ("E&Y"). In light of the pending settlement, Plaintiffs argued at the hearing that the documents sought in their motions were still relevant to their case against E&Y because they are necessary to rebut E&Y's due diligence defense to Plaintiffs' Section 11 claim against E&Y.

On February 11, the Court ordered Plaintiffs to submit supplemental briefing "explaining how the documents sought from Defendant Lisa Berry and non-party KLA are relevant to its claim against Defendant Ernst & Young, or to any of Ernst & Young's defenses." Order Soliciting Additional Briefing ("Order"), Doc. No. 531 (Feb. 11, 2010). In response, Plaintiffs offer the following justification for their new theory:

> One of the many ways in which Lead Plaintiff intends to challenge E&Y's due diligence defense is by showing the widespread knowledge of options backdating among Juniper insiders, specifically Lisa Berry. By demonstrating that Lisa Berry understood the accounting implications and impropriety of backdating stock options during her prior tenure at KLA and that she brought and shared this awareness at her next position – as General Counsel for Juniper – Lead Plaintiff will be able to refute E&Y's due diligence defense.

Lead Plaintiff's Supp. Submission ("Supp.") at 2, Doc. No. 538 (Feb. 23, 2010).

The Court should reject Plaintiffs' argument for three independent reasons. First, assuming *arguendo* that documents demonstrating there was "widespread knowledge of options backdating among Juniper insiders" are relevant to E&Y's due diligence, Plaintiffs have (and cannot) explain why evidence of Ms. Berry's supposed understanding of the "accounting implications" or "impropriety" of KLA stock option practices would tend to "refute E&Y's due diligence defense." Second, Plaintiffs have already received voluminous discovery regarding the options process *at Juniper* and fail to make any specific showing as to why they need *any* more documents on this issue, much less documents related to the options granting process or related accounting *at KLA*, which have no conceivable relevance to E&Y's due diligence defense for Juniper related statements. Finally, Plaintiffs' proffered legal grounds for discovery misstates the

law regarding E&Y's due diligence defense by conflating the issue of the scienter of the party asserting the defense with the scienter of a third party.

Plaintiffs have failed to satisfy the Court's request to explain how the documents sought from Ms. Berry and KLA are relevant to E&Y's due diligence, and their motion to compel should be rejected.

## II. ARGUMENT

### A. Plaintiffs Seek KLA Documents That Are Irrelevant to E&Y's Due Diligence

Plaintiffs assert that documents relating to Ms. Berry's accounting knowledge while General Counsel at KLA, seven years before the filing of the registration statement underlying their Section 11 claim, can be used to rebut E&Y's due diligence defense. In short, their reasoning is that Ms. Berry's knowledge of the "accounting and legal ramifications" of backdating *at KLA* means that E&Y should have discovered purported accounting irregularities *at Juniper*. Lubens Decl. Ex. A, Feb. 9, 2010 Oral Argument Transcript ("Transcript") at 5 ("by targeting knowledge of Ms. Berry's backdating while she was at KLA, that will have an impact on Ernst & Young's due diligence [at Juniper]"). As explained below, this argument is based on a misunderstanding of the due diligence defense and should be rejected.

Section 11(b) of the Securities Act provides an affirmative defense to liability for a false and misleading registration statement if the defendant can prove that it "had, after reasonable investigation, reasonable ground to believe and did believe, at the times such part of the registration statement became effective, that the statements therein were true." 15 U.S.C. § 77k(b)(3)(b)(i). *See also In re WorldCom, Inc., Sec. Litig.*, 346 F. Supp. 2d 628, 663 n.41 (S.D.N.Y. 2004). In order to sustain its burden of proof with respect to the "due diligence" defense, E&Y must demonstrate that it conducted a reasonable investigation into Juniper's stock option practices and that, based on that investigation, it reasonably believed that such practices were not misstated or improperly accounted for in the March 2004 Juniper registration statement.

Accordingly, the only relevant inquiry here is whether E&Y made a reasonable attempt to elicit information about how Juniper's options pricing practices worked. Whether those familiar with its workings understood the accounting implications of those practices has no bearing on the

LISA C. BERRY'S SUPPLEMENTAL BRIEF IN
SUPPORT OF OPPOSITION TO MOTION TO COMPEL –
CASE NOS. 06-04327-JW; 08-0246-JW

reasonableness of E&Y's investigation or E&Y's scienter. Ms. Berry was not an accountant or auditor. E&Y filled that role for Juniper and was tasked with understanding the accounting implications of the stock option practices. Indeed, even at the February 9 hearing on these Motions, Plaintiffs acknowledged that what they really need to rebut due diligence is Ms. Berry's knowledge of the *process* at Juniper, not the accounting at KLA: "[Ms. Berry] was the General Counsel intimately involved in the options process … So it was part [of] Ernst & Young's due diligence as the auditors that they should have been making inquiries of Lisa Berry …" Transcript at 14; *see also id.* at 70 (requesting additional time to depose Leilani Eames, because "Ms. Eames's knowledge about the backdating and the option process … how could [E&Y] not discover this that Mr. Kriens knew or this that Ms. Eames did? That directly relates to E&Y's due diligence defense.").

