1   BARBARA HART (*pro hac vice*)
    DAVID C. HARRISON (*pro hac vice*)
2   JEANNE D'ESPOSITO (*pro hac vice*)
    LOWEY DANNENBERG COHEN & HART, P.C.
3   One North Broadway, Suite 509
    White Plains, NY  10601-2310
4   Telephone: 914-997-0500
    Facsimile:  914-997-0035
5
    *Lead Counsel for the New York City Pension Funds and the Class*
6
    WILLEM F. JONCKHEER S.B.N. 178748
7   SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
    Three Embarcadero Center, Suite 1650
8   San Francisco, CA  94111
    Telephone: 415-788-4220
9   Facsimile:  415-778-0160

10  *Local Counsel*

11  MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
12  Carolyn Wolpert
    100 Church Street
13  New York, NY  10007
    Telephone: 212-788-0748
14
    *Attorneys for the New York City Pension Funds*
15

16              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
17                   SAN JOSE DIVISION

18  ────────────────────────────────

19  IN RE JUNIPER NETWORKS, INC.          No. C06-04327-JW (PVT)
    SECURITIES LITIGATION
20                                        **STIPULATION OF SETTLEMENT**

21  ────────────────────────────────

    THE NEW YORK CITY EMPLOYEES'          No. C08-0246-JW (PVT)
22  RETIREMENT SYSTEM, et al.,

23                        Lead Plaintiffs,

24              v.

25  LISA C. BERRY,

26                        Defendant.

27  ────────────────────────────────

28
    STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
    {1964 / STIP / 00100697.DOC v1}

1    Lead Plaintiff, the New York City Employees' Retirement System, the Teachers'

2    Retirement System of the City of New York, the New York City Fire Department Pension

3    Fund, the New York City Police Pension Fund, the New York City Police Superior Officers'

4    Variable Supplements Fund, the New York City Police Officers' Variable Supplements Fund,

5    the New York City Firefighters' Variable Supplements Fund, the New York City Fire Officers'

6    Variable Supplements Fund and the New York City Teachers' Retirement System of the City of

7    New York Variable Annuity Program (collectively the "NYC Funds" or "Lead Plaintiff"), on

8    behalf of itself and the Class (as hereinafter defined), Defendants Juniper Networks, Inc.

9    ("Juniper" or the "Company"), Scott Kriens, Marcel Gani, Pradeep Sindhu, Robert M.

10   Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth

11   Levy, and William R. Stensrud (collectively, the "Juniper Defendants") and Lisa C. Berry

12   ("Berry") by and through the undersigned, hereby enter into this Stipulation of Settlement (the

13   "Stipulation") pursuant to the terms and conditions set forth below.  This Stipulation is intended

14   to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below)

15   upon and subject to the terms and conditions below, subject to approval of the United States

16   District Court for the Northern District of California.

17   WHEREAS,

18   A.    Currently pending in this Court is a consolidated class action entitled *In re*

19   *Juniper Networks, Inc. Securities Litigation*, Master Case No. C06-04327-JW (the "Juniper

20   Action"), consisting of the actions commenced in this Court with the docket numbers as

21   follows: *Garber v. Juniper Networks, Inc. et al.*, Case No. 06-04327 (MJJ); *Peters v. Juniper

22   Networks, Inc. et al.*, Case No. 06-05303 (JW); and *Vornado v. Juniper Networks, Inc. et al.*,

23   Case No. 07-03805 (MJJ).

24   B.    A separate putative class action is also pending in this Court, styled *New York

25   City Employees' Retirement System et al. v. Lisa C. Berry*, Case No. 08-0246-JW (individually

26   the "Berry Action" and collectively with the Juniper Action, the "Actions").

27   C.    On July 14, 2006, the initial securities class action in the Juniper Action was filed,

28

1  titled *Garber v. Juniper Networks, Inc. et al.* On November 20, 2006, pursuant to the Private

2  Securities Litigation Reform Act ("PSLRA"), the Court granted Lead Plaintiff's Motion for

3  Consolidation of the Juniper Action, for appointment as the Lead Plaintiff, and for approval of

4  Lead Plaintiff's selection of the law firm of Lowey Dannenberg Cohen & Hart, P.C. as the Lead

5  Counsel ("Lead Counsel") in the Juniper Action;

6      D.      On January 12, 2007, Lead Plaintiff filed a Consolidated Class Action Complaint,

7  and on April 9, 2007, Lead Plaintiff filed the Amended Consolidated Class Action Complaint in

8  the Juniper Action (the "Complaint"). The Complaint asserts claims against various

9  Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

10  "Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission

11  ("SEC"), and under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

12      E.      The Complaint also asserts a claim under Section 11 of the Securities Act against

13  Ernst & Young LLP ("EY"), which is not a signatory to the Stipulation.

14      F.      The Complaint alleges that from Juniper's initial public offering in June 1999,

15  and continuing through the Class Period (defined herein), the Juniper Defendants engaged in a

16  scheme to backdate Juniper's stock option grants and to materially misrepresent and omit

17  material facts concerning Juniper's option-granting practices in the Company's filings with the

18  SEC. The Complaint further alleges that Juniper Defendants improperly accounted for stock

19  option grants by failing to record approximately $900 million in compensation expenses over a

20  several-year period, in violation of generally accepted accounting principles ("GAAP"), and

21  that, as a result, Juniper's reported earnings and stock price were alleged artificially inflated.

22  The Complaint alleges that Juniper's stock price declined in May 2006, when the financial

23  media began to expose Juniper's option-granting practices, and further declined in connection

24  with Juniper's August 10, 2006 announcement that the Company would restate its financial

25  results for the period beginning January 1, 2003 through March 31, 2006.

26      G.      On June 7, 2007, the Juniper Defendants moved to dismiss the Complaint on the

27  ground that, among other things, it failed to state a claim for relief under Section 10(b) and Rule

28

1    10b-5 under the standards of the Private Securities Litigation Reform Act ("PSLRA") and

2    under Rule 9(b) of the Federal Rules of Civil Procedure. The motion was granted in part and

3    denied in part pursuant to an Order issued on March 31, 2008. On June 23, 2008, the Juniper

4    Defendants answered the Complaint.

5        H.    On January 14, 2008, Lead Plaintiff commenced the Berry Action. The

6    Complaint in the Berry Action asserts claims under Section 10(b) and 20(a) of the Exchange

7    Act and Rule 10b-5 against Berry. On February 27, 2008, the Berry Action was assigned to

8    Judge Ware as a related case to the Juniper Action. The Court has declined to consolidate the

9    Berry Action with the Juniper Action.

10       I.    On September 4, 2008, Lead Plaintiff and the Juniper Defendants engaged in a

11   mediation before the Honorable Nicholas Politan. The mediation was unsuccessful.

12       J.    On September 29, 2008, Berry moved to dismiss the initial complaint in the Berry

13   Action. On May 15, 2009, Berry's initial motion to dismiss was granted in part and denied in

14   part. On June 18, 2009, Lead Plaintiff filed an Amended Class Action Complaint in the Berry

15   Action. On July 13, 2009, Berry moved to dismiss the Amended Class Action Complaint. On

16   September 24, 2009, the Court granted in part and denied in part Berry's motion to dismiss the

17   Amended Class Action Complaint. On October 14, 2009, Berry filed an answer to the

18   Amended Class Action Complaint.

19       K.    On March 2, 2009, Lead Plaintiff moved in the Juniper Action for class

20   certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. In connection

21   with Lead Plaintiff's motion, the parties engaged in substantial fact and expert discovery,

22   briefing, and oral argument. On September 25, 2009, the Court issued an order certifying the

23   following class in the Juniper Action:

24               All persons and entities who purchased or otherwise acquired the
                 publicly traded securities of Juniper Networks, Inc. from July 11,
25               2003 through August 10, 2006, inclusive, and who did not sell
                 such acquired securities before May 18, 2006, and were damaged,
26               including (a) those who received or acquired Juniper common
                 stock issued pursuant to a registration statement on SEC Form S-4,
27               dated March 10, 2004, for the Company's merger with NetScreen
                 Technologies Inc.; and (b) purchasers of Zero Coupon Convertible

28

Senior Notes due June 15, 2008 issued pursuant to a registration statement on SEC Form S-3, dated November 20, 2003. Excluded from the Class are the Defendants and the current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person.

