# EXHIBIT B

BARBARA HART (*pro hac vice*)
DAVID C. HARRISON (*pro hac vice*)
JEANNE D'ESPOSITO (*pro hac vice*)
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: 914-997-0500
Facsimile: 914-997-0035

*Lead Counsel for the New York City Pension Funds and the Class*

WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile: 415-778-0160

*Local Counsel*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Carolyn Wolpert
100 Church Street
New York, NY 10007
Telephone: 212-788-0748

*Attorneys for the New York City Pension Funds*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW (PVT) |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., Lead Plaintiff, v. LISA C. BERRY, Defendants. | **DECLARATION OF CHARLES E. FERRARA OF RUST CONSULTING, INC. IN CONNECTION WITH PROPOSED PROGRAM FOR DISSEMINATING CLASS NOTICE AND PROOF OF CLAIM TO THE CLASS** No. C08-0246-JW (PVT) |

{1964 / DECL / 00100686.DOC v2} DECLARATION OF CHARLES E. FERRARA

CHARLES E. FERRARA, deposes and states that:

1. I am a Managing Senior Project Administrator at Rust Consulting, Inc. ("Rust"). I have overall responsibility for all aspects of the noticing and claims administration for securities class action settlements. I respectfully submit this affidavit to provide information to the Court and the parties in the above-titled litigation (the "Action") regarding the proposed notice plan. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Rust has more than three decades of experience in developing and administering large and complex class action settlement notice and claims programs. Our broad range of experience encompasses the administration of settlements for all phases of securities class actions.

> Representative cases include:
> a. *In Re Marsh & McLennan Companies, Inc. Securities Litigation* (S.D.NY 04-CV-08144 (CM)) – $400 million settlement; over 750,000 Settlement Notice Packets mailed;
> b. *In re American International Group, Inc. Securities Litigation* (S.D. NY 04 Civ. 8141 (JES) (AJP)) – $97.5 million settlement; more than 2.2 million Settlement Notice Packets mailed, over 536,000 claims received and processed, and more than 13,500 phone calls received from potential Class members;
> c. *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation* (S.D. NY 07-cv-9633 (JSR)(DFE)) – $457 million settlement; over 1.7 million Settlement Notice Packets mailed, more than 500,000 claims received and processed, and more than 21,300 phone calls received from potential Class members;
> d. *In re: Motorola Securities Litigation* (N.D.Il. 03 C 00287) – $190 million settlement; more than 1.7 million Settlement Notice Packets mailed, over 210,000 claims received and processed, and more than 29,600 phone calls from potential Class members; and
> e. *In re: Waste Management, Inc. Securities Litigation* (S.D.Tx H-99-2183 (MH)) – $457 million settlement; more than 71,000 claims received and processed.

3. Unless otherwise defined, the capitalized terms used herein shall have the meaning defined in the Stipulation of Settlement filed jointly by Counsel for Lead Plaintiff and the Class, Local Counsel, Counsel for the New York City Pension Funds, and Counsel for Defendants.

4. Rust was retained by Lead Plaintiff's Counsel as the Claims Administrator to supervise and administer the process of providing notice to the potential members of the Class as well as the processing of claims and distribution of the Net Class Settlement Fund in this Action. Specifically, Rust was retained to facilitate dissemination of the Notice of Class Action Certification and Proposed Partial Settlement (the "Notice") and the Proof of Claim and Release form (the "Proof of Claim"), collectively, the "Notice Packet", and cause the publication of the Summary Notice.

5. To ensure that the best practicable notice is provided to the Class, Rust has, in consultation with Lead Counsel, developed a notice plan that is consistent with other effective and court approved securities litigation programs. This plan provides the following methods of notification to Class members: a) Individual mailed Notice Packets to all reasonably identifiable Class members; b) publication notice in appropriate national and regional media; and c) a website where the Notice Packets and other key documents will be posted for convenient viewing and reading by Class members.

6. *Mailed notice.* As is typical for publicly traded companies, the vast majority of investors own securities in "street name," that is, registered to the Nominee (brokerage house or financial institution) rather than directly to the investor. Consequently, the identity of these Class members is known only to the brokers and other nominees who purchase and/or hold securities on their behalf. To provide targeted notice to these individuals, Rust maintains a database (the "Broker Database") of approximately 2,100 brokerage firms, banks, and other financial institutions as published by the Securities Dealers of North America, and Depository Trust Company ("DTC") participant members to be used in notifying record holders of pending class actions and subsequent settlements.

7. In addition, on or before April 5, 2010, I understand that the transfer agent of Defendant Juniper Networks, Inc. will deliver to Rust, in electronic format, the names and addresses of potential Class members appearing in the transfer agent's records (the "Transfer Agent File"). Rust will load the names and addresses from the transfer Agent File into a segregated database (the "Rust Mailing Database") to be used for mailing the Notice Packet to

potential Class members.

8. No later than fifteen (15) days after receipt of the Transfer Agent File, Rust shall cause a copy of the Notice Packet to be mailed by first-class mail to the names and addresses in the Rust Mailing Database described above, as well as all brokerage firms, banks and other financial institutions in the Broker Database also described above ("Notice Date").

9. The outside of the Notice Packet, will be designed to ensure as best as reasonably possible that the Notice Packet will have the best chance of being opened and read when it is received into Class members' households, or Nominees' place of business, on a daily basis.

