1  BARBARA HART (*pro hac vice*)
   DAVID C. HARRISON (*pro hac vice*)
2  JEANNE D'ESPOSITO (*pro hac vice*)
   LOWEY DANNENBERG COHEN & HART, P.C.
3  One North Broadway, Suite 509
   White Plains, NY 10601-2310
4  Telephone: 914-997-0500
   Facsimile: 914-997-0035
5  *Lead Counsel for the New York City Pension Funds and the Class*

6  WILLEM F. JONCKHEER S.B.N. 178748
   SCHUBERT JONCKHEER & KRALOWEC LLP
7  Three Embarcadero Center, Suite 1650
   San Francisco, CA 94111
8  Telephone: 415-788-4220
   Facsimile: 415-778-0160
9  *Local Counsel*

10 MICHAEL A. CARDOZO
   Corporation Counsel of the City of New York
11 Carolyn Wolpert
   100 Church Street
12 New York, NY 10007
   Telephone: 212-788-0748
13 *Attorneys for the New York City Pension Funds*

14                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
15                      SAN JOSE DIVISION

16 ┌──────────────────────────────┐ No. C06-04327-JW (PVT)
17 │                              │ **MEMORANDUM OF LAW IN SUPPORT OF**
   │                              │ **LEAD PLAINTIFF'S OBJECTIONS TO**
18 │                              │ **MAGISTRATE JUDGE TRUMBULL'S**
   │                              │ **ORDER GRANTING ERNST & YOUNG**
19 │ IN RE JUNIPER NETWORKS, INC. │ **LLP'S MOTION FOR PROTECTIVE ORDER**
   │ SECURITIES LITIGATION        │ **WITHOUT PREJUDICE TO LEAD**
20 │                              │ **PLAINTIFF MOVING FOR RELIEF FROM**
   │                              │ **THE DISCOVERY CUTOFF AND, IN THE**
21 │                              │ **ALTERNATIVE, ITS MOTION FOR AN**
   │                              │ **EXTENSION OF MERITS DISCOVERY**
22 │                              │
23 │                              │ Date:
   │                              │ Time:
24 │                              │ BEFORE:     Hon. James Ware
25 │                              │
26 └──────────────────────────────┘

27 MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S OBJECTIONS TO
   MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG LLP'S MOTION
28 FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF MOVING FOR
   RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS MOTION FOR
   AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)
   {1964 / BRF / 00100843.DOC v1}

1    Lead Plaintiff the New York City Pension Funds hereby submits this memorandum of law

2  in support of its objections to the March 8, 2010 Order of Magistrate Judge Patricia V. Trumbull

3  Granting Defendant Ernst & Young, LLP's ("EY") Motion for Protective Order Without Prejudice

4  To Lead Plaintiff Moving For Relief From the Discovery Cutoff (the "March 8 Order"). In the

5  alternative, pursuant to Magistrate Judge Trumbull's Order and direction, this memorandum is

6  submitted in support of Lead Plaintiff's motion for relief from the merits discovery cutoff for the

7  purpose of completing the noticed depositions of certain witnesses.

8
## I.    STANDARD OF REVIEW
9
10    Rule 72(a) of the Federal Rules of Civil Procedure provides that the district court shall

11  consider timely objections and modify or set aside any part of the order that is clearly erroneous or

12  is contrary to law.

13
## II.    PRELIMINARY STATEMENT
14
    Throughout this litigation, Magistrate Judge Trumbull has taken an active and effective
15
  role in managing the discovery process and has efficiently resolved numerous discovery disputes.[1]
16
17  On December 18, 2009, Magistrate Judge Trumbull granted Lead Plaintiff's application to take

18  additional depositions beyond the 30 originally allowed under the Discovery Plan dated November

19  17, 2008. Dkt. No. 476. The Court permitted Lead Plaintiff 28 additional deposition hours, to be

20  allocated among no more than 8 additional witnesses. *Id.* However, more and more discovery

21  disputes arose during the numerous depositions taken as the December 1 discovery cutoff

22  approached, and the confluence of events pushed briefing and argument of several of those

23

24  ---
[1] *See e.g.,* Order granting Defendants' motion to compel interrogatory responses (Dkt. No. 241); Order
25  granting Lead Plaintiffs' motion to compel the production of restatement communications (Dkt. No. 368);
    Order regarding allocation of time along the parties for deposition questioning (Dkt. No. 374); Order
26  granting Lead Plaintiff additional time for the deposition of Scott Kriens (Dkt. No. 371); and Order denying
    EY's motion for a protective order re 30(b)(6) deposition (Dkt. No. 367).

