IT IS SO ORDERED

*[signature]*

Judge James Ware

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW (PVT) |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., | No. C08-0246-JW (PVT) |
| Lead Plaintiff, | |
| v. | |
| LISA C. BERRY, | |
| Defendant. | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1    WHEREAS, two unconsolidated class actions are currently pending before the court

2 entitled *In re Juniper Networks, Inc. Securities Litigation*, Case No. C 06-04327 (the "Juniper

3 Action"), and *New York City Employees' Retirement System, et al., v. Lisa C. Berry*, Case No.

4 C 08-0426 (the "Berry Action") (collectively the "Actions").

5    WHEREAS, the Court has received the Stipulation of Settlement dated as of March 15,

6 2010 (the "Stipulation") that was entered into by the Lead Plaintiff and Defendants in the

7 Actions, and the Court has reviewed the Stipulation and its attached Exhibits; and

8    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

9 Procedure 23(e), for an order preliminarily approving the partial settlement of these Actions (the

10 "Settlement"), in accordance with the Stipulation which, together with the Exhibits annexed

11 thereto, sets forth the terms and conditions for a proposed settlement of the Actions and for

12 dismissal with prejudice of the Juniper Action against the Defendants and the Berry Action

13 against Berry upon the terms and conditions set forth therein; and the Court having read and

14 considered the Stipulation and the Exhibits annexed thereto; and

15    WHEREAS, all capitalized terms contained herein shall have the same meanings as set

16 forth in the Stipulation;

17    NOW, upon consent of the Parties, after review and consideration of the Stipulation filed

18 with the Court and the Exhibits annexed thereto, and after due deliberation, IT IS HEREBY

19 ORDERED:

20    1.    The Berry Action is certified for purposes of the Settlement only as a class action

21 pursuant to Rules 23(a) and 23(b)(3), Fed. R. Civ. P., on behalf of the following class:

22

23    All persons and entities who purchased or otherwise acquired the
      publicly traded securities of Juniper Networks, Inc. from July 11,
      2003 through August 10, 2006, inclusive, and who did not sell such
24    acquired securities before May 18, 2006, and were damaged,
      including (a) those who received or acquired Juniper common stock
25    issued pursuant to a registration statement on SEC Form S-4, dated
      March 10, 2004, for the Company's merger with NetScreen
26    Technologies, Inc.; and (b) purchasers of Zero Coupon Convertible
      Senior Notes due June 15, 2008 issued pursuant to a registration
27    statement on SEC Form S-3, dated November 20, 2003.  Excluded
      from the Class are the Defendants and the current and former

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1

officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person.

2.      For purposes of the Settlement only, Lead Plaintiff is appointed as class representatives of such class.

3.      The Court has determined for purposes of the Settlement only that (a) the class in the Berry Action is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the class; and (d) Lead Plaintiff will fairly and adequately protect the interests of the class.  The Court further finds, for purposes of Settlement only, that the questions of law or fact common to class members in the Berry Action predominate over any questions affecting individual class members, including but not limited to whether Ms. Berry made any false or misleading statements with scienter in connection with the purchase or sale of Juniper's securities.  The Court also finds, for purpose of the Settlement only, that a class action is superior to other available methods for the fair and efficient adjudication of the Berry Action.

4.      The Court previously certified the Juniper Action as a class action with the same class definition as that set forth in paragraph 1 above.  For purposes of this Settlement only, the Court, pursuant to Rule 42(a), Fed. R. Civ. P., consolidates the Berry Action with the Juniper Action, as a single class action on behalf of the class of persons set forth in paragraph 1above.

5.      The Court preliminarily approves the Stipulation and the Settlement set forth therein, and the Proposed Plan of Allocation described in the Notice, subject to further consideration at the Fairness Hearing described below.

6.      A hearing (the "Fairness Hearing") shall be held before this Court on August 30, 2010, at 9 a.m., at the United States Courthouse – 4th Floor, Courtroom 8, 280 South 1st Street, San Jose, California, to determine whether the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiff's Lead Counsel.  The Court may

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

2

1  adjourn the Fairness Hearing without further notice of Class Members.

2      7.     The Court approves, as to form and content, the Notice of Class Action Certification

3  and Proposed Partial Settlement (the "Notice"), the Proof of Claim and Release form (the "Proof

4  of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto

5  and finds that the mailing and distribution of the Notice and publishing of the Summary Notice

6  substantially in the manner and form set forth in ¶¶ 8(b) and 8(c) of this Order meet the

7  requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice

8  practicable under the circumstances and shall constitute due and sufficient notice to all Persons

9  entitled thereto.

10     8.     Lead Counsel is hereby authorized to retain the firm of Rust Consulting, Inc. as

11  Settlement Administrator, and to supervise and administer the notice procedure as well as the

12  processing of claims  as more fully set forth below:

13         (a)     The Settlement Administrator shall make reasonable efforts to identify all

14  Persons who are Members of the Class, including beneficial owners whose shares of Juniper

15  securities are held by banks, brokerage firms, or other nominees.  Beginning on March 19, 2010,

16  Juniper Networks, Inc. has provided to Lead Plaintiff information available from Juniper's

17  transfer agent, Wells Fargo Shareowner Services, including record shareholder lists and other

18  records as appropriate for providing the Notice to the persons and entities who can be identified

19  through reasonable efforts from the records of Juniper.

20         (b)     On or before May 11, 2010, (the "Notice Date"), the Claims Administrator

21  shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as

22  Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Class Members who can be

23  identified with reasonable effort;

24         (c)     On or before May 31, 2010, Lead Counsel shall cause the Summary Notice

25  to be published once in the national edition of *The Wall Street Journal* and the *San Jose Mercury*

26  *News*; and

27         (d)     On or before August 20, 2010, Lead Counsel shall cause to be served on

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

3

{1964 / ORD / 00100748.DOC v3}

1    Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing

2    and publishing.

3        9.    Nominees who purchased publicly traded securities of Juniper Networks, Inc. for

4    the beneficial ownership of Class Members shall send the Notice and the Proof of Claim to all

5    beneficial owners of such publicly traded Juniper securities within ten (10) days after receipt

6    thereof, or send a list of the names and addresses of such beneficial owners to the Claims

7    Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator

8    shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Such nominees

9    shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of

10   proper documentation, for the reasonable out-of-pocket expenses of providing notice to beneficial

11   owners who are Class Members, which expenses would not have been incurred except for the

12   sending of such Notice, subject to further order of this Court with respect to any dispute

13   concerning such compensation.

14       10.   All reasonable expenses incurred in identifying and notifying Class Members, as

15   well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the

16   event the Settlement is not approved by the Court, or otherwise fails to become effective, Lead

17   Plaintiff, Lead Counsel, and the Class shall not be responsible for any expenses validly disbursed

18   or reimbursed in accordance with this Stipulation from the Settlement Fund, pursuant to ¶¶ 9 and

19   11 of the Stipulation and ¶¶ 8-9 of this Order.

20       11.   All Class Members shall be bound by all determinations and judgments in the

21   Actions concerning the Settlement, whether favorable or unfavorable to the Class.

22       12.   Class Members who do not timely and validly effect their exclusion from the Class

23   and who wish to submit a claim for recovery from the Settlement Fund shall complete and submit

24   timely, valid Proof of Claim forms to the Claims Administrator at the Post Office Box indicated

25   in the Notice, postmarked not later than September 10, 2010.  Such deadline may be further

26   extended by Court order.  Provided that they are actually received no later than thirty (30) days

27   after September 10, 2010, Proofs of Claim shall be deemed to have been submitted when posted,

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

4

1    if received with a postmark indicated on the envelope and if mailed by first-class, registered, or

2    certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof

3    of Claim.  All other Proofs of Claim shall be deemed to have been submitted when actually

4    received by the Claims Administrator.  To be valid, a Proof of Claim must (a) be completed in a

5    manner that permits the Claims Administrator to determine the eligibility of the claim as set forth

6    in the Proof of Claim; (b) include the release by the claimant of all Released Parties as set forth in

7    the Stipulation; and (c) be signed with an affirmation that the information is true and correct.  All

8    Members of the Class who do not submit valid and timely Proofs of Claim shall be forever barred

9    from receiving any payments from the Settlement Fund, but will in all other respects be subject to

10   and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

11   Notwithstanding the foregoing, Plaintiff's Lead Counsel shall have discretion to accept late-

12   submitted claims for processing by the Claims Administrator so long as the distribution of the

13   Settlement Fund is not materially delayed thereby.

14        13.    Any Class Member may enter an appearance in the Actions, at their own expense,

15   individually or through counsel of their own choice, in which case such counsel must file with the

16   Clerk of the Court and deliver to Plaintiff's Lead Counsel and Defendants' Counsel a notice of

17   such appearance.  If they do not enter an appearance, they will be represented by Plaintiff's Lead

18   Counsel.

19        14.    Any Class Member may, upon request, be excluded from the Class.  Any such

20   Person must submit to the Claims Administrator a request for exclusion ("Request for

21   Exclusion"), at the address provided in the Notice, to be received no later than August 9, 2010.  A

22   Request for Exclusion must be in writing, and must: (a) state the name, address, and telephone

23   number of the Person requesting exclusion; (b) identify the Person's purchases (or acquisitions)

24   and sales of publicly traded Juniper securities made during the Class Period, including the date(s)

25   of purchase, acquisition or sale, price(s) paid or received, and the number of publicly traded

26   securities purchased, acquired and/or sold; (c) include the Person's signature; and (d) state that

27   the Person wishes to be excluded from the Class.  All Persons who submit valid and timely

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

5

1 Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

2 Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

3 by the Stipulation or the Judgment entered in the Actions.

