BARBARA HART (*pro hac vice*)
DAVID C. HARRISON (*pro hac vice*)
JEANNE D'ESPOSITO (*pro hac vice*)
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: 914-997-0500
Facsimile: 914-997-0035

*Lead Counsel for the New York City Pension Funds and the Class*

WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Facsimile: 415-778-0160

*Local Counsel*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Carolyn Wolpert
100 Church Street
New York, NY 10007
Telephone: 212-788-0748

*Attorneys for the New York City Pension Funds*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW (PVT) |
| | **AMENDED STIPULATION OF SETTLEMENT** |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., | No. C08-0246-JW (PVT) |
| Lead Plaintiffs, | |
| v. | |
| LISA C. BERRY, | |
| Defendant. | |

AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)

{1964 / STIP / 00101500.DOC v1}

1        Lead Plaintiff, the New York City Employees' Retirement System, the Teachers'

2  Retirement System of the City of New York, the New York City Fire Department Pension

3  Fund, the New York City Police Pension Fund, the New York City Police Superior Officers'

4  Variable Supplements Fund, the New York City Police Officers' Variable Supplements Fund,

5  the New York City Firefighters' Variable Supplements Fund, the New York City Fire Officers'

6  Variable Supplements Fund and the New York City Teachers' Retirement System of the City of

7  New York Variable Annuity Program (collectively the "NYC Funds" or "Lead Plaintiff"), on

8  behalf of itself and the Class (as hereinafter defined), Defendants Juniper Networks, Inc.

9  ("Juniper" or the "Company"), Scott Kriens, Marcel Gani, Pradeep Sindhu, Robert M.

10  Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth

11  Levy, and William R. Stensrud (collectively, the "Juniper Defendants"), Lisa C. Berry

12  ("Berry"), and Ernst & Young, LLP ("E&Y") (together with the Juniper Defendants, the

13  "Defendants") by and through the undersigned, hereby enter into this Amended Stipulation of

14  Settlement (the "Amended Stipulation") pursuant to the terms and conditions set forth below.

15  This Amended Stipulation is intended to fully, finally and forever resolve, discharge and settle

16  the Released Claims (as defined below) upon and subject to the terms and conditions below,

17  subject to approval of the United States District Court for the Northern District of California.

18        WHEREAS,

19        A.      Currently pending in this Court is a consolidated class action entitled *In re*

20  *Juniper Networks, Inc. Securities Litigation*, Master Case No. C06-04327-JW (the "Juniper

21  Action"), consisting of the actions commenced in this Court with the docket numbers as

22  follows: *Garber v. Juniper Networks, Inc. et al.*, Case No. 06-04327 (MJJ); *Peters v. Juniper*

23  *Networks, Inc. et al.*, Case No. 06-05303 (JW); and *Vornado v. Juniper Networks, Inc. et al.*,

24  Case No. 07-03805 (MJJ).

25        B.      A separate putative class action is also pending in this Court, styled *New York*

26  *City Employees' Retirement System et al. v. Lisa C. Berry*, Case No. 08-0246-JW (individually

27  the "Berry Action" and collectively with the Juniper Action, the "Actions").

28

1         C.     On July 14, 2006, the initial securities class action in the Juniper Action was filed,

2    titled *Garber v. Juniper Networks, Inc. et al.* On November 20, 2006, pursuant to the Private

3    Securities Litigation Reform Act ("PSLRA"), the Court granted Lead Plaintiff's Motion for

4    Consolidation of the Juniper Action, for appointment as the Lead Plaintiff, and for approval of

5    Lead Plaintiff's selection of the law firm of Lowey Dannenberg Cohen & Hart, P.C. as the Lead

6    Counsel ("Lead Counsel") in the Juniper Action.

7         D.     On January 12, 2007, Lead Plaintiff filed a Consolidated Class Action Complaint,

8    and on April 9, 2007, Lead Plaintiff filed the Amended Consolidated Class Action Complaint in

9    the Juniper Action (the "Complaint"). The Complaint asserts claims against various

10    Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

11    "Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission

12    ("SEC"), and under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

13         E.     The Complaint alleges that from Juniper's initial public offering in June 1999,

14    and continuing through the Class Period (defined herein), the Juniper Defendants engaged in a

15    scheme to backdate Juniper's stock option grants and to materially misrepresent and omit

16    material facts concerning Juniper's option-granting practices in the Company's filings with the

17    SEC. The Complaint further alleges that Juniper Defendants improperly accounted for stock

18    option grants by failing to record approximately $900 million in compensation expenses over a

19    several-year period, in violation of generally accepted accounting principles ("GAAP"), and

20    that, as a result, Juniper's reported earnings and stock price were alleged artificially inflated.

21    The Complaint alleges that Juniper's stock price declined in May 2006, when the financial

22    media began to expose Juniper's option-granting practices, and further declined in connection

23    with Juniper's August 10, 2006 announcement that the Company would restate its financial

24    results for the period beginning January 1, 2003 through March 31, 2006.

25         F.     On June 7, 2007, the Juniper Defendants moved to dismiss the Complaint on the

26    ground that, among other things, it failed to state a claim for relief under Section 10(b) and Rule

27    10b-5 under the standards of the Private Securities Litigation Reform Act ("PSLRA") and

28

1  under Rule 9(b) of the Federal Rules of Civil Procedure.  The motion was granted in part and

2  denied in part pursuant to an Order issued on March 31, 2008.  On June 23, 2008, the Juniper

3  Defendants answered the Complaint.

4         G.     On June 11, 2007, E&Y answered the Complaint.

5         H.     On January 14, 2008, Lead Plaintiff commenced the Berry Action.  The

6  Complaint in the Berry Action asserts claims under Section 10(b) and 20(a) of the Exchange

7  Act and Rule 10b-5 against Berry.  On February 27, 2008, the Berry Action was assigned to

8  Judge Ware as a related case to the Juniper Action.  The Court has declined to consolidate the

9  Berry Action with the Juniper Action.

10         I.     On September 4, 2008, Lead Plaintiff and the Juniper Defendants engaged in a

11  mediation before the Honorable Nicholas Politan.  The mediation was unsuccessful.

12         J.     On September 29, 2008, Berry moved to dismiss the initial complaint in the Berry

13  Action.  On May 15, 2009, Berry's initial motion to dismiss was granted in part and denied in

14  part.  On June 18, 2009, Lead Plaintiff filed an Amended Class Action Complaint in the Berry

15  Action.  On July 13, 2009, Berry moved to dismiss the Amended Class Action Complaint.  On

16  September 24, 2009, the Court granted in part and denied in part Berry's motion to dismiss the

17  Amended Class Action Complaint.  On October 14, 2009, Berry filed an answer to the

18  Amended Class Action Complaint.

19         K.     On March 2, 2009, Lead Plaintiff moved in the Juniper Action for class

20  certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  In connection

21  with Lead Plaintiff's motion, the parties engaged in substantial fact and expert discovery,

22  briefing, and oral argument.  On September 25, 2009, the Court issued an order certifying the

23  following class in the Juniper Action:

24                All persons and entities who purchased or otherwise acquired the
              publicly traded securities of Juniper Networks, Inc. from July 11,

25                2003 through August 10, 2006, inclusive, and who did not sell
              such acquired securities before May 18, 2006, and were damaged,

26                including (a) those who received or acquired Juniper common
              stock issued pursuant to a registration statement on SEC Form S-4,

27                dated March 10, 2004, for the Company's merger with NetScreen

28

Technologies Inc.; and (b) purchasers of Zero Coupon Convertible Senior Notes due June 15, 2008 issued pursuant to a registration statement on SEC Form S-3, dated November 20, 2003. Excluded from the Class are the Defendants and the current and former officers and directors of the Company, their immediate families, their heirs, successors, or assigns and any entity controlled by any such person.

L.    On October 12, 2009, The Juniper Defendants and Lead Plaintiff filed a Submission Re Dissemination of Class Notice attaching a form of class notice and a proposal for dissemination of notice to the Class.

M.    On October 16, 2009, the Court issued an Order Denying Defendants' Motion for Leave to File Motion for Reconsideration, Correcting Typographical Error, with respect to the Court's September 25, 2009 Order and Opinion regarding to class certification.

