*IT IS SO ORDERED*
*[signature] Judge James Ware*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW (PVT) <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH ERNST & YOUNG AND PROVIDING FOR NOTICE TO THE CLASS |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., <br><br>      Lead Plaintiff, <br><br>   v. <br><br> LISA C. BERRY, <br><br>      Defendant. | No. C08-0246-JW (PVT) |

WHEREAS, on April 12, 2010, the Court issued an order (the "April 12 Order") in which the Court, *inter alia*, preliminarily approved the proposed Settlement among Lead Plaintiff, the Juniper Defendants and Lisa C. Berry (the "Juniper Settlement"); approved the form and manner of notice to be provided to Class members; and scheduled a Fairness Hearing for August 30, 2010 at 9:00 a.m.; and

WHEREAS, the Court has received the Amended Stipulation of Settlement dated as of April 27, 2010 (the "Amended Stipulation") that also resolves the claims asserted by Lead Plaintiff against Ernst & Young LLP (the "E&Y Settlement"), the remaining defendant in *In re Juniper Networks, Inc. Securities Litigation*, and the Court has reviewed the Amended Stipulation and its attached Exhibits; and

WHEREAS, Lead Plaintiff and E&Y having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order (1) preliminarily approving the E&Y Settlement in accordance with the Amended Stipulation, and (2) approving the revised form and schedule for providing notice to the Class in advance of the Fairness Hearing on August 30, 2010;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, upon consent of the Parties, after review and consideration of the Amended Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Amended Stipulation and the E&Y Settlement set forth therein, and the Proposed Plan of Allocation described in the Notice, subject to further consideration at the Fairness Hearing described below.

2. The Court sets a Fairness Hearing date of August 30, 2010, at 9 a.m., at the United States Courthouse – 4th Floor, Courtroom 8, 280 South 1st Street, San Jose, California, to consider both the E&Y Settlement and the Juniper Settlement, as described in ¶ 6 of the April 12 Order.

3. The Court approves, as to form and content, the Notice of Class Action Certification

1

and Proposed Settlement (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially under the schedule below meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

    a.    On or before May 21, 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort;

    b.    On or before June 10, 2010, Lead Counsel shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and the *San Jose Mercury News*; and

    c.    On or before August 20, 2010, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

4. Nominees who purchased publicly traded securities of Juniper Networks, Inc. for the beneficial ownership of Class Members shall send the Notice and the Proof of Claim to all beneficial owners of such publicly traded Juniper securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Such nominees shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable out-of-pocket expenses of providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

5. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Amended Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, Lead Plaintiff, Lead Counsel, and the Class shall not be responsible for any expenses validly disbursed or reimbursed in accordance with this Amended Stipulation from the Settlement Fund, pursuant to ¶¶ 11-12 and 31 of the Amended Stipulation and ¶ 3 of this Order.

6. All Class Members shall be bound by all determinations and judgments in the consolidated actions concerning the Juniper Settlement and E&Y Settlement, whether favorable or unfavorable to the Class.

7. Class Members who do not timely and validly effect their exclusion from the Class and who wish to submit a claim for recovery from the Settlement Fund shall complete and submit timely, valid Proof of Claim forms to the Claims Administrator at the Post Office Box indicated in the Notice, postmarked not later than September 21, 2010. Such deadline may be further extended by Court order. Provided that they are actually received no later than thirty (30) days after September 21, 2010, Proofs of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class, registered, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted when actually received by the Claims Administrator. To be valid, a Proof of Claim must (a) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (b) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (c) be signed with an affirmation that the information is true and correct. All Members of the Class who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered. Notwithstanding the foregoing, Plaintiff's Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the

Settlement Fund is not materially delayed thereby.

8. Any Class Member may enter an appearance in the Actions, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Plaintiff's Lead Counsel and Defendants' Counsel a notice of such appearance. If they do not enter an appearance, they will be represented by Plaintiff's Lead Counsel.

9. Any Class Member may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), at the address provided in the Notice, to be received no later than August 9, 2010. A Request for Exclusion must be in writing, and must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify the Person's purchases (or acquisitions) and sales of publicly traded Juniper securities made during the Class Period, including the date(s) of purchase, acquisition or sale, price(s) paid or received, and the number of publicly traded securities purchased, acquired and/or sold; (c) include the Person's signature; and (d) state that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Actions.

10. Any Class Member may appear at the Fairness Hearing and show cause, if he, she or it has any reasons why the proposed Settlement of the Actions should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff, or why the expenses of the Lead Plaintiff should or should not be awarded. Any Class Member may also object in writing to the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Plaintiff's counsel. Any

objection(s) must be mailed on or before August 9, 2010, to the Court and counsel for the Settling Parties at the following addresses:

<div style="margin-left: 2em;">

<u>Court</u>
Clerk of the Court
United States District Court
Northern District of California
280 South 1st Street
San Jose, CA  95113

<u>Lead Counsel for Lead Plaintiff and the Class</u>:
Barbara J. Hart
David C. Harrison
Lowey Dannenberg Cohen & Hart, P.C.
David C. Harrison
One North Broadway, Suite 509
White Plains, NY  10601-2310

<u>Counsel for Juniper Defendants</u>:
Nina F. Locker
Steven Guggenheim
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA  94304-1050

<u>Counsel for Lisa C. Berry</u>:
Melinda Haag
James N. Kramer
Nancy E. Harris
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA  94105-2669

<u>Counsel for Ernst & Young</u>:
Peter A. Wald
Patrick E. Gibbs
David M. Friedman
Latham & Watkins LLP
500 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538

</div>

A written objection should include the following information: (a) the full name, address, and phone number of the objecting Class Member; (b) the number of securities the Class Member purchased or sold from July 11, 2003 through August 10, 2006 and/or acquired in the NetScreen Merger; (c) a written statement of the grounds for the objection, signed by the objector or its counsel; and (d) a statement of whether the objector intends to appear at the Fairness Hearing.  If the objector intends to appear at the Fairness Hearing through counsel, the objection should also

state the identity of all attorneys who will appear at the Fairness Hearing. Objectors who make written objections are not obligated to attend the Fairness Hearing.

11. Any Class Member who does not make a written objection in the manner provided above and/or appear in person or through a representative at the Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the Stipulation, the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiff's counsel, unless otherwise ordered by the Court.

12. All funds held by the Class Escrow Agent pursuant to the Stipulation and the Escrow Agreement shall be deemed and considered to be in the legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

13. All papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses, or by Lead Plaintiff for reimbursement of its expenses, shall be filed on or before August 2, 2010. All papers in response to Class Members' objections to the Settlement, if any, shall be filed and served on or before August 19, 2010.

14. Defendants and Defendants' Counsel shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15. At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiff's Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the

Actions, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that, Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

17. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and anyone who acts or purports to act on their behalf, are enjoined from initiating or prosecuting any action(s) or claim(s) against any Defendant or Related Party that are within the scope of the Released Claims as provided in the Stipulation.

18. Pending final determination of whether the Settlement should be approved, all proceedings with respect to the Defendants in the Actions are stayed pending further order of the Court.

19. The Court reserves the right to change the date of the Fairness Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  Should the Court change the date of the Fairness Hearing, such a change will be reflected in the Court's calendar and will be accessible via the Court's website at www.cand.uscourts.gov and shall be published by the Settlement Administrator on the website it created in connection with the proposed settlement of these Actions.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated: May 12, 2010

_____
THE HONORABLE JAMES J. WARE
UNITED STATES DISTRICT COURT JUDGE