UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | No. C06-04327-JW (PVT)<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>LISA C. BERRY,<br><br>　　　　　　　　Defendant. | No. C08-0246-JW (PVT) |

*IT IS SO ORDERED* — James Ware, Judge James Ware

THIS MATTER having come before the Court on August 30, 2010 on the motion of Lead Plaintiff, pursuant to Rules 23(e) and 23(h) of the Federal Rules of Civil Procedure, for an award of attorneys' fees and reimbursement of expenses incurred, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. A recovery of $169,500,000, representing approximately 18% of Lead Counsel's best estimate of recoverable damages, is an excellent result considering the substantial risks of this litigation, both on the merits and law, thereby supporting a fee award of 5.3% of the Net Settlement Fund, which is determined by deducting all litigation expenses, including the estimated costs of notice and administration.

2. The risk that further litigation might result in the Class recovering nothing, particularly in a case involving complicated legal issues, supports the requested fee award.

3. The successful prosecution of the complex claims in this case required the participation of highly skilled and specialized attorneys supporting the requested fee award.

4. The contingent nature of the fee award whereby Lead Counsel received no compensation during the course of this Litigation, and risked non-payment of out-of-pocket expenses, spending nearly 21,000 hours litigating this case and advancing $914,978 in expenses to prosecute this case supports the requested fee award.

5. The requested fee award is substantially less than the 25% benchmark fee awarded in the Ninth Circuit, and less than the percentage fee awards in comparable securities stock option class action settlements.

6. Examining the lodestar of Lead Counsel shows that the requested fee award will amount to less than the amount of Lead Counsel's lodestar, without any multiplier, thereby supporting the requested fee award.

7. The categories of expenses for which Lead Counsel seeks reimbursement are the type of expenses routinely charged to hourly paying clients, and therefore are appropriate for reimbursement.

8. There have been [no] objections made to the amount of attorneys' fees requested or reimbursement of expenses, and the deadline for submitting objections expired on August 9, 2010. The reaction of the Class therefore supports the requested fee award and reimbursement of $914,978 in expenses.

9. The Court hereby awards Lead Plaintiff's Counsel attorneys' fees in the amount of [5.3%] of the Net Settlement Fund [or $8,894,251], together with interest earned thereon for the same period and at the same rate as that earned on the Settlement Fund until paid, plus reimbursement of litigation expenses incurred in the amount of [$914,978] for reasonable costs and expenses incurred in the representation of the Class. The Court finds that the amount of fees awarded is fair and reasonable under the percentage-of-the-recovery method and that the costs and expenses were reasonably incurred in connection with the pursuit of this litigation and were reasonable in amount.

10. The awarded attorneys' fees and expenses and interest earned thereon may be paid immediately after the date this Order is entered, subject to the terms, conditions and obligations of the Amended Stipulation of Settlement.

1. 11. There is no reason for delay in the entry of this Order Awarding Attorneys' Fees and Expenses and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. This Court reserves jurisdiction over disbursements of expenses and fees in connection with the Final Order of Distribution.

IT IS SO ORDERED.

Dated: August 31, 2010

_____
THE HONORABLE JAMES J. WARE
UNITED STATES DISTRICT COURT JUDGE