Plaintiffs cite two cases for the proposition that "facts supporting scienter of Berry and other individuals are relevant to negate E&Y's due diligence defense." Supp. at 4. However, neither of these cases supports any such proposition. In *In re Livent, Inc. Noteholders Sec. Litig.*, the court determined that two outside director defendants were precluded from asserting a due diligence defense because the defendants themselves had knowledge of the purportedly misleading transactions. 355 F. Supp. 2d 722, 734 (S.D.N.Y. 2005). In *In re Int'l Rectifier Sec. Litig.* the court similarly held that it was the scienter of the defendants asserting the due diligence defense that was relevant. 1997 WL 539600, at *12 (C.D. Cal. Mar. 31, 1997). In short, in the context of a due diligence defense, the scienter of *the party asserting the defense* is at issue, *not* the scienter of a third party.[1]

While Juniper documents concerning executive scienter are irrelevant, Plaintiffs' request for documents from KLA – a company that E&Y did not even audit – is almost farfetched. Plaintiffs could only conceivably need access to KLA documents for evidence of two things: Ms. Berry's scienter or KLA's stock option process. Neither type of evidence is relevant to Plaintiffs'

---

[1] It is worth noting that Ms. Berry is now a third party to the pending litigation between Plaintiffs and E&Y in which Juniper's March 2004 Registration Statement and E&Y's auditing diligence is at issue. Once the $169 million settlement is finalized and approved, Ms. Berry will become a third party to any remaining litigation. A hearing for preliminary approval of the pending settlement is scheduled for March 29, 2010 before Judge Ware.

LISA C. BERRY'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL – CASE NOS. 06-04327-JW; 08-0246-JW

1  claim against E&Y, which concerns a registration statement filed by Juniper months after Ms.
2  Berry's departure from the company and seven years after she was employed at KLA. Plaintiffs
3  therefore cannot justify discovery as to KLA based on E&Y's due diligence.

### B. Discovery in the *Juniper* Action Was More Than Adequate to Uncover Documents Related to the Only Remaining Claim in this Case

Plaintiffs essentially concede that they have already obtained the information they need to rebut E&Y's due diligence defense from discovery conducted in the *Juniper* Action. According to Plaintiffs, the "1999 Berry Memo," quoted in its entirety in their supplemental brief, demonstrates that Ms. Berry understood the stock options pricing process at Juniper. Supp. at 3-4. If E&Y were to have made the "correct inquiries" and "had conversations with Ms. Berry" about this process, according to Plaintiffs, E&Y would have learned that "Ms. Berry had actual knowledge of backdating" and that E&Y "should have discovered that." Transcript at 13. Even if Plaintiffs could somehow demonstrate that Ms. Berry's accounting knowledge is relevant or necessary to ascertaining whether E&Y made the "correct inquiries" of Ms. Berry (which they have not, as explained in detail above), Plaintiffs still bear the burden of explaining why they need additional discovery when they appear to believe they already have many such documents.

Discovery in the *Juniper* Action has provided Plaintiffs with voluminous evidence regarding the options process at Juniper. Plaintiffs have had the benefit of over a year of discovery from the Company, the individual Juniper defendants, former Juniper employees, and E&Y. During that time Plaintiffs have taken 28 depositions and received millions of pages of documents from defendants. Taking Plaintiffs' own theory of relevance at face value, they have everything they need to rebut E&Y's due diligence defense. Plaintiffs have failed to show that documents related to Ms. Berry's scienter are relevant to E&Y's due diligence and justify their request for KLA documents.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motions should be denied.

| | |
|---|---|
| Dated: March 9, 2010 | MELINDA HAAG<br>JAMES A. MEYERS<br>JAMES N. KRAMER<br>NANCY E. HARRIS<br>REBECCA F. LUBENS<br>KATHERINE C. LUBIN<br>Orrick, Herrington & Sutcliffe LLP |
| | */s/ Rebecca Lubens*<br>REBECCA LUBENS<br>Attorneys for Defendant<br>Lisa C. Berry |