L.      On October 12, 2009, The Juniper Defendants and Lead Plaintiff filed a Submission Re Dissemination of Class Notice attaching a form of class notice and a proposal for dissemination of notice to the Class.

M.      On October 16, 2009, the Court issued an Order Denying Defendants' Motion for Leave to File Motion for Reconsideration, Correcting Typographical Error, with respect to the Court's September 25, 2009 Order and Opinion regarding to class certification.

N.      On November 20, 2008, the Court entered a Stipulated Discovery Plan in the Juniper Action. Pursuant to the Discovery Plan, the Lead Plaintiff and the Juniper Defendants have served numerous sets of document requests, interrogatories, and requests for admission, and have deposed 41 party and third-party witnesses. In addition, more than 2.5 million pages of documents have been produced by the parties and non-party witnesses. Following the Court's denial of the motion to dismiss the Amended Complaint in the Berry Action, Lead Plaintiff also served discovery requests and noticed depositions in the Berry Action.

O.      On September 2, 2009, the Juniper Defendants filed a motion for judgment on the pleadings on the ground that the alleged May 2006 disclosures are not corrective disclosures for which Lead Plaintiff could plead loss causation. On October 9 and October 16, 2009, respectively, Lead Plaintiff filed its Opposition and the Juniper Defendants filed their Reply. The parties subsequently adjourned the hearing date on the motion for judgment on the pleadings, and the Juniper Defendants thereafter stipulated to withdraw the motion for judgment on the pleadings in light of the pending settlement.

P.      Lead Plaintiff, through Lead Counsel, represents that it has made a thorough investigation into the facts and circumstances relevant to the claims alleged in the operative complaints in the Actions and has extensively consulted with damages and accounting experts. The settlement contemplated by this Stipulation is the result of a two-day mediation that was

1  undertaken after fact discovery was nearly completed in the Juniper Action.  Following

2  intensive sessions held on February 4 and 5, 2010, under the aegis of a professional mediator,

3  former United States District Court Judge Abraham D. Sofaer, the parties entered into an

4  agreement in principle which is memorialized in a Memorandum of Understanding dated

5  February 5, 2010.  With the assistance of Judge Sofaer, the parties, by their counsel, have

6  conducted extensive discussions and arm's-length negotiations concerning both the mediation

7  process and the terms and conditions of this Settlement.

8      Q.     Lead Plaintiff, through Lead Counsel, represents that its investigation of the

9  claims asserted in the Actions has included, *inter alia*: (1) detailed reviews of millions of pages

10  of documents produced over the course of the litigation; (2) conducting 28 fact depositions,

11  plus the deposition of the Juniper Defendants' expert; (3) a comprehensive discovery program

12  that included numerous sets of document requests, interrogatories, and requests for admission;

13  (4) consultation with a well-recognized financial analyst, concerning causation analysis and the

14  amount of damages sustained by the Class; (5) a review of reports prepared by the financial

15  experts for the Lead Plaintiff and the Juniper Defendants which addressed issues of loss

16  causation; (6) review of analysts' reports and articles in the financial press relating to Juniper;

17  and (7) research of the applicable law with respect to the claims asserted in the Complaints filed

18  in the Actions covering the Class Period, and the potential defenses thereto.

19      R.     Lead Plaintiff and Lead Counsel believe that their claims have merit, but have

20  nonetheless concluded that it is in the best interests of Lead Plaintiff and the Class to settle the

21  Actions on the terms contained in this Stipulation after considering the following factors:

22  (1) the substantial financial benefits provided herein for the Class; (2) the attendant risks of

23  litigation; (3) the expense and length of time necessary to prosecute the Actions through trial;

24  (4) the defenses asserted by and available to the Defendants; (5) the uncertainties of the

25  outcome of this complex litigation; (6) the fact that resolution, whenever and however

26  determined, would likely be subject to appellate review, as a consequence of which it might be

27  many years until final adjudication of the Actions; and (7) the desirability of permitting the

28

1    Settlement to be consummated as provided by the terms of this Stipulation.

2         S.    The Defendants have denied and continue to deny each and all of the claims and

3    contentions alleged by the Lead Plaintiff in the Actions.  Defendants expressly have denied and

4    continue to deny all charges of wrongdoing or liability against them arising out of any of the

5    conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions.

6    Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead

7    Plaintiff or the Class have suffered damage, that the price of Juniper securities was artificially

8    inflated by reason of alleged misrepresentations, non-disclosures or otherwise, and that the

9    Lead Plaintiff or the Class were harmed by the alleged misconduct.

10        T.    Nonetheless, the Defendants have concluded that further conduct of the Actions

11   would be protracted and expensive, and that it is desirable that the Actions be fully and finally

12   settled in the manner and upon the terms and conditions set forth in herein.  The Defendants

13   have also taken into account the uncertainty and risk inherent in any litigation, especially in

14   complex cases such as the Actions and have, therefore, determined that it is desirable and

15   beneficial to them that the Actions be settled in the manner and upon the terms set forth in this

16   Stipulation.

17        U.    This Stipulation shall in no event be construed to be evidence of or an admission

18   or concession on the part of Defendants with respect to any claim or any fault or liability or

19   wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have

20   asserted.

21        V.    This Stipulation shall in no event be construed or deemed to be evidence or a

22   concession by the Lead Plaintiff of any infirmity in the claims asserted in the Actions.

23        W.    Defendants and Lead Plaintiff agree that, during the course of the litigation, the

24   litigants and their respective counsel at all times complied with the requirements of Rule 11 of

25   the Federal Rules of Civil Procedure.  The parties and their counsel further agree that the

26   Actions were resolved in good faith after consultation with competent counsel and following

27   arms' length bargaining in the mediation, and that the Settlement confers substantial benefits

28

1    upon the Class and, based upon Lead Plaintiff's evaluation, is fair, reasonable and adequate.

2      NOW THEREFORE, the parties to this Stipulation, through the undersigned duly

3    authorized representatives, intending to be legally bound hereby, STIPULATE AND AGREE

4    that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil

5    Procedure, the Actions and the Released Claims shall be finally and fully compromised, settled,

6    and released, and the Actions shall be dismissed against Defendants with prejudice upon and

7    subject to the following terms and conditions.

8                                 **DEFINITIONS**

9      1.      As used in this Stipulation, exhibits attached hereto and made part hereof, and

10    related documents (unless otherwise indicated), the following terms shall have the following

11    meanings:

12      a.      "Authorized Claimant" shall mean a Claimant who files a timely and

13    valid Proof of Claim with required documentation in accordance with the requirements of the

14    Hearing Order, Notice and paragraph 16 of this Stipulation and whose claims have been

15    allowed pursuant to the terms of the Stipulation.

16      b.      "Claimant(s)" shall mean any member of the Class who files a Proof of

17    Claim in connection with this Settlement in such manner and within such time as provided in

18    this Stipulation, or as the Court shall prescribe.

19      c.      "Class" shall mean all persons and entities who purchased or otherwise

20    acquired the publicly traded securities of Juniper Networks, Inc. from July 11, 2003 through

21    August 10, 2006, inclusive (the "Class Period"), who did not sell such acquired securities

22    before May 18, 2006, and were damaged thereby, including but not limited to (i) those who

23    received or acquired Juniper common stock issued pursuant to a registration statement on SEC

24    Form S-4, dated March 10, 2004, for the Company's merger with NetScreen Technologies Inc.;

25    and (ii) purchasers of Zero Coupon Convertible Senior Notes due June 15, 2008 issued pursuant

26    to a registration statement on SEC Form S-3, dated November 20, 2003. Excluded from the

27    Class are the Defendants and the current and former officers and directors of the Company,

28

1   their immediate families, their heirs, successors, or assigns and any entity controlled by any

2   such person.  Also excluded from the Class are persons who request exclusion from the Class

3   pursuant to the terms of this Stipulation or order of the Court.