10. *Informational Release*. In addition to the direct mail plan described above, Rust will prepare an information press release announcing the Notice of Class Action Certification and Proposed Partial Settlement, outline who is affected, and describe additional information. The Press Release will be issued through PR Newswire within fourteen (14) days of the Notice Date. The media outlets reached through PR Newswire include financial and general media outlets, including print and broadcast media.

11. *Online Media*. In consultation with Lead Counsel, Rust will establish a Website so that Class members and nominees can obtain additional information and documents about this litigation. The Website address, which will be www.JuniperSecuritiesSettlement.com, will be cited in all notice materials and will be registered with hundreds of search engines so that any Class Member who may miss the mailed and published notices can find the site when searching for various related keyword combinations. The website will enable potential Class members and brokers/nominees to communicate with Rust, to make inquiries and request Notice Packets. The Website will be activated on the Notice Date and Rust will continue to maintain this website throughout the Action and will promptly post all pertinent documents thereon to afford Class members easy access to all such documents for their reference.

12. *Published Notice*. To provide notice to Class members whose mailing addresses were unavailable, Rust will, in consultation with Lead Counsel, initiate a published notice campaign designed to distribute the Summary Notice as widely as possible and in the most cost effective manner. Specifically, within twenty (20) days of the Notice Date, Rust will cause a Summary Notice to be published one time in the national edition of *The Wall Street Journal* and the *San Jose Mercury News*.

13. The online notice, along with publication notice in these newspapers, which includes one of the largest-circulation newspapers in the United States, provides opportunities

to see the notice for the Class members who may not have received direct notice.

14. For any Notice Packet that is returned by the United States Postal Service ("USPS") as undeliverable with a forwarding address, Rust will update the Rust Mailing Database and promptly re-mail the Notice Packet to the Class member using the address provided by the USPS.

15. For any Notice Packet that is returned by the USPS as undeliverable without a forwarding address, Rust will cause an address search to be performed by Lexis/Nexis, an information supplier to which Rust subscribes. If the search produces a new address, Rust will update the Rust Mailing Database and promptly re-mail the Notice Packet to the Class member using the new address information.

16. Rust will also set up a case-dedicated toll-free telephone number for all verbal communications necessary relating to the Notice Packet and the Claims Process. The toll-free number will be activated on the Notice Date. The Notice Packet and Summary Notice publish the toll-free telephone number for potential Class members to call. Rust will field all callers' questions, including, but not limited to, requests for copies of the Notice Packet to be mailed to Class members. Rust will update the Rust Mailing Database with the names and addresses of the requestors and will promptly cause Notice Packets to be mailed to them.

17. Similarly, Rust will establish a case-dedicated email address (info@JuniperSecuritiesSettlement.com) to allow persons to email the Claims Administrator with questions or inquiries. The email address will be activated on the Notice Date and will be stated in the Notice Packet, Summary Notice and on the website. Rust will read all emails and update the Rust Mailing Database with persons requesting copies of the Notice Packet, and will promptly mail the Notice Packet to all such persons.

18. Beginning no later than sixty (60) calendar days after the Notice Date, Rust will institute an outreach program to the fifty (50) largest brokerage firms, banks and financial institutions that have not yet requested Notice Packets. The purpose of this outreach program is to prompt the large brokerage firms, banks and financial institutions to provide Rust with the names and addresses of their clients who are potential Class members so that Notice Packets can be mailed to those individuals.

19. Rust will lease and maintain a case-dedicated Post Office Box, designated in the Notice Packet and Summary Notice, for the receipt of all written communications concerning the Notice Packet and Class Action. Such communication includes requests for Notice Packet

to be mailed to Class members. Rust will update the Rust Mailing Database with the names and addresses of the requestors and will promptly cause the Notice Packets to be mailed to them.[1]

20. As a result of the direct mail campaign described above, Rust will receive requests from brokers and nominees (institutions requesting Notice Packets on behalf of their customers) to either send the Notice Packets to them for distribution to those of their customers with relevant holdings, or to send the Notice Packets to such customers whose identifying information they sent to Rust. Rust will promptly send Notice Packets to potential Class members identified by brokers and nominees.

21. Rust will maintain a schedule of brokers and other nominees, who request Notice Packets by means of bulk requests, labels, or lists.

22. Rust will receive, log, and promptly report to Lead Counsel any and all requests for exclusion from the Class ("Opt Out"). Rust recommends that the Opt Out (i.e. Exclusion) Deadline be ninety (90) days after the Notice Date. Similarly, Rust will receive, log, and promptly report to Lead Counsel any objection to the Settlement or Plan of Allocation submitted to the Claims Administrator. Rust also recommends that the Objection Deadline be ninety (90) days after the Notice Date. The 90 day period will provide sufficient time for a Class member to receive the Notice through a second round of mailing and timely respond to the Notice in the event he or she decides to opt-out or object to the Settlement. This would be consistent with notice programs typically designed and implemented in many other securities class actions of this magnitude and would give Class members sufficient time to decide whether to seek exclusion or to file an objection.

23. In Rust's experience as Notice or Claims Administrator responsible for the successful design and implementation of notice programs for more than one hundred (100) securities class actions, the notice program described herein, provides the best practicable notice to the Class.

24. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

[1] Rust will lease and maintain two separate and unique Post Office Boxes; one to receive requests for exclusions, claim forms and correspondence and the other to facilitate the Notice Packets returned by the USPS as undeliverable.

| | |
|---|---|
| 1 | |
| 2 | Executed this 15th day of March, 2010 in Melville, New York. |
| 3 | |
| 4 | _____ |
| | Charles E. Ferrara |