27  {1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                    -1-
    OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
28  LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
    MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
    MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

motions past December 1.  In fact, four important discovery motions are still pending, including a

motion for reconsideration of certain rulings on privilege, a motion for sanctions against EY for

the unanticipated late production of 679,000 pages of documents, a motion to compel third party

document production, and motions to compel additional deposition time.  As explained more fully

below, while Magistrate Judge Trumbull granted Lead Plaintiff additional time to take

depositions, several depositions could not be completed until the outstanding motions are

resolved.  For example, under submission is the discovery dispute regarding the assertion of work

product protection and attorney client privilege over the entire universe of audit committee

investigation documents, about which Lead Plaintiff would closely question the remaining

witnesses.  As such, the pendency of these motions prompted Juniper and Lead Plaintiff to defer

several depositions by stipulation and Order (Dkt. No. 474).  Lead Plaintiff and EY also agreed

informally to defer certain depositions of EY witnesses until after December 1 and the resolution

of those motions.

　　　　However, when EY filed a motion objecting to the use of that additional deposition time

granted to Lead Plaintiff in the December 18 Order to depose EY witnesses, Magistrate Judge

Trumbull, perhaps feeling constrained from issuing any further orders directing discovery without

guidance formal guidance regarding an extension of the discovery cutoff from this Court, declined

to address the issue of allocation and instead granted EY's motion for a protective order solely on

the timing of the notices issued by Lead Plaintiff and observing that discovery is "closed."  Dkt.

No. 572.  Magistrate Judge Trumbull expressly ruled without prejudice to Lead Plaintiff to seek

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S          -2-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

1   further relief from this Court regarding the December 1 discovery cutoff. *See Id.*[2]   Indeed, her

2   Order can be fairly read to encourage the relief sought herein so that she can permit the noticed

3   depositions (and other granted deposition discovery) to go forward.

4        Therefore, Lead Plaintiff alternatively moves the Court for an Order amending the

5   November 20, 2008 Discovery Plan  to extend merits discovery to (1) allow the depositions of

6   certain witnesses as previously agreed between the parties and as Ordered by Magistrate Judge

7   Trumbull on December 18, 2009 (Dkt. No. 476) and (2) obtain discovery pursuant to the pending

8

9   discovery motions.  There have been no previous extensions of the discovery cutoff and such an

10  order would cause no undue prejudice or burden on Defendant EY.  Instead, such relief would

11  effectuate EY's previous agreements with Lead Plaintiff to have its witnesses deposed after the

12  cutoff and after January 31.  Moreover, as described more fully below, the requested relief of more

13  time to take depositions of EY witnesses is warranted by circumstances and events which were

14

15  beyond Lead Plaintiff's control and which, despite its best efforts, precluded Lead Plaintiff from

16  completing those depositions prior to January 31, 2010.

17       The requested relief is necessary for Lead Plaintiff to depose several key EY witnesses,

18  including those most likely to have knowledge regarding EY's decision to allow Juniper to

19  incorporate its 2003 financials into the Registration Statement for Juniper's merger with

20  Netscreen, the transaction that forms the basis for the $100 million claim of the Class under

21

22

23  [2]   Lead Plaintiff had requested an extension of the discovery cutoff in two case management statements which were filed in anticipation of case management conferences.  Those conferences were cancelled by the Court. *See e.g.,* Dkt. No. 583.  In retrospect, Lead Plaintiff wishes it had obtained a formal extension of the discovery cutoff.  However, the parties' agreements and the Magistrate's active oversight and rulings created ambiguity regarding the issue, and all of the parties continued to bring all discovery matters before Magistrate Judge Trumbull and to assume that any discovery permitted by the Magistrate could go forward.  Lead Plaintiff diligently sought to comply with all discovery deadlines and obligations and asks the Court to protect the interest of the absent class members and not hold any procedural missteps that may have occurred to affect the prosecution of the claims of the Class against EY.