4       15.    Any Class Member may appear at the Fairness Hearing and show cause, if he, she

5 or it has any reasons why the proposed Settlement of the Actions should or should not be

6 approved as fair, reasonable and adequate, why a judgment should or should not be entered

7 thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and

8 expenses should or should not be awarded to counsel for the Lead Plaintiff, or why the expenses

9 of the Lead Plaintiff should or should not be awarded. Any Class Member may also object in

10 writing to the approval of the terms and conditions of the proposed settlement, or, if approved, the

11 Judgment to be entered thereon approving the same, or the order approving the Plan of

12 Allocation, or the attorneys' fees and expenses to be awarded to Lead Plaintiff's counsel. Any

13 objection(s) must be mailed on or before August 9, 2010, to the Court, Lead Counsel for Lead

14 Plaintiff, Defendants' Counsel, and Berry's Counsel, at the following addresses:

15                             *Court*

16                   Clerk of the Court
                  United States District Court
17                   Northern District of California
                  280 South 1st Street
18                   San Jose, CA 95113

19                   *Lead Counsel for Lead Plaintiff and the Class*:

20                   Barbara J. Hart
                  David C. Harrison
21                   Lowey Dannenberg Cohen & Hart, P.C.
                  David C. Harrison
22                   One North Broadway, Suite 509
                  White Plains, NY 10601-2310
23

24                   *Counsel for Juniper Defendants*:

25                   Nina F. Locker
                  Steven Guggenheim
26                   Wilson Sonsini Goodrich & Rosati, P.C.
                  650 Page Mill Road
27                   Palo Alto, CA 94304-1050

28

*Counsel for Lisa C. Berry*:

Melinda Haag
James N. Kramer
Nancy E. Harris
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669

A written objection should include the following information: (a) the full name, address, and phone number of the objecting Class Member; (b) the number of securities the Class Member purchased or sold from July 11, 2003 through August 10, 2006 and/or acquired in the NetScreen Merger; (c) a written statement of the grounds for the objection, signed by the objector or its counsel; and (d) a statement of whether the objector intends to appear at the Fairness Hearing.  If the objector intends to appear at the Fairness Hearing through counsel, the objection should also state the identity of all attorneys who will appear at the Fairness Hearing.  Objectors who make written objections are not obligated to attend the Fairness Hearing.

16.     Any Class Member who does not make a written objection in the manner provided above and/or appear in person or through a representative at the Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the Stipulation, the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiff's counsel, unless otherwise ordered by the Court.

17.     All funds held by the Class Escrow Agent pursuant to the Stipulation and the Escrow Agreement shall be deemed and considered to be in the legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

18.     All papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses, or by Lead Plaintiff for reimbursement of its expenses, shall be filed on or before August 2, 2010.  All papers in response to Class Members' objections to the Settlement, if any, shall be filed and served on or before August 19, 2010.

19.     Defendants and Defendants' Counsel shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

20.     At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiff's Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

21.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that, Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

22.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and anyone who acts or purports to act on their behalf, are enjoined from initiating or prosecuting any action(s) or claim(s) against any Defendant or Related Party that are within the scope of the Released Claims as provided in the Stipulation.

23.     Pending final determination of whether the Settlement should be approved, all proceedings with respect to the Defendants in the Actions are stayed pending further order of the Federal Court, with the exception of claims against Defendant Ernst & Young in the Juniper Action.

24.     The Court reserves the right to change the date of the Fairness Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  Should the Court change the date of the Fairness Hearing, such a change will be reflected in the Court's calendar and will be accessible via the Court's website at www.cand.uscourts.gov. and shall be published by the Settlement Administrator on the website it created in connection with the proposed settlement of

1    these Actions.  The Court may approve the Settlement, with such modifications as may be agreed

2    to by the Settling Parties, if appropriate, without further notice to the Class.

3           IT IS SO ORDERED.

4

5    Dated:  April 12, 2010

6                                              _____
                                               THE HONORABLE JAMES J. WARE
7                                              UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{1964 / ORD / 00100748.DOC v3}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A-1

1    UNITED STATES DISTRICT COURT FOR          **EXHIBIT A-1**
      THE NORTHERN DISTRICT OF CALIFORNIA

2

3    IN RE JUNIPER NETWORKS, INC.          C 06-04327-JW (PVT)
      SECURITIES LITIGATION

4

5    THE NEW YORK CITY EMPLOYEES'         C 08-0246-JW (PVT)
      RETIRMENT SYSTEM, *et al.*,

6

7                     v.

8    LISA C. BERRY,

9

## NOTICE OF CLASS ACTION CERTIFICATION,
## PROPOSED PARTIAL SETTLEMENT, MOTION FOR
## ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON

**IF YOU PURCHASED OR ACQUIRED PUBLICLY TRADED SECURITIES OF JUNIPER NETWORKS, INC. ("JUNIPER" OR THE "COMPANY") FROM JULY 11, 2003 THROUGH AUGUST 10, 2006, INCLUSIVE, AND DID NOT SELL SUCH SECURITIES BEFORE MAY 18, 2006, INCLUDING (A) RECEIPT OF JUNIPER COMMON STOCK IN THE COMPANY'S MERGER WITH NETSCREEN TECHNOLOGIES INC. IN APRIL 2004; AND (B) PURCHASE OF ZERO COUPON CONVERTIBLE SENIOR NOTES ON OR AFTER NOVEMBER 20, 2003, YOUR RIGHTS ARE AFFECTED AND YOU COULD RECEIVE A PAYMENT FROM THE PROPOSED PARTIAL CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a notice that you have been sued.*

- This settlement (the "Settlement") will provide $169,000,000 in cash, plus interest, to pay claims from investors who (i) purchased Juniper common stock from July 11, 2003 through August 10, 2006, inclusive (the "Class Period"), (ii) received Juniper common stock in connection with the merger with NetScreen Technologies, Inc. ("NetScreen") which closed April 16, 2004 (the "NetScreen Merger"), and/or (iii) purchased zero coupon convertible senior notes due June 15, 2008 (the "Notes") on or after November 20, 2003, and suffered losses. Depending on the number of eligible securities purchased by investors who elect to participate in the Settlement, and when those securities were purchased and sold, the average distribution is estimated to be $0.383 per damaged share and $3.75 per every $1,000 face value in damaged Notes before deduction of Court-approved fees and expenses described below. A further description of the Plan of Allocation is on pages 16 to 19 below.[1]

- The Settlement, subject to court approval, resolves class action claims alleging that Juniper and certain of its officers and directors engaged in a multi-year scheme to backdate stock option grants to enrich Juniper's executives and employees, and failed to record $900 million in compensation expenses associated with the grant of these options. For Lead Plaintiff, the principal reason for the Settlement is the benefit to be provided to

---

[1] Capitalized terms that are not defined in this Notice are defined in the Stipulation of Settlement.

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)

{1064 / NOT / 00100756.DOC v2}

the Class now, while avoiding the costs and risks to you and the Class from continuing with litigation.  The Lead Plaintiff conducted a substantial investigation and discovery into the facts of the case prior to reaching the Settlement, and considered the risks of proving liability and damages, in addition to the further risk that a later judgment may not be as large as the Settlement amount.  For Defendants, the principal reason for the Settlement is to eliminate the expense, risks, and uncertainty of continued litigation.  The Settlement pays money to investors like you, and it releases Juniper and several of its current and former officers and directors (identified at page 5) from liability.

- If the Settlement is approved by the Court, the Court-appointed lawyers for investors, Lowey Dannenberg Cohen & Hart, P.C., will apply to the Court for an award of attorneys' fees, which amounts to less than $9,000,000, or 5.3 percent of the Settlement Fund, and for reimbursement of expenses not to exceed $865,000 incurred in investigating the facts, prosecuting the case, and negotiating the Settlement.  These payments, if approved, will come out of the $169 million Settlement Fund, and are estimated to be an average of $0.022 per damaged security.

- Lead Plaintiff and the Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiff were to have prevailed on each claim alleged.  The issues on which the parties disagree include: (1) whether the Defendants violated the federal securities laws; (2) whether the alleged federal securities laws violations actually caused any damage to investors; and (3) whether the allegedly false or misleading statements and omissions caused the price of Juniper securities to be artificially inflated during the Class Period, and if so, the amount by which Juniper securities were allegedly artificially inflated (if at all) during the Class Period.

- If you are a Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act.  Read this notice carefully.

- If you have questions about the proposed Settlement, or would like further information about the Lawsuits, you may contact Lead Counsel at: [name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions].

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM FORM –** The only way to get a payment from the Settlement.

    **Deadline:  September 10, 2010.**

**EXCLUDE YOURSELF –** You get no payment from the Settlement.  This is the only option that might allow you to bring an individual lawsuit against the Defendants asserting the legal claims being released in this case, if you have a valid and timely claim.

    **Deadline:  August 9, 2010.**

**OBJECT –** You may write to the Court if you do not like this Settlement, the Plan of Allocation, and/or the Request for Attorneys' Fees and Expenses.

    **Deadline:  August 9, 2010.**

**GO TO A HEARING –** You may ask to speak in Court about the fairness of the Settlement.

    **Hearing Date:  August 30, 2010.**

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
{1064 / NOT / 00100756.DOC v2}

2

**DO NOTHING –** You get no payment and give up your rights relating to the claims described in this Notice.

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of the lawsuits must decide whether to approve the Settlement.  If approved, payments will be made to claimants from the Settlement Fund on the Effective Date, *i.e.*, after the Court approves the Settlement and enters judgment, and after all appeals and subsequent proceedings (if any) are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**                                                                **Page**

1.    Why did I get this Notice package? ...............................................................
2.    What is this lawsuit about? .........................................................................
3.    What is a class action? ...............................................................................
4.    Why is there a Settlement?..........................................................................