N.    On November 20, 2008, the Court entered a Stipulated Discovery Plan in the Juniper Action. Pursuant to the Discovery Plan, the Lead Plaintiff, the Juniper Defendants, and E&Y have served numerous sets of document requests, interrogatories, and requests for admission, and have deposed 41 party and third-party witnesses. In addition, more than 2.5 million pages of documents have been produced by the parties and non-party witnesses. Following the Court's denial of the motion to dismiss the Amended Complaint in the Berry Action, Lead Plaintiff also served discovery requests and noticed depositions in the Berry Action.

O.    On September 2, 2009, the Juniper Defendants filed a motion for judgment on the pleadings on the ground that the alleged May 2006 disclosures are not corrective disclosures for which Lead Plaintiff could plead loss causation. On October 9 and October 16, 2009, respectively, Lead Plaintiff filed its Opposition and the Juniper Defendants filed their Reply. The parties subsequently adjourned the hearing date on the motion for judgment on the pleadings, and the Juniper Defendants thereafter stipulated to withdraw the motion for judgment on the pleadings in light of the pending settlement.

P.    Lead Plaintiff, through Lead Counsel, represents that it has made a thorough investigation into the facts and circumstances relevant to the claims alleged in the operative

1   complaints in the Actions and has extensively consulted with damages and accounting experts.
2   The settlement with the Juniper Defendants and Berry as contemplated by this Stipulation is the
3   result of a two-day mediation that was undertaken after fact discovery was nearly completed in
4   the Juniper Action. Following intensive sessions held on February 4 and 5, 2010, under the
5   aegis of a professional mediator, former United States District Court Judge Abraham D. Sofaer,
6   the parties entered into an agreement in principle which is memorialized in a Memorandum of
7   Understanding dated February 5, 2010 (the "Juniper MOU"). With the assistance of Judge
8   Sofaer, the parties, by their counsel, have conducted extensive discussions and arm's-length
9   negotiations concerning both the mediation process and the terms and conditions of this
10  Settlement.

11        Q.      The settlement with E&Y is the result of extensive and arm's-length negotiations
12  conducted over the course of several weeks following the mediation between Lead Plaintiff and
13  the Juniper Defendants. On March 19, 2010, counsel for Lead Plaintiff and E&Y met with the
14  parties' damages experts to review their respective analyses of damages under the Section 11
15  claim against E&Y. Following several rounds of negotiations, Lead Plaintiff and E&Y entered
16  into an agreement in principle which is memorialized in a Memorandum of Understanding
17  dated April 15, 2010 (the "E&Y MOU").

18        R.      Lead Plaintiff, through Lead Counsel, represents that its investigation of the
19  claims asserted in the Actions has included, *inter alia*: (1) detailed reviews of millions of pages
20  of documents produced over the course of the litigation; (2) conducting 28 fact depositions,
21  plus the deposition of the Juniper Defendants' expert; (3) a comprehensive discovery program
22  that included numerous sets of document requests, interrogatories, and requests for admission;
23  (4) consultation with a well-recognized financial analyst, concerning causation analysis and the
24  amount of damages sustained by the Class; (5) a review of reports or data prepared by the
25  financial experts for the Lead Plaintiff, the Juniper Defendants and E&Y which addressed,
26  among other issues, the elements of loss causation and damages; (6) review of analysts' reports
27  and articles in the financial press relating to Juniper; and (7) research of the applicable law with
28

1 respect to the claims asserted in the Complaints filed in the Actions covering the Class Period,
2 and the potential defenses thereto.

3       S.     Lead Plaintiff and Lead Counsel believe that their claims have merit, but have
4 nonetheless concluded that it is in the best interests of Lead Plaintiff and the Class to settle the
5 Actions on the terms contained in this Amended Stipulation after considering the following
6 factors: (1) the substantial financial benefits provided herein for the Class; (2) the attendant
7 risks of litigation; (3) the expense and length of time necessary to prosecute the Actions through
8 trial; (4) the defenses asserted by and available to the Defendants; (5) the uncertainties of the
9 outcome of this complex litigation; (6) the fact that resolution, whenever and however
10 determined, would likely be subject to appellate review, as a consequence of which it might be
11 many years until final adjudication of the Actions; and (7) the desirability of permitting the
12 Settlement to be consummated as provided by the terms of this Amended Stipulation.

13       T.     The Defendants have denied and continue to deny each and all of the claims and
14 contentions alleged by the Lead Plaintiff in the Actions. Defendants expressly have denied and
15 continue to deny all charges of wrongdoing or liability against them arising out of any of the
16 conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions.
17 Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead
18 Plaintiff or the Class have suffered damage, that the price of Juniper securities was artificially
19 inflated by reason of alleged misrepresentations, non-disclosures or otherwise, and that the
20 Lead Plaintiff or the Class were harmed by the alleged misconduct.

21       U.     Nonetheless, the Defendants have concluded that further conduct of the Actions
22 would be protracted and expensive, and that it is desirable that the Actions be fully and finally
23 settled in the manner and upon the terms and conditions set forth in herein. The Defendants
24 have also taken into account the uncertainty and risk inherent in any litigation, especially in
25 complex cases such as the Actions and have, therefore, determined that it is desirable and
26 beneficial to them that the Actions be settled in the manner and upon the terms set forth in this
27 Amended Stipulation.

28

1  V.    This Amended Stipulation shall in no event be construed to be evidence of or an

2  admission or concession on the part of Defendants with respect to any claim or any fault or

3  liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants

4  have asserted.

5  W.    This Amended Stipulation shall in no event be construed or deemed to be

6  evidence or a concession by the Lead Plaintiff of any infirmity in the claims asserted in the

7  Actions.

8  X.    Defendants and Lead Plaintiff agree that, during the course of the litigation, the

9  litigants and their respective counsel at all times complied with the requirements of Rule 11 of

10  the Federal Rules of Civil Procedure. The parties and their counsel further agree that the

11  Actions were resolved in good faith after consultation with competent counsel and following

12  arms' length bargaining in the mediation and in subsequent negotiations, and that the settlement

13  on the terms and conditions set forth herein confers substantial benefits upon the Class and,

14  based upon Lead Plaintiff's evaluation, is fair, reasonable and adequate.

15  NOW THEREFORE, the parties to this Amended Stipulation, through the undersigned

16  duly authorized representatives, intending to be legally bound hereby, STIPULATE AND

17  AGREE that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of

18  Civil Procedure, the Actions and the Released Claims shall be finally and fully compromised,

19  settled, and released, and the Actions shall be dismissed against Defendants with prejudice

20  upon and subject to the following terms and conditions.

21  **DEFINITIONS**

22  1.    As used in this Stipulation, exhibits attached hereto and made part hereof, and

23  related documents (unless otherwise indicated), the following terms shall have the following

24  meanings:

25  a.    "Authorized Claimant" shall mean a Claimant who files a timely and valid

26  Proof of Claim with required documentation in accordance with the requirements of the

27  Hearing Order, Notice and paragraph 17 of this Stipulation and whose claims have been

28
AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)          7

}{1964 / STIP / 00101500.DOC v1}

1    allowed pursuant to the terms of the Stipulation.

2              b.        "Claimant(s)" shall mean any member of the Class who files a Proof of

3    Claim in connection with this Settlement in such manner and within such time as provided in

4    this Stipulation, or as the Court shall prescribe.

5              c.        "Class" shall mean all persons and entities who purchased or otherwise

6    acquired the publicly traded securities of Juniper Networks, Inc. from July 11, 2003 through

7    August 10, 2006, inclusive (the "Class Period"), who did not sell such acquired securities

8    before May 18, 2006, and were damaged thereby, including but not limited to (i) those who

9    received or acquired Juniper common stock issued pursuant to a registration statement on SEC

10   Form S-4, dated March 10, 2004, for the Company's merger with NetScreen Technologies Inc.;

11   and (ii) purchasers of Zero Coupon Convertible Senior Notes due June 15, 2008 issued pursuant

12   to a registration statement on SEC Form S-3, dated November 20, 2003.  Excluded from the

13   Class are the Defendants and the current and former officers and directors of the Company,

14   their immediate families, their heirs, successors, or assigns and any entity controlled by any

15   such person.  Also excluded from the Class are persons who request exclusion from the Class

16   pursuant to the terms of this Stipulation or order of the Court.

17             d.        "Class Actions" shall mean the actions identified in paragraphs A-B of

18   this Stipulation, including the Berry Action, and all other related actions asserting similar or

19   related claims filed in or transferred to the Court prior to entry of the Hearing Order.

20             e.        "Class Escrow Agent" shall mean Amalgamated Bank.