4           d.      "Class Actions" shall mean the actions identified in paragraphs A-B of

5   this Stipulation, including the Berry Action, and all other related actions asserting similar or

6   related claims filed in or transferred to the Court prior to entry of the Hearing Order.

7           e.      "Class Escrow Agent" shall mean Amalgamated Bank.

8           f.      "Class Members" or "Members of the Class" shall mean a Person or

9   Persons who are members of the Class.

10          g.      "Class Notice" or "Notice" shall mean the Notice of Class Action

11  Certification and Proposed Partial Settlement, substantially in the form annexed hereto as

12  Exhibit A-1 to the Hearing Order.

13          h.      "Class Notice and Administration Account" shall mean the Disbursement

14  Account referenced in the Escrow Agreement.

15          i.      "Class Order" shall mean the Court's Order with respect to class

16  certification dated October 16, 2009.

17          j.      "Class Period" shall mean the period from July 11, 2003 through August

18  10, 2006, inclusive.

19          k.      "Complaints" shall mean the Consolidated Amended Class Action

20  Complaint served and filed on or about April 9, 2007 in the Juniper Action and the Amended

21  Class Action complaint served and filed on or about June, 18, 2009 in the Berry Action.

22          l.      "Defendants" shall mean the Juniper Defendants and Berry.

23          m.      "Defendants' Counsel" shall collectively mean the Juniper Defendants'

24  Counsel and Lisa Berry's Counsel as defined herein.

25          n.      "Effective Date" shall mean the date determined pursuant to paragraphs 4

26  and 5 of the Stipulation.

27          o.      "Escrow Agreement" means the February 19, 2010 Escrow Agreement

28

1 between Amalgamated, Lead Plaintiff and Defendants.

2         p.     "Final Judgment" or "Judgment" shall mean the Final Judgment and Order

3 of Dismissal with Prejudice to be entered in the Class Actions pursuant to paragraphs 22-24 of

4 this Stipulation, substantially in the form of Exhibit B hereto.

5         q.     "Hearing Order" shall mean the Order Preliminarily Approving Settlement

6 and Providing for Notice scheduling the Settlement Fairness Hearing and authorizing notice to

7 the Class of such a hearing to be entered by the Court pursuant to paragraph 21 of the

8 Stipulation, substantially in the form of Exhibit A annexed hereto.

9         r.     "Individual Defendants" shall mean Marcel Gani, Scott Kriens, Pradeep

10 Sindhu, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos,

11 Vinod Khosla, Kenneth Levy, William R. Stensrud, and Lisa C. Berry.

12         s.     "Juniper" shall mean Juniper Networks, Inc.

13         t.     The "Juniper Defendants' Counsel" shall mean the law firm of Wilson

14 Sonsini Goodrich & Rosati, P.C.

15         u.     "Lead Counsel" or "Lead Plaintiff's Lead Counsel" shall mean the law

16 firm of Lowey Dannenberg Cohen & Hart, P.C.

17         v.     "Lead Plaintiff" shall mean the New York City Employees' Retirement

18 System, the Teachers' Retirement System of the City of New York, the New York City Fire

19 Department Pension Fund, the New York City Police Pension Fund, the New York City Police

20 Superior Officers' Variable Supplements Fund, the New York City Police Officers' Variable

21 Supplements Fund, the New York City Firefighters' Variable Supplements Fund, the New York

22 City Fire Officers' Variable Supplements Fund and the New York City Teachers' Retirement

23 System of the City of New York Variable Annuity Program (the "NYC Funds").

24         w.     "Lead Plaintiff's Local Counsel" shall mean the law firm of Schubert

25 Jonckheer Kolbe & Kralowec LLP.

26         x.     "Lisa Berry's Counsel" shall mean the law firm of Orrick, Herrington &

27 Sutcliffe LLP.

28

1    y.    "Net Class Settlement Fund" shall mean the Settlement Fund less all

2    attorneys' and other fees, litigation costs, and expenses as approved by the Court, taxes and

3    expenses that are paid out of the Settlement Fund in connection with the Settlement of the Class

4    Actions.

5    z.    "Person" shall mean an individual, corporation, partnership, limited

6    partnership, association, joint stock company, estate, legal representative, trust, unincorporated

7    organization, and any other type of legal entity, and their respective executors, administrators,

8    representatives, agents, attorneys, heirs, successors, and/or assigns.

9    aa.    "Proof of Claim" shall collectively mean the Proof of Claim and Release,

10   substantially in the form annexed hereto as Exhibit A-2 to the Hearing Order.

11   bb.    "Related Parties" means each of a Defendant's past or present family

12   members, heirs, executors, administrators, subsidiaries, parents, successors and predecessors,

13   officers, directors, shareholders (excepting Class Members), partners, agents, employees,

14   attorneys, insurers and any person, firm, trust, corporation, officer, director, or other individual

15   or entity in which any Defendant has a controlling interest or which is related to or affiliated

16   with any of the Defendants, and the legal representatives, heirs, successors in interest, or

17   assigns of the Defendants.

18   cc.    "Released Persons" means the Defendants and each of their Related

19   Parties.  EY is not a Released Person under this Stipulation.

20   dd.    "Settled Class Claims" or "Released Claims" shall mean any and all

21   rights, demands, claims (including "Unknown Claims" as defined in ¶ mm) and causes of action

22   of every nature and description, in law or equity, whether arising under federal, state, local,

23   statutory or common law, foreign law, or other law, or other law, rule or regulation, whether

24   fixed or contingent, liquidated or unliquidated, matured or un-matured, accrued or unaccrued

25   and whether known or unknown that Lead Plaintiff or any member of the Class asserted, or

26   could have asserted in the Actions or in any other action or forum against the Released Persons

27   arising out of, relating to, directly or indirectly, or in connection with the purchase, or purchase

28

1    and sale, or acquisition of Juniper securities  during the Class Period, and the facts, matters,

2    allegations, transactions, events, disclosures, statements, acts or omissions which were alleged

3    or could have been alleged in the Actions.  For the avoidance of doubt, "Settled Class Claims"

4    or "Released Claims" shall not include those Unreleased and Assigned Claims as defined in the

5    Stipulation of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, No. 5:06-

6    cv-03396-JW (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No.

7    1:06CV064294 (Superior Court of California, Santa Clara County), which was approved by

8    court orders in both of those cases.  Nothing herein is intended to release any claims against

9    Ernst & Young LLP.

10           ee.     "Settlement Administrator" or "Claims Administrator" shall mean Rust

11   Consulting, Inc., the firm retained and supervised by Lead Plaintiff's Counsel to administer the

12   Settlement, or such other firm that may be retained and supervised by Lead Plaintiff's Counsel

13   to provide services relating to the provision of notice to the Class and administration of the

14   Settlement.

15           ff.     "Settlement Fairness Hearing" shall mean the hearing to be held by the

16   Court for the purposes set forth in paragraphs 21 and 25 of the Stipulation.

17           gg.     "Settlement Fund" shall mean the one hundred sixty nine million dollars

18   ($169,000,000) previously deposited by Juniper into an interest bearing escrow account

19   designated and controlled by Lead Plaintiff's Lead Counsel pursuant to the February 5, 2010

20   Memorandum of Understanding ("MOU") between Lead Plaintiff and Defendants plus all

21   interest earned thereon and which may be reduced by payments or deductions as provided

22   herein or by Court order.