24

25

26

27

28

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                    -3-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

Section 11 of the Securities Act of 1933. Lead Plaintiff also seeks deposition discovery regarding an important document which was produced by EY less than one month before the December 1 discovery cutoff and buried within 679,000 pages of documents, and which contains a pivotal admission by EY regarding deficiencies in the documentation of its audit work on stock option grants in 2003.

In addition, Lead Plaintiff objects to the March 8 Order declaring merits discovery to be closed for the following reasons: 1) it goes beyond the scope of the relief requested by EY; 2) ignores the agreements reached between Lead Plaintiff and EY regarding the taking of certain depositions after the discovery cut-off and after January 31; 3) fails to account for the pendency of several discovery motions, the outcome of which will greatly impact the selection of witnesses and the scope of examination, and which necessarily precluded Lead Plaintiff from completing merits discovery; and 4) fails to safeguard the interests of the absent class members whose rights should not be compromised lightly.

## III.    FACTUAL BACKGROUND[3]

### The Pending Discovery Motions

On November 20, 2008, this Court entered a stipulated discovery plan providing Lead Plaintiff thirty depositions in the action *In re Juniper Securities Litigation* (the "Juniper Action" or "this Action"), to which EY is a defendant party, and provided that fact discovery would close on December 1, 2009. Dkt. No. 179.

Due to the complex nature of the multiple allegations and causes of action against both Juniper and EY stemming from conduct over a six year period -- involving numerous quarterly

---

[3] Although the papers submitted in support of the underlying motion contain recitations of fact, for the Court's convenience, Lead Plaintiff has provided a full recitation of all facts relevant to its objections and motion herein.

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                -4-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

and annual financial reports, press releases, and committees involved in the backdating itself, and at least two different audit teams and three different audit partners -- Lead Plaintiff moved to amend the initial Discovery Plan to take an additional 15 witnesses. Dkt. No. 337. In its September 2009 briefing, Lead Plaintiff stated that, in addition to the thirty depositions provided for in the initial discovery plan, it intended to take at least "an additional 5 depositions of EY personnel." *Id.* at 9. Lead Plaintiff then proceeded to identify potential EY witnesses it then considered necessary to question, including Michael Clark, a partner and Director of Professional Practice. *Id.*, Ex. 3. Both Juniper and EY opposed Lead Plaintiff's motion to amend the discovery plan to add depositions. Dkt. Nos. 377-78.

On November 2, 2009, Magistrate Judge Trumbull issued an interim Order stating that the Court was "inclined to amend the November 17, 2008 Stipulated Discovery Plan to cover the number of depositions and/or deposition hours allotted to the parties in both the Juniper Action and the Berry Action." Dkt. No. 409, Ex. 2. Magistrate Judge Trumbull ordered the parties to meet and confer regarding a reasonable amount of additional deposition time. *Id.* Notably, at no time did the Magistrate indicate that her ruling would be contingent upon Lead Plaintiff seeking a formal extension of the fact discovery cutoff with this Court. *See Id.* Lead Plaintiff submitted a supplemental brief on November 10, 2009 proposing an additional 140 deposition hours, 42 of which (or six depositions) would be allocated to EY witnesses. Dkt. No. 424. EY filed a joint proposal with Juniper proposing that Lead Plaintiff be granted an additional 4 depositions in the Juniper Action. Dkt. No. 426.

During this same period of time, on November 3, 2009, EY unexpectedly produced to Lead Plaintiff more than 679,000 additional pages of documents. As a result of this late production of documents, Lead Plaintiff was forced to postpone already scheduled depositions of

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT) -5-

1    EY witnesses.  Notably, this belated production came right after EY's belated admission at the end

2    of August 2009 that it had "lost" most of its workpapers from its audit of Juniper's 2000 year-end

3    financials and several highly relevant portions of its workpapers from its audit of Juniper's 1999

4    year-end financials.  Dkt. No. 325.  Lead Plaintiff then successfully moved to compel a deposition

5    under Fed. R. Civ. P. 30(b)(6) regarding the circumstances of the lost workpapers.  Dkt. No. 329.