**WHO IS INCLUDED IN THE SETTLEMENT?**

5.    How do I know if I am a Class Member? .....................................................
6.    Are there any exceptions to being included as a Class Member? .........................
7.    I am still not sure if I'm included..................................................................

**THE SETTLEMENT BENEFITS**

8.    What does the Settlement provide?................................................................
9.    How much will my payment be? ...................................................................
10.   How can I get a payment?............................................................................
11.   When will I receive my payment? .................................................................
12.   What am I giving up to get a payment or stay in the Class?................................

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

13.   How do I exclude myself from the Settlement?................................................
14.   If I don't exclude myself, can I sue defendants for the same things later? .........................
15.   If I exclude myself, can I get money from this Settlement? ................................

**THE LAWYERS REPRESENTING YOU**

16.   Do I have a lawyer in this case?...................................................................
17.   How will the lawyers be paid? .....................................................................

**THE COURT'S FAIRNESS HEARING**

18.   When and where will the Court decide whether to approve the Settlement? ......................
19.   Do I have to come to the hearing? ................................................................

**OBJECTING TO THE SETTLEMENT**

20.   How do I tell the Court that I do not like the Settlement? ................................
21.   What's the difference between objecting and excluding?................................

**IF YOU DO NOTHING**

22.     What happens if I do nothing at all? ......................................................................

**OBTAINING MORE INFORMATION**

23.     Are there more details about the Settlement? ......................................................

**SPECIAL NOTICE TO NOMINEES**

24.     Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees ...........................

**UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION** .........................

| **1.     Why did I get this Notice package?** |
|---|

You or someone in your family may have purchased Juniper common stock or Notes during the Class Period, or received Juniper stock in connection with the NetScreen Merger.

The Court caused this Notice to be sent to you because you have a right to know about a proposed partial settlement of class action lawsuits, a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections or appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuits, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the lawsuits is the United States District Court for the Northern District of California, and the cases are known as *In re Juniper Networks, Inc. Securities Litigation*, Case No. C 06-04327-JW, and the *New York City Employees' Retirement System, et al., v. Lisa C. Berry*, Case No. C 08-0246-JW (collectively the "Actions").  The Honorable James Ware is the Judge in charge of this class action.

| **2.     What is this lawsuit about?** |
|---|

These lawsuits are class actions alleging that Juniper, certain of its current and former officers and directors, and Juniper's auditors Ernst & Young LLP violated federal securities laws.  The people who are suing are called the New York City Pension Funds, and are comprised of the New York City Employees' Retirement System, the Teachers' Retirement System of the City of New York, the New York City Fire Department Pension Fund, the New York City Police Pension Fund, the New York City Police Superior Officers' Variable Supplements Fund, the New York City Police Officers' Variable Supplements Fund, the New York City Firefighters' Variable Supplements Fund, the New York City Fire Officers' Variable Supplements Fund, and the New York City Teachers' Retirement System of the City of New York Variable Annuity Program.  The New York City Pension Funds are suing as the Lead Plaintiff on behalf of other similarly situated investors in publicly traded Juniper securities during the Class Period.

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
{1064 / NOT / 00100756.DOC V2}

4

Defendant Juniper and certain of its current and former senior officers and directors have been sued for federal securities law violations, in which executives allegedly backdated stock option grants to enrich corporate insiders and employees, misrepresented the Company's stock-granting practices, and failed to record approximately $900 million in compensation expenses associated with the grant of concealed in-the-money options.  The defendants who are part of the proposed Settlement are Juniper, Scott Kriens (former Chairman and Chief Executive Officer), Marcel Gani (former Chief Financial Officer and Chief of Staff), Lisa C. Berry (former General Counsel), and current and/or former directors William R. Hearst III, Vinod Khosla, Kenneth Levy, Stratton Sclavos, Pradeep Sindhu, William R. Stensrud, Robert Calderoni, and Kenneth Goldman.  These defendants are collectively referred to as the "Defendants."  Ernst & Young LLP is also named as a defendant on a claim relating to the NetScreen Merger, but Ernst & Young is not part of the Settlement, and Lead Plaintiff continues to prosecute its claim against Ernst & Young.

This litigation began in the summer of 2006, when at least two class action complaints were filed against Juniper, Scott Kriens, Marcel Gani, William R. Hearst III, Vinod Khosla, Kenneth Levy, Stratton Sclavos, Pradeep Sindhu, William R. Stensrud, Robert Calderoni, and Kenneth Goldman.  On November 20, 2006, the actions were consolidated as *In re Juniper Networks Inc. Securities Litigation* (the "Juniper Action"), the New York City Pension Funds was appointed Lead Plaintiff, and the Court approved Lead Plaintiff's choice of the law firm of Lowey Dannenberg Cohen & Hart, P.C. as Lead Counsel.  On January 12, 2007, Lead Plaintiff filed a Consolidated Class Action Complaint.  In March 2007, Juniper filed restated financial statements recording a cumulative reduction in the Company's earnings of $900 million to account for compensation expenses associated with historical stock option grants.  On April 9, 2007, Lead Plaintiff filed the Amended Consolidated Class Action Complaint (the "Complaint").

On June 7, 2007, the Juniper Defendants moved to dismiss the Complaint on the grounds that, among other things, it failed to state a claim for relief under Section 10(b) and Rule 10b-5 under the standards of the Private Securities Litigation Reform Act ("PSLRA") and under Rule 9(b) of the Federal Rules of Civil Procedure.  The motion was granted in part and denied in part pursuant to an Order issued on March 31, 2008.  On June 23, 2008, the Juniper Defendants answered the Complaint.

On January 14, 2008, Lead Plaintiff filed a separate class action complaint in this Court against Lisa C. Berry, Juniper's former General Counsel, Vice President, and Secretary.  This separate action was titled *New York City Employees' Retirement System, et al. v. Lisa C. Berry* (the "Berry Action").  On September 29, 2008, Berry moved to dismiss the initial complaint against her.  On May 15, 2009, Judge Ware granted in part and denied in part Berry's motions to dismiss the initial complaint.  On June 18, 2009, Lead Plaintiff filed an Amended Complaint against Berry.  On July 13, 2009, Berry moved to dismiss the Amended Complaint.  On September 24, 2009, the Court denied in part Berry's motion to dismiss.  On October 14, 2009, Berry filed an Answer to the Amended Complaint in the Berry Action.

Lead Plaintiff alleges that from the time Juniper went public in June 1999, the Defendants secretly backdated the grant dates of stock options to dates when the market price of Juniper's stock was lower, and failed to record compensation charges for those backdated option grants, as required by generally accepted accounting principles.  Lead Plaintiff alleges that this practice of contradicted Juniper's public statements and caused the Company's financial statements and other SEC filings to be materially false and misleading.  Lead Plaintiff alleges that the false and misleading statements included statements (1) that under the Company's stock option plans, no stock options "have been granted for less than fair market value on the date of grant"; (2) that no compensation expense was recognized for the option grants because "the exercise price of the Company's stock options equals the market price of the underlying stock on the date of grant"; and (3) that stock options "will provide value to executive officers only when the price of the Company's common stock increases over the exercise price."  Lead Plaintiff alleges that Juniper

failed to record approximately $900 million in compensation expenses associated with backdated stock option grants. Lead Plaintiff also alleges that the backdating caused Juniper's registration statement for common stock issued in the NetScreen Merger, and Juniper's registration statement for its Notes, to contain false or misleading statements.

Lead Plaintiff alleges that Juniper, Scott Kriens, Marcel Gani and Lisa C. Berry each violated Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934. Lead Plaintiff alleges that Juniper and each individual defendant violated Section 11 of the Securities Act of 1933 in connection with one or more registration statements for the NetScreen Merger and/or the Notes. Each individual defendant is also sued as a "control person" under either Section 20 of the Securities Exchange Act of 1934, or Section 15 of the Securities Act of 1933, or both.

On March 2, 2009, Lead Plaintiff moved in the Juniper Action for class certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. In connection with Lead Plaintiff's motion, the parties engaged in substantial fact and expert discovery, briefing, and oral argument. On September 25, 2009, the Court determined that the Juniper Action should proceed as a class action on behalf of the following Class:

> All persons and entities who purchased or otherwise acquired the publicly traded securities of Juniper Networks, Inc. from July 11, 2003 through August 10, 2006, inclusive, and who did not sell such acquired securities before May 18, 2006, and were damaged, including (a) those who received or acquired Juniper common stock issued pursuant to a registration statement on SEC Form S-4, dated March 10, 2004, for the Company's merger with NetScreen Technologies Inc.; and (b) purchasers of Zero Coupon Convertible Senior Notes due June 15, 2008 issued pursuant to a registration statement on SEC Form S-3, dated November 20, 2003. Excluded from the Class are the Defendants and the current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person.

On September 2, 2009, the Defendants in the Juniper Action filed a motion for judgment on the pleadings which effectively sought a ruling that certain drops in Juniper's stock price in May 2006 could not be included in Lead Plaintiff's calculation of damages. On October 9 and October 16, 2009, respectively, Lead Plaintiff filed its Opposition to the motion and Defendants filed their Reply. The parties subsequently adjourned the hearing date on the motion for judgment on the pleadings in light of settlement negotiations. On February 16, 2010, the Defendants stipulated to withdraw this motion in light of the impending Settlement.