21             f.        "Class Members" or "Members of the Class" shall mean a Person or

22   Persons who are members of the Class.

23             g.        "Class Notice" or "Notice" shall mean the Notice of Class Action

24   Certification and Proposed Partial Settlement, substantially in the form annexed hereto as

25   Exhibit A-1 to the Hearing Order.

26             h.        "Class Notice and Administration Account" shall mean the Disbursement

27   Account referenced in the Escrow Agreement.

28

1           i.     "Class Order" shall mean the Court's Order with respect to class

2  certification dated October 16, 2009.

3           j.     "Class Period" shall mean the period from July 11, 2003 through August

4  10, 2006, inclusive.

5           k.     "Complaints" shall mean the Consolidated Amended Class Action

6  Complaint served and filed on or about April 9, 2007 in the Juniper Action and the Amended

7  Class Action complaint served and filed on or about June, 18, 2009 in the Berry Action.

8           l.     "Defendants" shall mean the Juniper Defendants, Berry and E&Y.

9           m.    "Defendants' Counsel" shall collectively mean the Juniper Defendants'

10  Counsel, Lisa Berry's Counsel and E&Y's Counsel as defined herein.

11           n.     "E&Y" shall mean Ernst & Young LLP.

12           o.     "E&Y's Counsel" shall mean Latham & Watkins, LLP.

13           p.     "Effective Date" shall mean the date determined pursuant to paragraphs 4

14  and 5 of the Stipulation.

15           q.     "Escrow Account" shall mean the Juniper Settlement Fund Custodial

16  Escrow Account described in the Escrow Agreement.

17           r.     "Escrow Agreement" means the April 27, 2010 Amended and

18  Supplemental Escrow Agreement between Amalgamated, Lead Plaintiff and Defendants.

19           s.     "Final Judgment" or "Judgment" shall mean the Final Judgment and Order

20  of Dismissal with Prejudice to be entered in the Class Actions pursuant to paragraphs 23-25 of

21  this Stipulation, substantially in the form of Exhibit B hereto.

22           t.     "Hearing Order" shall mean the Order Preliminarily Approving Settlement

23  and Providing for Notice scheduling the Settlement Fairness Hearing and authorizing notice to

24  the Class of such a hearing to be entered by the Court pursuant to paragraph 22 of the

25  Stipulation, substantially in the form of Exhibit A annexed hereto.

26           u.     "Individual Defendants" shall mean Marcel Gani, Scott Kriens, Pradeep

27  Sindhu, Robert M. Calderoni, Kenneth Goldman, William R. Hearst III, Stratton Sclavos,

28

1    Vinod Khosla, Kenneth Levy, William R. Stensrud, and Lisa C. Berry.

2           v.    "Juniper" shall mean Juniper Networks, Inc.

3           w.    "Juniper Defendants' Counsel" shall mean the law firm of Wilson Sonsini

4    Goodrich & Rosati, P.C.

5           x.    "Juniper Preliminary Approval Order" means the Order Preliminarily

6    Approving Settlement and Providing for Notice entered April 12, 2010.

7           y.    "Lead Counsel" or "Lead Plaintiff's Lead Counsel" shall mean the law

8    firm of Lowey Dannenberg Cohen & Hart, P.C.

9           z.    "Lead Plaintiff" shall mean the New York City Employees' Retirement

10   System, the Teachers' Retirement System of the City of New York, the New York City Fire

11   Department Pension Fund, the New York City Police Pension Fund, the New York City Police

12   Superior Officers' Variable Supplements Fund, the New York City Police Officers' Variable

13   Supplements Fund, the New York City Firefighters' Variable Supplements Fund, the New York

14   City Fire Officers' Variable Supplements Fund and the New York City Teachers' Retirement

15   System of the City of New York Variable Annuity Program (the "NYC Funds").

16          aa.   "Lead Plaintiff's Local Counsel" shall mean the law firm of Schubert

17   Jonckheer & Kolbe LLP.

18          bb.   "Lisa Berry's Counsel" shall mean the law firm of Orrick, Herrington &

19   Sutcliffe LLP.

20          cc.   "Net Class Settlement Fund" shall mean the Settlement Fund less all

21   attorneys' and other fees, litigation costs, and expenses as approved by the Court, taxes and

22   expenses that are paid out of the Settlement Fund in connection with the Settlement of the Class

23   Actions.

24          dd.   "Person" shall mean an individual, corporation, partnership, limited

25   partnership, association, joint stock company, estate, legal representative, trust, unincorporated

26   organization, and any other type of legal entity, and their respective executors, administrators,

27   representatives, agents, attorneys, heirs, successors, and/or assigns.

28

1      ee.    "Proof of Claim" shall collectively mean the Proof of Claim and Release,

2  substantially in the form annexed hereto as Exhibit A-2 to the Hearing Order.

3      ff.    "Related Parties" means each of a Defendant's past or present family

4  members, heirs, executors, administrators, subsidiaries, parents, successors and predecessors,

5  officers, directors, shareholders (excepting Class Members), partners, agents, employees,

6  attorneys, insurers and any person, firm, trust, corporation, officer, director, or other individual

7  or entity in which any Defendant has a controlling interest or which is related to or affiliated

8  with any of the Defendants, and the legal representatives, heirs, successors in interest, or

9  assigns of the Defendants.

10      gg.    "Released Persons" means the Defendants and each of their Related

11  Parties.

12      hh.    "Settled Class Claims" or "Released Claims" shall mean any and all

13  rights, demands, claims (including "Unknown Claims" as defined in ¶ pp) and causes of action

14  of every nature and description, in law or equity, whether arising under federal, state, local,

15  statutory or common law, foreign law, or other law, or other law, rule or regulation, whether

16  fixed or contingent, liquidated or unliquidated, matured or un-matured, accrued or unaccrued

17  and whether known or unknown that Lead Plaintiff or any member of the Class asserted, or

18  could have asserted in the Actions or in any other action or forum against the Released Persons

19  arising out of, relating to, directly or indirectly, or in connection with the purchase, or purchase

20  and sale, or acquisition of Juniper securities during the Class Period, and the facts, matters,

21  allegations, transactions, events, disclosures, statements, acts or omissions which were alleged

22  or could have been alleged in the Actions. For the avoidance of doubt, "Settled Class Claims"

23  or "Released Claims" shall not include those Unreleased and Assigned Claims as defined in the

24  Stipulation of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, No. 5:06-

25  cv-03396-JW (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No.

26  1:06CV064294 (Superior Court of California, Santa Clara County), which was approved by

27  court orders in both of those cases.

28

1    ii.    "Settlement Administrator" or "Claims Administrator" shall mean Rust
2    Consulting, Inc., the firm retained and supervised by Lead Plaintiff's Counsel to administer the
3    Settlement, or such other firm that may be retained and supervised by Lead Plaintiff's Counsel
4    to provide services relating to the provision of notice to the Class and administration of the
5    Settlement.

6    jj.    "Settlement Fairness Hearing" shall mean the hearing to be held by the
7    Court for the purposes set forth in paragraphs 22 and 26 of the Stipulation.

8    kk.    "Settlement Fund" shall mean the one hundred sixty nine million dollars
9    ($169,000,000) previously deposited by Juniper into the Escrow Account pursuant to the
10   Juniper MOU, and the five hundred Thousand dollars ($500,000) to be deposited by E&Y into
11   the Escrow Account pursuant to the E&Y MOU, plus all interest earned thereon and which may
12   be reduced by payments or deductions as provided herein or by Court order.

13   ll.    "Settling Parties" shall mean Lead Plaintiff, the Juniper Defendants, Berry
14   and E&Y.

15   mm.    "Stipulation of Settlement" or "Stipulation" shall mean this Amended
16   Stipulation of Settlement, including the exhibits attached hereto, each of which is incorporated
17   by reference as though set forth in the Stipulation itself.

18   nn.    "Summary Notice" shall mean the summary notice describing the
19   settlement of these Actions and the hearing on the Settlement, substantially in the form annexed
20   hereto as Exhibit A-3 to the Hearing Order.

21   oo.    "Supplemental Stipulation" means that separate agreement between the
22   Settling Parties pursuant to which Juniper and/or E&Y have the option to terminate the
23   Stipulation if the Persons timely requesting exclusion from the Settlement purchased, in
24   aggregate, greater than a specified number of Juniper securities during the Class Period.