23           hh.     "Settlement Fund Escrow Account" shall mean the Juniper Settlement

24   Fund Custodial Escrow Account described in the Escrow Agreement.

25           ii.     "Settling Parties" shall mean Lead Plaintiff, the Juniper Defendants and

26   Berry.

27           jj.     "Stipulation of Settlement" or "Stipulation" shall mean this Stipulation of

28

1  Settlement, including the exhibits attached hereto, each of which is incorporated by reference as

2  though set forth in the Stipulation itself.

3           kk.    "Summary Notice" shall mean the summary notice describing the

4  settlement of these Actions and the hearing on the Settlement, substantially in the form annexed

5  hereto as Exhibit A-3 to the Hearing Order.

6           ll.    "Supplemental Stipulation" means that separate agreement between the

7  Settling Parties pursuant to which the Defendants have the option to terminate the Stipulation if

8  the Persons timely requesting exclusion from the Settlement purchased, in aggregate, greater

9  than a specified number of Juniper securities during the Class Period.

10          mm.    "Unknown Claims" means all claims, demands, liabilities, and causes of

11  action of every nature and description which the Lead Plaintiff or any Class Member does not

12  know or suspect to exist in his, her or its favor at the time of the release of the Released Persons

13  which, if known by him, her or it, might have affected his, her or its settlement with and release

14  of the Released Persons, or might have affected his, her or its decision not to object to or to

15  seek exclusion from this Settlement.  With respect to any and all Released Claims, the Settling

16  Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly

17  waive, and each of the Class Members shall be deemed to have and by operation of the

18  Judgment shall have expressly waived, the provisions, rights and benefits conferred by any law

19  of any state or territory of the United States, or principle of common law, which is similar,

20  comparable or equivalent to California Civil Code § 1542, which provides:

21           A general release does not extend to claims which the creditor does
             not know or suspect to exist in his or her favor at the time of
22           executing the release, which if known by him or her must have
             materially affected his or her settlement with the debtor.
23

24  The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different

25  from those which he, she or it now knows or believes to be true with respect to the subject

26  matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member,

27  upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have,

28  fully, finally, and forever settled and released any and all Released Claims, known or unknown,

1  suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

2  which now exist, or heretofore have existed, upon any theory of law or equity now existing or

3  coming into existence in the future, including, but not limited to, conduct which is negligent,

4  intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

5  subsequent discovery or existence of such different or additional facts.  The Lead Plaintiff

6  acknowledges, and the Class Members shall be deemed by operation of the Judgment to have

7  acknowledged, that the foregoing waiver was separately bargained for and a key element of the

8  settlement of which this release is a part.

9  **THE SETTLEMENT CONSIDERATION**

10  2.  In consideration of the Settlement and Releases provided herein, and subject to

11  the terms and conditions stated herein, on February 19, 2010, Juniper deposited the sum of one

12  hundred sixty-nine million dollars ($169,000,000) into an interest bearing escrow account

13  designated and controlled by Lead Plaintiff's Lead Counsel pursuant to the MOU.

14  3.  The Settlement Fund shall be subject to the jurisdiction of the Court and will

15  remain subject to the jurisdiction of the Court until such time as it is distributed or returned

16  pursuant to this Stipulation.  Lead Plaintiff, through Lead Plaintiff's Lead Counsel, and

17  Defendants in the Juniper Action, through the Juniper Defendants' Counsel, have entered into a

18  separate Escrow Agreement, with the Class Escrow Agent serving as escrow agent over the

19  Settlement Fund Escrow Account and the Class Notice and Administration Account.  The Class

20  Escrow Agent shall be permitted to release funds from the Settlement Fund Escrow Account

21  and the Class Notice and Administration Account in accordance with the terms and conditions

22  of this Stipulation, the Escrow Agreement and as ordered by the Court.  Except as otherwise

23  provided herein, Defendants shall have no responsibility for, or any liability whatsoever with

24  respect to (i) the disposition, administration, management, investment or distribution of the

25  Settlement Fund , (ii) the determination, administration, calculation or payment of any claims

26  asserted against the Settlement Fund, (iii) any losses suffered by, or fluctuations in the value of,

27  the Settlement Fund, (iv) any act, omission or determination of Lead Plaintiff's Counsel, the

28

1    Class Escrow Agent, or any of their respective designees or agents, in connection with the

2    administration of the Settlement Fund or otherwise, or (v) the payment or withholding of taxes,

3    expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the

4    filing of any returns.

5                                    **EFFECTIVE DATE**

6         4.    The Settlement shall not become effective until the Effective Date.  The Effective

7    Date means the date on which all of the following preconditions are satisfied, unless the

8    preconditions are expressly waived in writing by the Lead Plaintiff and Defendants:

9    (a) Defendants have not exercised their option to terminate the Stipulation pursuant to

10   paragraph 7; (b) the Final Judgment, substantially in the form of Exhibit B, has been entered by

11   the Court; and (c) the applicable period to file all appeals from the Final Judgment has expired

12   without the filing of any appeals, or motion to alter or amend the Final Judgment under Federal

13   Rule of Civil Procedure 59(e), or, in the event of any appeal or motion to alter or amend, the

14   appeal or motion to alter or amend has been disposed by voluntarily dismissal or withdrawal of

15   the appeal or motion, or by entry of an order dismissing the appeal or motion or affirming the

16   appealed Final Judgment, and any time period for further appeal, including a petition for a writ

17   of certiorari, has expired.

18        5.    Notwithstanding the foregoing, the Effective Date shall not be delayed if an

19   appeal is taken from or review is sought of any Final Judgment if such appeal or petition for

20   review solely challenges (a) the Fee and Expense Award (as defined in paragraph 25) and/or

21   (b) the Plan of Allocation of the Net Class Settlement Fund among Class Members.  Upon the

22   Effective Date, the Settlement shall be binding and final ("Effective").

23        **CONDITION FOR DEFENDANTS' WITHDRAWAL FROM SETTLEMENT**

24        6.    On or before twenty (20) days prior to the Settlement Fairness Hearing, Lead

25   Counsel shall file with the Court, and serve on counsel for Defendants, an affidavit setting forth

26   the names of all persons to whom the Class Notice was sent, copies of all requests for exclusion

27   received from Persons in the Class pursuant to the Class Notice or otherwise, and copies of all

28

1   rescissions or revocations of requests for exclusion.  Defendants have the option in their sole

2   discretion to terminate the Stipulation if the conditions stated in the Supplemental Stipulation

3   occur and if Juniper elects to provide written notice of termination as provided in paragraph 7.

4   The Supplemental Stipulation shall not be filed with the Court unless and until a dispute arises

5   among the Settling Parties as to its interpretation or application.

6           7.      Defendants may withdraw from this Stipulation pursuant to the preceding

7   paragraph only if a written notice of termination of this Stipulation is filed by Juniper with the

8   Court and served on Lead Counsel at least five (5) days prior to the Settlement Fairness

9   Hearing.  Defendants shall not have any right to terminate or cancel this Stipulation, and any

10   notice of termination given by any of them shall be null and void and of no further force and

11   effect if, prior to the Settlement Fairness Hearing, Persons who requested exclusion from the

12   Class timely and validly withdraw or revoke their requests for exclusion in an amount sufficient

13   to cause the amount of shares of Juniper's securities of those Persons requesting exclusion from

14   the Class to be less than the amount of shares set forth in the Supplemental Stipulation.  If the

15   conditions for withdrawal stated in the Supplemental Stipulation are met, then counsel for the

16   parties may contact any Person requesting exclusion, or such Person's counsel, to discuss their

17   request for exclusion.  To validly rescind or revoke a request for exclusion from the Class, a

18   Person must file with the Court and serve on Lead Counsel and the Juniper Defendants'

19   Counsel, no later than two (2) days before the Settlement Fairness Hearing, a written notice of

20   rescission signed by such Person, stating that Person's desire to be bound by the Settlement and

21   any judgment in the Actions, and stating the number of Juniper securities purchased by that

22   Person during the Class Period and held at least until May 18, 2006; provided, however, that the

23   filing of such written notice of rescission may be effected by Lead Counsel.