6
     During the subsequently Ordered deposition, EY claimed that it discovered the loss of <u>two</u>
7
     database copies of the workpapers in May 2006 and can only determine that the workpapers were
8
     lost sometime between 2002 and 2006.  *See* Declaration of David Harrison dated March 22, 2010
9
10   ("Harrison Decl.") submitted herewith, at ¶ 2, Ex. A.

11          EY's unreasonably delayed production of such a substantial amount of documents is the

12   subject of Lead Plaintiff's pending motion for sanctions against EY.  Dkt. No. 427.  Notably,

13   throughout its opposition papers, EY repeatedly argued that Lead Plaintiff could not demonstrate

14
     prejudice from the late production of documents because of EY's agreements to allow Lead
15
     Plaintiff to take the depositions it needed after December 1, 2009, and to agree to an extension of
16
17   the deadline.  *See* Dkt. No. 481 (Opposition brief at pgs 6 ("*EY has agreed to produce several of*

18   *its witnesses after the December 1, 2009 discovery cut-off.*"), 10 ("[B]oth EY and Juniper have

19   already agreed to allow Plaintiffs to depose both current and former personnel after the December

20   1 cutoff."), and 12 ("*Plaintiffs will have ample opportunity to question witnesses about the*

21   *documents in EY's November production*" because of the agreement to take depositions after the
22
     discovery cutoff.)); Dkt. No. 481-1 (Affidavit of Andrew M. Farthing at ¶ 19 (During meet and
23
     confer, EY agreed not to oppose extension of discovery deadline)).  EY continued to make such
24
25   assurances even after January 31, 2010.  *See* Harrison Decl. at ¶ 3, Ex. B at 75:20-25.

26

27   {1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                    -6-
     OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
28   LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
     MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
     MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

1   Also, in November 2009, multiple motions were made regarding Juniper and EY's

2   invocations of attorney work product and attorney client privileges relating to Juniper's Audit

3   Committee Investigation and refusals to answer deposition questions regarding same. *See e.g.*,

4   Dkt. No. 458. On December 9, 2009. Magistrate Judge Trumbull issued an Order in which she

5   held that no work product protection applied (the "December 9 Order"). Defendants moved for

6   reconsideration of that Order and their motion remains pending. *See* Dkt. Nos. 458, 477, 489, and

7
    537. As a result of the motion for reconsideration, Lead Plaintiff and Juniper agreed to adjourn
8
    the depositions of seven Juniper witnesses whose questioning could be impacted by the final
9
10  determination of that motion. *See* Dkt. No. 474 at ¶ 3.  On December 18, 2009, Magistrate Judge

11  Trumbull signed and so Ordered the stipulation between Juniper and Lead Plaintiff which

12  permitted Lead Plaintiff additional time beyond the December 1, 2009 discovery deadline to

13  depose certain Juniper witnesses, "plus any Additional Deposition granted to Lead Plaintiff…"

14
    Dkt. No. 474.
15
        Despite the fact that Lead Plaintiff and EY did not submit a similar joint stipulation
16
17  regarding the deposition of EY witnesses after the December 1 cutoff, EY consistently indicated

18  that it was bound by the extension when it proposed dates in December 2009 and January 2010 for

19  four of its witnesses, and on January 27, 2010 when it offered to have one of its witnesses deposed

20  on February 22, 2010. Dkt. No. 570, Ex. 13. In the meantime, Lead Plaintiff took the depositions

21  of six EY witnesses not implicated by the Court's December 9 Order. *See* Dkt. No. 584.

22
        During this same period, Lead Plaintiff also filed several other discovery motions which
23
24  also remain pending, including a motion to compel deposition answers from Juniper Defendant