The Defendants deny Lead Plaintiff's allegations. The Defendants assert, among other things, that they did not violate any federal securities laws and that Juniper's investors were not damaged.

The proposed settlement would resolve all claims against the Defendants in both the Juniper Action and the Berry Action.

---

**3.      What is a class action?**

---

In a class action, the Lead Plaintiff sues on behalf of numerous persons who have similar claims. The Lead Plaintiff acts as the representative of the class of similarly situated persons. All persons with similar claims constitute a Class, and each one is a Class member. The Court will resolve the claims of all Class Members, except for those who properly exclude themselves from the

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
{1064 / NOT / 00100756.DOC V2}

6

Class.

| **4.** | **Why is there a Settlement?** |
|---|---|

The proposed Settlement is the result of arm's-length negotiations, including a two-day mediation in February 2009 under the auspices of a retired Federal judge. The Settlement allows Lead Plaintiff and the Class to avoid the possibility that one or more of their claims would be rejected by the Court or the jury, and also avoids the risks and costs of a trial and possible appeals. Class Members who lost money will get some compensation.

Lead Counsel has investigated and litigated the claims since September 2006. At the time the Settlement was reached, Lead Counsel also had the benefit of a substantial amount of fact discovery provided by Defendants as well as Ernst & Young. Lead Counsel has reviewed more than 2.5 million pages of documents and deposed 28 fact witnesses. Lead Counsel also deposed Juniper's financial expert. Lead Counsel retained experienced industry and financial experts to assist them in assessing the strengths and weaknesses of their claims and potential recoverable damages.

At the time the Settlement was reached, the Defendants had filed a motion which, if granted could have substantially reduced the amount of damages Lead Plaintiff could recover at trial. In addition, if Lead Plaintiff proceeded to trial, it faced the risk that the Defendants would prevail on the defenses they asserted and that Lead Plaintiff would not win on any of the claims. Even if Lead Plaintiff had won at trial, it may not get any more money than the $169 million that Juniper agreed to pay in the Settlement, and the Defendants would also be able to challenge the judgment through appeals.

As a result, and based upon their factual investigation, discovery conducted to date, consultation with experts and evaluation of the claims of the Class Members and defenses that Defendants asserted, Lead Plaintiff and Lead Counsel believe that the Settlement is fair, reasonable and adequate, and in the best interests of the Class. The Settlement provides an immediate and certain recovery without incurring any additional risk. By settling, Lead Plaintiff and the Class avoid the cost, uncertainty, and delay of continued litigation.

The Defendants believe the Settlement is fair because it allows the Defendants to avoid the cost and distraction of continued litigation and the risk of losing at trial or on appeal.

# WHO IS INCLUDED IN THE SETTLEMENT

| **5.** | **How do I know if I am a Class Member?** |
|---|---|

Everyone who fits the following description is a Class Member:

> All persons and entities who purchased or otherwise acquired the publicly traded securities of Juniper Networks, Inc. from July 11, 2003 through August 10, 2006, inclusive, and who did not sell such acquired securities before May 18, 2006, and were damaged, including (a) those who received or acquired Juniper common stock issued pursuant to a registration statement on SEC Form S-4, dated March 10, 2004, for the Company's merger with NetScreen Technologies, Inc.; and (b) purchasers of Zero Coupon Convertible Senior Notes due June 15, 2008 issued pursuant to a registration

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
{1064 / NOT / 00100756.DOC V2}

7

statement on SEC Form S-3, dated November 20, 2003.  Excluded from the Class are the Defendants and the current and former officers and directors of the Company, their immediate families, their heirs, successors or assigns; and any entity controlled by any such person.

"Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, and any other type of legal entity, and their respective executors, administrators, representatives, agents, attorneys, heirs, successors, and/or assigns.

---

**6.     Are there any exceptions to being included as a Class Member?**

Yes.  As mentioned in the description above, you are **not** a Class Member if **any** of the following applies to you:

- You do not meet the definition of the Class above.
- You exclude yourself from the Class.
- You are a Defendant.
- You are an officer and/or director of Juniper.
- You are a member of the immediate family or an heir, successor or assign of the foregoing.
- Sold all your Juniper securities prior to May 18, 2006.
- You are a firm, trust, corporation, or other entity in which any Defendants have a controlling interest.

---

**7.     I'm still not sure whether I'm included.**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator at **[insert contact information]** or you can fill out the claim form described in question 10, to see if you qualify.  You can also contact Lead Counsel, Lowey Dannenberg Cohen & Hart, P.C., at One North Broadway, Suite 509, White Plains, New York 10601-2310, telephone: 914-997-0500; e-mail: bhart@lowey.com or dharrison@lowey.com.

# THE SETTLEMENT BENEFITS

---

**8.     What does the Settlement provide?**

Juniper paid $169.0 million into an escrow account that is earning interest for the benefit of the Class.  The balance of this fund, after payment of Court-approved attorneys' fees and expenses, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, will be divided among all Class Members who submit valid claim forms (also called Authorized Claimants).  The amount of money you will receive depends on a number of factors, including the total number of other Class Members who submit valid Proofs of Claim.  This is discussed further in the next question below.

---

**9.    How much will my payment be?**

The Settlement Fund of $169 million, plus interest earned, minus the costs and expenses described in question 8 above, will be distributed on a pro rata basis to Authorized Claimants.  If you are entitled to a payment, you will receive your pro rata share.  The amount of your share of the Settlement Fund will depend on the number of valid and timely claim forms that Class Members send in, how many shares of Juniper stock or Notes you bought or acquired in the NetScreen merger, and when you bought and sold these securities.  You should look at the Plan of Allocation section of this notice that appears on pages 16 to 19 below for a description of the calculations to be made in computing the Recognized Loss of the Authorized Claimants, that is, those investors who submit valid and timely Proof of Claim and Release forms establishing that they are Class Members.

Depending on the number of Authorized Claimants, and the number of eligible securities purchased by Authorized Claimants and when those securities were purchased and sold, the average distribution is estimated to be $0.383 per damaged share and $3.75 per $1,000 face value of damaged Notes before deduction of the costs and Court-approved payments described under question 8 above.

Lead Counsel, without further notice to the Class, will apply to the Court for payment of the Claims Administrator's fees and expenses incurred in sending this Notice, administering the Settlement and distributing the Settlement proceeds to the Authorized Claimants.  These fees and expenses will be paid from the Settlement Fund and will reduce the amount available for distribution to Authorized Claimants.  The same will be true of Court-awarded attorneys' fees and expenses to Lead Counsel.  Lead Counsel's request for attorneys' fees and costs is discussed further at question 17 below.

---

**10.    How can I get a payment?**

To qualify for payment, you must timely send in a Proof of Claim and Release form that is received by the Claims Administrator.  A Proof of Claim and Release form is attached to this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **September 10, 2010**.  Unless the Court orders otherwise, if you do not timely submit a Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Final Judgment in the case.

---

**11.    When will I receive my payment?**

The Court will hold a hearing on August 30, 2010, to decide whether to approve the Settlement (as discussed below on pages 13 to 14).  If the Court approves the Settlement, there may be appeals.  If there are any appeals, it is uncertain when these appeals will be resolved, and resolving them can take time, typically more than a year.  The Claims Administrator will also need time to process the submitted claims before any distribution can be made to Authorized Claimants.  The claim administration process is complicated and will take many months, even when there is no delay due to an appeal.  Please be patient.

1

---

**12.     What am I giving up to get a payment and stay in the Class?**

---

2

3  Unless you exclude yourself, you are a member of the Class.  That means that you will give up
4  and release any claims you might have against the Defendants relating to any of the claims
   brought by Lead Plaintiff in these Actions, as described more fully below.  It also means that all
   of the Court's orders will apply to you and legally bind you.  This will be true even if you do not
   submit or sign a Proof of Claim and Release form, unless you exclude yourself from the Class.

5

6  If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of
7  Dismissal with Prejudice.  The Judgment will dismiss the Released Claims with prejudice as to all
   Released Persons.  The Judgment will provide that all Class Members shall be deemed to have
   released and forever discharged all Released Claims against all Released Persons and that the
8  Released Persons shall be deemed to have released and discharged all Class Members and
   counsel to the Lead Plaintiff from all claims arising out of the prosecution and settlement of the
9  Actions or the Released Claims.  Lead Plaintiff's claim will continue against Ernst & Young,
   which is not a party to the Settlement.

10  "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as
    defined below) and causes of action of every nature and description, in law or equity, whether
11  arising under federal, state, local, statutory or common law, foreign law, or other law, or other
    law, rule or regulation, whether fixed or contingent, liquidated or unliquidated, matured or un-
12  matured, accrued or unaccrued and whether known or unknown that Lead Plaintiff or any
    member of the Class asserted, or could have asserted in the Actions or in any other action or
13  forum against the Released Persons arising out of, relating to, directly or indirectly, or in
    connection with the purchase, or purchase and sale, or acquisition of Juniper securities  during the
14  Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts
    or omissions which were alleged or could have been alleged in the Actions.  For the avoidance of
15  doubt, "Settled Class Claims" or "Released Claims" shall not include those Unreleased and
    Assigned Claims as defined in the Stipulation of Settlement dated August 11, 2008 in *In re
16  Juniper Derivative Action*, No. 5:06-cv-03396-JW (N.D. Cal.) and *In re Juniper Networks, Inc.
    Derivative Litigation*, Lead Case No. 1:06CV064294 (Superior Court of California, Santa Clara
17  County), which was approved by court orders in both of those cases.  Nothing herein is intended
    to release any claims against Ernst & Young LLP.