25   pp.    "Unknown Claims" means all claims, demands, liabilities, and causes of
26   action of every nature and description which the Lead Plaintiff or any Class Member does not
27   know or suspect to exist in his, her or its favor at the time of the release of the Released Persons

28

1   which, if known by him, her or it, might have affected his, her or its settlement with and release

2   of the Released Persons, or might have affected his, her or its decision not to object to or to

3   seek exclusion from this Settlement.  With respect to any and all Released Claims, the Settling

4   Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly

5   waive, and each of the Class Members shall be deemed to have and by operation of the

6   Judgment shall have expressly waived, the provisions, rights and benefits conferred by any law

7   of any state or territory of the United States, or principle of common law, which is similar,

8   comparable or equivalent to California Civil Code § 1542, which provides:

9   > A general release does not extend to claims which the creditor does
>    not know or suspect to exist in his or her favor at the time of
10  > executing the release, which if known by him or her must have
>    materially affected his or her settlement with the debtor.
11

12  The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different

13  from those which he, she or it now knows or believes to be true with respect to the subject

14  matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member,

15  upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have,

16  fully, finally, and forever settled and released any and all Released Claims, known or unknown,

17  suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

18  which now exist, or heretofore have existed, upon any theory of law or equity now existing or

19  coming into existence in the future, including, but not limited to, conduct which is negligent,

20  intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

21  subsequent discovery or existence of such different or additional facts.  The Lead Plaintiff

22  acknowledges, and the Class Members shall be deemed by operation of the Judgment to have

23  acknowledged, that the foregoing waiver was separately bargained for and a key element of the

24  settlement of which this release is a part.

25  ### THE SETTLEMENT CONSIDERATION

26       2.       In consideration of the Settlement and releases provided herein, and subject to the

27  terms and conditions stated herein, on February 19, 2010, Juniper deposited the sum of one

28

1   hundred sixty-nine million dollars ($169,000,000) into the Escrow Account pursuant to the

2   Juniper MOU, and on or before April 29, 2010, E&Y will deposit the sum of five hundred

3   thousand dollars ($500,000) into the Escrow Account pursuant to the E&Y MOU.

4       3.    The Settlement Fund shall be subject to the jurisdiction of the Court and will

5   remain subject to the jurisdiction of the Court until such time as it is distributed or returned

6   pursuant to this Stipulation. Lead Plaintiff, through Lead Plaintiff's Lead Counsel, and

7   Defendants, through their respective Defendants' Counsel, have entered into separate Escrow

8   Agreements, with the Class Escrow Agent serving as escrow agent over the Escrow Account

9   and the Class Notice and Administration Account. The Class Escrow Agent shall be permitted

10  to release funds from the Escrow Account and the Class Notice and Administration Account in

11  accordance with the terms and conditions of this Stipulation, the Escrow Agreements and as

12  ordered by the Court. Except as otherwise provided herein, Defendants shall have no

13  responsibility for, or any liability whatsoever with respect to (i) the disposition, administration,

14  management, investment or distribution of the Settlement Fund, (ii) the determination,

15  administration, calculation or payment of any claims asserted against the Settlement Fund,

16  (iii) any losses suffered by, or fluctuations in the value of, the Settlement Fund, (iv) any act,

17  omission or determination of Lead Plaintiff's Counsel, the Class Escrow Agent, or any of their

18  respective designees or agents, in connection with the administration of the Settlement Fund or

19  otherwise, or (v) the payment or withholding of taxes, expenses, and/or costs incurred in

20  connection with the taxation of the Settlement Fund or the filing of any returns.

21  **EFFECTIVE DATE**

22      4.    The Settlement shall not become effective until the Effective Date. The Effective

23  Date means the date on which all of the following preconditions are satisfied, unless the

24  preconditions are expressly waived in writing by the Lead Plaintiff and Defendants:

25  (a) Defendants have not exercised their option to terminate the Stipulation pursuant to

26  paragraphs 6 and 7; (b) the Final Judgment, substantially in the form of Exhibit B, has been

27  entered by the Court; and (c) the applicable period to file all appeals from the Final Judgment

28

1    has expired without the filing of any appeals, or motion to alter or amend the Final Judgment

2    under Federal Rule of Civil Procedure 59(e), or, in the event of any appeal or motion to alter or

3    amend, the appeal or motion to alter or amend has been disposed by voluntarily dismissal or

4    withdrawal of the appeal or motion, or by entry of an order dismissing the appeal or motion or

5    affirming the appealed Final Judgment, and any time period for further appeal, including a

6    petition for a writ of certiorari, has expired.

7          5.    Notwithstanding the foregoing, the Effective Date shall not be delayed if an

8    appeal is taken from or review is sought of any Final Judgment if such appeal or petition for

9    review solely challenges (a) the Fee and Expense Award (as defined in paragraph 26) and/or

10   (b) the Plan of Allocation of the Net Class Settlement Fund among Class Members.  Upon the

11   Effective Date, the Settlement shall be binding and final ("Effective").

12             **CONDITION FOR DEFENDANTS' WITHDRAWAL FROM SETTLEMENT**

13         6.    On or before August 10, 2010, Lead Counsel shall file with the Court, and serve

14   on counsel for Defendants, an affidavit setting forth the names of all persons to whom the Class

15   Notice was sent, copies of all requests for exclusion received from Persons in the Class

16   pursuant to the Class Notice or otherwise, and copies of all rescissions or revocations of

17   requests for exclusion. Defendants have the option in their sole discretion to terminate the

18   Stipulation if the conditions stated in the Supplemental Stipulation occur and if Juniper and/or

19   E&Y elects to provide written notice of termination as provided in paragraph 7.  The

20   Supplemental Stipulation shall not be filed with the Court unless and until a dispute arises

21   among the Settling Parties as to its interpretation or application.

22         7.    Juniper or E&Y (or both) may withdraw from this Stipulation pursuant to the

23   preceding paragraph only if a written notice of termination of this Stipulation is filed by Juniper

24   or E&Y with the Court and served on Lead Counsel at least five (5) days prior to the Settlement

25   Fairness Hearing. Defendants shall not have any right to terminate or cancel this Stipulation,

26   and any notice of termination given by any of them shall be null and void and of no further

27   force and effect if, prior to the Settlement Fairness Hearing, Persons who requested exclusion

28

1   from the Class timely and validly withdraw or revoke their requests for exclusion in an amount

2   sufficient to cause the amount of shares of Juniper's securities of those Persons requesting

3   exclusion from the Class to be less than the amount of shares set forth in the Supplemental

4   Stipulation. If the conditions for withdrawal stated in the Supplemental Stipulation are met,

5   then counsel for the parties may contact any Person requesting exclusion, or such Person's

6   counsel, to discuss their request for exclusion. To validly rescind or revoke a request for

7   exclusion from the Class, a Person must file with the Court and serve on Lead Counsel and the

8   Defendants' Counsel, no later than two (2) days before the Settlement Fairness Hearing, a

9   written notice of rescission signed by such Person, stating that Person's desire to be bound by

10  the Settlement and any judgment in the Actions, and stating the number of Juniper securities

11  purchased by that Person during the Class Period and held at least until May 18, 2006;

12  provided, however, that the filing of such written notice of rescission may be effected by Lead

13  Counsel.

14  **TERMINATION OF STIPULATION**

15      8.   In the event that the preconditions to the Effective Date set out in paragraph 4

16  hereof are not satisfied, or if the Effective Date does not occur for any reason, this Stipulation

17  shall be deemed null and void with the exception of paragraphs V, W, 8, 9, 12(c), 30-31, 34, 36,

18  and 46, and shall have no further force and effect with respect to any party, and neither the

19  Stipulation, the Exhibits hereto, nor the settlement negotiations shall be used or referred to in

20  any action or proceeding for any purpose.

21      9.   In the event that the preconditions to the Effective Date set out in paragraphs 4-5

22  hereof are not satisfied, or if the Effective Date does not occur for any reason, the parties shall

23  be deemed to have reverted to their respective status and litigation positions in the respective

24  Actions as of the date and time immediately prior to the execution of the Juniper MOU and

25  E&Y MOU. In that event, the parties shall proceed in all respects as if this Stipulation and any

26  related orders had not been entered, and the entire Settlement Fund, including any interest or

27  earnings thereon, less any taxes due with respect to such income or amounts paid pursuant to

28

1    paragraph 31 below, and less any amounts actually and properly expended or owed in

2    connection with providing notice pursuant to paragraph 12 below, shall be returned in full to

3    Juniper and E&Y by the Class Escrow Agent within ten (10) business days of notice to the

4    Class Escrow Agent of such termination or failure to obtain final judicial approval or reversal

5    on appeal pursuant to written instructions from Juniper's counsel and E&Y's Counsel.  In

6    addition, any expenses set forth in paragraphs 12 and 31 already incurred and chargeable based

7    upon services rendered by the time of such termination or cancellation, but which have not been

8    paid, shall be paid by the Class Escrow Agent from the Settlement Fund, in accordance with the

9    terms of this Stipulation, prior to the balance being refunded to Juniper and E&Y in accordance

10   with this paragraph.  At the request of counsel for Juniper and E&Y, the Escrow Agent or its

11   designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds,

12   after deduction of any fees or expenses incurred in connection with such application (s) for

13   refund to Juniper and E&Y.