24                           **TERMINATION OF STIPULATION**

25           8.      In the event that the preconditions to the Effective Date set out in paragraphs 4-5

26   hereof are not satisfied, or if this Stipulation is terminated under paragraph 7, or if the Effective

27   Date does not occur for any reason, this Stipulation shall be deemed null and void with the

28

1   exception of paragraphs U, V, 8, 9, 11(c), 29-30, 33, 35, and 45, and shall have no further force

2   and effect with respect to any party, and neither the Stipulation, the Exhibits hereto, nor the

3   settlement negotiations shall be used or referred to in any action or proceeding for any purpose.

4          9.      In the event that the preconditions to the Effective Date set out in paragraphs 4-5

5   hereof are not satisfied, or if this Stipulation is terminated under paragraph 7, or if the Effective

6   Date does not occur for any reason, the parties shall be deemed to have reverted to their

7   respective status and litigation positions in the respective Actions as of the date and time

8   immediately prior to the execution of the MOU.  In that event, the parties shall proceed in all

9   respects as if this Stipulation and any related orders had not been entered, and the entire

10  Settlement Fund, including any interest or earnings thereon, less any taxes due with respect to

11  such income or amounts paid pursuant to paragraph 30 below, and less any amounts actually

12  and properly expended or owed in connection with providing notice pursuant to paragraph 11

13  below, shall be returned in full to Juniper by the Class Escrow Agent within ten (10) business

14  days of notice to the Class Escrow Agent of such termination or failure to obtain final judicial

15  approval or reversal on appeal pursuant to written instructions from Juniper's counsel.  In

16  addition, any expenses set forth in paragraphs 11 and 30 already incurred and chargeable based

17  upon services rendered by the time of such termination or cancellation, but which have not been

18  paid, shall be paid by the Class Escrow Agent from the Settlement Fund, in accordance with the

19  terms of this Stipulation, prior to the balance being refunded to Juniper in accordance with this

20  paragraph.  At the request of counsel for Juniper, the Escrow Agent or its designee shall apply

21  for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any

22  fees or expenses incurred in connection with such application (s) for refund to Juniper.

23                        **ADMINISTRATION OF THE SETTLEMENT**

24         10.     The Settlement Administrator shall administer the Settlement under Lead

25  Plaintiff's Lead Counsel's supervision and subject to the jurisdiction of the Court.  Defendants

26  and Defendants' Counsel shall have no role in, responsibility for, interest in, or liability with

27  respect to (a) any act, omission or determination of Plaintiff's Lead Counsel, the Class Escrow

28

1   Agent or the Settlement Administrator, or any of their respective designees or agents, in

2   connection with administering the Settlement ; (b) the management, investment or distribution

3   of the Settlement Fund; (c) the Plan of Allocation; (d) the review, determination,

4   administration, calculation, or payment of any claims asserted against the Settlement Fund; (e)

5   any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (f) the payment

6   or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of

7   the Settlement Fund or filing of any returns. Notwithstanding the foregoing, upon preliminary

8   approval of the Settlement by the Court, Juniper shall promptly provide or cause to be provided

9   to the Settlement Administrator the Company's lists of shareholder during the Class Period, as

10  Juniper or its transfer agent may possess, for the purpose of giving notice to said Class

11  Members.  Lead Plaintiff's Lead Counsel shall supervise the Settlement Administrator to ensure

12  that the Settlement Administrator takes reasonable steps to protect the confidentiality of such

13  information and the privacy of Juniper security holders, and to prevent the publication,

14  dissemination or distribution of such information except as required for purposes of the

15  Settlement.

16          11.     Subject to the limitations and conditions set forth in this Stipulation of Settlement

17  and the Escrow Agreement,:

18                  a.      The Class Notice and Administration Account, and, if that account is

19  exhausted, the Settlement Fund Escrow Account, may be utilized for reasonable actual out-of-

20  pocket costs actually incurred for settlement administration, including:

21                          i.      Printing and mailing of the Notice and Proof of Claim and Release

22  to the Class;

23                          ii.     Publication of the Summary Notice;

24                          iii.    The Settlement Administrator's costs and fees for services

25  performed in connection with the administration of the settlement contemplated by this

26  Stipulation;

27                          iv.     Costs to reimburse brokers or nominees in connection with

28

1    dissemination of the Notice to the Class;

2                              v.       Costs associated with the processing and administration of claims

3    and requests for exclusion;

4                              vi.      Preparation and filing of any elections required by this Stipulation

5    and the costs of calculating and preparing necessary documents in connection with taxes and

6    payment of any taxes due on the Settlement Fund that are paid pursuant to paragraph 30 below;

7                              vii.     The cost of identifying and locating members of the Class;

8                              viii.    The cost for allocating and distributing the Net Settlement Fund to

9    Class Members; and

10                             ix.      Escrow fees and costs.

11            b.       After the Effective Date, the Settlement Fund may be used for such

12   additional amounts as may be reasonable and necessary for administration of the settlement

13   contemplated by this Stipulation, all subject to and as approved by the Court.

14            c.       The Class Escrow Agent and the Settlement Administrator shall maintain

15   accurate records of all expenditures made for the purposes enumerated in this paragraph 11.

16            d.       In the event the Stipulation is terminated, Lead Plaintiff, Lead Counsel,

17   and the Class shall not be responsible for any expenses validly disbursed or reimbursed in

18   accordance with this Stipulation from the Class Notice and Administration Account for notice

19   and claims administration prior to the Effective Date.

20            e.       Lead Plaintiff's Lead Counsel may apply to the Court, on notice to the

21   parties to this Stipulation, for interim payments to the Claims Administrator for services

22   performed by it in connection with the administration of the settlement contemplated by this

23   Stipulation, which interim fees will be payable out of the Settlement Fund, subject to the

24   limitations set forth above.

25                        **DISTRIBUTION TO AUTHORIZED CLAIMANTS**

26        12.     The Settlement Administrator shall determine each Authorized Claimant's pro

27   rata share of the cash in the Net Class Settlement Fund based upon each Authorized Claimant's

28

{1964 / STIP / 00100697.DOC v1}

1   claim (specific details about the Plan of Allocation are described in the Notice annexed hereto

2   as Exhibit A-1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

3       13.   The Plan of Allocation proposed in the Notice is not a necessary term of this

4   Stipulation and it is not a condition of this Stipulation that the proposed Plan of Allocation be

5   approved.  Any decision by the Court concerning the Plan of Allocation shall not affect the

6   validity or finality of the settlement contemplated by this Stipulation.

7       14.   Each Authorized Claimant shall be allocated a share of the cash in the Net Class

8   Settlement Fund in accordance with the Plan of Allocation.  Defendants will not have any

9   involvement in reviewing or challenging claims.  Juniper shall not be entitled to the return of

10  any of the Net Class Settlement Fund once the Effective Date occurs.  No Person shall have any

11  claim against Lead Plaintiff, Lead Plaintiff's Lead Counsel, the Claims Administrator or any

12  other agent designated by Lead Counsel based on distribution determinations or claim

13  rejections made substantially in accordance with this Stipulation and the Settlement contained

14  therein, the Plan of Allocation, or further orders of the Court.  If, after distribution of the Net

15  Class Settlement Fund, there is a balance remaining, which Lead Plaintiff's Lead Counsel

16  determines is too small to distribute to the Class, Lead Plaintiff's Lead Counsel shall file a

17  motion seeking an order to donate the remaining funds to an appropriate 501(c)(3) charitable

18  organization selected by Lead Plaintiff through their counsel and agreed to by Defendants.

19                                **CLAIMS ADMINISTRATION**

20      15.   Lead Counsel shall be responsible for supervising the administration of the

21  Settlement and disbursement of the Net Class Settlement Fund by the Settlement Administrator.

22  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be

23  technical defects in any Proof of Claim submitted in the interest of achieving substantial justice.