25  William Hearst (which involves similar privilege issues as those addressed in the December 9

26  Order) (Dkt. Nos. 449, 465, and 466); a motion to compel the production of documents from

27

Defendant Lisa Berry and third-party KLA Corp. (Dkt. Nos. 442 and 443); and a motion for additional deposition time for Juniper witnesses Leilani Eames and Scott Kriens (Dkt. No. 441). The motions regarding the Hearst deposition and the KLA documents are fully submitted and awaiting Magistrate Judge Trumbull's ruling. During oral argument on February 9, 2010 for the motion regarding the Eames and Kriens depositions, EY never argued that the continuation of those depositions was precluded by the close of discovery. *See* Dkt. No. 537. At the close of that hearing, Magistrate Judge Trumbull indicated the Court was granting the motion and would be issuing an Order addressing time and scope limitations for those depositions. *See Id.; see also* Harrison Decl. at ¶ 3, Ex. B, at 79:7 ("So let's talk about Kriens and Eames . . . I'm granting that. So let's just figure out when and how much."), 80:23-25 ("I will issue an order granting this and then I will do it in writing.") The issuance of the Order is still pending. Magistrate Judge Trumbull also reserved decision on the motion to compel against KLA and Berry and that motion remains pending as well. *See Id.* at 24:16-17.

### The December 18 Order Granting More Depositions

The Court issued a further Order on December 18, 2009 granting in part Lead Plaintiff's motion for additional depositions, providing for "up to an additional 28 hours of depositions in the Juniper Action, provided that the total number of such additional depositions does not exceed eight." Dkt. No. 476, Ex. 5. Pursuant to that order, on December 23, 2009, Lead Plaintiffs identified three additional EY witnesses (Jeff Fong, Robert Browne, and Chris Richardson) they wished to depose. EY agreed to produce those witnesses for deposition. Dkt. No. 564 at 5. To date, Lead Plaintiff has conducted 28 of the originally granted 30 depositions, including six EY

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

-8-

witnesses,[4] and has noticed the remaining two to be allocated among EY witnesses Jeff Fong and Robert Browne.[5]

While discovery continued, counsel for Lead Plaintiff and the Juniper Defendants negotiated the contours of a second mediation.[6]   Following mediation sessions conducted on February 4-5, 2010, Lead Plaintiff and the Juniper Defendants agreed to a settlement.  At the discovery hearing held on February 9, 2010, Lead Plaintiff advised the Court of the proposed settlement with the Juniper Defendants and indicated that it intended to proceed with its Section 11 claims against EY and conduct fact discovery through the deposition of several EY and Juniper witnesses.  The Court ordered the parties to meet and confer regarding the remaining discovery.

During a meet and confer on these issues on February 11, 2010, Counsel for Lead Plaintiff informed EY that it intended to take the depositions of Robert Browne and Jeff Fong, who had been previously noticed, and to notice the depositions of Mike Flint, Michael Clark, Emily Mau, and two 30(b)(6) witnesses (which were to replace the previously noticed deposition of Chris

---

[4]   These witnesses included one corporate 30(b)(6) designated witness regarding EY's missing audit work papers for the 1999 and 2000 audit work years, Andrew Cotton, Lisa Schwartz, Brad Feller (audit years 1999-2002), Amanda Powell, and Sam Lazarakis (audit years 2003-2006).

[5]   Lead Plaintiff initially requested a date for Mr. Browne's deposition eight months ago in August 2009. EY never offered any date on which to conduct Mr. Browne's deposition, contending vaguely that he is in ill health. Lead Plaintiff informed EY that it would make every effort to accommodate any special needs of the witness but wished to proceed with the deposition. EY made no response and never sought a protective order. *See* Dkt. No. 570, Ex. 19. EY has now suggested Mike Flint as a replacement for Browne if depositions are allowed to proceed. Dkt No. 584-1.

[6]   Lead Plaintiff did not adjourn depositions in light of pending settlement discussions. Absent the depositions affected by the pending motion for reconsideration of the December 9 Order, Lead Plaintiff intended to move forward with discovery. In fact, Lead Plaintiff was prepared to conduct a 30(b)(6) deposition of a Juniper designated witness just a few days after the mediations. *See* Dkt. No. 570, Ex. 16.

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)                -9-

1    protective order regarding the depositions of Fong and Browne (*id.*), and has indicated it would

2    produce these deponents but for the March 8 Order.  Dkt. No. 584 at ¶ 2, Ex. A.

3        Despite the pendency of (1) the motion for reconsideration of the December 9 Order

4    regarding privilege, (2) several other discovery motions and (3) the impending ruling granting

5    Lead Plaintiff's motion to recall two Juniper witnesses, Magistrate Judge Trumbull stated in her

6    March 8 Order granting EY's motion for a protective order that, "discovery is closed" in this

7    litigation subject to Lead Plaintiff seeking relief from this Court extending the discovery cutoff.