18

19  "Released Persons" means each and all of the Defendants and each of their Related Parties.
    "Related Parties" means each of a Defendant's past or present family members, heirs, executors,
20  administrators, subsidiaries, parents, successors and predecessors, officers, directors, shareholders
    (excepting Class Members), partners, agents, employees, attorneys, insurers and any person, firm,
21  trust, corporation, officer, director, or other individual or entity in which any Defendant has a
    controlling interest or which is related to or affiliated with any of the Defendants, and the legal
    representatives, heirs, successors in interest, or assigns of the Defendants.

22

23  "Unknown Claims" means a all claims, demands, liabilities, and causes of action of every nature
    and description which the Lead Plaintiff or any Class Member does not know or suspect to exist
24  in his, her or its favor at the time of the release of the Released Persons which, if known by him,
    her or it, might have affected his, her or its settlement with and release of the Released Persons, or
25  might have affected his, her or its decision not to object to or to seek exclusion from this
    Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree
26  that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class
    Members shall be deemed to have and by operation of the Judgment shall have expressly waived,
27  the provisions, rights and benefits conferred by any law of any state or territory of the United
    States, or principle of common law, which is similar, comparable or equivalent to California Civil
    Code § 1542, which provides:

28

---

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be bound by the Judgment or recover money from the Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue the Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from – or opting out of – the Class.

| **13.** **How do I exclude myself from the Settlement?** |
| --- |

If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be received on or before August 9, 2010 and must: (a) state the name, address, and telephone number of the Person(s) requesting exclusion; (b) identify the Person's purchases (or acquisitions) and sales of publicly traded Juniper securities made during the Class Period, including the dates of purchase, acquisition or sale, prices paid or received, and the number of publicly traded securities purchased, acquired and/or sold; (c) include the Person's signature; and (d) state that the Person wishes to be excluded from the Class. No request will be considered valid unless all of the information described above is included in the request. The request must be addressed as follows:

Juniper Securities Litigation
_____
_____
_____

You cannot exclude yourself by phone or by e-mail.

**If you ask to be excluded from the Class, you will not get any settlement payment or share in any future recovery from Ernst & Young.** If you exclude yourself, you will not be legally bound by anything that happens in these Actions. You might be able to sue (or continue to sue) Juniper and the other Defendants in the future about the claims in these Actions, but your claims may not be timely, valid, or you may not prevail on the merits.

---

**14.     If I don't exclude myself, can I sue the Defendants for the same things later?**

---

No.  Unless you exclude yourself, you give up any right to sue any of the Defendants about the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue or file any lawsuit alleging the same claims as are alleged herein.  Remember, the exclusion deadline is **August 9, 2010.**  *See also Question No. 12:* "What am I giving up to get a payment or stay in the Class?"

---

**15.     If I exclude myself, can I get money from this Settlement?**

---

**NO.**  If you exclude yourself, you will not be entitled to receive any money from the Settlement Fund or any future recovery from Ernst & Young.  If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money.

# THE LAWYERS REPRESENTING YOU

---

**16.     Do I have a lawyer in this case?**

---

The Court appointed the law firm of Lowey Dannenberg Cohen & Hart, P.C. to represent you and the other Class Members.  This law firm is called Lead Counsel.  You will not be individually charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

You can send any questions to Lead Counsel at Lowey Dannenberg Cohen & Hart, P.C., One North Broadway, Suite 509, White Plains, NY 10601-2310 (telephone: 914-997-0500; e-mail: bhart@lowey.com or dharrison@lowey.com), or to the Claims Administrator at In re Juniper Securities Litigation, _____.

---

**17.     How will the lawyers be paid?**

---

Lead Counsel will apply to the Court for attorneys' fees of less than $9 million and for reimbursement of their out-of-pocket expenses not to exceed $865,000.  These payments, if approved, will reduce the amount to be divided among all Authorized Claimants by approximately $0.022 per damaged security.  *Such sums as may be approved by the Court will be paid from the Settlement Fund.*  Class Members are <u>not</u> personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel have not been paid anything for their services for conducting this litigation on behalf of the Lead Plaintiff and the Class nor for their substantial out-of-pocket expenses.  The fee requested was negotiated with Lead Plaintiff in connection with Lead Counsel's retention.  The fee request amounts to 5.3% of the Settlement Fund, which is well within the range of fees often awarded to class counsel under similar circumstances in other cases of this type, given the substantial risks undertaken by counsel of no payment.  The fee request is

less than the amount of Lead Counsel's time charges in the Actions.  The Court may, however, award less than this amount in its discretion.

# THE COURT'S FAIRNESS HEARING

| **18.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Court will hold a Fairness Hearing at 9:00 a.m. on August 30, 2010 before the Honorable James Ware, United States District Judge, at the United States District Court for the Northern District of California, United States Courthouse – 4th Floor, Courtroom 8, 280 South 1st Street, San Jose, California, 95113.  At this hearing the Court will consider whether the Settlement, the Plan of Allocation, and the Application for Attorneys' Fees and Reimbursement of Expenses are fair, reasonable, and adequate.  If there are objections, the Court will hear them.  The Court will listen to people who have made a written request to speak at the hearing.

The Court may reschedule the Fairness Hearing at any time, so if you plan to attend or participate, you should check with the Clerk of the Court to know whether there have been any changes of the place, date and time for the hearing.  You can also check the Court's calendar on the internet by selecting Judge James Ware from the list of judges at www.cand.uscourts.gov.

| **19.** | **Do I have to come to the Fairness Hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Judge may have.  But you are welcome to come at your own expense, and the Court will give you the opportunity to be heard.  If you send a written objection, the Court will consider it.  You don't have to come to Court to talk about it.  You may also pay your own lawyer to attend, but it's not necessary.  Information about sending a written objection is provided below.

# OBJECTING TO THE SETTLEMENT

| **20.** | **How do I tell the Court that I do not like the Settlement?** |
|---|---|

If you are a Class Member and do not exclude yourself, you can object to the Settlement at the Fairness Hearing if you do not like any part of it, including the terms and conditions of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel.  You can object in one of two ways: either send a written objection or attend the Fairness Hearing to object in person.  You do not have to do both.

All written objections must be sent no later than August 9, 2010, to the Court and counsel at the addresses listed below.  The written objection is a statement saying that you object to the Settlement in *In re Juniper Networks, Inc. Securities Litigation*, No. C 06-04327-JW (PVT) and *New York City Employees' Retirement System et al., v. Lisa C. Berry*, No. C 08-0246-JW (PVT).  The objection should include (a) the full name, address and telephone number of the objecting Class Member, (b) the number of securities the Class Member purchased or sold from July 11, 2003 through August 10, 2006 and/or acquired in the NetScreen Merger; (c) the reasons for the

objection, signed by the Objecting Class Member of its counsel, and (d)  advise the Court if the objecting Class Member intends to appear at the Fairness Hearing.  If the objecting Class Member intends to appear at the Fairness Hearing through counsel, the objection should also state the identity of all attorneys who will appear at the Fairness Hearing.

Please send your objections to the Settlement to the following:

> *Court:*
> Clerk of the Court
> United States District Court
> Northern District of California
> 280 South 1st Street
> San Jose, CA  95113
>
> *Lead Counsel for Lead Plaintiff and the Class*:
> Barbara J. Hart
> David C. Harrison
> Lowey Dannenberg Cohen & Hart, P.C.
> David C. Harrison
> One North Broadway, Suite 509
> White Plains, NY  10601
>
> *Counsel for Juniper Defendants*:
> Nina F. Locker
> Steven Guggenheim
> Wilson Sonsini Goodrich & Rosati, P.C.
> 650 Page Mill Road
> Palo Alto, CA  94304
>
> *Counsel for Lisa C. Berry*:
>
> Melinda Haag
> James Kramer
> Nancy E. Harris
> Orrick, Herrington & Sutcliffe LLP
> 405 Howard Street
> San Francisco, CA 94105-2669

Even if you do not send a written objection on time, you can attend the Fairness Hearing described in question 18 above and talk to the judge about your objection.

If you do not send a written objection on time or attend the Fairness Hearing, you **cannot** object to the Settlement later.  Any objections you might have will be waived.

---

| **21.** | **What's the difference between objecting and excluding?** |
|---|---|

---

Objecting is simply telling the Court that you don't like something about the Settlement, the Plan of Allocation, or the Application for Attorneys' Fees and Reimbursement of Expenses. Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

1

# IF YOU DO NOTHING

2

| **22.**    **What happens if I do nothing at all?** |
|---|

3

4

If you do nothing, you will not receive any money from this Settlement, **but the judgment of the Court will still be binding upon you**.  You **must file a Proof of Claim** and Release form to be eligible to receive anything from the Settlement.  Also, unless you exclude yourself, you will be bound by the judgment and will have released the Released Claims against the Released Persons even if you do not file a Proof of Claim.  This means you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants relating to the Released Claims.

5

6

7

8

# OBTAINING MORE INFORMATION

9

10

| **23.**    **Are there more details about the Settlement?** |
|---|

11

This Notice summarizes the most important aspects of the proposed Settlement, but it is not a complete description of the Settlement.  You can get a copy of the Stipulation of Settlement by writing to Barbara J. Hart or David Harrison, Lowey Dannenberg Cohen & Hart, P.C., 1 North Broadway, Suite 509, White Plains, NY 10601-2310, tel.: (914) 997-0500, e-mail: bhart@lowey.com or dharrison@lowey.com.