14          10.    In the event that E&Y or Juniper exercise the option to terminate this Stipulation

15   under Paragraph 7, this Stipulation shall be deemed null and void with the exception of

16   paragraphs V, W, 8, 9, 12(c), 30-31, 34, 36, and 46, and shall have no further force and effect

17   with respect to the party that exercised its option to terminate this Stipulation, and neither the

18   Stipulation, the Exhibits hereto, nor the settlement negotiations shall be used or referred to in

19   any action or proceeding by or against that party for any purpose (it being understood that if

20   Juniper exercises its option to terminate this Stipulation, the provisions of this paragraph also

21   apply to and include each individual defendant including Berry).  The party or parties

22   exercising its option to terminate this Stipulation shall be deemed to have reverted to their

23   respective status and litigation positions in the respective Actions as of the date and time

24   immediately prior to the execution of their respective MOU.  In that event, the party or parties

25   shall proceed in all respects as if this Stipulation and any related orders had not been entered,

26   and the contributions made pursuant to Paragraph 2 into the Settlement Fund by the party or

27   parties that exercised its option to terminate this Stipulation, including any interest or earnings

28

1  thereon, less any taxes due with respect to such income or amounts paid pursuant to paragraph

2  31 below, and less any amounts actually and properly expended or owed in connection with

3  providing notice pursuant to paragraph 12 below, shall be returned in full to the party or parties

4  that exercised its option to terminate this Stipulation under Paragraph 7 by the Class Escrow

5  Agent within ten (10) business days of notice to the Class Escrow Agent of such termination

6  pursuant to written instructions from Juniper's counsel and/or E&Y's Counsel. In addition, any

7  expenses set forth in paragraphs 12 and 31 already incurred and chargeable based upon services

8  rendered by the time of such termination or cancellation, but which have not been paid, shall be

9  paid by the Class Escrow Agent from the Settlement Fund, in accordance with the terms of this

10  Stipulation, prior to the balance being refunded to Juniper and/or E&Y in accordance with this

11  paragraph. At the request of counsel for Juniper and/or E&Y, the Escrow Agent or its designee

12  shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after

13  deduction of any fees or expenses incurred in connection with such application (s) for refund to

14  Juniper and/or E&Y.

15  **ADMINISTRATION OF THE SETTLEMENT**

16      11.    The Settlement Administrator shall administer the Settlement under Lead

17  Plaintiff's Lead Counsel's supervision and subject to the jurisdiction of the Court. Defendants

18  and Defendants' Counsel shall have no role in, responsibility for, interest in, or liability with

19  respect to (a) any act, omission or determination of Plaintiff's Lead Counsel, the Class Escrow

20  Agent or the Settlement Administrator, or any of their respective designees or agents, in

21  connection with administering the Settlement; (b) the management, investment or distribution

22  of the Settlement Fund; (c) the Plan of Allocation; (d) the review, determination,

23  administration, calculation, or payment of any claims asserted against the Settlement Fund;

24  (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (f) the

25  payment or withholding of any taxes, expenses, and/or costs incurred in connection with the

26  taxation of the Settlement Fund or filing of any returns. Notwithstanding the foregoing, upon

27  preliminary approval of the Settlement by the Court, Juniper shall promptly provide or cause to

28

1    be provided to the Settlement Administrator the Company's lists of shareholder during the

2    Class Period, as Juniper or its transfer agent may possess, for the purpose of giving notice to

3    said Class Members. Lead Plaintiff's Lead Counsel shall supervise the Settlement

4    Administrator to ensure that the Settlement Administrator takes reasonable steps to protect the

5    confidentiality of such information and the privacy of Juniper security holders, and to prevent

6    the publication, dissemination or distribution of such information except as required for

7    purposes of the Settlement.

8        12.    Subject to the limitations and conditions set forth in this Amended Stipulation and

9    the Escrow Agreement:

10            a.    The Class Notice and Administration Account, and, if that account is

11   exhausted, the Settlement Fund Escrow Account, may be utilized for reasonable actual out-of-

12   pocket costs actually incurred for settlement administration, including:

13                i.    Printing and mailing of the Notice and Proof of Claim and Release

14   to the Class;

15                ii.    Publication of the Summary Notice;

16                iii.    The Settlement Administrator's costs and fees for services

17   performed in connection with the administration of the settlement contemplated by this

18   Stipulation;

19                iv.    Costs to reimburse brokers or nominees in connection with

20   dissemination of the Notice to the Class;

21                v.    Costs associated with the processing and administration of claims

22   and requests for exclusion;

23                vi.    Preparation and filing of any elections required by this Stipulation

24   and the costs of calculating and preparing necessary documents in connection with taxes and

25   payment of any taxes due on the Settlement Fund that are paid pursuant to paragraph 31 below;

26                vii.    The cost of identifying and locating members of the Class;

27

28

1     viii. The cost for allocating and distributing the Net Settlement Fund to

2 Class Members; and

3     ix. Escrow fees and costs.

4    b. After the Effective Date, the Settlement Fund may be used for such

5 additional amounts as may be reasonable and necessary for administration of the settlement

6 contemplated by this Stipulation, all subject to and as approved by the Court.

7    c. The Class Escrow Agent and the Settlement Administrator shall maintain

8 accurate records of all expenditures made for the purposes enumerated in this paragraph 12.

9    d. In the event the Amended Stipulation is terminated, Lead Plaintiff, Lead

10 Counsel, E&Y and the Class shall not be responsible for any expenses validly disbursed or

11 reimbursed in accordance with this Stipulation from the Class Notice and Administration

12 Account for notice and claims administration prior to the Effective Date.

13    e. Lead Plaintiff's Lead Counsel may apply to the Court, on notice to the

14 parties to this Stipulation, for interim payments to the Claims Administrator for services

15 performed by it in connection with the administration of the settlement contemplated by this

16 Stipulation, which interim fees will be payable out of the Settlement Fund, subject to the

17 limitations set forth above.

18       **DISTRIBUTION TO AUTHORIZED CLAIMANTS**

19   13. The Settlement Administrator shall determine each Authorized Claimant's pro

20 rata share of the cash in the Net Class Settlement Fund based upon each Authorized Claimant's

21 claim (specific details about the Plan of Allocation are described in the Notice annexed hereto

22 as Exhibit A-1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

23   14. The Plan of Allocation proposed in the Notice is not a necessary term of this

24 Stipulation and it is not a condition of this Stipulation that the proposed Plan of Allocation be

25 approved. Any decision by the Court concerning the Plan of Allocation shall not affect the

26 validity or finality of the settlement contemplated by this Stipulation.

27

28

1       15.    Each Authorized Claimant shall be allocated a share of the cash in the Net Class

2    Settlement Fund in accordance with the Plan of Allocation. Defendants will not have any

3    involvement in reviewing or challenging claims. Juniper and E&Y shall not be entitled to the

4    return of any of the Net Class Settlement Fund once the Effective Date occurs. No Person shall

5    have any claim against Lead Plaintiff, Lead Plaintiff's Lead Counsel, the Claims Administrator

6    or any other agent designated by Lead Counsel based on distribution determinations or claim

7    rejections made substantially in accordance with this Stipulation and the Settlement contained

8    therein, the Plan of Allocation, or further orders of the Court. If, after distribution of the Net

9    Class Settlement Fund, there is a balance remaining, which Lead Plaintiff's Lead Counsel

10    determines is too small to distribute to the Class, Lead Plaintiff's Lead Counsel shall file a

11    motion seeking an order to donate the remaining funds to an appropriate 501(c)(3) charitable

12    organization selected by Lead Plaintiff through their counsel and agreed to by Defendants.