24      16.   For purposes of determining the extent, if any, to which a Class Member shall be

25  entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

26          a.   Each Class Member shall be required to submit a Proof of Claim

27  (substantially in the form attached as Exhibit A-2 to Exhibit A), supported by such documents

28

STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)          19

{1964 / STIP / 00100697.DOC v1}

1   as are designated therein, including proof of the Claimant's loss, electronic data files (for large

2   claims filed by institutions or by third-party filers on behalf of multiple Class Members) or such

3   other documents or proof as is deemed acceptable by the Claims Administrator and Lead

4   Counsel;

5       b.  All Proofs of Claim must be submitted by the date specified in the Notice

6   unless such period is extended pursuant to an order of the Court. Any Class Member who fails

7   to submit a Proof of Claim by such date shall be forever barred from receiving any payment

8   pursuant to this Stipulation (unless, by order of the Court, an acceptance of a later submitted

9   Proof of Claim by such Class Member is approved), but shall in all other respects be bound by

10  all of the terms of this Stipulation and the Settlement including the terms of the Final Judgment

11  to be entered in the Class Actions and the releases provided for herein, and will be barred from

12  bringing any action against the Released Persons concerning the Settled Class Claims.

13  Provided that it is actually received no later than thirty (30) days after the final date for

14  submission of Proofs of Claim, a Proof of Claim shall be deemed to have been submitted when

15  posted, if received with a postmark indicated on the envelope and if mailed first-class postage

16  prepaid and addressed in accordance with the instructions thereon. In all other cases, the Proof

17  of Claim shall be deemed to have been submitted when actually received by Lead Counsel or

18  their designee;

19      c.  Each Proof of Claim shall be submitted to and reviewed by the Claims

20  Administrator, under the supervision of Lead Counsel, who shall determine in accordance with

21  this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the

22  Court pursuant to subparagraph (f) below;

23      d.  Proofs of Claim that do not meet the filing requirements may be rejected.

24  Prior to rejection of a Proof of Claim, the Settlement Administrator shall communicate with the

25  Claimant in order to afford him, her or it the opportunity to remedy any curable deficiencies in

26  the Proof of Claim submitted. The Settlement Administrator, under supervision of Lead

27  Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim

28

1   they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate

2   in such notice that the Claimant whose claim is to be rejected has the right to a review by the

3   Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

4          e.      If any Claimant whose claim has been rejected in whole or in part desires

5   to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of

6   the notice required in subparagraph (d) above, serve upon the Settlement Administrator a notice

7   and statement of reasons indicating the Claimant's grounds for contesting the rejection along

8   with any supporting documentation, and requesting a review thereof by the Court. If a dispute

9   concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the

10  request for review to the Court; and

11         f.      The administrative determinations of the Settlement Administrator

12  accepting and rejecting claims shall be presented to the Court, on notice to Defendants'

13  Counsel, for approval by the Court in the Class Distribution Order (as defined in paragraph 27).

14         17.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

15  with respect to the Claimant's claim, and the claim will be subject to investigation and

16  discovery under the Federal Rules of Civil Procedure, provided that such investigation and

17  discovery shall be limited to that Claimant's status as a Class Member and the validity and

18  amount of the Claimant's claim. No discovery shall be allowed on the merits of the Class

19  Actions or the Settlement in connection with processing of the Proofs of Claim.

20         18.     Payment pursuant to this Stipulation shall be deemed final and conclusive against

21  all Class Members. All Class Members who do not submit a claim or whose claims are not

22  approved by the Court shall be barred from participating in distributions from the Settlement

23  Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement,

24  including the terms of the Final Judgment to be entered in the Class Actions and the releases

25  provided for herein, and will be barred from bringing any action against the Released Persons

26  asserting any Settled Class Claims.

27         19.     All proceedings with respect to the administration, processing and determination

28

STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)          21

{1964 / STIP / 00100697.DOC v1}

1   of claims described in this Stipulation and the determination of all controversies relating

2   thereto, including disputed questions of law and fact with respect to the validity of claims, shall

3   be subject to the jurisdiction of the Court.

4        20.    The Net Class Settlement Fund shall be distributed to Authorized Claimants by

5   the Settlement Administrator only after the Effective Date, and after: (a) all Proofs of Claim

6   have been processed, and all Claimants whose claims have been rejected or disallowed, in

7   whole or in part, have been notified and provided the opportunity to be heard concerning such

8   rejection or disallowance; (b) all objections with respect to all rejected or disallowed claims not

9   otherwise resolved have been resolved by the Court, and all appeals therefrom have been

10  resolved or the time therefore has expired; (c) all matters with respect to attorneys' fees, costs,

11  and disbursements have been resolved by the Court, all appeals therefrom have been resolved

12  or the time therefore has expired; and (d) costs of administration (as set forth in paragraph 11)

13  and Taxes (as set forth in paragraph 30) on the Settlement Fund have been paid.

14  **HEARING ORDER**

15       21.    Promptly following execution of this Stipulation, Lead Plaintiff, Defendants shall

16  request that the Court enter a Hearing Order in substantially the form annexed hereto as Exhibit

17  A, which is incorporated in this Stipulation by this reference, providing for a Settlement

18  Fairness Hearing to approve the settlement of these Class Actions with respect to the

19  Defendants pursuant to this Stipulation and for the entry of a Final Judgment substantially in

20  the form of Exhibit B attached hereto.

21  **FINAL JUDGMENT TO BE ENTERED BY THE COURT**

22       22.    Upon approval by the Court of the Settlement set forth in this Stipulation, the

23  Settling Parties shall request that the Court enter a Final Judgment substantially in the form of

24  Exhibit B hereto, which is incorporated in this Stipulation by this reference.

25       23.    The Final Judgment shall include a bar order providing:  In accordance with 15

26  U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims which are

27  brought by any Person against Defendants (a) for contribution or indemnification arising out of

28

STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)    22

{1964 / STIP / 00100697.DOC v1}

1  any Settled Claim, or (b) where the damage to the claimant is measured by reference to the

2  claimant's liability to the Lead Plaintiff or the Class, are hereby permanently barred and

3  discharged.  Any such claims brought by Defendants against any Person (other than Persons

4  whose liability to Lead Plaintiff or the Class is extinguished by this Settlement) are likewise

5  permanently barred and discharged.  Notwithstanding the foregoing, nothing herein shall bar or

6  discharge or otherwise affect those Unreleased and Assigned Claims as defined in the

7  Stipulation of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, no. 5:06-

8  cv-03396-JW (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No.

9  1:06cv064294 (Superior Court of California, Santa Clara County), which was approved by

10  court orders in both of those cases.  Further, nothing in this Stipulation shall apply to bar or

11  otherwise affect any claim of right to indemnification between Juniper and any present or

12  former officer or director of Juniper, or any claim for insurance coverage by any Defendant.

13  Pursuant to 15 U.S.C. § 78u-4(f)(7)(B) and pursuant to federal common law, in the event Lead

14  Plaintiff or the Class shall obtain a verdict or judgment against non-settling defendant Ernst &

15  Young LLP in the Juniper Action, the verdict or judgment shall be reduced by the greater of (i)

16  an amount that corresponds to the percentage of responsibility of Defendants, or (ii) the amount

17  paid by Juniper in this settlement that should be properly allocated to the claim against Ernst &

18  Young, LLP, for which said verdict or judgment is entered.

19      24.    (a)    In addition to such effect as the Final Judgment shall have under law, on

20  and after the Effective Date, each and every Lead Plaintiff and the Class (and all Class

21  Members) shall be deemed to have, and by operation of law shall have, fully, finally and

22  forever released, relinquished and discharged all Released Claims against the Defendants and

23  the Released Persons, whether or not such Lead Plaintiff or Class Member executes and

24  delivers a Proof of Claim and Release.  Thereafter the only claims of the Lead Plaintiff and/or

25  any Class Member shall be to enforce the terms of the Stipulation or the Final Judgment.