8
9    Dkt. No. 572.  The parties have met and conferred and disagree on what discovery, if any, is now

10   permitted in light of the Court's March 8 Order.  EY has informed Lead Plaintiff that it is willing

11   to produce for deposition the two witnesses for whom no protective order was sought but took the

12   position that it is prohibited from moving forward with those depositions because of the March 8

13   Order.  Dkt. No. 584 at ¶ 2, Ex. A.[8]

14
     **IV.  ARGUMENT**
15
         **A.**    **The Magistrate Judge Erred By**
16               **Declaring Merits Discovery To Be Closed**
                 **While Discovery Motions Are Pending**
17
18       In its motion for a protective order, Defendant EY did not argue that all merits discovery

19   was precluded after January 31, 2010, nor did it ever seek relief from its prior obligation to

20   produce two EY witnesses whose depositions had been previously noticed.[9]  Rather, EY's only

21

22

23
     ---
24   [8]  Nonetheless, EY offered to proffer those witnesses pursuant to a stipulation and order if Lead Plaintiff
     agreed not to seek reconsideration of or object to the March 8 Order.  *Id.*
25
     [9]  Indeed, the fact that EY did not believe it could be relieved of all obligations to engage in discovery
26   after January 31, 2010 is further demonstrated by its offer to have one of those witnesses deposed on
     February 22, 2010.
27
     {1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                    -11-
28   OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
     LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
     MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
     MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

Richardson)[7]  *Id.* at ¶12.  Lead Plaintiff indicated that, if any portion of the 28 hours remained

after those depositions, it may conduct two additional depositions (a 30(b)(6) witness and a

witness only EY could identify based upon unattributed handwriting).  *Id.*, Ex. 16.  EY stated it

had no objection to either the Fong or Browne depositions, subject to Browne's availability due to

illness.  *Id.*  EY ended the meet and confer by informing Lead Plaintiff that it would identify the

unknown witness, provide further detail regarding Mr. Browne's failing health, and respond to an

offer by Lead Plaintiffs to depose EY witness Ginnie Carlier instead of Mr. Browne.  However,

EY never furnished the promised information, despite repeated requests made subsequent to the

meet and confer.  *See* Dkt. No. 570, Ex. 19.

Accordingly, on February 17, 2010, Lead Plaintiff served on EY notices of deposition and

subpoenas for five EY witnesses – Michael Flint, Michael Clark, Emily Mau, and two 30(b)(6)

designees – totaling 21 of the additional 28 hours to which Lead Plaintiff was entitled under the

December 18 Order.

Despite EY's agreements with Lead Plaintiff that it would produce its witnesses after the

discovery cutoff, its repeated assurances regarding those agreements in its court filings (*see supra*

at 5-6), and its offers to produce certain witnesses after January 31, EY filed a motion for a

protective order on March 1, 2010 seeking to stop Lead Plaintiff from taking the five additional

depositions noticed on February 17, claiming that Lead Plaintiff could not allocate or notice

additional EY depositions after January 31, 2010. Dkt. No. 564.  Notably, EY did <u>not</u> seek a

---

[7]  Mr. Richardson's deposition was delayed first by EY's late production of documents relating to Juniper's restatement and then by the pendency of the motions to reconsider the Court's Order of December 9, 2010 regarding the Audit Committee privilege and work product issues, which substantially impacts the scope and substance of Mr. Richardson's testimony. *See* Dkt. No. 570, Ex. 12.

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                    -10-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

objection was to five additional depositions noticed or subpoenaed after January 31.[10]   Dkt. No.

564.  However, the March 8 Order goes well beyond the relief requested by EY and summarily

declared that all merits discovery in this litigation is closed (subject to obtaining relief from the

cutoff from this Court) when various discovery motions are still pending.  This result unfairly

prejudices the interests of the Class because a great deal of that discovery is needed by Lead

Plaintiff in further support of the Section 11 claims against EY.

Throughout December 2009 and January 2010, there were (and still are) several pending

discovery motions for which the final disposition will have a very significant impact on the scope

of the questions to be asked at the depositions of several witnesses.  First, Juniper moved for

reconsideration of the December 9 Order, which found no work product protection for Juniper's

investigation of its stock option granting practices and compelled defendants to answer questions

regarding same.  Dkt. No. 477.  Another motion regarding a similar dispute which arose during the

deposition of William Hearst is also fully briefed and pending.  Dkt. No. 465.