12

13

14

You can also call the Claims Administrator toll-free at **[insert number]**, or contact it by mail or through its website at the address listed below in item no. 25 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

15

16

You can also review a copy of the entire Stipulation of Settlement and other documents filed in the Actions during normal business hours at the office of the Clerk of the Court, United States Courthouse, Northern District of California, 280 South 1st Street, San Jose, CA  95113 (refer to case Nos. 06-04327 and 08-0246).

17

18

19

20

# PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE ABOUT THIS SETTLEMENT.

21

22

## SPECIAL NOTICE TO NOMINEES

23

| **24.**    **Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees** |
|---|

24

If you hold publicly traded Juniper securities during the Class Period as nominee for a beneficial owner, the Court has directed that within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

25

26

27

Juniper Securities Litigation

28

1
        c/o _____

2
        _____
        _____

3
        E-Mail: info@Junipersecuritiessettlement.com.

4  If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain
from the Claims Administrator (without cost to you) as many additional copies of these

5  documents as you will need to complete the mailing.  Regardless of whether you choose to
complete the mailing yourself or elect to have the mailing performed for you, you may obtain

6  reimbursement for reasonable out-of-pocket expenses actually incurred in connection with
forwarding the Notice and Proof of Claim and which would not have been incurred but for the

7  obligation to forward the Notice and Proof of Claim, upon submission of appropriate
documentation to the Claims Administrator (subject to further order of the Court with respect to

8  any dispute concerning such reimbursement).

9

10  **UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION**

11  Please note that the approval of the Settlement is separate from and not conditioned on the
Court's approval of the Plan of Allocation.

12
        The $169,000,000 Settlement Fund, less all taxes, approved costs, fees, and expenses (the

13  "Net Class Settlement Fund"), shall be distributed to Class Members (or the representative of
such Class Members, including, without limitation, agents, administrators, executors, heirs,

14  predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) who
submit a Proof of Claim in such form and manner, and within such time, as the Court shall

15  prescribe that are allowed by the Court ("Authorized Claimants").

16
        The following proposed Plan of Allocation reflects the contention of the Class that
because of Defendants' misstatements and improper accounting for Juniper's stock options and

17  financial condition, the prices of Juniper stock and Notes were inflated artificially during the
Class Period (July 11, 2003 through August 10, 2006).  Lead Plaintiff further contends that the

18  decrease in the prices of publicly traded Juniper securities resulted from disclosures of facts
exposing Defendants' prior misstatements and omissions.

19
        The Court has not made any finding that the Defendants are liable to the Class or that the

20  Class has suffered any compensable damages, nor has the Court made any finding as to the
measure of damages.

21
        The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of

22  the Net Class Settlement Fund based upon each Authorized Claimant's "Recognized Claim" from
transactions on publicly traded Juniper securities during the entire Class Period.  **The Recognized**

23  **Claim formulas set forth below are not intended to be an estimate of the amount that a**
**Class Member might have been able to recover after a trial; nor is the Recognized Claim an**

24  **estimate of the amount that will be paid to Authorized Claimants pursuant to the**
**Settlement.**  The Recognized Claim formulas are the basis upon which the Net Class Settlement

25  Fund will be proportionately allocated to the Authorized Claimants.

26
        An Authorized Claimant's total "Recognized Claim" shall constitute the sum of such
claimant's "Recognized Claims" for each class of Juniper stock set forth below:

27

I.      **Juniper Common Stock Purchases or Acquisitions**

28        A.      For shares of common stock purchased from July 11, 2003 through August 10,

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
{1064 / NOT / 00100756.DOC V2}

16

2006:

1. For shares acquired in the NetScreen merger, the "purchase price" shall be $25.17, Juniper's closing price on April 16, 2004, the date the merger was completed.

2. For shares held at the end of trading on November 8, 2006, the Recognized Loss shall be that number of shares multiplied by the lesser of:
   a. the applicable purchase date artificial inflation per share figure, as found in Table A below; or
   b. the difference between the purchase price per share and $16.01.[2]

3. For shares sold between May 18, 2006 and August 10, 2006,[3] the Recognized Loss shall be that number of shares multiplied by the lesser of:
   a. the applicable purchase artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or
   b. the difference between the purchase price per share and the sales price; or
   c. the difference between the purchase price per share and $16.01.[4]

4. For shares sold between August 11, 2006 and November 8, 2006, the Recognized Loss shall be the lesser of:
   a. the applicable purchase date artificial inflation per share figure, as found in Table A; or
   b. the difference between the purchase price per share and the average sales price per share; or
   c. the difference between the purchase price per share and the average closing price of Juniper common stock between August 11, 2006

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $16.01 was the mean closing price of Juniper common stock during the 90-day period beginning on August 11, 2006 and ending on November 8, 2006. This provision does not apply to shares acquired in the NetScreen merger, which shares are subject to claims under Section 11 of the Securities Act of 1933.

[3] Pursuant to the Court's order granting class certification, loss causation cannot be shown for Juniper shares purchased and sold *prior* to May 18, 2006, because May 18 was the first date that questions about Juniper's stock option practices were publicly disclosed. As a result, no Recognized Loss will be attributed to Juniper shares sold prior to May 18, 2006.

[4] This provision does not apply to shares acquired in the NetScreen merger.

and the date of sale.[5]

**Table A**

| Purchase or Sale Date Range | Estimated Inflation per Share |
| --- | --- |
| 07-11-2003 – 05-17-2006 | $3.02 |
| 05-18-2006 | $2.37 |
| 05-19-2006 – 08-09-2006 | $1.19 |
| 08-10-2006 | $0.62 |

## II.   Juniper Zero Coupon Convertible Senior Notes Purchases

For Notes purchased between November 20, 2003 (the date the Notes were registered with the SEC) and May 17, 2006 and still held at the close of trading on May 17, 2006,[6] and Notes purchased between May 18, 2006 and August 10, 2006, the Recognized Loss shall be:

(a) if sold between May 18, 2006 and August 10, 2006, the lesser of (i) $25 per $1,000 principal amount of Notes; or (ii) the difference between the purchase price per Note and the sale price per Note; or

(b) if held at the close of trading on August 10, 2006, the lesser of (i) $25 per $1,000 principal amount of Notes; or (ii) if sold after August 10, 2006, the difference between the purchase price per Note and the sale price per Note; (iii) if converted to Juniper common stock after August 10, 2006, the difference between the purchase price per Note and: (a) the price of Juniper common stock on the date of conversion multiplied by (b) the conversion rate of 49.6512 shares per each $1,000 principal amount of Notes; or (iv) if held to maturity, the difference between the purchase price per Note and $1,000.00.

## III.   Other Instructions and Guidelines Applicable to All Recognized Claims and Classes of Juniper Stock and Notes

For Class Members who held publicly traded Juniper securities before the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a Recognized Claim.  Under the FIFO method, for each Juniper security, each sale of that Juniper security during the Class Period will be matched, in chronological order, first against that Juniper Security held at the beginning of the Class Period.  Such holdings and sales will be included in the calculation of Recognized Claim as described above.  For each security, the remaining sales of such security during the Class Period will then be matched, in chronological order, against

---

[5]  Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."  This provision does not apply to shares acquired in the NetScreen merger.

[6]  Pursuant to the Court's order granting class certification, loss causation cannot be shown for Juniper Notes purchased and sold *prior* to May 18, 2006, because May 18 was the first date that questions about Juniper's stock option practices were publicly disclosed.  As a result, no Recognized Loss will be attributed to Juniper Notes sold prior to May 18, 2006.

purchases of such Juniper securities during the Class Period.

A purchase or sale of Juniper securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

The price per share paid or received should exclude all commissions, taxes and fees.

The following restrictions on computing Recognized Losses apply to all claims:

- "Short sales" will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any transactions in Juniper common stock engaged in by market makers.

- No Recognized Loss will be computed for Juniper common stock or Notes sold prior to May 18, 2006.

- To the extent a Claimant had a gain from his, her, or its overall transactions in Juniper securities during the Class Period, the value of the Recognized Loss will be zero.

- To the extent a Claimant suffered an overall loss on his, her, or its overall transactions in Juniper securities during the Class Period, but that loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss.

The receipt or grant by gift, devise or operation of law of Juniper securities during the Class Period shall not be deemed a purchase, acquisition, disposition or sale of Juniper securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such securities unless specifically provided in the instrument of gift or assignment.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Class Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all Authorized Claimants. Each Authorized Claimant shall be paid an amount determined by multiplying the Net Class Settlement Fund by a fraction the numerator of which shall be his, her or its "Recognized Claim" and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.

The total recovery payable to Authorized Claimants from purchases of the Notes shall not exceed one percent (1%) of the Net Class Settlement Fund.

Class Members who do not file acceptable Proofs of Claim will not share in the Net Class Settlement Fund. Class Members who do not submit an acceptable Proof of Claim will nevertheless be bound by the Stipulation of Settlement and Final Judgment of the court dismissing these Actions.

Bank drafts will be distributed to Authorized Claimants after the Effective Date of the Settlement and after all claims have been processed. To the extent that any monies remain in the Class Notice and Administration Account or the Settlement Fund Escrow Account after the Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after the Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in

the Class Notice and Administration Account or the Settlement Fund Escrow Account one (1) year after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Class Notice and Administration Account or the Settlement Fund Escrow Account for such re-distribution.  If six months after such redistribution, funds remain in the Class Notice and Administration Account or the Settlement Fund Escrow Account, then such funds shall be further redistributed to Authorized Claimants who have cashed their most recent redistribution and who would receive at least $10.00 from such further redistribution, after payment of any unpaid costs or fees incurred in administering the Class Notice and Administration Account or the Settlement Fund Escrow Account for such redistribution.  The redistributions shall continue until it becomes economically unfeasible to continue redistributions based upon the costs associated with such redistributions, after which Lead Plaintiff's Counsel shall file a motion seeking an order to donate the remaining funds to an appropriate 501(c)(3) charitable organization selected by Lead Plaintiff through its counsel and agreed to by Defendants.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Plaintiff's Lead Counsel or the Claims Administrator, or any other agent designated by Lead Plaintiff's Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation or further orders of the Court.