13                            **CLAIMS ADMINISTRATION**

14       16.    Lead Counsel shall be responsible for supervising the administration of the

15    Settlement and disbursement of the Net Class Settlement Fund by the Settlement Administrator.

16    Lead Counsel shall have the right, but not the obligation, to waive what they deem to be

17    technical defects in any Proof of Claim submitted in the interest of achieving substantial justice.

18       17.    For purposes of determining the extent, if any, to which a Class Member shall be

19    entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

20          a.    Each Class Member shall be required to submit a Proof of Claim

21    (substantially in the form attached as Exhibit A-2 to Exhibit A), supported by such documents

22    as are designated therein, including proof of the Claimant's loss, electronic data files (for large

23    claims filed by institutions or by third-party filers on behalf of multiple Class Members) or such

24    other documents or proof as is deemed acceptable by the Claims Administrator and Lead

25    Counsel;

26          b.    All Proofs of Claim must be submitted by the date specified in the Notice

27    unless such period is extended pursuant to an order of the Court. Any Class Member who fails

28

AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)     21

}{1964 / STIP / 00101500.DOC v1}

1   to submit a Proof of Claim by such date shall be forever barred from receiving any payment

2   pursuant to this Stipulation (unless, by order of the Court, an acceptance of a later submitted

3   Proof of Claim by such Class Member is approved), but shall in all other respects be bound by

4   all of the terms of this Stipulation and the Settlement including the terms of the Final Judgment

5   to be entered in the Class Actions and the releases provided for herein, and will be barred from

6   bringing any action against the Released Persons concerning the Settled Class Claims.

7   Provided that it is actually received no later than thirty (30) days after the final date for

8   submission of Proofs of Claim, a Proof of Claim shall be deemed to have been submitted when

9   posted, if received with a postmark indicated on the envelope and if mailed first-class postage

10  prepaid and addressed in accordance with the instructions thereon. In all other cases, the Proof

11  of Claim shall be deemed to have been submitted when actually received by Lead Counsel or

12  their designee;

13          c.      Each Proof of Claim shall be submitted to and reviewed by the Claims

14  Administrator, under the supervision of Lead Counsel, who shall determine in accordance with

15  this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the

16  Court pursuant to subparagraph (f) below;

17          d.      Proofs of Claim that do not meet the filing requirements may be rejected.

18  Prior to rejection of a Proof of Claim, the Settlement Administrator shall communicate with the

19  Claimant in order to afford him, her or it the opportunity to remedy any curable deficiencies in

20  the Proof of Claim submitted. The Settlement Administrator, under supervision of Lead

21  Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim

22  they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate

23  in such notice that the Claimant whose claim is to be rejected has the right to a review by the

24  Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

25          e.      If any Claimant whose claim has been rejected in whole or in part desires

26  to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of

27  the notice required in subparagraph (d) above, serve upon the Settlement Administrator a notice

28

1   and statement of reasons indicating the Claimant's grounds for contesting the rejection along

2   with any supporting documentation, and requesting a review thereof by the Court. If a dispute

3   concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the

4   request for review to the Court; and

5         f.     The administrative determinations of the Settlement Administrator

6   accepting and rejecting claims shall be presented to the Court, on notice to Defendants'

7   Counsel, for approval by the Court in the Class Distribution Order (as defined in paragraph 28).

8        18.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

9   with respect to the Claimant's claim, and the claim will be subject to investigation and

10   discovery under the Federal Rules of Civil Procedure, provided that such investigation and

11   discovery shall be limited to that Claimant's status as a Class Member and the validity and

12   amount of the Claimant's claim. No discovery shall be allowed on the merits of the Class

13   Actions or the Settlement in connection with processing of the Proofs of Claim.

14        19.    Payment pursuant to this Stipulation shall be deemed final and conclusive against

15   all Class Members. All Class Members who do not submit a claim or whose claims are not

16   approved by the Court shall be barred from participating in distributions from the Settlement

17   Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement,

18   including the terms of the Final Judgment to be entered in the Class Actions and the releases

19   provided for herein, and will be barred from bringing any action against the Released Persons

20   asserting any Settled Class Claims.

21        20.    All proceedings with respect to the administration, processing and determination

22   of claims described in this Stipulation and the determination of all controversies relating

23   thereto, including disputed questions of law and fact with respect to the validity of claims, shall

24   be subject to the jurisdiction of the Court.

25        21.    The Net Class Settlement Fund shall be distributed to Authorized Claimants by

26   the Settlement Administrator only after the Effective Date, and after: (a) all Proofs of Claim

27   have been processed, and all Claimants whose claims have been rejected or disallowed, in

28

1  whole or in part, have been notified and provided the opportunity to be heard concerning such

2  rejection or disallowance; (b) all objections with respect to all rejected or disallowed claims not

3  otherwise resolved have been resolved by the Court, and all appeals therefrom have been

4  resolved or the time therefore has expired; (c) all matters with respect to attorneys' fees, costs,

5  and disbursements have been resolved by the Court, all appeals therefrom have been resolved

6  or the time therefore has expired; and (d) costs of administration (as set forth in paragraph 12)

7  and Taxes (as set forth in paragraph 31) on the Settlement Fund have been paid.

8  ### HEARING ORDER

9     22.    Promptly following execution of this Stipulation, Lead Plaintiff and E&Y shall

10  request that the Court enter a Hearing Order in substantially the form annexed hereto as Exhibit

11  A, which is incorporated by reference in this Amended Stipulation, and which updates and

12  modifies the Juniper Preliminary Order relating to the dates for mailing and publication of a

13  revised Class Notice and Summary Notice which include the details of the E&Y Settlement as

14  set forth in the E&Y MOU.

15  ### FINAL JUDGMENT TO BE ENTERED BY THE COURT

16     23.    Upon approval by the Court of the Settlement set forth in this Stipulation, the

17  Settling Parties shall request that the Court enter a Final Judgment substantially in the form of

18  Exhibit B hereto, which is incorporated in this Stipulation by this reference.

19     24.    The Final Judgment shall include a bar order providing:  In accordance with 15

20  U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims which are

21  brought by any Person against Defendants (a) for contribution or indemnification arising out of

22  any Settled Class Claim, or (b) where the damage to the claimant is measured by reference to

23  the claimant's liability to the Lead Plaintiff or the Class, are hereby permanently barred and

24  discharged.  Any such claims brought by Defendants against any Person (other than Persons

25  whose liability to Lead Plaintiff or the Class is extinguished by this Settlement) are likewise

26  permanently barred and discharged.  Notwithstanding the foregoing, nothing herein shall bar or

27  discharge or otherwise affect those Unreleased and Assigned Claims as defined in the

28

1    Stipulation of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, no. 5:06-

2    cv-03396-JW (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No.

3    1:06cv064294 (Superior Court of California, Santa Clara County), which was approved by

4    court orders in both of those cases. Further, nothing in this Stipulation shall apply to bar or

5    otherwise affect any claim of right to advancement or indemnification between Juniper and any

6    present or former officer or director of Juniper, or any claim for insurance coverage by any

7    Defendant.

8         25.    (a)    In addition to such effect as the Final Judgment shall have under law, on

9    and after the Effective Date, each and every Lead Plaintiff and the Class (and all Class

10   Members) shall be deemed to have, and by operation of law shall have, fully, finally and

11   forever released, relinquished and discharged all Released Claims against the Defendants, and

12   the Released Persons, whether or not such Lead Plaintiff or Class Member executes and

13   delivers a Proof of Claim and Release. Thereafter the only claims of the Lead Plaintiff and/or

14   any Class Member shall be to enforce the terms of the Stipulation or the Final Judgment.

15         (b)    Upon the Effective Date, Defendants and the Related Parties shall be

16   deemed to have released and by operation of the Final Judgment shall have, fully, finally and

17   forever released Lead Plaintiff, all members of the Class, Lead Plaintiff's Lead Counsel, and all

18   other counsel for Lead Plaintiff from all claims arising out of the instituting, prosecution,

19   settlement or resolution of the Class Actions, provided, however, that Defendants and the

20   Released Parties shall retain the right to enforce in the Court the terms of the Stipulation or

21   Final Judgment.

22                        **ATTORNEYS' FEES AND EXPENSES**

23         26.    In connection with the Settlement Fairness Hearing, Lead Plaintiff's Lead

24   Counsel may apply for and receive an award of reasonable attorneys' fees and reimbursement

25   of expenses from the Settlement Fund (the "Fee and Expense Award") as set forth in the Class

26   Notice. Any amount awarded by the Court shall be paid to Lead Plaintiff's Lead Counsel

27   immediately upon award, notwithstanding the existence of any timely filed objections thereto,

28

1  or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. In

2  the event the Effective Date does not occur, or the order making the Fee and Expense Award is

3  reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in

4  the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall

5  within five (5) business days from receiving notice from the Juniper Defendants' Counsel and

6  E&Y's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the

7  fees and expenses (or the amount by which such fees and expenses were lowered) that were

8  previously paid to them from the Settlement Fund plus interest to be calculated thereon at the

9  same rate earned on the Settlement Fund. Lead Counsel and Lead Plaintiff's Local Counsel, as

10  a condition of receiving such fees and expenses, on behalf of itself and each partner and/or

11  shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the

12  jurisdiction of this Court for the purpose of enforcing the provisions of this paragraph.