26      (b)    Upon the Effective Date, Defendants and the Related Parties shall be

27  deemed to have released and by operation of the Final Judgment shall have, fully, finally and

28

1   forever released Lead Plaintiff, all members of the Class, Lead Plaintiff's Lead Counsel, and all

2   other counsel for Lead Plaintiff from all claims arising out of the instituting, prosecution,

3   settlement or resolution of the Class Actions, provided, however, that Defendants and the

4   Released Parties shall retain the right to enforce in the Court the terms of the Stipulation or

5   Final Judgment.

6                          **ATTORNEYS' FEES AND EXPENSES**

7          25.    In connection with the Settlement Fairness Hearing, Lead Plaintiff's Lead

8   Counsel may apply for and receive an award of reasonable attorneys' fees and reimbursement

9   of expenses from the Settlement Fund (the "Fee and Expense Award") as set forth in the Class

10  Notice. Any amount awarded by the Court shall be paid to Lead Plaintiff's Lead Counsel

11  immediately upon award, notwithstanding the existence of any timely filed objections thereto,

12  or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  In

13  the event the Effective Date does not occur, or the order making the Fee and Expense Award is

14  reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in

15  the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall

16  within five (5) business days from receiving notice from the Juniper Defendants' Counsel or

17  from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses (or

18  the amount by which such fees and expenses were lowered) that were previously paid to them

19  from the Settlement Fund plus interest to be calculated thereon at the same rate earned on the

20  Settlement Fund. Lead Counsel and Lead Plaintiff's Local Counsel, as a condition of receiving

21  such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that

22  the law firm and its partners and/or shareholders are subject to the jurisdiction of this Court for

23  the purpose of enforcing the provisions of this paragraph.

24         26.    The Fee and Expense Award is not a necessary term of this Stipulation and it is

25  not a condition of this Stipulation that Lead Counsel's petition for attorneys' fees and expenses

26  be approved by the Court.  The procedure for and the allowance or disallowance by the Court of

27  any application by Lead Counsel for attorneys' fees, costs and expenses to be paid out of the

28

STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)       24
{1964 / STIP / 00100697.DOC v1}

1  Settlement Fund, are not part of the settlement set forth in this Stipulation, and are to be

2  considered by the Court separately from the Court's consideration of the fairness,

3  reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or

4  proceedings relating to the fee and expense application, or any appeal from any order relating

5  thereto or reversal or modification thereof, shall have no effect on the settlement and not

6  operate to, or be grounds to, terminate or cancel this Stipulation, or affect or delay the finality

7  of the Final Judgment approving this Stipulation and the Settlement of the Class Actions set

8  forth herein.

9  **CLASS DISTRIBUTION ORDER AND EFFECTIVE DATE**

10       27.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an

11  order (the "Class Distribution Order") approving the Settlement Administrator's administrative

12  determinations concerning the acceptance and rejection of the claims submitted herein and

13  approving any fees and expenses not previously applied for, including the fees and expenses of

14  the Settlement Administrator, and, if the Effective Date has occurred, and directing payment of

15  the Net Class Settlement Fund to Authorized Claimants.

16  **TAXES**

17       28.    As set forth in Paragraph 5 of the Escrow Agreement, the Settlement Fund is

18  intended to be a qualified settlement fund for purposes of the Internal Revenue Code of 1986 as

19  amended (the "Code"). The Settling Parties and Class Escrow Agent agree to treat the

20  Settlement Fund as being at all times one or more Qualified Settlement Funds within the

21  meaning of Treas. Reg. Section 1.468B-1.  In addition, the Class Escrow Agent shall timely

22  make the elections as are necessary or advisable to carry out the provisions of Treas. Reg.

23  Section 1.468B-5(b)(2) and the relation-back election (as defined in Treas. Reg. Section

24  1.468B-1(j)(2)(ii)) back to the earliest permitted date.  Such elections shall be made in

25  compliance with the procedures and requirements contained in such regulations.  It shall be the

26  responsibility of the Class Escrow Agent timely and properly to prepare and to deliver the

27  necessary documentation for signature by all necessary parties, and to cause the appropriate

28

1  filing to occur under Treas. Reg. Sections 1.468B-5(b)(2) and 1.468B-1(j)(2). Defendants and

2  Defendants' Counsel shall cooperate in providing such information, signatures and forms as

3  may be required for such filings.

4       29.    For the purposes of Treas. Reg. Sections 1.468B The Class Escrow Agent shall be

5  designated as the "administrator" of the Settlement Fund. Class Escrow Agent shall timely and

6  properly file all informational and other tax returns necessary or advisable with respect to the

7  Settlement Fund , if any (including without limitation the returns described in Treas. Reg.

8  Section 1.468B-2(k)). Such returns (as well as the elections described in paragraph 28) shall

9  reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned

10  by the Settlement Fund ("Taxes") shall be paid out of the Settlement Fund Escrow Account as

11  provided herein.

12       30.    All (i) Taxes (including any interest and penalties) arising with respect to the

13  income earned by the Settlement Fund, including any Taxes or tax detriments that may be

14  imposed upon Defendants and their Related Parties with respect to any income earned by the

15  Settlement Fund for any period during which the Settlement Fund does not qualify as a

16  "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs

17  incurred in connection with the operation and implementation of paragraphs 28-29 (including,

18  without limitation, expenses of tax attorneys and/or accountants and mailing and distribution

19  costs and expenses  relating to filing (or failing to file) the returns described in paragraph 29)

20  ("Tax Expense") shall be paid out of the Settlement Fund Escrow Account. In all events,

21  Defendants and their Related Parties shall have no liability or responsibility for any Taxes or

22  Tax Expenses. The Settlement Fund shall indemnify and hold each of the Defendants and their

23  Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes

24  payable by reason of such indemnification). Further, Taxes and Tax Expenses shall be treated

25  as, and considered to be, a cost of administration of the Settlement and shall be timely paid by

26  the Class Escrow Agent out of the Settlement Fund Escrow Account without further consent of

27  Defendants, or prior order of the Court, and the Class Escrow Agent shall be obligated

28

1   (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

2   Claimants any funds necessary to pay such amounts including the establishment of adequate

3   reserves for any Taxes and Tax Expenses as well as any amounts required to be withheld under

4   Treas. Reg. 1.468B-2(b)(2); neither Defendants nor their Related Parties are responsible

5   therefor nor shall they have any liability with respect thereto.  The Settling Parties agree to

6   cooperate with the Class Escrow Agent, each other, and their tax  attorneys and accounts to the

7   extent reasonably necessary to carry out the provision of paragraphs 28-29.   For purposes of

8   paragraphs 28 through 29, references to the Settlement Fund shall include both the Settlement

9   Fund and the Class Notice and Administration Account.

10                      **LIMITED RETENTION OF JURISDICTION**

11          31.     The Court shall retain jurisdiction of this Settlement for the purposes of allowing,

12   disallowing or adjusting the claim of any Claimant on equitable grounds, and, among other

13   things, of administering this Settlement, resolving any dispute hereunder, awarding Lead

14   Counsel's attorneys' fees, and reimbursing their expenses and the expenses of Lead Plaintiff.

15                                   **MISCELLANEOUS**

16          32.     All counsel and any other person executing this Stipulation and any of the

17   exhibits hereto (the "Exhibits") or any related Settlement documents warrant and represent that

18   they have the full authority to do so.  Lead Counsel represents expressly that it is authorized to

19   execute this Stipulation on behalf of Lead Plaintiff.