In light of the pending discovery rulings, the parties agreed that it made no sense to move

forward with the depositions of witnesses for whom most of Lead Plaintiff's questions would

involve their work on the investigation.  The Defendants represented that, until such time as there

was a final resolution of the privilege issues from the Court, they would continue to direct such

witnesses not to answer questions which Defendants deemed to be seeking privileged information.

If the parties had gone forward with such depositions, there was a substantial risk that these

---

[10]  EY also argued that Lead Plaintiff could not choose to shift the use of the eight additional depositions
granted by the December 18 Order from Juniper witnesses to EY witnesses just because Lead Plaintiff has
now reached a settlement with the Juniper parties. The March 8 Order does not address this issue. Dkt. No.
572  However, as explained more fully in its papers in opposition to the motion for protective order, Lead
Plaintiff had previously notified EY that it wished to take additional EY witnesses and EY submitted
papers in opposition to the motion for additional deposition time. See Dkt. No. 569, at 5-6. Moreover,
there is nothing in the Court's December 18 Order which places any limitation on how Lead Plaintiff could
allocate the additional deposition time. See Dkt. No. 476.

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S          -12-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

1    witnesses would have to be recalled to answer additional questions if the final determination of the

2    privilege issues was decided in Lead Plaintiffs favor.   The result would be additional costs and

3    burden on all concerned.

4         Second, Lead Plaintiffs sought additional time to complete the depositions of two

5    important witnesses, Leilani Eames and Scott Kriens.  Oral argument on that motion did not occur

6    until February 9, 2010, more than a week past January 31.  At the hearing, none of the parties

7    argued that discovery was closed or that no further depositions could be taken.  After oral

8    argument on the issue, Magistrate Judge Trumbull stated that she was granting Lead Plaintiff's

9    motion to recall those two witnesses and stated that she would issue an order regarding the amount

10   of time that would be permitted and any limitations on scope.   No order has as yet been issued

11   and therefore, the continuing deposition of those witnesses remains unscheduled.

12        Third, Lead Plaintiff's motion to compel the production of documents from Lisa Berry and

13   third party KLA Corp. was also argued at the February 9, 2010 hearing and taken under

14   submission by Magistrate Judge Trumbull.  Again, none of parties or third parties at the hearing

15   argued that discovery was closed and no further discovery could be had (although defense counsel

16   did argue that the issue was mooted by the settlement between Lead Plaintiff and Juniper).  Dkt.

17   No. 537. And finally, the motion for sanctions against EY regarding its discovery abuses may

18   result in the additional discovery being granted.

19        Moreover, as it admits in several of its Court filings, EY never considered merits discovery

20   to be closed as of either December 1, 2009 or January 31, 2010.  This is demonstrated by its

21   numerous agreements with Lead Plaintiff to postpone the depositions of certain witnesses and its

22   requests to schedule other witnesses well into February and March of 2010.

{1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                    -13-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

1  Thus the March 8 Order was erroneous in arguably prohibiting the depositions which all

2  parties have agreed would go forward (once there is a ruling on the pending motions for

3  reconsideration and to compel certain testimony and documents), and the additional depositions of

4  Kriens and Eames which Magistrate Judge Trumbull already granted to Lead Plaintiff (but which

5  await the promised order as to time and scope limitations).

6  **B. Extension of The Discovery Cutoff is Necessary and Appropriate.**

7  In the alternative, and as contemplated by the March 8 Order, Lead Plaintiff moves the

8
9  Court for an Order extending the discovery cutoff to complete merits discovery already agreed to

10  by the defendants and ordered by Magistrate Judge Trumbull. As demonstrated above, despite its

11  best efforts, circumstances beyond Lead Plaintiff's control prevented the completion of certain

12  depositions before January 31, 2009, including the fact that several pending discovery motions are

13  still unresolved by Magistrate Judge Trumbull (described *supra*).