No distributions or redistributions shall be made to any Authorized Claimant who would receive $10.00 or less based on the initial allocation of the Net Class Settlement Fund.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Date:_____                    THE HONORABLE JAMES J. WARE
                                         Judge, United States District Court for
                                              the Northern District of California

NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)
{1064 / NOT / 00100756.DOC V2}

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A-2

BARBARA HART (*pro hac vice*)
DAVID C. HARRISON (*pro hac vice*)
JEANNE D'ESPOSITO (*pro hac vice*)
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: 914-997-0500
Facsimile:  914-997-0035

*Lead Counsel for the New York City Pension Funds and the Class*

WILLEM F. JONCKHEER S.B.N. 178748
DUSTIN L. SCHUBERT S.B.N. 254876
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile:  415-778-0160

*Local Counsel*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Carolyn Wolpert
100 Church Street
New York, NY 10007
Telephone: 212-788-0748

*Attorneys for the New York City Pension Funds*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW (PVT) **PROOF OF CLAIM AND RELEASE** |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., Lead Plaintiff, v. LISA C. BERRY, Defendant. | No. C08-0246-JW (PVT) **EXHIBIT A-2** |

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a Member of the Class based on your claims in the actions entitled *In re Juniper Networks, Inc. Securities Litigation*, Case No. C -06-04327 JW and the *New York City Employees' Retirement System v. Lisa C. Berry*, Case No. C 08-0246 JW (collectively the "Actions"), you must complete and, on page _____ hereof, sign this Proof of Claim and Release, and mail it as set forth in paragraph 3 below.  If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Actions.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Actions.

3.     **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE SEPTEMBER 10, 2010, ADDRESSED AS FOLLOWS:**

> *Juniper Networks, Inc. Securities Litigation*
> [CITY, STATE, ZIP]

A.     If you are NOT a Member of the Class (as defined in the "Notice of Class Action Certification, Proposed Partial Settlement, Motion for Attorneys' Fees and Expenses and Hearing Thereon") DO NOT submit a Proof of Claim and Release form.

4.     If you are a Member of the Class, and you do not timely and validly request exclusion, you are bound by the terms of any judgment entered in the Actions, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**II.     DEFINITIONS**

Capitalized terms are defined in the Notice of Class Action Certification, Proposed Partial Settlement, Motion for Attorneys' Fees and Expenses and Hearing Thereon.

**III.     CLAIMANT IDENTIFICATION**

1.     If you purchased or acquired Juniper Networks, Inc. ("Juniper") publicly traded securities (*i.e.*, common stock or zero coupon convertible senior notes due June 15, 2008) (the

PROOF OF CLAIM AND RELEASE – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)                                                                                      1

{1964 / MISC / 00100715.DOC v1}

"Notes"), and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Juniper securities which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE JUNIPER SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Proof of Claim and Release form. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**IV.    CLAIM FORM**

1.      Use Part II of this form entitled "Schedule of Transactions in Juniper Securities" to supply all required details of your transaction(s) in Juniper securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to (a) *all* of your purchases or acquisitions and *all* of your sales of publicly traded Juniper securities which took place at any time from July 11, 2003 through August 10, 2006, inclusive (the "Class Period"); and (b) all shares of Juniper common stock you received following Juniper's merger with NetScreen Technologies, Inc. ("NetScreen"), effective as of April 16, 2004.  Failure to report all such transactions may result in the rejection of your claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.     List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.  You must also provide your beginning position prior to the open of trading on July 11, 2003, and your closing position as of August 10, 2006, and whether you still hold such position.

4.     The date of covering a "short sale" is deemed to be the date of purchase of Juniper securities.  The date of a "short sale" is deemed to be the date of sale of Juniper securities.

5.     Broker confirmations or other documentation of your transactions in Juniper securities must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  Certain Claimants with a large number of transactions, such as institutional holders, may ask (or be asked) to submit claim information in an electronic format.  The Claims Administrator will decide when electronic filing of information will be authorized.  In these cases, all Claimants ***must*** still submit a manually signed paper Proof of Claim form.  The Proof of Claim form must list all the data and transactions, whether or not they are also submitted electronically.  Only electronic files authorized by the Claims Administrator will be considered properly submitted.  The Claims Administrator will issue a written acknowledgement of receipt and acceptance of electronically submitted data to the Claimant.

6.     A purchase or sale of Juniper common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide only "contract" or "trade" dates in your claim.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Juniper Networks, Inc. Securities Litigation*
Master File No. C-06-04327 JW
*The New York City Employees' Retirement System, et al. v. Lisa C. Berry*
No. C-08-0246 JW

PROOF OF CLAIM AND RELEASE

Must be Postmarked on or Before:
September 10, 2010

Please Type or Print

**PART I:     CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                            State or Province

Zip Code or Postal Code                         Country

Social Security Number or                   ☐   Individual
Taxpayer Identification Number              ☐   Corporation/Other

Area Code                   Telephone Number (work)

Area Code                   Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

**PART II:     SCHEDULE OF TRANSACTIONS IN JUNIPER COMMON STOCK**

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

**A. Number of shares of Juniper publicly traded common stock held at the beginning of trading on July 11, 2003** (if none, write "0"; if other than zero, documentation must be provided):

**B. PURCHASES:** Below please list (in chronological order) all <u>purchases</u> of Juniper common stock (not acquisitions) made between **July 11, 2003** and **August 10, 2006**, inclusive.

| Date(s) of Purchase (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price per Share of Common Stock | Aggregate Cost (excluding commissions, taxes, and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C. NUMBER OF JUNIPER SHARES RECEIVED/ACQUIRED** in exchange for shares of NetScreen in Juniper Networks' merger with NetScreen, effective as of **April 16, 2004:**

**D. NUMBER OF JUNIPER SHARES RECEIVED/ACQUIRED** through conversion of Notes on or after November 20, 2003**:**

**E.  SALES:** Below please list (in chronological order) all sales of Juniper common stock made between **July 11, 2003** and **August 10, 2006**, inclusive.

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

| Date(s) of Sales (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**F.  ENDING HOLDINGS:** At the close of business on **August 10, 2006**, I owned _____ shares of Juniper common stock.

PROOF OF CLAIM AND RELEASE – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)

6

**PART III:     SCHEDULE OF TRANSACTIONS IN JUNIPER ZERO COUPON CONVERTIBLE SENIOR NOTES**

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

**A.  PURCHASES:** Below please list (in chronological order) all <u>purchases</u> of Juniper Zero Coupon Convertible Senior Notes (not acquisitions) made between **November 20, 2003** and **August 10, 2006**, inclusive.

| Date(s) of Purchase (Month/Day/Year) | $ Face Amount of Zero Coupon Convertible Senior Notes Purchased | Purchase Price per $1,000 Face Amount | Aggregate Cost (excluding commissions, taxes, and fees) |
|---|---|---|---|
| /  / | | . | . |
| /  / | | . | . |
| /  / | | . | . |
| /  / | | . | . |
| /  / | | . | . |
| /  / | | . | . |
| /  / | | . | . |

**B.  SALES:** Below please list (in chronological order) all sales of Juniper Zero Coupon Convertible Senior Notes after **November 20, 2003**.

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

| Date(s) of Sales (Month/Day/Year) | $ Face Amount of Zero Coupon Convertible Senior Notes Sold | Sale Price per $1,000 Face Amount | | Amount Received (net of commissions, taxes, and fees) | |
|---|---|---|---|---|---|
| / / | | | . | | . |
| / / | | | . | | . |
| / / | | | . | | . |
| / / | | | . | | . |
| / / | | | . | | . |
| / / | | | . | | . |
| / / | | | . | | . |

**C.  END OF CLASS PERIOD  HOLDINGS:** At the close of business on **August 10, 2006**, I owned $_____ face amount of Juniper Zero Coupon Convertible Senior Notes.

**D.  NOTES HELD TO MATURITY _____.**  I owned $_____ face amount of Juniper zero coupon convertible Senior Notes as of their maturity date of June 15, 2008.

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any Judgment that may be entered in the Actions.  I (We) agree to furnish additional information to the Settlement Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Juniper securities during the Class Period and know of no other Person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons and each and all of their "Related Parties," defined as each of a Defendant's past or present family members, heirs, executors, administrators, subsidiaries, parents, successors and predecessors, officers, directors, shareholders (excepting Class Members), partners, agents, employees, attorneys, insurers and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest, or assigns of the Defendants.

2.    "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined below) and causes of action of every nature and description, in law or equity, whether arising under federal, state, local, statutory or common law, foreign law, or other law, or other law, rule or regulation, whether fixed or contingent, liquidated or unliquidated, matured or un-matured, accrued or unaccrued and whether known or unknown that Lead Plaintiff or any member of the Class asserted, or could have asserted in the Actions or in any other action or forum against the Released Persons arising out of, relating to, directly or indirectly, or in connection with the purchase, or purchase and sale, or acquisition of Juniper securities  during the

PROOF OF CLAIM AND RELEASE – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)                                                                                                                9

Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions which were alleged or could have been alleged in the Actions.  For the avoidance of doubt, "Settled Class Claims" or "Released Claims" shall not include those Unreleased and Assigned Claims as defined in the Stipulation of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, No. 5:06-cv-03396-JW (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No. 1:06CV064294 (Superior Court of California, Santa Clara County), which was approved by court orders in both of those cases.  Nothing herein is intended to release any claims against Ernst & Young LLP.