13      27.    The Fee and Expense Award is not a necessary term of this Stipulation and it is

14  not a condition of this Stipulation that Lead Counsel's petition for attorneys' fees and expenses

15  be approved by the Court. The procedure for and the allowance or disallowance by the Court of

16  any application by Lead Counsel for attorneys' fees, costs and expenses to be paid out of the

17  Settlement Fund, are not part of the settlement set forth in this Stipulation, and are to be

18  considered by the Court separately from the Court's consideration of the fairness,

19  reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or

20  proceedings relating to the fee and expense application, or any appeal from any order relating

21  thereto or reversal or modification thereof, shall have no effect on the settlement and not

22  operate to, or be grounds to, terminate or cancel this Stipulation, or affect or delay the finality

23  of the Final Judgment approving this Stipulation and the Settlement of the Class Actions set

24  forth herein.

25      **CLASS DISTRIBUTION ORDER AND EFFECTIVE DATE**

26      28.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an

27  order (the "Class Distribution Order") approving the Settlement Administrator's administrative

28

AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)      26

}{1964 / STIP / 00101500.DOC v1}

1    determinations concerning the acceptance and rejection of the claims submitted herein and

2    approving any fees and expenses not previously applied for, including the fees and expenses of

3    the Settlement Administrator, and, if the Effective Date has occurred, and directing payment of

4    the Net Class Settlement Fund to Authorized Claimants.

5                                **TAXES**

6        29.    As set forth in Paragraph 5 of the Escrow Agreement, the Settlement Fund is

7    intended to be a qualified settlement fund for purposes of the Internal Revenue Code of 1986 as

8    amended (the "Code"). The Settling Parties and Class Escrow Agent agree to treat the

9    Settlement Fund as being at all times one or more Qualified Settlement Funds within the

10    meaning of Treas. Reg. Section 1.468B-1. In addition, the Class Escrow Agent shall timely

11    make the elections as are necessary or advisable to carry out the provisions of Treas. Reg.

12    Section 1.468B-5(b)(2) and the relation-back election (as defined in Treas. Reg. Section

13    1.468B-1(j)(2)(ii)) back to the earliest permitted date. Such elections shall be made in

14    compliance with the procedures and requirements contained in such regulations. It shall be the

15    responsibility of the Class Escrow Agent timely and properly to prepare and to deliver the

16    necessary documentation for signature by all necessary parties, and to cause the appropriate

17    filing to occur under Treas. Reg. Sections 1.468B-5(b)(2) and 1.468B-1(j)(2). Defendants and

18    Defendants' Counsel shall cooperate in providing such information, signatures and forms as

19    may be required for such filings.

20        30.    For the purposes of Treas. Reg. Sections 1.468B The Class Escrow Agent shall be

21    designated as the "administrator" of the Settlement Fund. Class Escrow Agent shall timely and

22    properly file all informational and other tax returns necessary or advisable with respect to the

23    Settlement Fund, if any (including without limitation the returns described in Treas. Reg.

24    Section 1.468B-2(k)). Such returns (as well as the elections described in paragraph 29) shall

25    reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned

26    by the Settlement Fund ("Taxes") shall be paid out of the Settlement Fund Escrow Account as

27    provided herein.

28

1    31.    All (a) Taxes (including any interest and penalties) arising with respect to the

2    income earned by the Settlement Fund, including any Taxes or tax detriments that may be

3    imposed upon Defendants and their Related Parties with respect to any income earned by the

4    Settlement Fund for any period during which the Settlement Fund does not qualify as a

5    "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs

6    incurred in connection with the operation and implementation of paragraphs 29-30 (including,

7    without limitation, expenses of tax attorneys and/or accountants and mailing and distribution

8    costs and expenses relating to filing (or failing to file) the returns described in paragraph 30)

9    ("Tax Expense") shall be paid out of the Settlement Fund Escrow Account.  In all events,

10   Defendants and their Related Parties shall have no liability or responsibility for any Taxes or

11   Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendants and their

12   Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes

13   payable by reason of such indemnification).  Further, Taxes and Tax Expenses shall be treated

14   as, and considered to be, a cost of administration of the Settlement and shall be timely paid by

15   the Class Escrow Agent out of the Settlement Fund Escrow Account without further consent of

16   Defendants, or prior order of the Court, and the Class Escrow Agent shall be obligated

17   (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

18   Claimants any funds necessary to pay such amounts including the establishment of adequate

19   reserves for any Taxes and Tax Expenses as well as any amounts required to be withheld under

20   Treas. Reg. 1.468B-2(b)(2); neither Defendants nor their Related Parties are responsible

21   therefor nor shall they have any liability with respect thereto.  The Settling Parties agree to

22   cooperate with the Class Escrow Agent, each other, and their tax attorneys and accountants to

23   the extent reasonably necessary to carry out the provision of paragraphs 29-30.  For purposes of

24   paragraphs 29 through 30, references to the Settlement Fund shall include both the Settlement

25   Fund and the Class Notice and Administration Account.

26

27

28

1     **LIMITED RETENTION OF JURISDICTION**

2         32.    The Court shall retain jurisdiction of this Settlement for the purposes of allowing,

3   disallowing or adjusting the claim of any Claimant on equitable grounds, and, among other

4   things, of administering this Settlement, resolving any dispute hereunder, awarding Lead

5   Counsel's attorneys' fees, and reimbursing their expenses and the expenses of Lead Plaintiff.

6                 **MISCELLANEOUS**

7         33.    All counsel and any other person executing this Stipulation and any of the

8   exhibits hereto (the "Exhibits") or any related Settlement documents warrant and represent that

9   they have the full authority to do so. Lead Counsel represents expressly that it is authorized to

10   execute this Stipulation on behalf of Lead Plaintiff.

11         34.    This Stipulation and the Settlement are not a concession or admission of

12   wrongdoing or liability by any Person, and shall not be used or construed as an admission of

13   any fault, omission, liability or wrongdoing on the part of any party hereto. Neither this

14   Stipulation, nor the exhibits hereto, nor the fact of settlement, nor any settlement negotiations or

15   discussions, nor the Final Judgment entered as provided above, nor any related document (a) is

16   or may be deemed to be or may be used as an admission of, or evidence of, the validity of any

17   Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties, or

18   (b) is or may be deemed to be or may be used as an admission of, or evidence of, or concession

19   of, or to create any presumption or inference of, any fault or omission of any of the Defendants

20   or their Related Parties in any civil, criminal, or administrative proceeding in any court,

21   administrative agency, or other tribunal. Defendants and/or their Related Parties may file the

22   Stipulation and/or the Final Judgment in any action that may be brought against them in order

23   to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

24   release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion

25   or issue preclusion or similar defense or counterclaim, *provided,* however, that the Stipulation

26   and/or the Final Judgment may not be so used or filed to support any such defense or

27   counterclaim in respect of those Unreleased and Assigned Claims as defined in the Stipulation

28

1 | of Settlement dated August 11, 2008 in *In re Juniper Derivative Action*, no. 5:06-cv-03396-JW

2 | (N.D. Cal.) and *In re Juniper Networks, Inc. Derivative Litigation*, Lead Case No.

3 | 1:06cv064294 (Superior Court of California, Santa Clara County), which was approved by

4 | court orders in both of those cases.

5 | 35. All parties agree to use their best efforts and to cooperate in order to obtain all

6 | approvals necessary and to do all things reasonably necessary or helpful to effectuate the

7 | Stipulation according to its terms, including the execution of all Exhibits or reasonably related

8 | documents as soon as reasonably possible if such execution is necessary.

9 | 36. This Stipulation, all Exhibits hereto and any related Settlement documents shall

10 | be governed and interpreted in accordance with the laws of the State of California as they apply

11 | to contracts negotiated, made, executed and to be performed entirely within the State of

12 | California, without giving effect to that State's choice-of-law principles, except to the extent

13 | that federal law requires that federal law govern.

14 | 37. In the event of any dispute or disagreement with respect to the meaning, effect, or

15 | interpretation of the Stipulation, any attached Exhibit or any related Settlement documents, or

16 | in the event of a claimed breach of the Stipulation, an attached Exhibit or any related Settlement

17 | documents, the parties hereto agree that such dispute will be adjudicated only in the Court or as

18 | the parties hereto unanimously otherwise agree.

19 | 38. This Amended Stipulation, all attached exhibits and all related settlement

20 | documents (including the Escrow agreement and Supplemental stipulation) represent the entire

21 | agreement between the parties hereto, supersede any prior agreements or understandings

22 | between the parties with respect to the subject matter hereof, and shall not be modified unless in

23 | writing, signed by all parties to this Stipulation.

24 | 39. In the event of a conflict between a provision in the Escrow Agreement and a

25 | provision in this Amended Stipulation, the provision in this Amended Stipulation shall be

26 | controlling.

27

28

1     40.    The parties have entered into this Amended Stipulation solely upon the

2   representations, covenants and warranties contained and referred to in the Amended Stipulation

3   of Settlement, and no party has placed any reliance on any representations not expressed in this

4   Amended Stipulation.

5     41.    This Amended Stipulation, its Exhibits and any related Settlement documents

6   may be executed in one or more counterparts, all of which together shall be one and the same

7   instrument and all of which shall be considered duplicate originals.

8     42.    This Amended Stipulation, its Exhibits and any related Settlement documents

9   shall be binding upon and inure to the benefit of the parties hereto and their respective heirs,

10  executors, administrators, legal representatives, predecessors, successors, affiliates and assigns,

11  and upon any corporation or other entity into or with which any party hereto may merge or

12  consolidate.

13    43.    In the event that any court is called upon to interpret this Amended Stipulation,

14  any of the Exhibits hereto or any of the related Settlement documents, no one party or group of

15  parties shall be deemed to have drafted the Amended Stipulation, any of the Exhibits hereto or

16  any of the related Settlement documents, but they shall be construed as if all parties hereto

17  jointly prepared them and any uncertainty or ambiguity shall not be interpreted against any one

18  party, nor may any party offer in evidence or otherwise use, for purposes of suggesting any

19  interpretation of the Amended Stipulation, any of the Exhibits hereto or any of the related

20  Settlement documents, any prior drafts of the Amended Stipulation, any of the Exhibits hereto

21  or any of the related Settlement documents.

22    44.    Each Party acknowledges that it has been represented by experienced legal

23  counsel, and after a full, fair and adequate opportunity to consult with counsel about the

24  meaning and effect of the terms and conditions of this Amended Stipulation and Settlement,

25  and the benefits and risks of settlement, each Party represents that he/she/it enters into this

26  Amended Stipulation of Settlement freely, knowingly and voluntarily.

27

28

45.   The Exhibits to the Amended Stipulation and any related Settlement documents are incorporated in and constitute an integral part of the Stipulation.

46.   All agreements made and orders entered during the course of the Actions relating to the confidentiality of information shall survive this Stipulation pursuant to their terms.

47.   Lead Plaintiff, Defendants and their respective counsel shall not make any applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or other Court rule or statute, with respect to any claims or defenses in the Actions.  While retaining their right to deny liability, Defendants will agree that, based upon the publicly available information at the time, the Actions were filed in good faith and are being settled voluntarily by Defendants after consultation with competent legal counsel.

DATED: APRIL 27, 2010

LOWEY DANNENBERG COHEN & HART, P.C.

_____
BARBARA J. HART
DAVID C. HARRISON
One North Broadway, Suite 509
White Plains, NY  10601-2310
914-733-7228 (telephone)
914-997-0035 (facsimile)

*Counsel for Lead Plaintiff and the Class*


WILLEM F. JONCKHEER
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
415-788-4220 (telephone)
415-788-0161 (facsimile)

*Local Counsel*


MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Carolyn Wolpert
100 Church Street
New York, NY  10007
Telephone: 212-788-0748

*Attorneys for the New York City Pension Funds*

AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)          32

}{1964 / STIP / 00101500.DOC v1}

1   Dated: April 27, 2010

2                                               WILSON SONSINI GOODRICH & ROSATI, P.C.
                                                NINA F. LOCKER
3                                               STEVEN GUGGENHEIM
                                                JONI OSTLER
4
                                                _____
5                                               650 Page Mill Road
                                                Palo Alto, CA  94304
6                                               Telephone:  (650) 493-9300

7                                               *Counsel for Defendants Juniper Networks, Inc.,*
                                                *Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert*
8                                               *M. Calderoni, Kenneth Goldman, William R.*
                                                *Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth*
9                                               *Levy and William R. Stensrud*

10
    Dated:April _____, 2010
11
                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
12                                              MELINDA HAAG
                                                JAMES N. KRAMER
13                                              NANCY E. HARRIS

14
                                                _____
15                                              405 Howard Street
                                                San Francisco, CA  94105
16                                              Telephone:  (415) 773-5700

17                                              *Counsel for Defendant Lisa C. Berry*

18  Dated: April _____, 2010

19                                              LATHAM & WATKINS, LLP
                                                PETER A. WALD
20                                              PATRICK E. GIBBS
                                                DAVID M. FRIEDMAN
21
                                                _____
22                                              505 Montgomery Street, Suite 2000
                                                San Francisco, CA  94111-6538
23                                              Telephone:  (415) 391-0600

24                                              *Counsel for Defendant Ernst & Young LLP*

25

26

27

28
    AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)      33

    }{1964 / STIP / 00101500.DOC v1}

1  Dated: April _____, 2010

2                                              WILSON SONSINI GOODRICH & ROSATI, P.C.
                                               NINA F. LOCKER
3                                              STEVEN GUGGENHEIM
                                               JONI OSTLER
4

5                                              _____
                                               650 Page Mill Road
6                                              Palo Alto, CA 94304
                                               Telephone: (650) 493-9300
7
                                               *Counsel for Defendants Juniper Networks, Inc.,*
8                                              *Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert*
                                               *M. Calderoni, Kenneth Goldman, William R.*
9                                              *Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth*
                                               *Levy and William R. Stensrud*

10
    Dated: April 27, 2010
11
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
12                                             MELINDA HAAG
                                               JAMES N. KRAMER
13                                             NANCY E. HARRIS

14                                             _____
                                               405 Howard Street
15                                             San Francisco, CA 94105
                                               Telephone: (415) 773-5700
16
                                               *Counsel for Defendant Lisa C. Berry*
17

18  Dated: April _____, 2010
                                               LATHAM & WATKINS, LLP
19                                             PETER A. WALD
                                               PATRICK E. GIBBS
20                                             DAVID M. FRIEDMAN

21                                             _____
22                                             505 Montgomery Street, Suite 2000
                                               San Francisco, CA 94111-6538
23                                             Telephone: (415) 391-0600

24                                             *Counsel for Defendant Ernst & Young LLP*

25

26

27

28

AMENDED STIPULATION OF SETTLEMENT – CASE NOS. C06-04327-JW (PVT) AND C08-0246-JW (PVT)          33

}{1964 / STIP / 00101500.DOC v1}

Dated:  April _____, 2010

WILSON SONSINI GOODRICH & ROSATI, P.C.
NINA F. LOCKER
STEVEN GUGGENHEIM
JONI OSTLER

_____

650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300

*Counsel for Defendants Juniper Networks, Inc.,*
*Scott Kriens, Pradeep Sindhu, Marcel Gani, Robert*
*M. Calderoni, Kenneth Goldman, William R.*
*Hearst III, Stratton Sclavos, Vinod Khosla, Kenneth*
*Levy and William R. Stensrud*

Dated:April _____, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP
MELINDA HAAG
JAMES N. KRAMER
NANCY E. HARRIS

_____

405 Howard Street
San Francisco, CA  94105
Telephone:  (415) 773-5700

*Counsel for Defendant Lisa C. Berry*

Dated:  April 27, 2010

LATHAM & WATKINS, LLP
PETER A. WALD
PATRICK E. GIBBS
DAVID M. FRIEDMAN

_____

505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  (415) 391-0600

*Counsel for Defendant Ernst & Young LLP*