20          33.     This Stipulation and the Settlement are not a concession or admission of

21   wrongdoing or liability by any Person, and shall not be used or construed as an admission of

22   any fault, omission, liability or wrongdoing on the part of any party hereto.  Neither this

23   Stipulation, nor the exhibits hereto, nor the fact of settlement, nor any settlement negotiations or

24   discussions, nor the Final Judgment entered as provided above, nor any related document (a) is

25   or may be deemed to be or may be used as an admission of, or evidence of, the validity of any

26   Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties, or

27   (b) is or may be deemed to be or may be used as an admission of, or evidence of, or concession

28

1  of, or to create any presumption or inference of, any fault or omission of any of the Defendants

2  or their Related Parties in any civil, criminal, or administrative proceeding in any court,

3  administrative agency, or other tribunal.  Defendants and/or their Related Parties may file the

4  Stipulation and/or the Final Judgment in any action that may be brought against them in order

5  to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

6  release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion

7  or issue preclusion or similar defense or counterclaim, *provided,* however, that the Stipulation

8  and/or the Final Judgment may not be so used or filed to support any such defense or

9  counterclaim in respect of those Unreleased and Assigned Claims as defined in the Stipulation

10  of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, no. 5:06-cv-03396-JW

11  (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No.

12  1:06cv064294 (Superior Court of California, Santa Clara County), which was approved by

13  court orders in both of those cases.

14      34.    All parties agree to use their best efforts and to cooperate in order to obtain all

15  approvals necessary and to do all things reasonably necessary or helpful to effectuate the

16  Stipulation according to its terms, including the execution of all Exhibits or reasonably related

17  documents as soon as reasonably possible if such execution is necessary.

18      35.    This Stipulation, all Exhibits hereto and any related Settlement documents shall

19  be governed and interpreted in accordance with the laws of the State of California as they apply

20  to contracts negotiated, made, executed and to be performed entirely within the State of

21  California, without giving effect to that State's choice-of-law principles, except to the extent

22  that federal law requires that federal law govern.

23      36.    In the event of any dispute or disagreement with respect to the meaning, effect, or

24  interpretation of the Stipulation, any attached Exhibit or any related Settlement documents, or

25  in the event of a claimed breach of the Stipulation, an attached Exhibit or any related Settlement

26  documents, the parties hereto agree that such dispute will be adjudicated only in the Court or as

27  the parties hereto unanimously otherwise agree.

28

1       37.    This Stipulation, all attached exhibits and all related settlement documents

2  (including the Escrow agreement and Supplemental stipulation) represent the entire agreement

3  between the parties hereto, supersede any prior agreements or understandings between the

4  parties with respect to the subject matter hereof, and shall not be modified unless in writing,

5  signed by all parties to this Stipulation.

6       38.    In the event of a conflict between a provision in the Escrow Agreement and a

7  provision in this Stipulation, the provision in this Stipulation shall be controlling.

8       39.    The parties have entered into this Stipulation solely upon the representations,

9  covenants and warranties contained and referred to in the Stipulation of Settlement, and no

10  party has placed any reliance on any representations not expressed in this Stipulation.

11       40.    This Stipulation, its Exhibits and any related Settlement documents may be

12  executed in one or more counterparts, all of which together shall be one and the same

13  instrument and all of which shall be considered duplicate originals.

14       41.    This Stipulation, its Exhibits and any related Settlement documents shall be

15  binding upon and inure to the benefit of the parties hereto and their respective heirs, executors,

16  administrators, legal representatives, predecessors, successors, affiliates and assigns, and upon

17  any corporation or other entity into or with which any party hereto may merge or consolidate.

18       42.    In the event that any court is called upon to interpret this Stipulation, any of the

19  Exhibits hereto or any of the related Settlement documents, no one party or group of parties

20  shall be deemed to have drafted the Stipulation, any of the Exhibits hereto or any of the related

21  Settlement documents, but they shall be construed as if all parties hereto jointly prepared them

22  and any uncertainty or ambiguity shall not be interpreted against any one party, nor may any

23  party offer in evidence or otherwise use, for purposes of suggesting any interpretation of the

24  Stipulation, any of the Exhibits hereto or any of the related Settlement documents, any prior

25  drafts of the Stipulation, any of the Exhibits hereto or any of the related Settlement documents.

26       43.    Each Party acknowledges that it has been represented by experienced legal

27  counsel, and after a full, fair and adequate opportunity to consult with counsel about the

28

1    meaning and effect of the terms and conditions of this Stipulation and Settlement, and the

2    benefits and risks of settlement, each Party represents that he/she/it enters into this Stipulation

3    of Settlement freely, knowingly and voluntarily.

4         44.    The Exhibits to the Stipulation and any related Settlement documents are

5    incorporated in and constitute an integral part of the Stipulation.

6         45.    All agreements made and orders entered during the course of the Actions relating

7    to the confidentiality of information shall survive this Stipulation pursuant to their terms.

8         46.    Lead Plaintiff, Defendants and their respective counsel shall not make any

9    applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or other

10    Court rule or statute, with respect to any claims or defenses in the Actions.  While retaining

11    their right to deny liability, Defendants will agree that, based upon the publicly available

12    information at the time, the Actions were filed in good faith and are being settled voluntarily by

13    Defendants after consultation with competent legal counsel.

14

15

16    Dated: March 15, 2010

17                            LOWEY DANNENBERG COHEN
                              & HART, P.C.

18

19                            BARBARA J. HART
                           DAVID C. HARRISON

20                            One North Broadway, Suite 509
                           White Plains, NY  10601-2310

21                            914-733-7228 (telephone)
                           914-997-0035 (facsimile)

22                            *Counsel for Lead Plaintiff and the Class*

23

24                            WILLEM F. JONCKHEER
                           SCHUBERT JONCKHEER KOLBE

25                              & KRALOWEC LLP
                           Three Embarcadero Center, Suite 1650

26                            San Francisco, CA 94111
                           415-788-4220 (telephone)

27                            415-788-0161 (facsimile)

28

{1964 / STIP / 00100697.DOC v1}

1

2

*Local Counsel*

3

4   MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Carolyn Wolpert
5   100 Church Street
    New York, NY 10007
6   Telephone: 212-788-0748

7   *Attorneys for the New York City Pension Funds*

8   Dated: *March 15, 2010* , 2010

9

10  WILSON SONSINI GOODRICH & ROSATI, P.C.
    NINA F. LOCKER
    STEVEN GUGGENHEIM
11  JONI OSTLER

12

13  650 Page Mill Road
    Palo Alto, CA 94304
14  Telephone: (650) 493-9300

15  *Counsel for Defendants Juniper Networks, Inc.,*
    *Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert*
16  *M. Calderoni, Kenneth Goldman, William R. Hearst*
    *III, Stratton Sclavos, Vinod Khosla, Kenneth Levy*
17  *and William R. Stensrud*

18

19  Dated: _____ , 2010

20  ORRICK, HERRINGTON & SUTCLIFFE LLP
    MELINDA HAAG
21  JAMES N. KRAMER
    NANCY E. HARRIS

22

23  /S/

24  405 Howard Street
    San Francisco, CA 94105
25  Telephone: (415) 773-5700

26  *Counsel for Defendant Lisa C. Berry*

27

28

STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)          31

{1964 / STIP / 00100697.DOC v1}

*Local Counsel*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Carolyn Wolpert
100 Church Street
New York, NY 10007
Telephone: 212-788-0748

*Attorneys for the New York City Pension Funds*

Dated: _____, 2010

WILSON SONSINI GOODRICH & ROSATI, P.C.
NINA F. LOCKER
STEVEN GUGGENHEIM
JONI OSTLER

/S/ _____

650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

*Counsel for Defendants Juniper Networks, Inc.,
Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert
M. Calderoni, Kenneth Goldman, William R. Hearst
III, Stratton Sclavos, Vinod Khosla, Kenneth Levy
and William R. Stensrud*

Dated: March 15 , 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP
MELINDA HAAG
JAMES N. KRAMER
NANCY E. HARRIS

/S/ _____

405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700

*Counsel for Defendant Lisa C. Berry*