14  The ability of Lead Plaintiff to complete discovery regarding EY was also affected by the

15
16  egregiously belated and unexpected production of 679,000 pages of documents by EY less than a

17  month before the December 1 discovery cutoff and well after deposition discovery had

18  commenced. EY's misconduct with regard to this production (and with regard to missing audit

19  workpapers) is the subject of another pending motion, for sanctions, against EY. Part of the relief

20  requested in that motion is an Order compelling EY to produce additional witnesses for

21  deposition. *See* Dkt. No. 583. That motion is not yet fully briefed as Magistrate Judge Trumbull

22  recently Ordered the parties to submit supplemental briefing on the issue. Dkt. No. 573.

23
24  That delayed production takes on additional significance due to the inclusion therein of at

25  least one very crucial two page document -- which contains an admission that EY's 2003 audit

26  work regarding Juniper's granting of stock options was deficient. *See* Dkt. No. 533, Ex. 3. The

27  {1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S                -14-
28  OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
   LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
   MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
   MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

1  document contains handwritten notes between two EY employees in which they discuss the

2  procedures used during that audit and the documentation of that audit work.  In the document,

3  there is an admission by EY's own employees that the documentation of the procedures used to

4  check the grant date and price of Juniper's stock options is "not the best" and that reconciliation of

5  options to board of director minutes was only done by type of grant.  *Id.*[11]

6

7      As explained more fully in Lead Plaintiff's submissions on the motion for sanctions, these

8  admissions go to the heart of EY's due diligence defense on Lead Plaintiff's Section 11 claims and

9  the discovery Lead Plaintiff has been seeking from additional Juniper and EY witnesses.  *See* Dkt.

10  No. 583.  This document was allegedly created during EY's work on the restatement of Juniper's

11  financials.  The entire purpose of that work was to determine whether options had been properly

12  accounted for and expensed.  Therefore, any deficiency in the 2003 audit work or documentation

13  found by EY during the restatement engagement is directly probative and determinative of the

14  quality of that prior audit.  Therefore, this handwritten document would play a pivotal role in the

15  remaining depositions sought by Lead Plaintiff and would likely lead to crucial testimony

16  regarding EY's audit work and due diligence defense.  However, the March 8 Order precludes

17  Lead Plaintiff from discovery to determine the identity of the individuals who created the

18  document and explore their concerns about the audit work in question.  Therefore, an extension of

19  merits discovery is also necessary to complete this discovery.

20

21

22

23

24  [11]  Arguably, the deposition of the EY witness who authored this document would lead to additional
25  discovery regarding the missing workpapers for the year-end 1999 and 2000 audits.  The deposition of this
witness is made all the more necessary by the unavailability of EY witness Ginnie Carlier, who now lives
26  in Abu Dhabi, and who, according to EY, is the only other witness who can address the contents of those
missing workpapers and the circumstances surrounding their "loss."

27  {1964 / BRF / 00100843.DOC v1}MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S          -15-
OBJECTIONS TO MAGISRATE JUDGE TRUMBULL'S ORDERGRANTING ERNST & YOUNG
28  LLP'S MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE TO LEAD PLAINTIFF
MOVING FOR RELIEF FROM THE DISCOVERY CUTOFF AND, IN THE ALTERNATIVE, ITS
MOTION FOR AN EXTENSION OF MERITS DISCOVERY– CASE NO. 06-04327-JW (PVT)

## V.    CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully objects to the March 8, 2010 Order granting EY's motion for a protective order and, in the alternative, asks the Court to grant its motion to have merits discovery in this litigation extended to (1) allow the depositions of certain witnesses as previously agreed between the parties and as Ordered by Magistrate Judge Trumbull on December 18, 2009 (Dkt. No. 476) and (2) obtain discovery pursuant to the pending discovery motions.

Dated: March 22, 2010

Respectfully Submitted,

LOWEY DANNENBERG COHEN & HART, P.C.

/S/
BARBARA J. HART
DAVID C. HARRISON
JEANNE D'ESPOSITO
One North Broadway, 5th Floor
White Plains, NY 10601-2310
914-733-7228 (telephone)
914-997-0035 (facsimile)

*Counsel for Lead Plaintiff*

WILLEM F. JONCKHEER
SCHUBERT JONCKHEER KOLBE
    & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
415-788-4220 (telephone)
415-788-0161 (facsimile)

*Local Counsel*