3.      "Unknown Claims" means all claims, demands, liabilities, and causes of action of every nature and description which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to or to seek exclusion from this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

1

2   which now exist, or heretofore have existed, upon any theory of law or equity now existing or

3   coming into existence in the future, including, but not limited to, conduct which is negligent,

4   intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

5   subsequent discovery or existence of such different or additional facts.  The Lead Plaintiff

6   acknowledges, and the Class Members shall be deemed by operation of the Judgment to have

7   acknowledged, that the foregoing waiver was separately bargained for and a key element of the

8   settlement of which this release is a part.

9        4.      This release shall only be in force when the Court approves the Stipulation of

10  Settlement dated _____ and the Stipulation becomes effective on the Effective Date (as defined in

11  the Stipulation).

12       5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

13  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

14  release or any other part or portion thereof.

15       6.      I (We) hereby warrant and represent that I (we) have included information about

16  all of my (our) transactions in Juniper securities which occurred during the Class Period as well

17  as the number of shares of Juniper securities (or, in the case of the Juniper Zero Coupon

18  Convertible Senior Notes, the face amount) held by me (us) at the close of trading on August 10,

19  2006.

1        **SUBSTITUTE FORM W-9**

2        Request for Taxpayer Identification Number ("TIN") and Certification

3                            PART I

4    NAME: _____

5    Check appropriate box:

6    ☐      Individual/Sole Proprietor          ☐      Pension Plan

7    ☐      Corporation    ☐    Partnership    ☐    Trust

8    ☐      IRA    ☐    Other

9            Enter TIN on appropriate line.

10           For individuals, this is your social security number ("SSN").

11           For sole proprietors, you must enter your individual name, but you may also enter your
12           business or "doing business as" name. You may enter either your SSN or your Employer
             Identification Number ("EIN").

13           For other entities, it is your EIN.

14   __ __ - __ __ - __ __ __ __        or        __ __ - __ __ __ __ __ __
     Social Security Number                       Employer Identification Number

15

16                           PART II

17           For Payees Exempt from Backup Withholding

18   If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt"
     on the following line: _____

19                          PART III

20                         Certification

21   UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

22   1.      The number shown on this form is my correct TIN; and

23   2.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions
24   of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from
     backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I
25   am (we are) subject to backup withholding as a result of a failure to report all interest or
     dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer
26   subject to backup withholding.

27   NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup
     withholding, you must cross out Item 2 above.

28

{1964 / MISC / 00100715.DOC v1}

SEE ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this ____ day of _____ (Month / Year) in _____ (City), _____ (State / Country).

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.  If this claim is being made on behalf of joint Claimants, both must sign.

2.  Remember to attach supporting documentation.

3.  Do not send original stock certificates or other original documentation; please send only copies.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please inform the Claims Administrator of your new address.

**THE CLAIM FORM AND YOUR SUPPORTING DOCUMENTATION MUST BE POSTMARKED NO LATER THAN SEPTEMBER 10, 2010.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A-3

1  BARBARA HART (*pro hac vice*)
   DAVID C. HARRISON (*pro hac vice*)
2  JEANNE D'ESPOSITO (*pro hac vice*)
   LOWEY DANNENBERG COHEN & HART, P.C.
3  One North Broadway, Suite 509
   White Plains, NY 10601-2310
4  Telephone: 914-997-0500
   Facsimile:  914-997-0035
5
   *Lead Counsel for the New York City Pension Funds and the Class*
6
7  WILLEM F. JONCKHEER S.B.N. 178748
   DUSTIN L. SCHUBERT S.B.N. 254876
8  SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
   Three Embarcadero Center, Suite 1650
9  San Francisco, CA 94111
   Telephone: 415-788-4220
10 Facsimile:  415-778-0160

11 *Local Counsel*

12 MICHAEL A. CARDOZO
   Corporation Counsel of the City of New York
13 Carolyn Wolpert
   100 Church Street
14 New York, NY 10007
   Telephone: 212-788-0748

15 *Attorneys for the New York City Pension Funds*

16

17                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
18                      SAN JOSE DIVISION

19

20 IN RE JUNIPER NETWORKS, INC.          No. C06-04327-JW (PVT)
   SECURITIES LITIGATION
21                                        **SUMMARY NOTICE**

22 THE NEW YORK CITY EMPLOYEES'           No. C08-0246-JW (PVT)
   RETIREMENT SYSTEM, et al.,
23

24                          Lead Plaintiff,
                                          **EXHIBIT A-3**
25                v.

26 LISA C. BERRY,

27                              Defendant.

28

{1964 / MISC / 00100746.DOC v4}SUMMARY NOTICE – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)

{1964 / MISC / 00100746.DOC v3}

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PUBLICLY
       TRADED SECURITIES OF JUNIPER NETWORKS, INC. ("JUNIPER" OR THE
       "COMPANY") FROM JULY 11, 2003 THROUGH AUGUST 10, 2006, INCLUSIVE,
       AND WHO DID NOT SELL SUCH SECURITIES BEFORE MAY 18, 2006, AND
       WERE DAMAGED, INCLUDING (A) THOSE WHO RECEIVED OR ACQUIRED
       JUNIPER COMMON STOCK ISSUED PURSUANT TO A REGISTRATION
       STATEMENT ON SEC FORM S-4, DATED MARCH 10, 2004, FOR THE
       COMPANY'S MERGER WITH NETSCREEN TECHNOLOGIES INC.; AND
       (B) PURCHASERS OF ZERO COUPON CONVERTIBLE SENIOR NOTES DUE
       JUNE 15, 2008 ISSUED PURSUANT TO A REGISTRATON STATEMENT ON SEC
       FORM S-3, DATED NOVEMBER 20, 2003:

        YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

for the Northern District of California, that a hearing will be held on August 30, 2010, at 9:00

a.m., before the Honorable James Ware at the United States Courthouse, 4th Floor, Courtroom 8,

280 South 1st Street, San Jose, California, for the purpose of determining (1) whether the

proposed settlement of the claims against Juniper and certain of its former and current officers

and/or directors (collectively, the "Defendants") in the above-referenced litigations (the

"Actions") for the principal amount of $169,000,000, plus accrued interest, should be approved

by the Court as fair, reasonable and adequate; (2) whether a Final Judgment and Order of

Dismissal with Prejudice should be entered by the Court dismissing the claims against the

Defendants in the Actions with prejudice; (3) whether the Plan of Allocation is fair, reasonable

and adequate and therefore should be approved; and (4) whether the application of Plaintiff's

Lead Counsel for the payment of attorneys' fees and reimbursement of expenses and the Lead

Plaintiff's expenses incurred in connection with these Actions should be approved.

        If you purchased or acquired Juniper publicly traded securities during the period July 11,

2003 through August 10, 2006, and did not sell such securities prior to May 18, 2006, including

(a) receiving Juniper common stock pursuant to the merger with NetScreen Technologies, Inc.,

and/or (b) purchasing Zero Coupon Convertible Senior Notes due June 15, 2008, your rights may

be affected by the settlement of these Actions.  If you have not received a detailed Notice of Class

Action Certification, Proposed Partial Settlement, Motion for Attorneys' Fees and Expenses and

Hearing Thereon ("Notice") and a copy of the Proof of Claim and Release, you should obtain

copies by writing to *Juniper Networks, Inc. Securities Litigation*, c/o _____, P.O. Box

SUMMARY NOTICE – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)

{1964 / MISC / 00100746.DOC v4} 1

1
2  _____, [CITY/STATE/ZIPCODE/ toll free number], or on the internet at

3  www._____.com.  The Notice contains details about this litigation and settlement,

4  including what you must do to exclude yourself from the settlement, object to the terms of the

5  settlement, or file a Proof of Claim.  If you are a Class Member, in order to share in the

6  distribution of the Settlement Fund, you must submit a Proof of Claim and Release postmarked

7  no later than September 10, 2010, establishing that you are entitled to recovery.

8         If you desire to be excluded from the Class, you must submit a Request for Exclusion to

9  be received by August 9, 2010, in the manner and form explained in the detailed Notice referred

10  to above.  All Members of the Class who have not timely and validly requested exclusion from

11  the Class will be bound by any Judgment entered in the Actions pursuant to the Stipulation of

12  Settlement.

         Any objection to the settlement must be received by the parties listed below no later than

13  August 2, 2010:

14                            *Court*:

15                            Clerk of the Court
16                            United States District Court
                              Northern District of California
17                            280 South 1st Street
                              San Jose, CA  95113
18
                              *Lead Counsel for Lead Plaintiff and the Class*:
19
                              Barbara J. Hart
20                            David C. Harrison
                              Lowey Dannenberg Cohen & Hart, P.C.
21                            David C. Harrison
                              One North Broadway, Suite 509
22                            White Plains, NY  10601

23                            *Counsel for Juniper Defendants*:

24                            Nina F. Locker
25                            Steven Guggenheim
                              Wilson Sonsini Goodrich & Rosati, P.C.
26                            650 Page Mill Road
                              Palo Alto, CA  94304
27

28

SUMMARY NOTICE – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Counsel for Lisa C. Berry:*

Melinda Haag
James N. Kramer
Nancy E. Harris
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA  94105-2669

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may

contact the Claims Administrator or Plaintiff's Lead Counsel at the address listed above.

Dated: April _____, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA